RECEIPT # _55143_
AMOUNT $ _150.00_
SUMMONS ISSUED _4_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _Cub6_
DATE _5-7-04_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

      Plaintiff,

v.

THE GILLETTE COMPANY,

      Defendant.

04 - 10913 WGY

Civil Action No. _____

MAGISTRATE JUDGE _Collings_

## COMPLAINT

Plaintiff Photographic Illustrators Corporation ( "PIC" or "Plaintiff"), for its Complaint against Defendant The Gillette Company ("Gillette" or "Defendant"), alleges as follows:

### THE PARTIES

1.    PIC is a Massachusetts corporation with a place of business at 467 Sagamore Street, Hamilton, Massachusetts 01936.

2.    Gillette is a Massachusetts corporation with a place of business at Prudential Tower Building, Boston, Massachusetts 02199.

### JURISDICTION AND VENUE

3.    This is a civil action for injunctive relief and damages for violation of the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* and the Lanham Trademark Act, 15 U.S.C. § 1051 *et seq.*, and for breach of contract, fraud, and unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 15 U.S.C. § 1121(a).

5.    This Court has personal jurisdiction over Gillette because Gillette has a place of business in this judicial district, and has extensive business contacts with this judicial district, including the business which forms the basis for this civil action.

6.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400.

## PLAINTIFF'S COPYRIGHTED PHOTOGRAPHS AND DEFENDANT'S LIMITED LICENSE TO USE THE SAME

7.    PIC specializes in photography, including photography of consumer products for catalogs and advertising.

8.    On many occasions over a span of years, Gillette retained PIC to photograph certain of its products.

9.    On each such occasion, PIC took, and provided to Gillette, photographs (and other photographic materials such as transparencies, negatives and digital images) of Gillette's products (the "Photographs"), pursuant to PIC's standard terms and conditions (the "Agreement"). An Agreement was executed on each occasion, such that Gillette and PIC entered into hundreds of Agreements over the years.

10.    Under the Agreements, PIC retained the copyrights in its Photographs, and provided Gillette with limited licenses (the "Licenses") to reproduce the Photographs for one year, in the United States only. Per Paragraph 9 of the Agreements:

REPRODUCTION RIGHTS: Reproduction rights are conditioned on Photographer's receipt of payment in full and Client's proper use of the copyright notice. All rights not expressly granted herein remain the exclusive property of Photographer. Unless otherwise stated on the face of this Agreement, duration of the License is one year from the Agreement date and limited to use in the United States of America.

11.    PIC applied for and received U.S. Copyright Registration Nos. VA 1-225-338, VA 1-225-339, VA 1-225-340 and VA 1-225-341, each effective on or about March 2, 2004, for four of the Photographs.

- 2 -

12.   Paragraph 10 of the Agreements provides:

RETURN OF PHOTOGRAPHS: Client assumes all risk for all photographic material(s) delivered by Photographer from time of receipt by Client until time of receipt by Photographer. If no Return Date appears on the face of this form, Client shall return all these material(s) in undamaged, unaltered and unretouched condition within 30 days of first publication.

13.   Under Paragraph 11 of the Agreements, failure by Gillette to comply with the return requirement carries liquidated damages of $1,500 per original image.

14.   The Agreements specify in Paragraph 12 that PIC "will be entitled to collect any expenses, including reasonable attorney fees and costs, required to collect any sums due or enforce the terms of this Agreement."

### DEFENDANT'S UNAUTHORIZED RETENTION AND USE OF PLAINTIFF'S PHOTOGRAPHS

15.   Gillette failed to return PIC's copyrighted Photographs as required by Paragraph 10 of the Agreements.

16.   Following numerous requests, Gillette acknowledged its obligation to return the Photographs to PIC, but belatedly sent PIC a box containing only a small fraction of the Photographs. The remaining Photographs still have not been returned.

17.   Gillette has used PIC's copyrighted Photographs beyond the one year duration of the Licenses provided for in the Agreements.

18.   Gillette has used PIC's copyrighted Photographs beyond the geographic scope (the United States) of the Licenses provided for in the Agreements. For example, Gillette used one of PIC's copyrighted Photographs in a Spanish-language catalog circulated in South America. The Photograph, which features a kitchen scene, was taken in the kitchen of PIC's President, Mr. Paul Picone. Mr. Picone's kitchen is clearly recognizable in the Photograph.

19.     Gillette has failed to comply with the Agreements' requirement that Gillette make "proper use of the copyright notice" when reproducing the Photographs.  Gillette has improperly used its own copyright notice (e.g., "© 2003 The Gillette Company") in conjunction with the Photographs, without indicating that the copyrights in the Photographs in fact belong to PIC and not Gillette.

20.     For a period of time, Gillette purchased duplicate prints of the Photographs from PIC, paying PIC's standard rates for such duplicates.  PIC had these duplicates developed by one or more third-party development laboratories, including Advanced Photographics, Inc. ("Advanced Photographics") of Danvers, Massachusetts.

21.     Over time, Gillette purchased fewer and fewer duplicates from PIC, and instead purchased duplicates directly from third-party laboratories, including Advanced Photographics. Gillette did so without PIC's permission and in violation of PIC's copyrights.  Gillette was able to bypass PIC and obtain duplicates directly from third-party laboratories such as Advanced Photographics by virtue of the fact that it had retained the Photographs, rather than returning them to PIC as required by the Agreements.

22.     When questioned regarding its reduced purchasing of duplicates from PIC, Gillette responded that it had a reduced need for duplicates.  Gillette concealed from PIC that it was, in fact, obtaining duplicates from other sources, such as Advanced Photographics, without PIC's permission.

