UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>Defendant. | Civil Action No. 04-10913 WGY |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF ITS PARTIAL MOTION TO DISMISS OR, IN
THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

GELB & GELB LLP
    Richard M. Gelb (BBO#188240)
    Daniel C. Hohler (BBO#633065)
20 Custom House Street
Boston, MA 02110
Tel: (617) 345-0010
Fax: (617) 345-0009

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    Patrick T. Perkins (Admitted *pro hac vice*)
    David Donahue (Admitted *pro hac vice*)
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Defendant The Gillette Company*

## TABLE OF CONTENTS

Table of Authorities .................................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................1

I. AS A MATTER OF LAW, PLAINTIFF'S CURRENT COPYRIGHT CLAIM IS LIMITED TO FOUR PHOTOGRAPHS ...........................................................................1

II. GILLETTE DOES NOT SEEK A HEIGHTENED PLEADING STANDARD WITH REGARD TO PIC'S COPYRIGHT CLAIMS, BUT ONLY THE FACTS SUFFICIENT TO ADEQUATELY PREPARE A RESPONSIVE PLEADING ...............2

III. PIC'S ATTEMPT TO CIRCUMVENT THE CLEAR LAW RELATING TO COPYRIGHT PREEMPTION IS WITHOUT MERIT ......................................................7

    A. PIC's Contract Claims ............................................................................................8

    B. Gillette's Argument As To Preemption Of PIC's Fraud Claim Is Limited To The Claim Relating To Gillette's Obtaining Duplicates ........................................10

    C. PIC Fails To Overcome Preemption Of Its Chapter 93A Claim ...........................10

IV. PLAINTIFF HAS FAILED TO REHABILITATE ITS DEFICIENT FRAUD CLAIMS ..........................................................................................................................11

    A. Fraud Based on Gillette's Allegedly Unauthorized Duplication ...........................12

    B. Fraud Based on Gillette's Alleged "Stonewalling" ...............................................13

    C. Fraud Based on Gillette's Failure To Pay PIC's March-April 2004 Invoices .......13

V. PIC ADMITS THROUGH OMISSION THAT IT SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e) .........................................................13

CONCLUSION ............................................................................................................................14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arthur D. Little International, Inc. v. Dooyang Corp.*, 979 F. Supp. 919 (D. Mass. 1997) ....12, 13

*Baystate Technologies, Inc. v. Bentley Systems, Inc.*, 946 F. Supp. 1079 (D. Mass. 1996) ............3

*Bowers v. Baystate Technologies, Inc.*, 320 F.3d 1317 (Fed. Cir. 2003)..........................................9

*Capitol Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280 (E.D.N.Y. 2002),..................6

*Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.*, 993 F.2d 269 (1st
    Cir. 1993).........................................................................................................................2

*Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147 (1st Cir. 1994)...............8

*Educadores Puertorriqueos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004) .............3, 5, 12

*Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).........................................................3

*Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183 (1st Cir. 2004).........................................3

*Home & Nature, Inc. v. Sherman Specialty Co.*, No. 98 CIV 5000, 2004 WL 1393538
    (E.D.N.Y. 2004).................................................................................................................6

*Kelley v. L.L. Cool J*, 145 F.R.D. 32 (S.D.N.Y. 1992) ................................................................4, 5

*Krasselt v. Seagram's & Sons, Inc.*, No. 01 CV 2821, 2002 WL 1997926
    (S.D.N.Y. 2002)...............................................................................................................6-7

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
    507 U.S. 163 (1993).......................................................................................................4-5

*MacNeill Engineering Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199 (D. Mass. 1999).........................3

*Metropolitan-Goldwyn Mayer Distributing Corp. v. Bijou Theatre Co.*, 3 F. Supp. 66 (D.
    Mass. 1933)........................................................................................................................9

*Mid America Title Co. v. Kirk*, 991 F.2d 417 (7th Cir. 1993).........................................................5

*Patricia Kennedy & Co. v. Zam-Cul Enterprises, Inc.*, 830 F. Supp. 53 (D. Mass. 1993)........9, 10

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114 (C.D. Cal. 2001).................5-6

