IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 04-CV-10913-WGY |

### PIC'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

　　Plaintiff Photographic Illustrators Corporation ("PIC") respectfully moves the Court for leave to file the attached Second Amended Complaint, which pleads infringement of six copyright registrations that PIC received after the filing of its First Amended Complaint.

　　As explained previously (Am. Compl. ¶ 13; Docket #11 at 18 n.4), PIC delayed filing its copyright applications based on Gillette's misrepresentations that it was investigating PIC's claims and would report back to PIC the results of its investigation in an attempt to resolve this dispute.  When Gillette's promises turned out to be empty, PIC registered copyrights in several images known to be misused by Gillette and filed this lawsuit, pleading infringement of those copyrights and others for which PIC would later obtain copyright registrations if necessary.

　　PIC then sought, again, to resolve its dispute with Gillette so as to avoid the time and expense of filing copyright applications for hundreds of additional images.  Once again, however, Gillette failed to keep its word.  Gillette at first agreed to provide a substantive response to a settlement offer made by PIC, but later stonewalled and filed its motion to dismiss without ever providing such a response.  This forced PIC to undertake the effort and expense of registering copyrights in additional infringed images with the Copyright Office.

Gillette maintains, as one basis for its motion to dismiss, that PIC's First Amended Complaint is deficient in failing to plead copyright registrations for a number of images alleged to be infringed by Gillette. E.g., Docket #12 at 2 ("PIC's copyright claims should be dismissed to the extent they seek to address alleged copyright infringement beyond the four photographs for which PIC actually owns registrations.").

Having received six group copyright registrations for over 600 images, PIC provides, in its Second Amended Complaint (¶ 13), precisely what Gillette requested – identification of additional copyrights alleged to be infringed. Amendment of PIC's complaint to add these registrations now would serve judicial efficiency by permitting the Court to consider Gillette's arguments with the benefit of PIC's amendment curing the very deficiency alleged by Gillette.

## I.  ARGUMENT

### A.  Legal Standard For Amendment Of Plaintiff's Complaint

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).[1] The Supreme Court has articulated the following circumstances that may provide grounds for denial of leave to amend a pleading: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). None of these circumstances are present here. Accordingly, PIC should be granted leave to file its Second Amended Complaint.

In the absence of a "substantial reason," denial of leave to amend is legal error. Benitez-Allende v. Alcon Aluminio do Brasil, S.A., 857 F.2d 26 (1st Cir. 1988) (vacating denial of leave to amend where there was no "substantial reason" for such denial).

---

[1] Where leave to amend is sought after the expiration of a court-imposed deadline for amendment of pleadings, the movant must meet a higher "good cause" standard. See Fed. R. Civ. P. 16(b). In this case, no such deadline has passed, and leave to amend should accordingly be "freely given."

In the copyright context, courts routinely permit plaintiffs to amend their pleadings upon issuance of additional copyright registrations.[2] E.g., Inkadinkadoo, Inc. v. Meyer, 2003 U.S. Dist. Lexis 17458, *10 (D. Mass. Sept. 16, 2003) ("After registration issues, if it does, Meyer may move for leave to amend the counterclaim to add an infringement claim."); Hand Crafts Corp. v. Craft Masters, Inc., 683 F. Supp. 1234, 1242 (N.D. Id. 1988) (permitting amendment of complaint after receipt of registrations "makes perfect sense"); Conan Properties, Inc. v. Mattel, Inc., 601 F. Supp. 1179, 1182 (S.D.N.Y. 1984) ("[T]he defect in the Amended Complaint can be cured simply by filing a second amended complaint, which relates back to the commencement of the action, and which includes a recitation that the registration requirement has been satisfied.").

Indeed, leave to amend is particularly appropriate in the procedural posture of this case – i.e., when copyright registrations issue to the plaintiff after the defendant has moved to dismiss based on lacking registrations. E.g., Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am., 81 F. Supp. 2d 70, 72 (D.D.C. 2000) ("Assuming that Kitchen Exhaust is able to timely amend its complaint, the court denies Power Washers' motion to dismiss for untimely copyright registration."); Wilson v. Mr. Tee's, 855 F. Supp. 679, 681 (D.N.J. 1994) (granting motion for leave to amend where defendant had filed summary judgment motion based, in part, on lack of copyright registrations that had been cured); Sportsmedia Tech. Group v. Upchurch, 839 F. Supp. 8, 9 (D. Del. 1993) ("[T]he Court believes any jurisdictional defect that may have existed [at filing] has now been mooted by the issuance of a copyright registration … For these reasons, the Court will deny Defendants' Motion to Dismiss for lack of subject matter jurisdiction.").

