UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>    Defendant. | Civil Action No. 04-10913 WGY |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    Patrick T. Perkins (Admitted *pro hac vice*)
    David Donahue (Admitted *pro hac vice*)
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP
    Richard M. Gelb (BBO#188240)
    Robert S. Messinger (BBO#651396)
20 Custom House Street
Boston, MA 02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant The Gillette Company*

**TABLE OF CONTENTS**

Table of Authorities .................................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ............................................................................................................................2

    A.    PIC's Original and Amended Complaints .......................................................................2

    B.    Gillette's Pending Motion to Dismiss and for a More Definite Statement ......................3

    C.    PIC's Refusal to Forego Filing its Motion for Leave to File Second Amended Complaint ........................................................................................................................4

    D.    PIC's Proposed Second Amended Complaint ................................................................5

    E.    PIC's Refusal to Extend Gillette's Time to Respond to PIC's Motion to Amend .............5

ARGUMENT ..................................................................................................................................6

I.    THE STANDARD GOVERNING MOTIONS TO AMEND .............................................6

II.    BECAUSE PIC'S PROPOSED AMENDMENT FAILS TO ADDRESS THE VAST MAJORITY OF SEVERAL DEFECTS IN ITS AMENDED COMPLAINT, PIC'S AMENDMENT IS FUTILE. ................................................................................................7

    A.    The Only Substantive Change to PIC's Proposed Third Version of Its Complaint Fails to Cure Substantial Deficiencies in the Operative Pleading that is the Subject of the Fully Briefed Motion to Dismiss. ........................................................7

    B.    PIC Has Used Its Motion to Amend to Serve as an Improper Sur-reply to Gillette's Motion to Dismiss. .........................................................................................7

III.    THE COURT SHOULD REJECT PIC'S MOTION TO AMEND BECAUSE PERMITTING THE SECOND AMENDED COMPLAINT WOULD UNFAIRLY PREJUDICE GILLETTE AND WOULD NEGATIVELY AFFECT JUDICIAL ECONOMY ......................................................................................................................11

    A.    Gillette Would Be Prejudiced if the Court Were to Allow PIC to File Yet Another Pleading Laced with Inappropriate Mischaracterizations of the Parties' Settlement Discussions .........................................................................................11

    B.    Permitting PIC to File Its Second Amended Complaint Prior to Considering Gillette's Motion to Dismiss Would Unfairly Increase Gillette's Costs of Defending This Case and Negatively Affect Judicial Economy. .........................14

CONCLUSION .............................................................................................................................16

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Acosta-Mestre v. Hilton Int'l*, 156 F.3d 49 (1st Cir. 1998) ................................................................ 6

*Deisenroth v. Numonics Corp.*, 997 F. Supp. 153 (D. Mass. 1998) ................................................ 13

*Educadores Puertorriqueños en Acción v. Rey Hernández*, 367 F.3d 61 (1st Cir. 2004) ............... 9

*Foraste v. Brown Univ.*, 248 F. Supp. 2d 71 (D.R.I. 2003) ............................................................. 10

*Hatch v. Dep't for Children*, 274 F.3d 12 (1st Cir. 2001) ................................................................ 6

*Henthorn v. Dep't of Navy*, 29 F.3d 682 (D.C. Cir. 1994) ........................................................... 9, 10

*International Kitchen Exhaust Cleaning Ass'n v. Power Washers of North America*,
 81 F. Supp. 2d 70 (D.D.C. 2000) .............................................................................................. 15

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114 (C.D. Cal. 2001) .................. 8-9

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 66 U.S.P.Q.2d 1468
 (E.D. La. 2003) ......................................................................................................................... 15

*Powers v. Warminster Township*, 1994 WL 45021 (E.D. Pa. Feb. 10, 1994) ................................ 10

*Rose v. Kinevan*, 115 F.R.D. 250, 251-52 (D. Colo. 1987) ............................................................ 10

*Salerno v. City Univ. of New York*, 191 F. Supp. 2d 352 (S.D.N.Y. 2001) ................................ 9-10

*Sefton v. Jew*, 201 F. Supp. 2d 730 (W.D. Tex. 2001) ................................................................... 10

*Supreme Wine Co. v. Distribs. of New England*, 198 F. Supp. 318 (D. Mass. 1961) .................... 10

## FEDERAL STATUTES AND RULES

17 U.S.C. § 507(b) .......................................................................................................................... 10

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................... 9

Fed. R. Civ. P. 12(e) ............................................................................................................... 3, 7, 10

Fed. R. Civ. P. 15(a) ......................................................................................................................... 6

Fed. R. Evid. 408 ............................................................................................................................ 13

## MISCELLANEOUS

3 *Moore's Federal Practice* § 15.14[2] ..................................................................................6

3 *Moore's Federal Practice* § 15.15[1] ..................................................................................6

3 *Moore's Federal Practice* § 15.17[3] ..................................................................................6

Defendant The Gillette Company ("Gillette" or "Defendant") respectfully submits this memorandum of law in opposition to the Motion of Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") for Leave to File Second Amended Complaint.

