UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> THE GILLETTE COMPANY, <br><br><br> Defendant. | Civil Action No. 04-10913 WGY <br><br><br> **DECLARATION OF PATRICK T. PERKINS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Patrick T. Perkins hereby declares:

1.      I am a member of the Bar of the State of New York and a shareholder of the law firm of Fross Zelnick Lehrman & Zissu, P.C.  I have been admitted *pro hac vice* to act before this Court as counsel for Defendant The Gillette Company ("Gillette") in this action.  I submit this declaration in opposition to the Motion for Leave to File Second Amended Complaint (the "Motion to Amend") filed by Plaintiff Photographic Illustrators Corp ("PIC") based on my personal knowledge.

2.      PIC filed its original Complaint in this action on May 7, 2004.  By letter dated June 25, 2004, I informed PIC's counsel, Michael Albert, that Gillette intended to move the Court to dismiss PIC's Complaint and invited Mr. Albert to meet and confer pursuant to L.R. 7.1(a)(2) concerning Gillette's intended motion.  A true and correct copy of the aforementioned letter is attached as **Exhibit 1**.

3.      On June 28, 2004, I met and conferred by telephone with Mr. Albert and set forth the grounds for Gillette's intended motion to dismiss.  Among other things, I advised Mr. Albert that Gillette would argue:  (1) PIC's copyright claims are deficient because they fail to meet the notice pleading standard by failing to identify which works allegedly were infringed, when,

where and how; (2) to the extent PIC's copyright claims purport to be for photographs for which PIC does not own a copyright registration, the Court has no subject matter jurisdiction; (3) PIC's Lanham Act, fraud and unfair and deceptive trade practices (under Mass. Gen. L. Ch. 93A) claims are preempted by the Copyright Act; (4) PIC fails to state a claim for fraud or under chapter 93A; (5) PIC's breach of contract claim is deficient because it fails to identify which contracts were breached and when, making it impossible for Gillette to assert defenses such as statute of limitations, laches and/or acquiescence.

4.      On June 30, 2004, Mr. Albert informed me that PIC intended to amend its Complaint in an attempt to cure one of the deficiencies cited by Gillette. That same day, PIC filed an Amended Complaint (the "First Amended Complaint"). In its amended pleading, PIC dropped its preempted Lanham Act claim, but did little else to cure the deficiencies that I identified in my phone conference with Mr. Albert. Accordingly, on July 13, 2004, I met and conferred again with Mr. Albert and informed him that Gillette intended to file a motion to dismiss PIC's First Amended Complaint.

5.      Gillette filed its Motion to Dismiss in Part and for a More Definite Statement (the "Motion to Dismiss") on July 15, 2004.

6.      A true and correct copy of an email dated August 25, 2004, from PIC's counsel, Michael Rader, to me is attached hereto as **Exhibit 2**.

7.      A true and correct copy of an email I sent to Mr. Rader on August 25, 2004, is attached hereto as **Exhibit 3**.

8.      On September 9, 2004, after PIC filed its Motion to Amend, my associate, David Donahue, telephoned PIC's counsel, Michael Rader and Michael Albert, and requested that PIC agree to extend Gillette's time to respond to PIC's Motion to Amend until twenty days after the Court decides whether to grant Gillette's Motion to Dismiss. During the telephone conference and in subsequent emails to Mr. Rader and Mr. Albert, Mr. Donahue explained that since PIC's new pleading addressed only one of many deficiencies cited in Gillette's Motion to Dismiss, it would be inefficient for the Court to consider PIC's Motion to Amend before Gillette's motion.

Specifically, Mr. Donahue noted that if the Court were to allow PIC to file its Second Amended Complaint but thereafter hold that such pleading is deficient for the reasons stated in Gillette's Motion to Dismiss, PIC potentially would be required (at the Court's discretion) to amend its complaint for a third time. Moreover, Mr. Donahue assured PIC's counsel that the parties undoubtedly would be able to agree on an appropriate stipulation regarding PIC's new registrations after the Court decided Gillette's Motion to Dismiss and could explain this to the Court at oral argument on the Motion to Dismiss.

9. Mr. Rader and Mr. Albert refused Gillette's request for an extension. Instead, they suggested that Gillette consent to PIC's Motion to Amend but reserve its right to object to the remaining deficiencies that Gillette raised in its Motion to Dismiss but PIC did not attempt to cure in the Proposed Second Amended Complaint.

10. A true and correct copy of a letter dated August 13, 2003, from John B. Gatlin, Deputy General Counsel of Gillette, to Michael Albert is attached hereto as **Exhibit 4**.

11. A true and correct copy of a letter dated May 18, 2004, from Michael Albert to Leon Bechet, Assistant Trademark Counsel of Gillette, is attached hereto as **Exhibit 5**.

