IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>       Defendant. | Civil Action No. 04-CV-10913-WGY |

**PIC'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Photographic Illustrators Corp. ("PIC") respectfully requests leave to file this reply in support of its motion for leave to amend for the limited purposes of (a) correcting a key misstatement of law by Gillette in its opposition brief, and (b) clarifying why judicial economy would best be served by simultaneous consideration of Gillette's motion to dismiss and PIC's Second Amended Complaint.

**I.     PROCEDURAL POSTURE**

Presently before the Court is a wide-ranging motion to dismiss by Gillette (Docket # 9) addressing the sufficiency of PIC's pleading of a number of its claims.

With regard to PIC's copyright infringement claim, Gillette's motion raised two distinct arguments.  **First**, Gillette argued that the Court lacked jurisdiction over infringement claims based on many of PIC's copyrighted images because official registrations for the same had not been received from the Copyright Office.  **Second**, Gillette argued that PIC's pleading was deficient because it did not specify "when, where and how" each individual act of infringement by Gillette took place. Cf. Docket #15 at 3 (Gillette's summary of its dismissal argument).

In its opposition to Gillette's motion to dismiss, PIC addressed both prongs of Gillette's argument. For the first prong, PIC pointed out that it had, in fact, obtained and asserted several copyright registrations, and noted that it had applied for others, consistent with the substantial authority holding that jurisdiction is established once copyright *applications* have been filed. (Docket #11 at 17-18). For the second prong, PIC explained that the heightened pleading standard argued by Gillette is inconsistent with Fed. R. Civ. P. 8 as well as binding Supreme Court and First Circuit precedent. (Id. at 6, 15-17).

Cognizant that some courts have required official copyright registrations rather than pending applications as a jurisdictional prerequisite, PIC stated that it planned to amend its complaint, once its pending applications matured into registrations, to assert those additional registrations. (Id. at 18).

PIC received, during August 2004, the additional copyright registrations that it had sought. To avoid any jurisdictional question with respect to the newly-registered images, PIC elected to amend its complaint promptly.

Accordingly, PIC's counsel contacted Gillette's counsel on August 25, 2004 to request that Gillette assent to the amendment in the interest of judicial economy. See Declaration of Michael N. Rader ("Rader Decl.") ¶¶ 2-3 and Ex. A thereto. Gillette's counsel refused such a stipulation, arguing that amendment of PIC's complaint prior to consideration of Gillette's motion to dismiss would be *less* efficient than waiting for the Court to rule on Gillette's motion – including its jurisdictional argument regarding lack of copyright registrations – prior to placing those registrations before the Court in an amended complaint. (Id. at ¶ 4 & Ex. A).

Having failed to reach agreement with Gillette, PIC filed its motion to amend on September 3, 2004. (Docket #14).

On September 9, 2004, Gillette's counsel called PIC's counsel to request an extension of time to respond to PIC's motion to amend until 20 days after the Court's decision on Gillette's motion to dismiss, such that PIC's amendment adding its new copyright registrations would not be before the Court prior to that decision. (Rader Decl. ¶ 6; 9/17/04 Perkins Decl. ¶ 8). In the ensuing telephone conversations and e-mail correspondence, counsel once again discussed their differing views on the most efficient course of action. (Rader Decl. ¶ 7).

PIC's counsel suggested that the parties stipulate to the filing of the Second Amended Complaint (which is identical to the First Amended Complaint except for addition of the aforementioned copyright registrations), with Gillette of course reserving all of its other grounds for dismissal – including the second prong of its attack on PIC's copyright claim. This, PIC's counsel explained, would take off the table an admittedly mooted argument that the Court ought not be forced to address. (Id. at ¶ 8 & Ex. B). In the final exchange, PIC's counsel stated:

> Your scenario requires the following: (1) The parties will have to brief your motion for extension of time; (2) The Court will have to decide that motion; (3) The Court will have to decide, at or after the 9/23 hearing, whether PIC's First Amended Complaint should have included more registrations (an issue that clearly ought to be off the table at this point, inasmuch as we have those registrations, are prepared to add them to the complaint, and thus far you have not indicated that you have any basis to oppose that addition); (4) If, as we expect, the Court denies your motion to dismiss PIC's copyright claims, the parties will have to complete briefing on PIC's motion for leave to amend; and (5) The Court will have to decide that motion too, possibly after a further hearing on a different date.
>
> Our scenario, by contrast, cuts through almost all of these steps. It requires only that the Court decide the legal arguments raised in Gillette's motion to dismiss in light of the Second Amended Complaint, rather than the First. It permits this argument to be addressed at a single, upcoming hearing on 9/23. If the Court agrees with PIC that it need not specify the time, place and manner of every infringement in the text of its complaint, we can move right on to the stage of Gillette's answer to the Second Amended Complaint. If the Court agrees with Gillette on that point, then PIC will need to file a Third Amended Complaint meeting the Court's requirements. That risk is on us, and we are willing to take the chance because we doubt that will be the outcome.

(Ex. B to Rader Decl.). Gillette's counsel never responded.

