IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

       Plaintiff,

v.

THE GILLETTE COMPANY,

       Defendant.

Civil Action No. 04-CV-10913-WGY

## DECLARATION OF MICHAEL N. RADER

Michael N. Rader states as follows:

1.      I am an attorney with Wolf, Greenfield & Sacks, P.C., counsel for the Plaintiff Photographic Illustrators Corp. ("PIC") in the above-captioned matter.

2.      On August 25, 2004, I contacted Gillette's counsel Patrick Perkins to request that Gillette consent to PIC's filing of its Second Amended Complaint, adding six newly-received copyright registrations.

3.      Attached hereto as Exhibit A is a copy of the e-mail that I sent to Mr. Perkins on August 25, 2004, and the ensuing thread of e-mail communications between us from August 25, 2004 until August 30, 2004.

4.      Mr. Perkins declined to assent to the requested amendment, arguing that judicial economy would better be served if PIC waited to amend its complaint until after the Court had ruled on Gillette's motion to dismiss. (Exhibit A).

5.      Unable to reach agreement with Gillette, PIC filed its motion to amend on September 3, 2004.

6.      On September 9, 2004, Gillette's counsel David Donahue called me to request an extension of time to respond to PIC's motion to amend, until 20 days after the Court's decision on Gillette's motion to dismiss.

7.      Multiple telephone conversations, as well as e-mail correspondence, ensued on September 9, 2004 in which counsel discussed our differing views on the most efficient course of action with respect to PIC's motion to amend.  Attached hereto as Exhibit B is a copy of the thread of e-mail communications between us on that day.

8.      I and Michael Albert, another of PIC's attorneys, suggested that the parties stipulate to the filing of PIC's Second Amended Complaint, with Gillette reserving all of its other grounds for dismissal.  We explained that this would take off the table an admittedly mooted argument (regarding failure to register additional copyrighted images) that the Court ought not be forced to address. (Exhibit B).

9.      Mr. Donahue still declined to stipulate to the amendment.

10.     Since filing its motion to amend, PIC has identified additional infringing material on at least the following pages of Gillette's web site(s):

http://www.gillette.com/household/digital_library/iron.htm
http://www.gillette.com/household/digital_library/blenders.htm
http://www.gillette.com/men/digital_library/flexintegral.htm
http://www.gillette.com/products/appliances.asp
http://www.theessentials.com/store/prodinfo.asp?number=5064&variation=&aitem=5&mitem=9&bc=6_4_1
http://www.theessentials.com/store/prodinfo.asp?number=5033&variation=&aitem=6&mitem=9&bc=6_4_1
http://www.theessentials.com/store/prodinfo.asp?number=5057&variation=&aitem=7&mitem=11&bc=6_8_1
http://www.theessentials.com/store/prodinfo.asp?number=5020&variation=&aitem=10&mitem=11&bc=6_8_1

Sworn to under the pains and penalties of perjury that the foregoing is true to the best of my knowledge and belief.

Dated: <u>September 22, 2004</u>          <u>/s/ Michael N. Rader          </u>
                                         Michael N. Rader