**Rader, Michael**

---

| | |
|---|---|
| **From:** | Patrick Perkins [pperkins@frosszelnick.com] |
| **Sent:** | Monday, August 30, 2004 10:21 AM |
| **To:** | Rader, Michael |
| **Cc:** | David Donahue; Albert, Michael |
| **Subject:** | RE: PIC v. Gillette |

Our respective different views of the pleading requirement is really the key to our consent (or not) on your client's attempt to again amend its pleading.  I don't think it makes sense for our client to be required to consent now, without knowing what the Court's ruling will be.  So no, I am not in a position to give a blanket consent to an amended pleading I have not seen after a ruling that comes down that I have not seen.  Frankly, such is not a reasonable request on your part.

I again request that your client wait until the Court rules on the present motion before it again seeks to amend its pleading.  Another motion to amend now would be chaotic and require the parties to expend unnecessary resources.

Regards,

Patrick T. Perkins
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901
e-mail:  pperkins@frosszelnick.com

>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 08/29/04 08:39PM >>>
Dear Patrick,

As you know, we take a different view about the pleading requirements for copyright claims.

That argument aside, I did not take away from your e-mail a concrete agreement to stipulate to the addition of these registrations following the Court's ruling on Gillette's motion to dismiss.  Please provide a concrete agreement if that is your intention.  Otherwise we intend to file our motion for leave to amend shortly.

Cordially,

Mike Rader

-----Original Message-----
From: Patrick Perkins [mailto:pperkins@frosszelnick.com]
Sent: Friday, August 27, 2004 5:55 PM
To: Rader, Michael
Cc: David Donahue; Albert, Michael
Subject: RE: PIC v. Gillette


Dear Michael-

Your statement of our argument is incomplete.  Gillette is not just entitled to know what photographs it is accused of infringing, but to know at least the basic facts related to the infringement, sufficient to allow Gillette to defend itself.  As you know, we have moved to dismiss on this basis.  If the Court grants our motion, PIC will be required to give at least a short statement of the alleged infringement.  As things stand right now, I am virtually certain that your client has not facts to support alleged infringement of each and every photograph listed in its new registrations. I don't know how PIC or your firm can meet the minimum basic requirements of Rule 11 as to the copyright claim without being able to allege an infringement as to every work claimed in the complaint.  We don't

1

believe it to be economical to add works to the complaint if your client does not have a basis to claim those works were infringed.

Argument aside, what is the rush?  If the Court rules for you on the pleading issue, we have no doubt that the parties will be able to work out a stipulated amendment.

Regards,

Patrick T. Perkins
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901
e-mail:  pperkins@frosszelnick.com

>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 08/27/04 05:17PM >>>
Dear Patrick,

Our aim is to address these issues in the most efficient way possible for both the parties and the Court.  One of the things that your motion requested was a more definitive statement of which copyrights PIC is asserting.  With its copyright registrations in-hand, PIC is now prepared to provide that statement in an amended complaint.

It is unclear to us what efficiency benefit there might be to waiting. Regardless of how the Court rules on Gillette's motion, these registrations will be added.  If the Court denies Gillette's motion, or at least the portion related to PIC's copyright infringement claim, then the registrations will of course be added.  If the Court agrees with Gillette that more detail is needed for PIC's copyright infringement claim, then the registrations will also be added.  Either way, an amendedment will need to be made to put the additional registrations before the Court and into the complaint.

Thus, it seems to us that there is a benefit to filing the amended complaint now -- which is that the Court will have this additional information before it when considering Gillette's motion.  In effect, the Court would be able to address Gillette's concerns once, rather than twice.

Nevertheless, if Gillette is prepared to stipulate to a motion to amend PIC's complaint to add the new copyright registrations following the Court's decision on the motion to dismiss, then PIC will agree to hold off in the interest of avoiding the expense of a contested motion for leave to amend.

Please let us know whether Gillette will so stipulate.

Cordially,

Michael Rader
Wolf, Greenfield & Sacks


-----Original Message-----
From: Patrick Perkins [mailto:pperkins@frosszelnick.com]
Sent: Wednesday, August 25, 2004 1:23 PM
To: Rader, Michael
Cc: David Donahue; Albert, Michael
Subject: Re: PIC v. Gillette


Dear Michael-

We don't think this is an opportune time for your client to move to amend its complaint again since we have pending a motion to dismiss that will, among other things, address what your client will be required to plead to sustain its claims.  In the interest of judicial economy, we recommend that the parties wait until the Court has decided the instant motion before your client again seeks to amend its pleading.  Once we have received guidance from the Court, we would be happy to look at your new proposed pleading

to determine whether Gillette has any objection.

Regards,

Patrick T. Perkins
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901
e-mail:  pperkins@frosszelnick.com

>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 08/25/04 10:41AM >>>
Dear Patrick,

PIC intends to move the Court for leave to file an amended complaint asserting recently acquired copyright registrations. (I.e., the registrations that matured from the applications attached to PIC's opposition to Gillette's motion to dismiss.)  Will Gillette assent to this motion?

Thanks,

Michael N. Rader
mrader@wolfgreenfield.com
direct dial 617.573.7970
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.720.3500  |  617.720.2441 fax

****************************************************************************
***********************************************
The information contained in this E-mail message may be privileged, confidential, and protected
from disclosure.  Any unauthorized use, printing, copying, disclosure or dissemination of
this communication may be subject to legal restriction or sanction.  If you think that you have received
this E-mail message in error, please reply to the sender.
****************************************************************************
***********************************************

***************************************************************************aar

It is unclear to us what e
*******************************************
The information contained in this E-mail message may be privileged, confidential, and protected
from disclosure.  Any unauthorized use, printing, copying, disclosure or dissemination of
this communication may be subject to legal restriction or sanction.  If you think that you have received
this E-mail message in error, please reply to the sender.
****************************************************************************
***********************************************

********************************************************************************
************************ráš
The information contained in this E-mail message may be privileged, confidential, and protected
from disclosure.  Any unauthorized use, printing, copying, disclosure or dissemination of
this communication may be subject to legal restriction or sanction.  If you think that you have received
this E-mail message in error, please reply to the sender.
********************************************************************************
**************************