# Rader, Michael

**From:** Rader, Michael
**Sent:** Thursday, September 09, 2004 10:42 PM
**To:** 'David Donahue'
**Cc:** Patrick Perkins; Albert, Michael
**Subject:** RE: PIC v. Gillette

Dear David,

Your scenario requires the following: (1) The parties will have to brief your motion for extension of time; (2) The Court will have to decide that motion; (3) The Court will have to decide, at or after the 9/23 hearing, whether PIC's First Amended Complaint should have included more registrations (an issue that clearly ought to be off the table at this point, inasmuch as we have those registrations, are prepared to add them to the complaint, and thus far you have not indicated that you have any basis to oppose that addition); (4) If, as we expect, the Court denies your motion to dismiss PIC's copyright claims, the parties will have to complete briefing on PIC's motion for leave to amend; and (5) The Court will have to decide that motion too, possibly after a further hearing on a different date.

Our scenario, by contrast, cuts through almost all of these steps.  It requires only that the Court decide the legal arguments raised in Gillette's motion to dismiss in light of the Second Amended Complaint, rather than the First.  It permits this argument to be addressed at a single, upcoming hearing on 9/23.  If the Court agrees with PIC that it need not specify the time, place and manner of every infringement in the text of its complaint, we can move right on to the stage of Gillette's answer to the Second Amended Complaint.  If the Court agrees with Gillette on that point, then PIC will need to file a Third Amended Complaint meeting the Court's requirements.  That risk is on us, and we are willing to take the chance because we doubt that will be the outcome.

We believe that our approach would save the Court and the parties a lot of time, effort, briefing and expense.  If, however, you continue to disagree, you can certainly proceed to file whatever motions for stay you believe to be warranted.  PIC does not assent.

Mike Rader
Wolf, Greenfield & Sacks

-----Original Message-----
From: David Donahue [mailto:ddonahue@frosszelnick.com]
Sent: Thursday, September 09, 2004 8:25 PM
To: Rader, Michael
Cc: Patrick Perkins; Albert, Michael
Subject: Re: PIC v. Gillette


Michael,

As I explained to you on the phone earlier, we disagree with your approach and do not believe that it is the most efficient way of moving forward.  Gillette's pending motion to dismiss addresses several deficiencies in PIC's First Amended Complaint; PIC's proposed pleading purports to correct only one deficiency.  For this reason, we fail to see how stipulating to permit PIC to file a new pleading before the Court decides the Motion to Dismiss would be anything other than a waste of the parties' and the Court's time and resources.

The route we suggested -- i.e., staying Gillette's response to PIC motion to amend until after the Court decides the motion to dismiss -- is far more efficient and, contrary to your suggestion, will not lead to multiple hearings.  Aside from being far shorter in length and more straightforward in substance than the stipulation you have proposed, it would avoid the possibility of PIC filing a Second Amended Complaint prior to the hearing and then filing a Third Amended Complaint at the Court's direction soon thereafter.  It also would eliminate any possibility that the Court would take Gillette's motion off calendar -- i.e., to require the parties to submit new briefs addressed only to the

1

deficiencies in PIC's new pleading.

We once again offer the simple Assented-To Motion to Stay attached hereto for your consideration. Please let us know by no later than tomorrow whether we have your authorization to file it.

Sincerely,

David Donahue
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017
Phone: (212) 813-5900
Fax: (212) 813-5901


>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 09/09/04 07:12PM >>>
Dear David,

I am writing to follow up on our telephone conversations this afternoon. You requested that PIC consent to an extension of Gillette's deadline to respond to PIC's motion for leave to file its Second Amended Complaint (which asserts recently-received copyright registrations for over 600 images).

We still believe, as explained in the motion for leave to amend, that it would be more efficient to put the Second Amended Complaint before the Court at the same time as Gillette's motion to dismiss. The reason is simple. In its motion to dismiss, Gillette raises two objections to PIC's copyright infringement claim as set forth in its First Amended Complaint. Gillette's first objection is that PIC failed to assert copyright registrations (something that Gillette maintains is required by the Copyright Act). Gillette's second objection is that PIC failed to assert the time, place and manner of each infringement by Gillette. The first objection has now been mooted by PIC's receipt and assertion of the new registrations. The second objection is amenable to resolution by the Court as a matter of law in the context of Gillette's dismissal motion.

We believe that putting off consideration of PIC's motion for leave to amend is inefficient because it would mean that the Court would have to entertain a second round of briefing, and quite possibly a second hearing, after PIC's Second Amended Complaint is introduced.

To streamline things, including obviating a possible need for you to make separate trips to Boston for two hearings, we suggest the following. Gillette acknowledges that the registration issue has been mooted and accordingly stipulates to PIC filing its Second Amended Complaint, but without waiver of its argument that PIC has failed to allege the time, place and manner of each alleged infringement by Gillette. The stipulation will further explain that the parties seek to have all issues decided together by the Court, to avoid the scenario (albeit unlikely, at least in our view) that you mentioned -- namely, that the Court acts on the motion for leave to amend before the hearing, thus technically mooting Gillette's motion to dismiss and requiring that the same be re-filed. A draft stipulation is attached hereto for your consideration.

 <<STIPULATION RE MOT FOR LEAVE TO AMEND.DOC>>
We believe that this approach simplifies matters, avoids the possibility of an extra hearing, and puts all the issues before Judge Young at once
-- something we are confident that he will appreciate. Please let us have your comments on the draft at your earliest convenience.

Cordially,

Michael N. Rader
mrader@wolfgreenfield.com
direct dial 617.646.8370
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000  |  617.720.2441 fax

2

```
****************************************************************************
***************************
```
The information contained in this E-mail message may be privileged, confidential, and protected
from disclosure.  Any unauthorized use, printing, copying, disclosure or dissemination of
this communication may be subject to legal restriction or sanction.  If you think that you have received
this E-mail message in error, please reply to the sender.
```
****************************************************************************
***************************
```