23.     On information and belief, Gillette's infringement of PIC's copyrights, its placement of false or misleading copyright notices on its infringing uses of the Photographs, its breach of the Agreements, its fraud, and its unfair and deceptive trade practices, have been knowing and willful.

- 4 -

## COUNT I
**(Copyright Infringement By Use Of The Photographs Beyond The Scope Of The Licenses)**

24.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

25.     Gillette has misappropriated and infringed PIC's copyrights in its Photographs, in violation of 17 U.S.C. § 501, by using such Photographs beyond the scope (both temporal and geographic) of the Licenses provided for in the Agreements.

## COUNT II
**(Copyright Infringement By Unauthorized Duplication Of The Photographs)**

26.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

27.     Gillette has misappropriated and infringed PIC's copyrights in its Photographs, in violation of 17 U.S.C. § 501, by obtaining duplicates thereof without authorization from PIC.

## COUNT III
**(False Designation of Origin Under the Lanham Act)**

28.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

29.     The false or misleading copyright notices used by Gillette in conjunction with the Photographs constitute false designations of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that PIC's Photographs originated with Gillette, rather than with PIC.

30.     Gillette's uses of PIC's Photographs are available throughout the United States, including on Gillette's web site <gillette.com>. Accordingly, its false designations of origin with respect to PIC's Photographs have been made in interstate commerce.

31.     Gillette's false designations of origin have been made in connection with goods which it sells at a profit.

32.    Gillette's false designations of origin are likely to cause confusion, mistake or

deception as to the origin, sponsorship or approval (by PIC) of Gillette's uses of PIC's

Photographs.

33.    PIC has been, and will continue to be, damaged by Gillette's false designations of

origin on its uses of PIC's Photographs, in an amount to be determined at trial.

**COUNT IV**
**(Breach of Contract)**

34.    PIC repeats and re-alleges the allegations of the paragraphs above as though fully

set forth herein.

35.    Gillette has breached its Agreements with PIC by failing to return PIC's

Photographs as required by the Agreements.  Indeed, even following notice of this dispute,

Gillette still failed to return the vast majority of the Photographs.  Under Paragraph 11 of the

Agreements, Gillette owes PIC liquidated damages for thousands of unreturned Photographs.

36.    Gillette has also breached its Agreements with PIC by using PIC's Photographs

outside the scope of the Licenses provided for in the Agreements.

37.    Gillette has also breached its Agreements with PIC by failing to make proper use

of the copyright notice in connection with PIC's Photographs.

38.    PIC has been, and will continue to be, damaged by Gillette's breaches of the

Agreements.

**COUNT V**
**(Fraud)**

39.    PIC repeats and re-alleges the allegations of the paragraphs above as though fully

set forth herein.

40.     As noted above, over time Gillette reduced its purchases of duplicates from PIC on the pretense that it had a reduced need for duplicates, when in fact Gillette was procuring duplicates from third-party laboratories without PIC's permission and in violation of PIC's copyrights.

41.     As one example of this deception, a requisitioning agent at Gillette telephoned Mr. Picone to request that PIC provide Gillette with a particular image. When Mr. Picone inquired whether Gillette wanted this image because it planned to make duplicates thereof, the requisitioning agent answered in the negative and informed Mr. Picone that Gillette was experiencing a reduced need for duplicates. This statement was false. In fact, Gillette was obtaining duplicates from other sources, such as Advanced Photographics, without PIC's permission.

42.     On information and belief, the false statement made by the requisitioning agent to Mr. Picone was made with an intention that PIC rely upon it and not inquire further regarding Gillette's duplication activities.

43.     PIC relied upon the Gillette agent's false statement and assumed, because of PIC's longstanding relationship with Gillette, that Gillette would not unlawfully bypass PIC in obtaining duplicates.

44.     Gillette's fraud damaged PIC in an amount to be determined at trial.

### COUNT VI
### (Unfair And Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

45.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

46.     Gillette is, and at all relevant times was, engaged in commerce.

47.     Gillette's acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

48.     Gillette's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. ch. 93A.

49.     Gillette's acts and/or omissions as described above were knowing and willful.

**RELIEF REQUESTED**

WHEREFORE, PIC requests that this Court:

A.     Permanently enjoin Gillette, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement of the copyrights in and to the Photographs, pursuant to 17 U.S.C. § 502, from further false designations of origin with respect to the Photographs, pursuant to 15 U.S.C. § 1116, from further breaching the Agreements, and from further unfair and deceptive trade practices pursuant to Mass. Gen. L. ch. 93A.

B.     Order the recall, impounding and destruction of all infringing copies made, used or distributed by Gillette in violation of PIC's exclusive rights in and to its Photographs (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503 and/or 15 U.S.C. § 1118.

C.     Direct Gillette to pay to PIC its actual damages and any additional profits realized by Gillette, pursuant to 17 U.S.C. § 504 and/or 15 U.S.C. § 1117.

D.     Direct Gillette to pay to PIC its damages sustained as a result of Gillette's fraud.

E.     Order that, in the alternative to actual copyright damages, at PIC's election, Gillette shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

F.    Enter judgment that Gillette's copyright infringements, false designations of origin, breaches of the Agreements, fraud, and unfair and deceptive trade practices have been knowing and willful.

G.    Award PIC its attorney fees and costs in prosecuting this action, pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, the Agreements, Mass. Gen. L. ch. 93A, or otherwise.

H.    Award PIC treble damages pursuant to Mass. Gen. L. ch. 93A or otherwise.

I.    Award PIC liquidated damages of $1,500 per Photograph not returned by Gillette to PIC as required by the Agreements.

J.    Award PIC such further relief as this Court may deem just and proper.

### JURY DEMAND

PIC hereby demands a trial by jury of all issues so triable.


Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

By its counsel,

Dated: May 7, 2004

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 720-3500
Fax: (617) 720-2441