*Richard Feiner & Co. v. Larry Harmon Pictures Corp.*, 38 F. Supp. 2d 276 (S.D.N.Y. 1999)..........................................................................................................................7

*Rubin v. Brooks/Cole Publishing Co.*, 836 F. Supp. 909 (D. Mass. 1993)...............10-11

*Sefton v. Jew*, 201 F. Supp. 2d 730 (W.D. Tex. 2001).................................................4, 5

*Tin Pan Apple, Inc. v. Miller Brewing Co.*, 737 F. Supp. 826 (S.D.N.Y. 1990) ...............7

*Tingley Systems, Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95 (D. Mass. 2001)........8

*Tom Kelley Studios Inc. v. International Collectors Society*, No. 97 Civ. 0056(WK), 1997 WL 598461 (S.D.N.Y. Sept. 25, 1997)..............................................................4

*Waters v. Walt Disney World Co.*, 237 F. Supp. 2d 162 (D.R.I. 2002) ............................4

## FEDERAL STATUTES AND RULES

17 U.S.C. § 107.................................................................................................................10

17 U.S.C. §§ 1-216 (1909) (repealed) ...............................................................................9

17 U.S.C. § 411(a)..........................................................................................................2, 3

17 U.S.C. § 507(b)..............................................................................................................4

Fed. R. Civ. P. 8........................................................................................................ *passim*

Fed. R. Civ. P. 9(b) ........................................................................................................5, 12

Fed. R. Civ. P. 12(e) ........................................................................................................13

## MISCELLANEOUS

8 Melville B. Nimmer, et al., *Nimmer on Copyright* App. 6 (Matthew Bender 2004).....9

I:\ddonahue\GLTC\COURT DOCS\040804-0420298-Dismissal Reply Brief-dd.doc

Pursuant to the Court's Order dated July 29, 2004, Defendant The Gillette Company ("Gillette" or "Defendant") respectfully submits this reply memorandum of law in support of its Partial Motion to Dismiss the Amended Complaint of Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") or, In the Alternative, for a More Definite Statement.

## PRELIMINARY STATEMENT

PIC's brief demonstrates a misapprehension of the purpose and scope of Gillette's Motion. Gillette does not, by this motion, seek to dismiss all of PIC's claims. Rather, Gillette has made its motion for partial dismissal in an effort to simplify the issues in the case before the parties undertake the expense of discovery concerning the parties' more than 10 years of dealing and concerning hundreds of photographs that PIC only implies Gillette may have infringed. While it is clear that PIC wishes to expand the scope of this case, the following cannot be disputed: (1) PIC has identified only three images that it alleges Gillette used beyond the scope of PIC's purported license; (2) PIC owns only four copyright registrations for works allegedly at issue and, of those four, has identified a purported copyright infringement for only three of them; (3) the bulk of PIC's state law claims are equivalent to its copyright infringement claims and thus are pre-empted by the Copyright Act; and (4) PIC's fraud claims are deficient as a matter of law.

Neither Gillette nor the Court should be required to wade through litigation concerning works that were never infringed or alleged infringements or contract violations that took place well before the applicable statute of limitations expired. PIC should be required, at a minimum, to fulfill its pleading obligations and to identify what images Gillette has used in violation of the purported license and when such allegedly violative uses were made.

## ARGUMENT

### I. AS A MATTER OF LAW, PLAINTIFF'S CURRENT COPYRIGHT CLAIM IS LIMITED TO FOUR PHOTOGRAPHS.

Plaintiff does not dispute that the Copyright Act requires that a plaintiff obtain a

1

copyright registration as a prerequisite to filing suit for copyright infringement. 17 U.S.C. § 411(a). Instead, PIC refers to copyright applications relating to 600 photographs, belatedly filed after PIC learned of the basis for Gillette's motion. PIC's belated filing constitutes a concession that the Copyright Act limits PIC's current copyright claims to the four works that are actually pleaded in the operative complaint. Indeed, PIC concedes that these belatedly filed copyrights cannot become part of this case without PIC seeking leave to amend its complaint for the second time.[1] (PIC Br. at 18.)