---

[2] Many courts hold that submission of a copyright *application* to the Copyright Office is sufficient for a plaintiff to prosecute an infringement action, such that an amended complaint alleging application for a copyright moots a motion to dismiss even though the formal registration has not yet been received. E.g., Foraste v. Brown Univ., 248 F. Supp. 2d 71, 76 (D.R.I. 2003) (denying motion to dismiss where "Plaintiff has alleged in the Amended Complaint that he has *initiated the process of copyright registration* in ninety-seven of the disputed images in his possession.") (emphasis added). The Court in this case need not reach the issue of whether a copyright application is sufficient because PIC has in fact received issued registrations.

A plaintiff with standing to sue for copyright infringement also has standing to sue with respect to unregistered works where (as here) the defendant possesses such works and refuses to return them to the plaintiff. Foraste v. Brown Univ., 248 F. Supp. 2d 71, 78 (D.R.I. 2003) ("[I]t would be wholly inequitable to require that Foraste, prior to proceeding with this action, register a copyright in images to which Brown presently denies him access.").

### B. Judicial Efficiency Will Be Served By Amendment Of PIC's Complaint Prior To Consideration Of Gillette's Motion To Dismiss.

As noted above, Gillette's motion to dismiss PIC's copyright claims is based, at least in part, on an alleged failure by PIC to plead copyright registrations for a number of images alleged to be infringed by Gillette. With respect to the over 600 images that PIC has now registered with the Copyright Office, Gillette's argument fails and its motion should be denied.[3]

Thus, as many courts have held, it is inefficient to consider a motion to dismiss for lack of copyright registrations when the registration requirement has been complied with and the plaintiff seeks to amend its pleading accordingly. E.g., Int'l Kitchen, 81 F. Supp. 2d at 72 (denying motion to dismiss and permitting plaintiff to amend complaint: "To best effectuate the interests of justice and promote judicial economy … the court shall hear [plaintiff's] claims on the merits rather than dismiss then and require the refiling of the complaint."); Positive Black Talk, Inc. v. Cash Money Records, Inc., 66 U.S.P.Q. 2d 1468, 1470 (E.D. La. 2003) ("The Court can think of no greater waste of judicial resources than to needlessly dismiss the suit without prejudice at this juncture simply for the sake of requiring PBT to refile.")

---

[3] PIC was able to register and assert copyrights in a number of images infringed by Gillette because it retained copies of at least some such images. PIC may register and assert additional copyrights later in the case, as PIC gains access, through discovery, to images that Gillette has improperly withheld. "It would be wholly inequitable to require that [PIC], prior to proceeding with this action, register a copyright in images to which [Gillette] presently denies [it] access." Foraste, 248 F. Supp. 2d at 78. PIC also expects to uncover through discovery the full extent of Gillette's infringement over the years. See Tin Pan Apple, Inc.. v. Miller Brewing Co., Inc., 737 F. Supp. 826, 839 (S.D.N.Y. 1990) (denying motion for more definite statement: "Defendants may develop additional details – for example, which musical compositions and sound recordings defendants are alleged to have infringed – through customary pre-trial discovery."). This too may lead to registration and assertion of additional copyrights.

The sensible and efficient course of action is for PIC to amend its complaint to assert the new registrations[4] *before* the Court rules on Gillette's motion to dismiss, so that the Court will have the benefit of the amended pleading in the first instance rather than addressing the same argument twice.[5]

### C. None Of The *Foman* Factors Favor Denial Of Leave To Amend.

Three of the Foman factors can be dispensed with immediately: "undue delay," "bad faith or dilatory motive on the part of the movant," and "repeated failure to cure deficiencies by amendments previously allowed." First, there is no basis for a contention of "undue delay" because PIC took prompt action to file its six new copyright applications after Gillette declined to provide its promised good-faith response to PIC's settlement offer (which response might have obviated the need for PIC to expend time and resources registering hundreds of images with the Copyright Office) and filed its motion to dismiss. Gillette filed its motion to dismiss on July 15, 2004, PIC filed its six copyright applications before the end of July, and those applications all matured into registrations (effective as of their filing dates) during the month of August.

For the same reason, there also has been no bad faith or dilatory motive by PIC. Indeed, the opposite is true – PIC's registration of these images was delayed only by *Gillette's* bad faith, first in misrepresenting that it was conducting an "investigation" into PIC's claims, and second, in misrepresenting that it would provide a good-faith response to PIC's settlement proposal.