## PRELIMINARY STATEMENT

Although this case is less than five months old, PIC seeks again to withdraw its complaint and replace it with a third version. PIC's motion comes after two separate conferences during which Gillette informed PIC of the deficiencies in its complaint, almost a month after briefing was completed on Gillette's Motion to Dismiss in Part and for a More Definite Statement (the "Motion to Dismiss") directed at PIC's first Amended Complaint and less than three weeks before the oral argument date on Gillette's motion scheduled by the Court. Had PIC's proposed Second Amended Complaint addressed the numerous deficiencies outlined in the Motion to Dismiss, there might have been some logic behind PIC's motion. However, it does not. Rather, PIC fails to cure the most serious deficiencies in its operative complaint that are the subject matter of Gillette's fully briefed motion.

Clearly, PIC should not have made the instant motion now – after the Motion to Dismiss has been fully briefed on the current version of its complaint. Rather, it should have waited until the Motion to Dismiss is decided and the Court determines whether the claims in the current pleading – which also appear in the proposed pleading – survive dismissal. Gillette suggested to PIC that it wait until the Motion to Dismiss is decided to seek leave to amend its pleading. PIC refused. After PIC made its Motion to Amend, Gillette requested that PIC extend Gillette's time to answer PIC's motion until twenty days after the Court decided the Motion to Dismiss. Again, PIC refused. PIC provides no rationale for rushing to make this motion now and has failed to articulate any prejudice it would have suffered by extending Gillette's time to respond to PIC's motion. That is because there is no rationale and there would have been no prejudice.

Clearly, PIC's purpose in making this motion now and in forcing Gillette to respond to it now is to muddy the issues before the Court on the Motion to Dismiss, to lodge a "back-door"

1

sur-reply to Gillette's Motion to Dismiss and to attempt to discredit Gillette by misquoting and mischaracterizing statements from Gillette employees made in the context of settlement discussions between the parties.

PIC's proposed pleading is largely futile for the reasons already set out before the Court in the Motion to Dismiss and is prejudicial to Gillette because of the inappropriate (misquoted) references to settlement discussions. PIC's motion is ill-timed, inappropriate and unfair. Accordingly, it should be denied.

## BACKGROUND

### A. PIC's Original and Amended Complaints

PIC filed its original Complaint in this action on May 7, 2004. Shortly thereafter, Gillette's counsel met and conferred with PIC's counsel regarding Gillette's intention to file a motion to dismiss the Complaint in substantial part. (Declaration of Patrick T. Perkins in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, dated September 17, 2004 ("Perkins Decl."), ¶ 3.) Among other things, Gillette's counsel advised PIC's counsel that: (1) PIC's copyright claims are deficient because they fail to meet the notice pleading standard by failing to identify which works allegedly were infringed, when, where and how; (2) to the extent PIC's copyright claims purport to be for photographs for which PIC does not own a copyright registration, the Court has no subject matter jurisdiction; (3) PIC's Lanham Act, fraud and unfair and deceptive trade practices (under Mass. Gen. L. Ch. 93A) claims are preempted by the Copyright Act; (4) PIC fails to state a claim for fraud or under chapter 93A; (5) PIC's breach of contract claim is deficient because it fails to identify which contracts allegedly were breached and when, making it impossible for Gillette to assert defenses such as statute of limitations, laches and/or acquiescence. *Id.*

PIC forestalled Gillette's intended motion by filing an Amended Complaint (the "First Amended Complaint") on June 30, 2004. In its amended pleading, PIC dropped its preempted Lanham Act claim, but did little else to cure the deficiencies identified by Gillette's counsel.

2

(Perkins Decl. ¶ 4.) Notably, PIC's new pleading did not attempt to cure one of the more glaring deficiencies in its original Complaint – its failure to allege that it had obtained a copyright registration for any of its photographs except four, which meant that the Court lacked subject matter jurisdiction over PIC's copyright infringement claims to the extent they were not based on the four photographs for which PIC owned copyright registrations. (*See* Dkt. No. 10 at 15-16.) Moreover, PIC did not cure the other defects in its copyright infringement claims, leaving Gillette in the dark as to which alleged photographs allegedly were infringed and how, when and where such alleged infringements took place. (*See id.* at 14-15.)