12. A true and correct copy of a letter dated May 19, 2004, from Leon Bechet to Michael Albert is attached hereto as **Exhibit 6**.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York this 17th day of September, 2004.

Patrick T. Perkins

# EXHIBIT 1

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
DAVID WEILD III
STEPHEN BIGGER
MICHAEL I. DAVIS
ROGER L. ZISSU
MARIE V. DRISCOLL
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
LISA PEARSON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
GEORGES NAHITCHEVANSKY
CRAIG S. MENDE
PATRICK T. PERKINS
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
MARIA A. SCUNGIO

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N. Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

JAMES D. SILBERSTEIN
RUTH E. LAZAR
JOYCE M. FERRARO
PHILIP T. SHANNON
MICHELLE P. FOXMAN
COUNSEL

ROBERT A. BECKER
TAMAR NIV BESSINGER
ANGELA KIM
LYDIA T. GOBENA
MICHAEL CHIAPPETTA
EVAN GOURVITZ
CARLOS CUCURELLA
NANCY C. DICONZA
ZOE HILDEN
LAUREN J. MANDELL
JAMES D. WEINBERGER
JASON M. VOGEL
VEJAY G. LALLA
DAVID I. GREENBAUM
DAVID DONAHUE
CHARLOTTA MEDER
MELISSA A. ANTONECCHIA
NANCY SABARRA
LAURA POPP-ROSENBERG

June 25, 2004

**VIA FACSIMILE**

Michael A. Albert, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206

Re:    *Photographic Illustrators Corp. v. Gillette*, 04-CIV-10913-WGY (Our Ref:
GLTC USA TC 0420298)

Dear Michael:

We represent Gillette in the above-captioned matter. As you know, Gillette's deadline to answer or otherwise move is Friday July 2, 2004. It is currently Gillette's intention to make a motion to dismiss the bulk of your client's claims, along with a motion in the alternative for a more definite statement. Pursuant to L.R. 7.1 (a) (2), the parties are required to meet and confer before such a motion is made. Please let me know whether you are available to discuss the motion today or Monday. I am available anytime today (except from 3:00 – 4:00) and anytime on Monday between 10:00 and 4:30.

I look forward to hearing from you.

Very truly yours,

Patrick T. Perkins

cc:    Richard Gelb, Esq.

I:\PPERKINS\GLTC\Corr\040625-ltr-M.Albert.doc

# EXHIBIT 2

**From:**        "Rader, Michael" <Michael.Rader@WolfGreenfield.com>
**To:**          "Patrick Perkins" <pperkins@frosszelnick.com>
**Date:**        8/25/04 10:42AM
**Subject:**     PIC v. Gillette

Dear Patrick,

PIC intends to move the Court for leave to file an amended complaint
asserting recently acquired copyright registrations. (I.e., the
registrations that matured from the applications attached to PIC's
opposition to Gillette's motion to dismiss.)  Will Gillette assent to
this motion?

Thanks,

Michael N. Rader
mrader@wolfgreenfield.com
direct dial 617.573.7970
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.720.3500  |  617.720.2441 fax


**CC:**          "Albert, Michael" <Michael.Albert@WolfGreenfield.com>

# EXHIBIT 3

**From:**     Patrick Perkins
**To:**       Michael Rader
**Date:**     8/25/04 1:23PM
**Subject:**  Re: PIC v. Gillette

Dear Michael-

We don't think this is an opportune time for your client to move to amend its complaint again since we
have pending a motion to dismiss that will, among other things, address what your client will be required to
plead to sustain its claims.  In the interest of judicial economy, we recommend that the parties wait until
the Court has decided the instant motion before your client again seeks to amend its pleading.  Once we
have received guidance from the Court, we would be happy to look at your new proposed pleading to
determine whether Gillette has any objection.

Regards,

Patrick T. Perkins
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901
e-mail:  pperkins@frosszelnick.com

>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 08/25/04 10:41AM >>>
Dear Patrick,

PIC intends to move the Court for leave to file an amended complaint
asserting recently acquired copyright registrations. (I.e., the
registrations that matured from the applications attached to PIC's
opposition to Gillette's motion to dismiss.)  Will Gillette assent to
this motion?

Thanks,

Michael N. Rader
mrader@wolfgreenfield.com
direct dial 617.573.7970
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.720.3500  |  617.720.2441 fax


**CC:**       David Donahue;  Michael Albert

# EXHIBIT 4

**The Gillette Company**

*World-Class Brands, Products, People*

John B. Gatlin
Deputy General Counsel

Prudential Tower Building
Boston, MA 02199-8004
Tel  617.421.7856
Fax 617.421.7891
john_b_gatlin@gillette.com

August 13, 2003

**VIA FACSIMILE**

Mr. Michael A. Albert
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02110-2206

Re:    **Photographic Illustrators Corporation**

Dear Mr. Albert:

The Gillette Company is in receipt of your letter of August 5, 2003, regarding your request to have returned all of the remaining photographs/digital images of Gillette products that were created by your client, Photographic Illustrators Corporation, as well as provide you with a list indexing all such photographs/digital images.