- 3 -

II.  **CONTRARY TO GILLETTE'S ASSERTION, THE COURT CAN AND SHOULD CONSIDER GILLETTE'S MOTION TO DISMISS AS APPLIED TO PIC'S SECOND AMENDED COMPLAINT, AND THIS APPROACH WILL FURTHER JUDICIAL ECONOMY.**

In its opposition to PIC's motion to amend, Gillette argues (as it did in correspondence) that granting this motion would hamper judicial economy because PIC's new pleading would moot Gillette's motion to dismiss, requiring the expenditure of "additional resources" in "re-filing" that motion. (Docket #15 at 14). This is incorrect as a matter of law.

> The motion to dismiss, filed on August 1, 2000, was initially directed toward the Original Complaint. On September 8, 2000, however, the plaintiffs filed an assented-to motion to amend, Fed. R. Civ. P. 15(a), and attached the Amended Complaint. The Court allowed the motion to amend on September 12, 2000. The Court therefore considers the motion to dismiss as it applies to the Amended Complaint.

Suboh v. City of Revere, 141 F. Supp. 2d 124, 127 (D. Mass. 2001) (**Young, C.J.**), aff'd in part, rev'd in part on other grounds, 298 F.3d 81 (1st Cir. 2002).

Courts in other districts agree that a motion to dismiss need not be re-filed to address an amended pleading. E.g., Scott v. Home Choice, Inc., 252 F. Supp. 2d 1129, 1131 (D. Kan. 2003) (amended complaint filed after motions to dismiss[1]: "Because a properly amended complaint supersedes the original complaint … the court evaluates defendants' motions [to dismiss] in light of plaintiff's Second Amended Complaint."); Wyandotte Nation v. City of Kansas City, 2003 U.S. Dist. Lexis 8189, *4 n.2 (D. Kan. Apr. 24, 2003) ("The court also points out that a party who has filed a motion to dismiss need not file a new motion to dismiss following a grant of leave to amend a complaint, because an amended complaint supersedes the original complaint."). The principle is especially applicable here because PIC's Second Amended Complaint changes only one paragraph, and indisputably moots one of Gillette's grounds for dismissal *without*

---

[1] In Scott, the plaintiff filed his motion to amend on January 22, 2003. Id. Reflected in the case docket (although not in the court's published decision), the defendants' motions to dismiss were filed in April 2002.

- 4 -

adding any new claims requiring response from Gillette.  It is unclear why Gillette so vigorously opposes putting before the Court a pleading that includes such highly relevant facts.

Notably, the parties in the Suboh case before this Court followed precisely the procedure urged by PIC here (i.e., the defendant assented to the plaintiff's motion to amend such that the Court could address the defendant's motion to dismiss with the benefit of that amendment). Gillette's argument that such a procedure would "inconvenience[] the Court by requiring it to analyze the merits of Gillette's Motion to Dismiss on briefing that no longer conformed to the operative pleading" (Docket #15 at 14 n.8) is plainly wrong.

Gillette's further suggestion that PIC be forced to identify the "when, where and how" of every individual copyright infringement by Gillette would also hinder, rather than advance, judicial economy.  PIC, like the plaintiffs in Foraste and Perfect 10, cannot possibly be expected to identify every act of infringement at the initial pleading stage when (a) Gillette possess and still refuses to return (in breach of its contracts with PIC) the images that PIC alleges it has misused; and (b) PIC does not, absent discovery, have access to the full scope of Gillette's improper uses of those images on the Internet, in catalogs, point-of-sale displays, trade shows, and other venues unknown to PIC. Foraste v. Brown Univ., 248 F. Supp. 2d 71, 78 (D.R.I. 2003) ("[I]t would be wholly inequitable to require that Foraste, prior to proceeding with this action, register a copyright in images to which Brown presently denies him access."); Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) ("Perfect 10 alleges the existence of hundreds, even thousands of infringing photographs … Requiring a statement of each and every example would defeat the regime established by Rule 8.").  Gillette's argument for a heightened "when, where and how" pleading standard is not just legally incorrect and unfair; it also invites a massive waste of resources by requiring PIC to re-plead every time discovery reveals a new infringement by Gillette.

Indeed, if identification of "when, where and how" for every act of infringement is required, then PIC will undoubtedly have to amend its complaint repeatedly throughout discovery.[2] This, of course, would severely undermine judicial economy.

Granting PIC's motion to amend would favor judicial economy by enabling the Court to consider Gillette's motion to dismiss *once*, in view of all relevant facts presently available – including facts that indisputably moot a portion of that motion.

### III. CONCLUSION

For the above reasons, as well as those set forth in PIC's opening brief, PIC's Motion for Leave to File Second Amended Complaint (Docket #14) should be granted.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: September 22, 2004

/s/ Michael N. Rader
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000

---

[2] Since the filing of its motion to amend – and even without discovery from Gillette – PIC has identified at least eight more infringements on Gillette's web site alone. (Rader Decl. ¶ 10). Some of these infringed images have now been registered by PIC, while others have not – either because Gillette possesses and refuses to return the original images in question, or because PIC was unable to predict, at the time it filed its latest round of copyright applications (prior to any discovery), every image that Gillette misused.