Notwithstanding its implied admission that its copyright claims, as they appear in the Amended Complaint, are largely deficient, PIC has not withdrawn its claims to the extent they pertain to unregistered works. While its Amended Complaint identifies only four photographs for which it owns registrations (Am. Compl. ¶ 12), and only three that allegedly have been used beyond the scope of PIC alleged license (*id.* ¶¶ 21-23), PIC's copyright claims refer to infringement of PIC's "Photographs." (*Id.* ¶¶ 49, 51.) The term "Photographs" in the Amended Complaint is defined generally as the photographs and other photographic materials PIC alleges to have provided to Gillette over the years. (*Id.* ¶ 9.) In light of the clear requirements of the Copyright Act and PIC's admissions in its opposition, PIC's copyright claims should be dismissed to the extent they seek to address alleged copyright infringement beyond the four photographs for which PIC actually owns registrations.

## II. GILLETTE DOES NOT SEEK A HEIGHTENED PLEADING STANDARD WITH REGARD TO PIC'S COPYRIGHT CLAIMS, BUT ONLY THE FACTS SUFFICIENT TO ADEQUATELY PREPARE A RESPONSIVE PLEADING.

PIC does not dispute that, according to the law in this Circuit, to meet the threshold pleading requirements of Federal Rule of Civil Procedure 8(a) the plaintiff is required to allege

---

[1] Because the belated copyright applications are not part of the operative pleading, they should not be considered on this motion under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.*, 993 F.2d 269, 272-73 (1st Cir. 1993).

2

facts respecting "*each material element* necessary to sustain recovery under some actionable legal theory.'" *MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201 (D. Mass. 1999) (Young, *Chief Judge*) (emphasis in original) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). Moreover, in a case relied upon by PIC (PIC Br. at 5), the First Circuit has held that "the complaint should at least set forth minimal facts *as to who did what to whom, when, where, and why* ...." *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004) (emphasis added).

The material elements of a copyright claim are: (1) ownership of a valid, registered copyright; and (2) unauthorized copying *of that work*. *See, e.g., Baystate Techs. v. Bentley Sys.*, 946 F. Supp. 1079, 1086 (D. Mass. 1996). The plain language of the Copyright Act makes it clear that copyright infringement claims are work-specific; in other words, a plaintiff is required to establish all of the elements of infringement for *each work* it claims has been infringed. The requirement of section 411 of the Copyright Act that a registration is required for any copyright claimed prior to bringing a suit for infringement demonstrates this.

This principle is further illustrated by the law relating to the calculation of damages under the Copyright Act. The First Circuit has held, consistent with other Circuits and leading treatises, that damages awards in a copyright action must be calculated based upon the number of a plaintiff's works that actually are infringed. *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 191-194 (1st Cir. 2004). Thus, because copyright infringement actions are work-specific, in order to meet the burdens of Federal Rule of Civil Procedure 8(a), PIC is required to identify the works that were infringed.

Plaintiff's copyright infringement allegations, with respect to all but the three alleged infringements identified in the Amended Complaint (Am. Compl. ¶¶ 21-23), do not come close to the basic pleading threshold required in this Circuit.[2] As established in Part I *supra*, PIC has

---

[2] PIC concedes that the images identified in Paragraphs 21-22 of the First Amended Complaint have been removed from Gillette's web site as of the filing of PIC's memorandum. (PIC Br. at 2.) Gillette removed the images because PIC's Amended Complaint represented the first time PIC identified with sufficient specificity the alleged infringement by Gillette.

3

identified only four registered copyrights in its amended pleading.

Even if PIC's copyright claims could overcome the subject matter jurisdictional deficiency and apply either to the "job numbers" reproduced in PIC's amended pleading (*Id.* ¶ 11), or to the 600 photos referenced in allegedly pending copyright applications, PIC's current pleading still does not meet the pleading requirements of Rule 8 as applied in this Circuit.