Third, PIC's only previous amendment to its complaint, to clarify and provide more detail regarding certain of its claims, occurred "as a matter of course" before Gillette's responsive pleading was served. See Fed. R. Civ. P. 15(a). There have been no "amendments previously allowed" by the Court, and certainly no "repeated failure to cure deficiencies."

---

[4] The assertion of these registrations in Paragraph 13 is the only substantive change to the 2d Amended Complaint.

[5] PIC pointed this out to Gillette in discussions pursuant to Local Rule 7.1(a)(2), but Gillette still declined to stipulate to this motion.

The "undue prejudice" factor is generally considered together with "undue delay." Here, no amendment deadline has passed, and PIC has acted promptly to add additional copyright registrations. No discovery has yet taken place, and Gillette will not be prejudiced by the amendment in any way. Indeed, Gillette was on notice of PIC's contentions of wholesale copyright infringement before PIC filed suit. Cf. Ricoh Co., Ltd. v. Nashua Corp., 947 F. Supp. 21, 25 (D.N.H. 1996) (allowing amendment of complaint *in the middle of trial* where defendant had "long been aware" of the substance of the amendment).

Finally, the amendment is meritorious – and certainly not "futile" (as Gillette may argue) – for the reasons described in PIC's opposition to Gillette's motion to dismiss (Docket #11). The specified copyright registrations, which include copies of each infringed image, put Gillette on more than fair notice of PIC's infringement claims.

Gillette posits that PIC must identify in its pleading not only the copyright registrations it asserts, but each and every alleged infringement of those registrations by Gillette. Such a heightened pleading standard is impermissible, and simply is not the law.

The Perfect 10 case discussed in dismissal briefing illustrates the point. In that case, the plaintiff asserted infringement by the defendant of "hundreds, even thousands of infringing photographs." Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001). Before discovery, the plaintiff could not possibly pin down each and every infringement. The court emphasized that the defendant "has fair notice of the allegations against it," and that "[f]urther details can be elicited during the discovery stage." Id. at 1121.

Gillette misconstrues Perfect 10 in its dismissal reply brief, arguing that the case turned on the fact that "the claims at issue all related to Internet usage where infringement could change moment by moment… [here] there are no allegations of pervasive Internet usage. Perfect 10 does not apply." (Docket #12 at 6). In point of fact, the Perfect 10 court found dismissal

inappropriate because the defendant's pleading arguments (essentially identical to Gillette's) were "*legally incorrect*." Id. at 1120 (emphasis added). Secondarily, the court found the arguments "*also* incompatible with the types of claims involved." Id. (emphasis added).

The "type of claim" involved in Perfect 10 is one in which the plaintiff cannot possibly be expected to identify, at the pleading stage, every infringement by the defendant because of the volume and nature of those infringements. Both Perfect 10 and this case involve hundreds of alleged infringements. In addition to the volume of infringements, both cases also involve situations in which it would be impractical for the plaintiff to monitor all of the defendant's infringing activities. In Perfect 10, this was true in part because the infringements took place on the Internet. Here, many of Gillette's infringing uses of PIC's images occurred over the Internet also – in addition, such infringing uses occurred in hundreds of catalogs around the world over many years (catalogs to which PIC will not have access until discovery), at scores of trade shows unknown to PIC, through affiliates and entities unknown to PIC, and undoubtedly in other ways unknown to PIC at this stage of the litigation.

In short, Perfect 10 did not turn on the "Internet," and that case is on all fours with this one. Just as in Perfect 10, it is true here that "[r]equiring a statement of each and every example [of infringement] would defeat the regime established by Rule 8." Id. at 1120.

Gillette also argues (Docket #12 at 4) that identification of precisely when its infringements took place is necessary for it to determine whether a statute of limitations applies. Perhaps, but that information need not be set forth in PIC's complaint. Salerno v. City Univ. of New York, 191 F. Supp. 2d 352, 357 (S.D.N.Y. 2001) (denying motion to dismiss copyright claim although the pleading did not set forth enough information to determine whether statute of limitations applied: "[S]hould the facts developed during discovery support a statute of limitations argument, it may be advanced on a motion for summary judgment.").

None of the circumstances discussed in <u>Foman</u> are present here, and the motion for leave to amend should be granted.

### III.   CONCLUSION

For the above reasons, Plaintiff's motion for leave to file the attached Second Amended Complaint should be granted.

### LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned certifies that counsel for PIC consulted with counsel for Gillette, but counsel for Gillette was unwilling to stipulate to the instant motion.

### LOCAL RULE 7.1(d) REQUEST FOR ORAL ARGUMENT

PIC respectfully requests the opportunity to appear for oral argument on this motion.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: <u>September 3, 2004</u>

/s/ Michael A. Albert
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000