### B.   Gillette's Pending Motion to Dismiss and for a More Definite Statement

Accordingly, on July 15, 2004, after again meeting and conferring with PIC's counsel, who refused to make any additional changes to PIC's operative pleading, Gillette filed its Motion to Dismiss directed at PIC's First Amended Complaint. Gillette's Motion to Dismiss asserts the following grounds for relief:

- Count III for Breach of Contract, Count IV for Fraud and Count V for Unfair And Deceptive Trade Practices Under Mass. Gen. L. Ch. 93A are preempted by the Copyright Act and, as such, fail to state a claim upon which relief can be granted;

- Count IV for Fraud fails to plead fraud with sufficient particularity and fails to state a claim upon which relief can be granted;

- Count V for Unfair And Deceptive Trade Practices Under Mass. Gen. L. ch. 93A fails to state a claim upon which relief can be granted;

- Counts I and II for Copyright Infringement fail to meet the minimum notice pleading requirements by, among other things, failing to specify which photographs were allegedly infringed, when, where and how;

- the Court lacks subject matter jurisdiction over Counts I and II for Copyright Infringement to the extent such claims are based on infringement of works for which PIC has not pleaded ownership of a valid copyright registration;

- to the extent PIC's claims survive dismissal, PIC should be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) to allow Gillette to prepare its responsive pleading (e.g., to determine whether Gillette has grounds to assert statute of limitations, laches and acquiescence defenses).

(Dkt. No. 9 at 2; *see also* Dkt. No. 10.)

In its opposition to Gillette's Motion to Dismiss, PIC claimed, *inter alia*, that it had

3

applied for six copyright registrations covering 600 additional photographs and appended such copyright applications as exhibits to its counsel's declaration. (Dkt. No. 11 at 17-18.) Yet again, however, PIC did not specify how, when, where or even whether any of the photographs covered by its copyright applications allegedly were infringed by Gillette.

The Court issued an Electronic Order on July 29, 2004, which required briefing on Gillette's Motion to Dismiss to be completed by August 9, 2004, and set oral argument on the motion for September 23, 2004.

### C. PIC's Refusal to Forego Filing its Motion for Leave to File Second Amended Complaint

On August 25, 2004, well after briefing on Gillette's Motion to Dismiss was complete, PIC's counsel announced that PIC intended "to move the Court for leave to file [a second] amended complaint asserting recently acquired copyright registrations ... that matured from the applications attached to PIC's opposition to Gillette's motion to dismiss" and asked Gillette's counsel whether Gillette would consent to such an amendment. (**Ex. 2**.) In response, Gillette's counsel responded:

> We don't think this is an opportune time for your client to move to amend its complaint again since we have pending a motion to dismiss that will, among other things, address what your client will be required to plead to sustain its claims. In the interest of judicial economy, we recommend that the parties wait until the Court has decided the instant motion before your client again seeks to amend its pleading. Once we have received guidance from the Court, we would be happy to look at your new proposed pleading to determine whether Gillette has any objection.

(**Ex. 3**.)

Despite Gillette's request that PIC temporarily forego filing any motion to amend, PIC filed its Motion for Leave to File Second Amended Complaint anyway on September 3, 2004 (the "Motion to Amend"), a mere twenty days prior to the hearing date on Gillette's fully briefed Motion to Dismiss. Moreover, despite the fact that Gillette's Motion to Dismiss is fully briefed and oral argument for such motion is set, in its Motion to Amend, PIC requests the Court to decide PIC's motion *before* Gillette's motion. (Motion to Amend at 5.)

4

D.     **PIC's Proposed Second Amended Complaint**

PIC's proposed Second Amended Complaint would alter only Paragraph 13 of its First Amended Complaint adding an allegation that PIC obtained six additional copyright registrations for its photographs. (Proposed 2d Am. Compl. ¶ 13.) Again, however, PIC *does not allege* that any specific one of the photographs covered by the new registrations was infringed by Gillette, much less how, when or where such infringements took place. PIC's proposed pleading does not attempt to cure *any* of the other deficiencies cited by Gillette in the Motion to Dismiss, including that PIC's copyright, contract, fraud and chapter 93A claims do not meet the applicable pleading standards, its breach of contract, fraud and chapter 93A claims are preempted, and its fraud and chapter 93A claims fail to state a claim upon which relief can be granted. Moreover, PIC's proposed pleading contains at least two allegations that PIC previously has acknowledged are no longer true,[1] as well as mischaracterizations of the parties' failed settlement negotiations that are improper and prejudicial to Gillette.