We apologize for the untimely manner in which we have complied with these requests but we have been having difficulty obtaining and organizing all of your client's photographs/digital images still in our possession with nothing more than the list of job orders that has been provided to us. A considerable portion of your client's photographic material still in our possession does not have a job order indicated anywhere on the item. It is our understanding that your client did not begin using job orders until a few years ago and did not consistently note job orders on the storage/packaging of the photographic material delivered to us. It would be quite helpful to us if you could ask your client to provide us with more specificity concerning which images, transparencies and negatives that he is referring to in the list of job orders we have been provided.

In response to the contractual claims first brought to our attention in your client's letter of June 23, 2003, we are conducting an internal investigation to determine the extent to which any of your client's images have been used by Gillette or any of it subsidiaries. At this point, we have been unable to find any instance occurring over the numerous years we had conducted business with your client where one of your client's images had been used in conflict with the usage known to and allowed by your client. We will continue with our investigation and forward any relevant information to your attention as it becomes available.

August 13, 2002
Mr. Michael A. Albert
Page 2

       We hope to maintain open lines of communication with you to resolve any issues associated with this matter. If you should have any further questions or concerns, please feel free to contact me.

Thank you.

Very truly yours,

JBG/ke

# EXHIBIT 5



**III Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**Michael A. Albert**
malbert@wolfgreenfield.com
direct dial 617.573.7840

May 18, 2004

<u>By Facsimile and U.S. Mail</u>

Leon Bechet, Esq.
The Gillette Company
80 Boylston Street, 39th Floor
Prudential Tower
Boston, MA 02199

Re:     PIC v. Gillette, Civil Action No. 04-CIV-10913-WGY
        <u>Our File No.: P0768/3000</u>

Dear Mr. Bechet:

This letter follows our telephone conversation today in which we discussed the above-referenced case.

Per your request, we agreed to provide you with a written settlement proposal from our client to Gillette. In exchange, you agreed to provide us with a written response to this settlement proposal. Our proposal will be forthcoming in a separate letter. We look forward to your response.

You confirmed Michelle Bratton's previous representation to us that an index has been prepared within Gillette of the photographic materials belonging to our client that Gillette has located and gathered during its investigation. You further indicated that you intended to return these materials to our client. You were not willing, however, to provide that index to us at this time. We would like, once again, to reiterate our request that this index be provided so as to facilitate our efforts to determine the number of missing pictures and the amount of damages that have been incurred (a matter plainly relevant to our efforts to set forth a settlement proposal as discussed above). If you choose not to provide it at this time, we request, at a minimum, that you **safeguard the current version of the index as it exists today. This index will be the subject of a discovery request directed to Gillette once discovery begins. Likewise, please**

**Wolf, Greenfield & Sacks, P.C.** | 600 Atlantic Avenue | Boston, Massachusetts 02210-2206
617.720.3500 | fax 617.720.2441 | www.wolfgreenfield.com



Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Leon Bechet, Esq.
May 18, 2004
Page 2 of 2

**safeguard all other documents related to Gillette's internal investigation(s) of this matter.
We will be requesting the same during discovery.**

In our conversation today, you further represented to us that the total volume of
photographic materials gathered by Gillette to date fills one box, which is less than the size of a
banker's box. You were unable to tell us how many photographic transparencies or other
materials the box contains; but given the size of the box, it seems unlikely to us that it contains
more than a small fraction of the over-10,000 images belonging to our client that Gillette has
failed to return to Photographic Illustrators Corporation as required by the contracts.

Finally, you informed us that you had executed, and would return, the summons to us.
Thank you for accepting service on behalf of Gillette.

We look forward to being in touch regarding the possibility of a settlement of this matter.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

Michael A. Albert

Mr. Paul K. Picone

# EXHIBIT 6



**The Gillette Company**

*World-Class Brands, Products, People*

Leon Bechet
Assistant Trademark Counsel
Office of the Trademark Counsel

Prudential Tower Building
Boston, MA 02199-8004
Tel  617.421.7884
Fax 617.421.7866
Leon_Bechet@gillette.com

May 19, 2004

## CONFIDENTIAL

Michael A. Albert
Wolf, Greenfield & Sacho, P.C.
600 Atlantic Avenue
Boston, MA 02210


RE: *PIC v. Gillette*

Sir:

I enjoyed our conversation. In reply to yours of the 18th, please be advised that no representation was made to you regarding an "investigation" undertaken by Gillette. Also, no representation was made to you regarding an index of photographic materials belonging to your client.

I look forward to receiving your settlement proposal. Thank you.


Regards,

Leon Bechet
Assistant Trademark Counsel