For example, with the exception of two alleged infringements identified in PIC's Amended Complaint (Am. Compl. ¶¶ 21-22), PIC's pleading does not identify when any other infringements allegedly took place. This factor alone is essential to Gillette's defense since the Copyright Act has a three-year statute of limitations. 17 U.S.C. § 507(b); *see also Waters v. Walt Disney World Co.*, 237 F. Supp. 2d 162, 167 (D.R.I. 2002). Thus, any of the alleged infringements that accrued prior to May 7, 2001, would be barred by the statute of limitations. PIC should be required to identify the dates of the alleged copyright infringements now so that the parties and the Court need not expend needless resources considering PIC's claims as to such alleged infringements.[3]

Meanwhile, PIC seeks to overcome its pleading deficiencies by accusing Gillette of urging a "heightened pleading standard" and by citing to a handful of cases that are inapposite and that, for the most part, apply the law as set forth in Gillette's moving papers.

The application of Federal Rule of Civil Procedure 8(a) to copyright infringement claims yields the standards cited by Gillette in its moving brief, as set out in cases such as *Tom Kelley Studios Inc. v. Int'l Collectors Soc'y*, No. 97 Civ. 0056(WK), 1997 WL 598461, at *1 (S.D.N.Y. Sept. 25, 1997) and *Kelley v. L.L. Cool J*, 145 F.R.D. 32, 37 (S.D.N.Y. 1992). Contrary to PIC's argument, the articulation of elements of a copyright infringement claim in those cases does not represent a "heightened" pleading standard as that term is used in *Leatherman v. Tarrant County*

---

[3] In one of the cases upon which PIC relies in its brief for the proposition that PIC need not specify the alleged infringements, *Sefton v. Jew*, 201 F. Supp. 2d 730 (W.D. Tex. 2001), the court held that any of the alleged infringements that occurred prior to three years before the filing of the complaint were time-barred. *Id.* at 748.

4

*Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). PIC relies upon the use by the District Court in the Western District of Texas in *Sefton* of the phrase "heightened pleading requirement" in referring to the *L.L. Cool J* case as proof that the cases cited to by Gillette run afoul of the Supreme Court's ruling in *Leatherman*. (PIC Br. at 6 n.2.) However, *Sefton* post-dates *Leatherman* and clearly was not using the phrase "heightened pleading requirement" in a manner commensurate to *Leatherman*, as it applied the very standard urged by Gillette. *See Sefton*, 201 F. Supp. 2d at 747.

PIC also attempts to rely upon *Mid America Title Co. v. Kirk*, 991 F.2d 417, 422 (7th Cir. 1993), to excuse its deficient pleading. The facts in that case are completely inapposite. In *Kirk*, the defendant sought to force the plaintiff to identify what elements of the allegedly infringed works were copyrightable. *Id.* In response, the Seventh Circuit made the unremarkable holding that a particularity requirement akin to that in Federal Rule of Civil Procedure 9(b) is not appropriate in light of *Leatherman*. Gillette does not seek an explanation of the copyrightability of PIC's works and is not suggesting a pleading standard in this case that is akin to the particularity requirement in Federal Rule of Civil Procedure 9(b). Rather, Gillette wishes to know which of PIC's works Gillette is accused of having infringed and when – a request entirely consistent with this Circuit's application of Federal Rule of Civil Procedure 8. *Educadores Puertorriqueños*, 367 F.3d at 68 ("[T]he complaint should at least set forth minimal facts *as to who did what to whom, when, where, and why*.") (emphasis added).

PIC's reliance on *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114 (C.D. Cal. 2001), similarly is misplaced. In that case, the court held that the standard was, consistent with what Gillette urges here, whether the defendant had fair notice of the allegations against it. *Id.* at 1121. In that case, the Court found that the plaintiff had sufficiently pleaded its claim to give notice to the defendant. However, in so finding, the court relied on the fact that the plaintiff's complaint: (1) "identifies copyrights involving [plaintiff's] magazine"; (2) identifies plaintiff's ownership of pictures within magazines; and (3) "specifically identifies websites where infringing conduct can be found . . . ." *Id.* Moreover, the court in *Perfect 10* found that

5

because the claims at issue all related to Internet usage where infringement could change moment by moment, a practical barrier stood in the way of identifying every single infringement at the pleading stage. In stark contrast, in this case, PIC's amended pleading identifies merely hundreds of job numbers (Am. Compl. ¶ 11), does not identify which photographs (beyond three) have been infringed, and does not identify where any such infringements (beyond two) can be found. Moreover, there are no allegations of pervasive Internet usage. *Perfect 10* does not apply.