E.     **PIC's Refusal to Extend Gillette's Time to Respond to PIC's Motion to Amend**

Shortly after PIC filed its Motion to Amend, Gillette's counsel again appealed to PIC's sense of reason by requesting that PIC agree to extend Gillette's time to respond to PIC's Motion to Amend until twenty days after the Court decides whether to grant Gillette's Motion to Dismiss. (Perkins Decl. ¶ 8.) As Gillette's counsel reiterated, since PIC's new pleading addressed only one of many deficiencies cited in Gillette's Motion to Dismiss, it would be inefficient for the Court to consider PIC's Motion to Amend *before* Gillette's motion (as PIC has requested); if the Court were to allow PIC to file its Second Amended Complaint but thereafter hold that such pleading is deficient for the reasons stated in Gillette's Motion to Dismiss, PIC

---

[1] PIC alleges that two of its photographs are posted on Gillette's web site "as of the filing of this Amended Complaint." (Proposed 2d Am. Compl. ¶¶21-22.) However, PIC acknowledged in its opposition to Gillette's Motion to Dismiss that the allegedly infringing photographs were removed from Gillette's web site months ago. (Dkt. No. 11 at 2 ("As of the filing date of this memorandum, these PIC photographs have been removed from Gillette's web site and have been replaced with non-PIC images.").) PIC's proposed pleading also states that Gillette is a Massachusetts corporation (Proposed 2d Am. Compl. ¶ 2), which PIC knows is not the case (*See* Dkt. No. 10 at 1).

potentially would be required (at the Court's discretion) to file *yet another* iteration of its complaint – PIC's *fourth* complaint in an action that was instituted five months ago. (*Id.*) Moreover, Gillette's counsel again assured PIC's counsel that the parties undoubtedly would be able to agree on an appropriate stipulation regarding PIC's new registrations *after* the Court decided Gillette's Motion to Dismiss and could explain this to the Court at oral argument on the Motion to Dismiss. (*Id.*)

PIC's counsel refused Gillette's request for an extension. Instead, PIC demanded that Gillette consent to PIC's Motion to Amend but reserve its right to object to the remaining deficiencies that Gillette raised in its Motion to Dismiss but PIC did not attempt to cure in the Proposed Second Amended Complaint. (*Id.* ¶ 9.) Because Gillette believes this demand to be unreasonable, unfair, and inconsistent with the Federal Rules of Civil Procedure, it is left with no choice but to oppose PIC's ill-advised motion now.

## ARGUMENT

### I.      THE STANDARD GOVERNING MOTIONS TO AMEND

"Although leave to amend is freely granted, it is not automatic." 3 *Moore's Federal Practice* § 15.14[2], at 15-30. To the contrary, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Acosta-Mestre v. Hilton Int'l*, 156 F.3d 49, 51 (1st Cir. 1998) (citation omitted). Thus, courts may deny motions to amend for a variety of reasons, including where the proposed amendment: (1) is futile, *Hatch v. Dep't for Children*, 274 F.3d 12, 19 (1st Cir. 2001); (2) would unfairly prejudice the non-moving party, *see Acosta-Mestre*, 156 F.3d at 51; or (3) would negatively impact judicial economy, 3 *Moore's Federal Practice* § 15-15[1], at 15-42.1. All three of these factors weigh against permitting PIC to file its proposed Second Amended Complaint at this time.

6

II.  **BECAUSE PIC'S PROPOSED AMENDMENT FAILS TO ADDRESS THE VAST MAJORITY OF SEVERAL DEFECTS IN ITS AMENDED COMPLAINT, PIC'S AMENDMENT IS FUTILE.**

   A.  **The Only Substantive Change to PIC's Proposed Third Version of Its Complaint Fails to Cure Substantial Deficiencies in the Operative Pleading that is the Subject of the Fully Briefed Motion to Dismiss.**

In Gillette's fully briefed and pending Motion to Dismiss, Gillette sets forth the numerous deficiencies of PIC's First Amended Complaint and seeks dismissal of: (1) PIC's copyright claims on grounds that (a) the Court lacks subject matter jurisdiction and (b) PIC has failed to meet the notice pleading standard; (2) PIC's breach of contract claims on grounds that such claims are preempted; (3) PIC's fraud claims on the grounds that they fail state a claim, are preempted and fail to allege fraud with sufficient particularity; and (4) PIC's chapter 93A claim on grounds that it fails to state a claim, is preempted and fails to meet the notice pleading standard. (Dkt. Nos. 9, 10.) In addition, Gillette requests the Court to order PIC to provide a more definite statement of each its claims under Federal Rule of Civil Procedure 12(e). (*Id.*)

PIC's proposed amendment merely would add an allegation that PIC has obtained six additional copyright registrations for its works in an attempt to cure the Court's lack of subject matter jurisdiction over PIC's copyright claims – i.e., item (1)(a) above. The proposed amendment does not even attempt to cure any of the remaining deficiencies of PIC's copyright, breach of contract, fraud and chapter 93a claims – i.e., items (1)(b) through (4) cited by Gillette above and in its Motion to Dismiss. Thus, as established in Gillette's pending Motion to Dismiss, those claims are futile.[2] If, as Gillette expects, these claims are held deficient as a matter of law, then PIC's proposed Second Amended Complaint, in which PIC pleads the identical deficient claims again, would be futile *ab initio*.