The other cases cited by PIC also support Gillette's position. For example, *Home & Nature, Inc. v. Sherman Specialty Co.*, No. 98 CIV 5000, 2004 WL 1393538, at *2 (E.D.N.Y. 2004), holds that a copyright infringement claim sufficiently complies with Rule 8(a) "when the plaintiff asserts: '(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyright in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright.'" (Citations omitted.) The court did not dismiss the plaintiff's copyright claim because, *inter alia*, plaintiff had listed the allegedly infringed copyrights and had alleged the date range of alleged infringements and how such infringements took place. *Id.* Here, it is undisputed that PIC has failed to name the specific original works that are the basis of the copyright claim and by what acts and at what time Gillette has allegedly infringed such unnamed works.

*Capitol Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280 (E.D.N.Y. 2002), cited by PIC, also supports Gillette's arguments. The *Capitol Records* court cites with approval the cases relied upon by Gillette. *Id.* at 284. Moreover, unlike PIC's pleading, the plaintiff's pleading in that case listed the works plaintiff owned and for which it owned copyright registrations and alleged that the defendant had infringed those specific works. *Id.* at 282.

*Krasselt v. Seagram's & Sons, Inc.*, No. 01 CV 2821, 2002 WL 1997926 (S.D.N.Y. 2002), another case relied upon by PIC, also favors Gillette's position. First, the court in *Krasselt* applies the same Rule 8 standard as that applied in the cases upon which Gillette relies.

6

*Id.* at * 1. Moreover, the plaintiff in *Krasselt* had identified all of its registered works in the complaint. *Id.* Although the court did not require the plaintiff to identify exactly which of its works were infringed, the Court correctly pointed out that there were only 30 works and that, as a result, "[d]efendants cannot really argue that they do not have notice of the claims against them . . . ." *Id.* at * 2. This case is very different – as opposed to a limited number of works prepared over a relatively short period of time, here PIC claims Gillette *may* have infringed some of the hundreds of photographs it has sold to Gillette over a period exceeding ten years.

PIC's reliance on *Richard Feiner & Co. v. Larry Harmon Pictures Corp.*, 38 F. Supp. 2d 276, 278-279 (S.D.N.Y. 1999), similarly is inappropriate. First, the court's ruling regarding the plaintiff's failure to specify which copyright is infringed by which act is not in the context of the court's discussion of Rule 8(a).[4] Moreover, the court goes on to hold that "[a] reader of the complaint can conclude that the works whose copyrights are listed therein are those alleged to have been infringed, and it is sufficient that the complaint alleges that the infringing acts took place during the time that Feiner owned the rights." *Richard Feiner & Co.*, 38 F. Supp. 2d at 279.

Here, PIC lists only four copyrighted works in its Amended Complaint. PIC's listing of "job numbers" is miles from the pleading described in *Feiner* and PIC's reference in its brief to 600 photographs for which it now claims to have sought a registration does not cure the defects of its pleading.

### III. PIC'S ATTEMPT TO CIRCUMVENT THE CLEAR LAW RELATING TO COPYRIGHT PREEMPTION IS WITHOUT MERIT.

In attempting to salvage its state law claims that clearly are preempted, PIC ignores the standard for determining copyright preemption in this Circuit, instead relying upon general statements from treatises and out-of-Circuit case law. PIC claims that there are black-letter rules

---

[4] PIC's citation to *Tin Pan Apple, Inc. v. Miller Brewing Co.*, 737 F. Supp. 826, 839 (S.D.N.Y. 1990) (PIC Br. at 17), similarly is inapposite since that case does not address the requirements of Federal Rule of Civil Procedure 8(a).

7

that fraud claims generally are not preempted (PIC Br. at 8), and that breach of contract claims are also generally not preempted (*id.* at 9) because with respect to such claims there generally is an "extra element" differentiating the state law cause of action from a copyright infringement claim. Such general or *per se* rules are not the law in the First Circuit.