---

[2] Gillette does not repeat the arguments here but respectfully invites the Court's attention to Gillette's arguments in the Motion to Dismiss that establish the futility of the bulk of PIC's claims. (*See* Dkt. No. 10.)

7

### B. PIC Has Used Its Motion To Amend To Serve As An Improper Sur-reply To Gillette's Motion To Dismiss.

Since the viability of the bulk of PIC's claims in the proposed amended pleading is already before the Court in a fully briefed motion, PIC's instant motion obviously should not have been filed now. Certainly, PIC has no argument that it could have been prejudiced in waiting to seek to add its six new copyright registrations until after the Court decided the Motion to Dismiss. In light of these undisputed facts, one must question why PIC filed its Motion to Amend at this time. The answer is that PIC is attempting improperly to use this Motion to Amend as an opportunity to lodge a sur-reply to Gillette's Motion to Dismiss. However, even with its improper sur-reply, PIC fails to undermine Gillette's Motion to Dismiss and still does not cure the futility of the proposed third iteration of its claims.

For example, PIC devotes nearly two pages of its Motion to Amend to an argument that it should not be required to specify each copyrighted image that it alleges Gillette has infringed or set forth how, when and where each such alleged infringement took place. (Motion to Amend at 6-7.) This argument has nothing to do with PIC's Motion to Amend, which seeks to amend a single paragraph of PIC's operative pleading in an attempt to cure the Court's lack of subject matter jurisdiction over the vast majority of PIC's copyright claims. Rather, it is an improper sur-reply to Gillette's argument in Gillette's Motion to Dismiss that PIC has failed to meet the notice pleading standard with respect to its copyright claims.

As part of its improper sur-reply, PIC takes another crack at analogizing the facts of this case to *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114 (C.D. Cal. 2001), an anomalous case outside this Circuit in which the court found that the plaintiff, an owner of an adult pornographic web site, had sufficiently pleaded its copyright claim based on defendant's infringement of "hundreds, even thousands" of plaintiff's copyrighted photographs on a "family" of pornographic web sites controlled by the defendant, despite the fact that the plaintiff failed to identify each specific instance of infringement. *Id.* at 1118-19, 1120. (*See* Motion to Amend at 6-7.) As Gillette explained in its reply brief on its Motion to Dismiss, the court based its

decision in *Perfect 10* on "similar cases in the Internet area," which highlighted the "ever-shifting nature of the Internet" – i.e., where infringement could change moment by moment, thereby erecting a practical barrier to identifying every single infringement at the pleading stage. *Id.* at 1120-21. (*See* Dkt. No. 12 at 6.)

In a hopeless attempt to again shoehorn the facts of this case into the facts of *Perfect 10*, PIC asserts for the first time that "it would be impractical for [PIC] to monitor all [of Gillette's] infringing activities" because "many of Gillette's infringing uses of PIC's images occurred over the Internet," "in hundreds of catalogs around the world over many years," and "at scores of trade shows unknown to PIC...." (Motion to Amend at 7.) One would think that if PIC had a good faith basis to plead such allegations it would have done so in one of its three complaints in this action. Yet none of these assertions, or anything like them, is found anywhere in PIC's Complaint, Amended Complaint, Proposed Second Amended Complaint, or, even more tellingly, in any sworn statement offered under penalty of perjury.[3]

"The purpose of a motion to dismiss is to assess the validity of the *pleadings*." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994) (emphasis in original). Thus, factual assertions made for the first time "in briefs or memoranda of law ... may never be considered when deciding a 12(b)(6) motion." *Id.* And, as Gillette already has established, the allegations actually pleaded by PIC in its pleadings bear no relation whatsoever to the facts at issue in *Perfect 10*. In any event, even if the facts of this case were similar to the facts of *Perfect 10*, that California district court case is irrelevant in light of the First Circuit's recent affirmation that "the complaint should at least set forth minimal facts *as to who did what to whom, when, where, and why* ...." *Educadores Puertorriqueños en Acción v. Rey Hernández*, 367 F.3d 61, 68 (1st Cir. 2004) (emphasis added).

In addition, PIC for the first time cites *Salerno v. City Univ. of New York*, 191 F. Supp. 2d

---

[3] Rather, PIC identifies only *one* alleged instance of improper use of PIC's photographs in a foreign catalog, *two* alleged instances of allegedly improper use of PIC's photographs on the Internet and *no* alleged infringements relating to trade shows.