To the contrary, as explained in *Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994), "[n]ot every 'extra element' of a state claim will establish a qualitative variance between the rights protected by federal copyright law and those protected by state law." Indeed, "where the additional elements merely concern *the extent to which* authors and their licensees can prohibit unauthorized copying by third parties," such claims are deemed "equivalent in substance to a copyright infringement claim." *Id.* at 1165. The extra element "must be one which changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Tingley Sys. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 105 (D. Mass. 2001) (citation omitted).

Here, PIC's opposition brief effectively ignores any analysis of the nature of PIC's claims.

### A.     PIC's Contract Claims.

PIC makes the curious argument that because one of its contract claims is not preempted, the entire count should not be dismissed. (PIC Br. at 12.) However, this ignores the substance of Gillette's motion, which seeks dismissal of PIC's claims *to the extent* such claims are preempted.

PIC is correct that Gillette has not moved to dismiss PIC's claims for breach of contract based upon an alleged failure of Gillette to return the Photographs. While such claims are legally deficient for a number of reasons, they are not the subject of this motion since, taking the allegations as true, the "extra element" – i.e., Gillette's alleged promise to return the Photographs to PIC – required under the Copyright Act is present. However, this does not automatically save the remainder of PIC's breach of contract claims, which clearly are equivalent to its copyright infringement claims.

PIC asks this Court to ignore clear precedent of this Circuit that, in order for a claim not

8

to be preempted by the Copyright Act, the "extra element" must change the nature of the action, make it qualitatively different, and instead would have this Court be the first in this Circuit to hold that there is a *per se* rule that contract claims never are preempted by the Copyright Act. Even the cases applying First Circuit Law upon which PIC relies do not hold that there is a *per se* rule that contract claims are never preempted by the Copyright Act. For example, the Federal Circuit's decision in *Bowers v. Baystate Technologies, Inc.*, 320 F.3d 1317, 1324 (Fed. Cir. 2003), clearly limits its holding that the Copyright Act does not preempt the state contract action to the facts *in that case*. Moreover, the state contract action in *Bowers* that the Federal Circuit deemed not to be preempted related to a contractual undertaking by the defendant not to reverse engineer the plaintiff's product. *Id.* at 1323. Reverse engineering goes beyond garden variety copying of a copyrighted work, but refers to studying or analyzing a device with the intention of producing a copy or an improved version. *Id.* at 326. It is qualitatively different from simply copying a copyrighted work. This is in stark contrast to this case, where PIC's breach of contract claims relating to use of PIC's photos beyond the scope of the purported license simply allege a copyright infringement.

PIC's reliance on the 1933 decision in *Metro-Goldwyn Mayer Distributing Corp. v. Bijou Theatre Co.*, 3 F. Supp. 66 (D. Mass. 1933) (PIC Br. at 13, 15), similarly is misplaced. The case arose and was decided under the 1909 Copyright Act, the predecessor to the current Copyright Act, which became effective in 1976. The 1909 Copyright Act contained no preemption provision. *See* 17 U.S.C. §§ 1-216 (1909) (repealed), *reprinted in* 8 Melville B. Nimmer *et al. Nimmer on Copyright* App. 6 (2004). Thus, naturally, there is no discussion in *Bijou Theatre Co.* of preemption, nor was the issue raised by the parties.

The law of this Circuit governing copyright preemption wisely requires evaluation not of the name of the claim (in this instance breach of contract), but of the substance of the claim and what a plaintiff seeks to protect. *Patricia Kennedy & Co. v. Zam-Cul Enters., Inc.*, 830 F. Supp. 53, 56 (D. Mass. 1993). In evaluating the right PIC seeks to protect with its breach of contract claim as to Gillette's alleged use of the Photographs beyond the scope of the purported license, it

9

is clear that the right PIC seeks to protect is identical to the right it seeks to protect under its copyright claim for unauthorized copying. There is no "extra element" here.

PIC's attempt to rehabilitate its claims based upon Gillette's alleged failure to use a copyright notice attributing authorship to PIC is similarly without merit. Whether the purported obligation to use a copyright notice is a condition or a covenant under the alleged agreement[5] between the parties, the fact remains that PIC itself concedes in its pleading that the alleged failure of Gillette to include a copyright notice is "copyright infringement." (Am. Compl. ¶¶ 9, 19, 49.) Thus, this claim is not saved from preemption.