9

352, 357 (S.D.N.Y. 2001), for the proposition that PIC is not required to identify precisely when Gillette's alleged infringements took place to enable Gillette to determine whether it can assert a statute of limitations defense in its Answer. (Motion to Amend at 7.) The court's decision in *Salerno* is inapposite, because in that case the defendant moved solely to dismiss the complaint, and did not move for a more definite statement under Rule 12(e), which Gillette requests in its motion in this case. Thus, *Salerno* does not refute the numerous cases, in this district and elsewhere, which hold that a more definite statement under Rule 12(e) is appropriate where the plaintiff has failed to provide sufficient information for the defendant to determine whether to plead the defenses of statute of limitations, laches and/or acquiescence.[4] *See, e.g., Supreme Wine Co. v. Distribs. of New England*, 198 F. Supp. 318, 320 (D. Mass. 1961); *see also, e.g., Powers v. Warminster Township*, 1994 WL 45021, at *5 (E.D. Pa. Feb. 10, 1994); *Rose v. Kinevan*, 115 F.R.D. 250, 251-52 (D. Colo. 1987).

PIC also asserts, for the first time, that "[a] plaintiff with standing to sue for copyright infringement also has standing to sue with respect to unregistered works where (as here) the defendant possesses such works and refuses to return them to plaintiff." (Motion to Amend at 4 (citing *Foraste v. Brown Univ.*, 248 F. Supp. 2d 71, 78 (D.R.I. 2003).) But, again, there is no allegation in PIC's pleadings or in any sworn statement that Gillette's refusal to return PIC's alleged photographs has prevented PIC from obtaining copyright registrations, and PIC cannot defeat Gillette's Motion to Dismiss based on the bald assertions of its counsel in legal memoranda. *Henthorn*, 29 F.3d at 688.

---

[4] The Court also may order that any copyright infringement claims alleged to have occurred prior to May 7, 2001 – i.e., three years prior to the date on which PIC commenced this action – are time-barred pursuant to 17 U.S.C. § 507(b). *Sefton v. Jew*, 201 F. Supp. 2d 730, 748 (W.D. Tex. 2001) ("Defendants further contend that a more complete statement of when the infringement occurred is necessary to determine whether the copyright claim, filed 3 August 2000…, is time-barred by the three-year statute of limitations for copyright claims. In light of the three-year limitations period governing actions under the Copyright Act, the Court finds that any alleged infringement occurring prior to 3 August 1997 is time-barred.")

### III. THE COURT SHOULD REJECT PIC'S MOTION TO AMEND BECAUSE PERMITTING THE SECOND AMENDED COMPLAINT WOULD UNFAIRLY PREJUDICE GILLETTE AND WOULD NEGATIVELY AFFECT JUDICIAL ECONOMY

#### A. Gillette Would Be Prejudiced if The Court Were to Allow PIC to File Yet Another Pleading Laced With Inappropriate Mischaracterizations of the Parties' Settlement Discussions.

On repeated occasions in both its Proposed Second Amended Complaint and its Motion to Amend, PIC has mischaracterized the parties' settlement discussions in an attempt to discredit Gillette and to deflect attention from its own glaring delays in taking action against Gillette. For example, PIC claims that it delayed commencing this lawsuit based on its reliance on an alleged misrepresentation by Gillette's in-house counsel John B. Gatlin in a letter dated August 13, 2003. According to PIC, Mr. Gatlin "assured PIC" that Gillette was investigating PIC's claims and "would report back to PIC the results of its investigation." (*See, e.g.,* Proposed 2d Am. Compl. ¶¶ 13, 31, 33; Motion to Amend at 1, 5.) As the text of Mr. Gatlin's August 13, 2003, letter proves, however, Mr. Gatlin never promised to "report back to PIC the results of [Gillette's] investigation." Rather, in response to a letter from PIC's counsel of record, Michael Albert, regarding PIC's claims, Mr. Gatlin, stated:

> In response to the contractual claims first brought to our attention in your client's letter of June 23, 2003, we are conducting an internal investigation to determine the extent to which any of your client's images have been used by Gillette or any of its subsidiaries. *At this point, we have been unable to find any instance occurring over the numerous years that we had conducted business with your client where one of your client's images had been used in conflict with the usage known to and allowed by your client.* We will continue with our investigation and forward any relevant information to your attention as it becomes available.

(**Ex. 4** (emphasis added).) In its pleadings and in its motion papers, PIC fails to include the above-emphasized portion of Mr. Gatlin's statement, which is consistent with Gillette's present position and its position from the outset of this case – that PIC has no claim against Gillette. No reasonable person could interpret Mr. Gatlin's statement, as PIC asserts, to impose upon Gillette an obligation to reveal the attorney-client privileged information and/or attorney work product resulting from its internal investigation.