### B. Gillette's Argument As To Preemption Of PIC's Fraud Claim Is Limited To The Claim Relating To Gillette's Obtaining Duplicates.

PIC's discussion of its fraud claims in the context of preemption is largely irrelevant to Gillette's motion. Gillette has only asserted preemption of PIC's fraud claim based on Gillette obtaining duplicate photos from entities other than PIC. (Gillette Br. at 8.) No matter how PIC seeks to re-cast its claim in this regard in response to Gillette's motion, there can be no dispute that "what plaintiff seeks to protect" by this claim, *Patricia Kennedy & Co.*, 830 F. Supp. at 56, is the control of duplication rights of photographs, which right is one of the exclusive rights under copyright. 17 U.S.C. § 107.

### C. PIC Fails To Overcome Preemption Of Its Chapter 93A Claim.

Notwithstanding PIC's verbal gymnastics in describing its claim under Chapter 93A, it remains undisputed that nothing in the claim goes beyond *"the extent to which"* PIC "can prohibit unauthorized copying" by Gillette. PIC relies heavily upon this Court's decision in *Rubin v. Brooks/Cole Publishing Co.*, 836 F. Supp. 909 (D. Mass. 1993) (Young, *J.*), in an attempt to salvage its claim. However, PIC's reliance is misplaced.

As in this case, the plaintiff's Chapter 93A claim in *Rubin* was based upon the entirety of the defendant's conduct. *Compare Rubin,* 836 F. Supp. at 924 ("Rubin bases his claim . . .

---

[5] Gillette assumes, for purposes of this motion only, that PIC's allegations concerning the parties' purported agreements are true. Gillette reserves its right to contest such allegations outside the context of this motion.

[under] chapter 93A upon the entirety of Brooks/Cole's conduct") *with* Am. Compl. ¶ 72 ("Gillette's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. ch. 93A"). This Court dismissed the bulk of the plaintiff's Chapter 93A claim, holding:

> It is clear beyond per-adventure, however, that the claim is preempted to the extent it is based directly upon Brooks/Cole's reproduction of the Love Scale, Brooks/Cole's failure to obtain Rubin's permission (at all or in a timely fashion), and Brooks/Cole's continued use of the Love Scale after Rubin's initial and subsequent objections. A chapter 93A claim based upon these acts asserts rights subsumed within an action for copyright infringement.

*Rubin*, 836 F. Supp. at 924.

The same reasoning applies here. All of the bad acts alleged by PIC against Gillette (with the exception of Gillette's alleged failure to return photos to PIC) are ultimately directed at Gillette's alleged use or duplication of copyrighted materials. As such, they are "subsumed" within PIC's copyright infringement claims. *Id.*

PIC's argument that its allegations center on "misrepresentations by Gillette" that allegedly induced it into detrimental reliance (PIC Br. at 15), does not change the core of PIC's claims – the allegedly unauthorized duplication and use of its photographs. Indeed, this Court held in *Rubin* that "most actions taken by a publisher to obtain authors' permissions are likely to be so closely intertwined with a claim for impermissible reproduction as to be preempted . . . ." *Rubin*, 836 F. Supp. at 925. That is precisely the case here – regardless of Gillette's alleged methods to obtain permission to use PIC's Photographs, such methods are so closely intertwined with the alleged copying as to be preempted.

### IV. PLAINTIFF HAS FAILED TO REHABILITATE ITS DEFICIENT FRAUD CLAIMS.

It is undisputed that PIC has alleged only three instances of fraud against Gillette. Those are: (1) unauthorized duplication of PIC's Photographs (Am. Compl. ¶¶ 59-62); (2) "stonewalling" of PIC in discussions related to settling the dispute (*id.* ¶¶ 66-68); and (3) allegedly inducing PIC to perform work beginning in March 2004 and failing to pay for such

work (*id.* ¶¶ 63-65). PIC has failed to establish that any of these claims, even if all facts are taken as true, give rise to a valid fraud claim.