11

PIC also claims that "[o]n May 19, 2004, Gillette's Assistant Trademark Counsel Leon Bechet represented to PIC in writing – in direct contradiction to Mr. Gatlin's earlier written representation – that 'no representation was made to you regarding an 'investigation' undertaken by Gillette.'" (Proposed 2d Am. Compl. ¶ 33.) Aside from the fact that this alleged statement occurred *after* PIC commenced this action and thus, as a matter of law, cannot excuse PIC's delay in commencing the lawsuit, PIC deliberately has taken Mr. Bechet's statement out of context to create a false and misleading impression. Here is what really happened: After a telephone conversation with Mr. Bechet on May 18, 2004, Mr. Albert sent a letter to Mr. Bechet purporting to confirm the content of their conversation on *that day*. (**Ex. 5**.) Among other things, Mr. Albert claimed that, *during their telephone conversation*, Mr. Bechet had "confirmed Michelle Bratton's previous representation to [PIC] that an *index* has been prepared within Gillette of the photographic materials belonging to our client that Gillette has located and gathered during its *investigation*.... You were not willing, however, to provide that *index* to us at this time." (*Id.*) (Emphasis added.) The next day, on May 19, 2004, in response to Mr. Albert's letter, and specifically in reply to Mr. Albert's faulty recollection of their March 18 telephone conference, Mr. Bechet wrote: "I enjoyed our conversation. In reply to yours of the 18th, please be advised that no representation was made to you regarding an 'investigation' undertaken by Gillette. Also, no representation was made to you regarding an index of photographic materials belonging to your client." (**Ex. 6**) Mr. Albert did not respond to Mr. Bechet's letter.

Insofar as Mr. Albert participated in the May 18 telephone conference and wrote the May 18 letter that elicited Mr. Bechet's May 19 response, there can be no doubt that Mr. Albert has always known perfectly well that Mr. Bechet was *not* referring to any prior statement made by Mr. Gatlin, but was correcting PIC's counsel's erroneous record of the parties' telephone conversation. Moreover, no reasonable reading of Mr. Bechet's letter can lead to PIC's claim that Gillette conducted no internal investigation. Mr. Albert's repeated attempts to suggest the contrary in pleadings and motion papers is inappropriate and unfortunate.

Further seeking to justify its delay in filing applications to register its copyrights, PIC

12

claims to have relied on Mr. Bechet's alleged promise to respond to PIC's counsel's written settlement offer of June 7, 2004, and his subsequent alleged failure to provide a response. (Motion to Amend at 1.) PIC's story is without merit. PIC applied to register copyrights for four of its photographs in March 2002 – *before* it commenced this action, *before* Mr. Bechet is alleged to have made any representation about responding to PIC's settlement proposal and *well before* PIC made its June 7 settlement proposal. (*See* Compl. ¶ 11; Am. Compl. ¶ 12.) It pleaded the existence of these four registrations in its original Complaint, mistakenly believing this would be enough to confer subject matter jurisdiction over its copyright claims, even though PIC alleges copyright infringement of its "Photographs" – a defined term embracing an unspecified number of photographs taken over the course of several years. (Compl. ¶ 11.) It was only after Gillette moved to dismiss the Amended Complaint on grounds, *inter alia*, that the Court lacks subject matter jurisdiction over PIC's copyright claims to the extent such claims apply to photographs for which PIC does not own a copyright registration, that PIC filed the six additional applications covering hundreds of PIC's photographs.[5] Clearly, PIC's delay in filing for such registrations had nothing to do with any alleged promise by Gillette or its in-house counsel to respond to PIC's settlement demand.[6]

Viewed in their proper context, the settlement discussions disclosed by PIC do not provide any excuse for PIC's delay in taking action against Gillette.[7] Meanwhile, the inclusion

---

[5] Contrary to PIC's assertions, Gillette first informed PIC of its intention to move to dismiss the Complaint – and thus signaled that PIC's settlement demand was unacceptable – on June 25, 2004. (Perkins Decl. ¶ 2; **Ex. 1**.) Yet PIC still waited an entire month before filing the applications for the copyright registrations it now seeks to add to its pleading.

[6] Although Gillette will not join PIC in divulging the details of confidential settlement discussions in violation of Federal Rule of Evidence 408, it suffices to say that Gillette does not consider PIC's June 7, 2004 settlement demand to be a serious proposal grounded in reality or made in good faith.

[7] To the extent PIC has divulged such settlement negotiations for any other purpose, it has violated Federal Rule of Evidence 408. *See, e.g., Deisenroth v. Numonics Corp.*, 997 F. Supp. 153, 157 (D. Mass. 1998) (holding that alleged statements made by defendants during failed settlement negotiations were inadmissible and could not support ch. 93A claim).