### A. Fraud Based on Gillette's Allegedly Unauthorized Duplication

PIC states that Gillette's "sole objection" to the manner in which PIC pleaded its fraud claim based on Gillette's allegedly unauthorized duplication of the Photographs is "that delay in PIC's discovery of Gillette's unauthorized duplication caused by Gillette's requisitioning agent is not 'damage.'" (PIC Br. at 19.) PIC then proceeds to argue that this "sole objection ... fails" based on *Arthur D. Little Int'l v. Dooyang Corp.*, 979 F. Supp. 919 (D. Mass. 1997). (PIC Br. at 19.) PIC is doubly wrong.

First, PIC ignores the fact that Gillette also has moved to dismiss this fraud claim on the ground that it is not pleaded with the requisite particularity. Indeed, Gillette argued in its moving brief:

> PIC fails to specify the date of this conversation, the name of the person at Gillette with whom PIC's officer allegedly spoke and whether such individual was authorized to speak on Gillette's behalf, the identity of the particular image at issue, or the facts surrounding the alleged unauthorized duplication of the image. Indeed, PIC does not even allege that Gillette made an unauthorized duplicate of the image about which Gillette's requisitioning agent was asked.

(Gillette Br. at 10 (citing Am. Compl. ¶¶ 59-62).) In light of these omissions, PIC's fraud claim fails to satisfy even the notice pleading standard of Federal Rule of Civil Procedure 8(a) for non-fraud claims. *See Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004) ("the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why ...."). It does not even come close to the level of particularity required in pleading fraud claims. *See* Fed. R. Civ. P. 9(b). PIC's fraud claim relating to Gillette's allegedly unauthorized duplication of the Photographs should be dismissed on this ground alone, notwithstanding PIC's attempt to ignore it.

In addition, the ground for dismissal PIC does acknowledge – i.e., that delay in filing suit is not cognizable "damage" and cannot support a fraud claim – provides an additional reason to dismiss PIC's claim. Indeed, the only case PIC cites for the proposition that such delay can be

12

considered "prejudice[]" (notably, not damage), does not even involve a fraud claim, much less the pleading requirements therefor. *See Arthur D. Little Int'l*, 979 F. Supp. at 925.

### B. Fraud Based on Gillette's Alleged "Stonewalling"

PIC's response to Gillette's motion to dismiss its fraud claim based on Gillette's alleged "stonewalling" of PIC's efforts to resolve this matter similarly fails. Again, Gillette is not aware of any case in this District or elsewhere holding that a plaintiff's alleged delay in filing a lawsuit in reliance on alleged statements of the defendant, standing alone, may support a cause of action for fraud. And the case PIC cites for this proposition has nothing to do with a fraud claim.

### C. Fraud Based on Gillette's Failure To Pay PIC's March-April 2004 Invoices

PIC's attempt to salvage its fraud claim relating to Gillette's alleged "false implications" regarding its intention to pay the March-April 2004 Invoices also fails. PIC's pleading speaks for itself, and clearly reveals that PIC performed the work "[a]s a gesture of good faith" in reliance on its own Agreement's terms and Gillette's longstanding practice of paying on time, not on any statement – either express or implied – of Gillette. (Am. Compl. ¶¶ 37, 63.)

### V. PIC ADMITS THROUGH OMISSION THAT IT SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(E)

PIC does not even bother to address the standards of Federal Rule of Civil Procedure 12(e) set forth in Gillette's moving brief. (Gillette Br. at 16-18.) As explained therein, the Court should require PIC to cure its various pleading deficiencies to allow Gillette to prepare its responsive pleading (e.g., to determine whether it can assert defenses based on laches and the relevant statute of limitations) and to give parties and the Court a clearer picture of the issues that are to be litigated in this case.

## CONCLUSION

For the reasons set forth above and in its moving brief, Gillette respectfully requests that its motion be granted.

August 9, 2004

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: /Patrick T. Perkins/
    Patrick T. Perkins (Admitted *pro hac vice*)
    David Donahue (Admitted *pro hac vice*)
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP

By: /Daniel C. Hohler/
    Richard M. Gelb (BBO#188240)
    rgelb@gelbgelb.com
    Daniel C. Hohler (BBO#633065)
    dhohler@gelbgelb.com

20 Custom House Street
Boston, MA 02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant The Gillette Company*