13

of mischaracterizations of confidential settlement discussions in PIC's proposed pleading is prejudicial and alone provides sufficient grounds for the Court to deny PIC's Motion to Amend.

### B. Permitting PIC to File Its Second Amended Complaint Prior to Considering Gillette's Motion to Dismiss Would Unfairly Increase Gillette's Costs of Defending This Case and Negatively Affect Judicial Economy.

If the Court were to allow PIC to file its proposed pleading prior to the Court's disposition of Gillette's pending Motion to Dismiss, PIC's Second Amended Complaint would supersede PIC's Amended Complaint as the operative pleading, and would thereby render Gillette's pending Motion to Dismiss a nullity, as it would be addressed to a pleading that no longer is in force. *See* 3 *Moore's Federal Practice* § 15.17[3], at 15-69. Although Gillette undoubtedly would file another motion to dismiss directed at PIC's Second Amended Complaint and the many deficiencies that would remain therein, Gillette should not be forced to expend additional resources in preparing for such a motion simply because PIC chose to institute a copyright infringement action based on works for which it did not own copyright registrations. This result makes no sense, where the parties have fully briefed Gillette's Motion to Dismiss and the Court has prepared itself for oral argument on Gillette's motion.[8]

In addition, PIC's proposed amendment would not cure the defects in PIC's breach of contract, fraud and chapter 93A claims, which Gillette has catalogued in its Motion to Dismiss and will not restate here. Thus, if the Court were to permit PIC to file its Second Amended Complaint, as PIC suggests, *before* considering Gillette's Motion to Dismiss, there would exist the very real possibility that, after considering Gillette's Motion to Dismiss, the Court would issue an order rendering a great portion of PIC's Second Amended Complaint moot and/or order PIC to file a Third Amended Complaint – its *fourth* complaint in this five-month old action.

---

[8] PIC's suggestion that Gillette stipulate to permit PIC to file its Second Amended Complaint without waiver of Gillette's arguments as to the remaining deficiencies therein is untenable. Aside from being inconsistent with the Federal Rules of Civil Procedure, PIC's proposal would have inconvenienced the Court by requiring it to analyze the merits of Gillette's Motion to Dismiss based on briefing that no longer conformed to the operative pleading in this case.

14

In support of its claim that it would be more efficient to permit PIC to amend its complaint to cure its obvious subject matter jurisdiction defect *before* deciding Gillette's Motion to Dismiss, PIC cites *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 66 U.S.P.Q.2d 1468, 1470 (E.D. La. 2003) and *International Kitchen Exhaust Cleaning Ass'n v. Power Washers of North America*, 81 F. Supp. 2d 70 (D.D.C. 2000). (Motion to Amend at 4.) However, each of these cases involved motions to dismiss the *entire complaint*, such that dismissing the plaintiffs' copyright claims for failure to plead ownership of copyright registrations would have had the "draconian" effect "of dismissing the suit only to require plaintiff to refile." *Positive Black Talk, Inc.*, 66 U.S.P.Q.2d at 1470. Here, Gillette has moved to dismiss PIC's Amended Complaint only *in part*. Thus, there is no danger that PIC will be required to refile its entire action. Moreover, in this case, unlike in *Positive Black Talk* or *International Kitchen Exhaust Cleaning Ass'n*, Gillette has moved for a more definite statement, which contemplates a further, more detailed pleading by PIC anyway.

The far more efficient course, which Gillette has suggested all along, is for the Court to consider Gillette's fully briefed Motion to Dismiss on September 23, 2004, and when deciding the motion, take into account the fact that PIC has obtained additional copyright registrations for its photographs. This would lead to one decision and one new pleading and would foster judicial economy.

## CONCLUSION

For the reasons set forth above and in its moving brief, Gillette respectfully requests that the Court deny PIC's Motion for Leave to File Second Amended Complaint. In the alternative, Gillette respectfully requests that the Court reserve its decision on PIC's Motion to Amend until after the Court rules on Gillette's pending Motion to Dismiss or for a More Definite Statement.

September 17, 2004                          FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: /Patrick T. Perkins/
    Patrick T. Perkins (Admitted *pro hac vice*)
    David Donahue (Admitted *pro hac vice*)
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP

By: /Robert S. Messinger/
    Richard M. Gelb (BBO#188240)
    rgelb@gelbgelb.com
    Robert S. Messinger (BBO# 651396)
    rmessinger@gelbgelb.com

20 Custom House Street
Boston, MA 02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant The Gillette Company*

I:\ddonahue\GLTC\COURT DOCS\040914-0420298-Opp. PIC Mot. to Amend-dd.doc