UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION<br>   Plaintiff,<br><br> vs.<br><br>THE GILLETTE COMPANY,<br><br><br>   Defendant. | Civil Action No. 04-10913 WGY<br><br>**AMENDED ANSWER AND COUNTERCLAIMS** |
| THE GILLETTE COMPANY,<br>   Counterclaim Plaintiff,<br><br> vs.<br><br>PHOTOGRAPHIC ILLUSTRATORS CORPORATION and PAUL PICONE,<br>   Counterclaim Defendants. | |

   Defendant The Gillette Company ("defendant"), by its attorneys, for its Answer to the Second Amended Complaint herein, states as follows:

   1. Defendant denies having sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1.

   2. Defendant admits the allegations set forth in paragraph 2.

   3. Defendant admits that plaintiff seeks the relief set forth in paragraph 3 but otherwise denies the allegations therein.

   4. Defendant admits that plaintiff alleges that this Court has subject matter jurisdiction over this action but otherwise denies the allegations set forth in paragraph 4.

   5. Defendant admits that this Court has personal jurisdiction over defendant, that defendant has a place of business in this judicial district and that defendant has extensive business contacts with this district, but otherwise denies the remaining allegations set forth in paragraph 5.

6. Defendant admits the allegations set forth in paragraph 6.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Defendant admits that on past occasions defendant retained plaintiff to photograph certain of defendant's products, but otherwise denies the remaining allegations set forth in paragraph 8.

9. Defendant admits that on past occasions plaintiff provided to defendant photographs, and other photographic materials, such as transparencies, negatives and digital images, of defendant's products, defendant denies having sufficient knowledge or information to form a belief as to the truth of plaintiff's allegation that it "took" such photographs and otherwise denies the remaining allegations set forth in paragraph 9.

10. Defendant denies the allegations set forth in paragraph 10, except to the extent the allegations refer to the contents of documents, and respectfully refers the Court to such documents for evidence of the contents thereof.

11. Defendant denies having sufficient knowledge or information to form a belief as to the truth of allegations set forth in paragraph 11.

12. Defendant respectfully refers the Court to the document referred to in paragraph 12 for evidence of the document's contents.

13. The allegation in paragraph 13 that refers to alleged representations by defendant in connection with its "attempt to resolve the dispute" clearly refers to settlement discussions protected under F.R.E. 408, and thus is not admissible for any purpose and should be stricken. Defendant denies having sufficient knowledge or information to form a belief as to the truth of its allegation as to why plaintiff delayed in obtaining copyright registrations. Defendant denies the allegations to the extent they imply any representations or actions by defendant to induce plaintiff into delaying obtaining copyright registrations or upon which plaintiff could reasonably rely in delaying to obtain such registrations. Defendant also respectfully refers the Court to the document referred to in paragraph 13 for evidence of the document's contents.

14. Defendant respectfully refers the Court to the document referred to in paragraph 14 of the Complaint for evidence of the document's contents.

15. Defendant denies the allegations set forth in paragraph 15.

16. Defendant respectfully refers the Court to the document referred to in paragraph 16 for evidence of the document's contents.

17. Defendant admits that it did not return all photographs provided to it by plaintiff but otherwise denies the remaining allegations set forth in paragraph 17.

18. Defendant admits that it sent to plaintiff a box of photographs provided by plaintiff and that it possesses other photographs provided to it by plaintiff but otherwise denies the remaining allegations set forth in paragraph 18.

19. Defendant admits that it has used photographs provided to it by plaintiff but otherwise denies the remaining allegations set forth in paragraph 19.

20. Defendant admits that it has used photographs provided to it by plaintiff but otherwise denies the remaining allegations set forth in paragraph 20.

21. Defendant admits that a photograph of the Braun Multiquick Handblender was posted on one of defendant's web sites as of June 30, 2004. Defendant also respectfully refers the Court to the document referred to in paragraph 21 for evidence of the document's contents and otherwise denies the remaining allegations set forth in paragraph 21.

22. Defendant admits that a photograph of the Braun Deluxe Juice Extractor was posted on one of defendant's web sites as of June 30, 2004, but otherwise denies the remaining allegations set forth in paragraph 22.

23. Defendant admits that it has used photographs provided to it by plaintiff, denies having sufficient knowledge or information to form a belief as to truth of plaintiff's allegations that the photograph referred to in paragraph 23 was taken in Mr. Paul Picone's kitchen and whether Mr. Picone's kitchen is clearly recognizable in the photograph, and otherwise denies the remaining allegations set forth in paragraph 23.

24. Defendant admits that on past occasions defendant purchased from plaintiff duplicate prints of photographs provided by plaintiff and that defendant paid plaintiff for such duplicate prints but otherwise denies having sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 24.

25. Defendant admits that on past occasions it purchased from third-party laboratories, including Advanced Photographics, duplicate prints of photographs provided by plaintiff but otherwise denies the remaining allegations set forth in paragraph 25.

26. Defendant denies the allegations set forth in paragraph 26.

27. Defendant admits that on past occasions it purchased from third-party laboratories, including Advanced Photographics, duplicate prints of photographs provided by plaintiff but otherwise denies the remaining allegations set forth in paragraph 27.

28. Defendant denies the allegations set forth in paragraph 28.

29. Defendant admits that on June 23, 2003, PIC, through counsel, sent a letter to defendant, but otherwise denies the allegations in paragraph 29.

30. Defendant admits that, as an accommodation to plaintiff, on June 30, 2003, only one week after receiving plaintiff's first written demand, defendant sent to plaintiff a box of photographs originally provided by plaintiff and has not sent any additional photographs to plaintiff. Defendant denies the remaining allegations set forth in paragraph 30.

31. The statements attributed to Gillette's Deputy General Counsel in paragraph 31 were made in the context of settlement protected under FRE 408 and thus are not admissible for any purpose and should be stricken. Defendant respectfully refers the Court to the document referred to in paragraph 31 for evidence of the document's contents.

32. The first sentence of paragraph 32 is argumentative, is based upon the false premise that relevant information became available to report, and thus does not require a response. Defendant admits that plaintiff commenced this action on May 7, 2004 but otherwise denies the allegations in paragraph 32.

33. The statements attributed to Gillette's Assistant Trademark Counsel in paragraph 33 were made in the context of settlement protected under FRE 408 and thus are not admissible for any purpose and should be stricken. Defendant respectfully refers the Court to the document referred to in paragraph 33 for evidence of the document's contents. Defendant denies that anything in the May 19, 2004 document referred to in paragraph 33 in any way contradicts any prior statement by Gillette.

34. Defendant admits the allegations set forth in paragraph 34.

35. Defendant admits that an employee of defendant asked PIC to provide photographs at a time when there was a dispute between the parties and settlement discussions were ongoing but otherwise denies the characterizations in paragraph 35.

36. Defendant admits that an employee of defendant asked PIC to provide photographs for an upcoming housewares show at a time when there was a dispute between the parties and settlement discussions were ongoing but otherwise denies the characterizations in paragraph 36.

37. Defendant admits that PIC agreed to do the project, but denies having sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 37.

38. Defendant respectfully refers the Court to the document referred to in paragraph 38 of the Complaint for evidence of the document's contents.

39. Defendant respectfully refers the Court to the document referred to in paragraph 39 of the Complaint for evidence of the document's contents and denies the remaining allegations set forth in paragraph 39.

40. Defendant admits that Gillette praised PIC's work on the photographs it provided for the housewares show and that Gillette personnel requested that PIC handle three additional projects thereafter but otherwise denies the characterizations in paragraph 40.

41. Defendant admits that PIC handled four projects for Gillette in March-April 2004 but otherwise denies the characterizations in paragraph 41.

42. Defendant admits that plaintiff sent invoices to defendant that defendant received on May 21, 2004, but otherwise denies the allegations in paragraph 42.

43. Defendant admits that after performing the work and sending the invoices, plaintiff sought unilaterally to change the terms under which the photographs could be used and that payment therefore has been set aside until such time as this matter is resolved by the Court or by agreement of the parties. Defendant further admits that, because plaintiff has filed this action and is represented by counsel, it would not be appropriate or desirable for the parties to have direct conversations without the knowledge of counsel.

44. Defendant denies the allegations in paragraph 44.

45. Defendant admits having used the photographs referenced in paragraph 45, but otherwise denies the allegations set forth in paragraph 45.

46. Defendant admits that it retains certain photographs taken by PIC but denies the remaining allegations of paragraph 46.

47. Defendant denies the allegations set forth in paragraph 47.

48. Defendant repeats and re-alleges its answers to the paragraphs above as though fully set forth herein.

49. Defendant denies the allegations set forth in paragraph 49.

50. Defendant repeats and re-alleges its answers to the paragraphs above as though fully set forth herein.

51. Defendant denies the allegations set forth in paragraph 51.

52. Defendant repeats and re-alleges its answers to the paragraphs above as though fully set forth herein.

53. Defendant denies the allegations set forth in paragraph 53.

54. By Order dated September 23, 2004, the Court has dismissed the claim upon which the allegation set forth in paragraph 54 is based. As a result, defendant need not respond.

55. By Order dated September 23, 2004, the Court has dismissed the claim upon which the allegation set forth in paragraph 55 is based. As a result, defendant need not respond.

56. Defendant denies the allegations set forth in paragraph 56.

57. Defendant denies the allegations set forth in paragraph 57.

58. Defendant repeats and re-alleges its answers to the paragraphs above as though fully set forth herein.

59. Defendant admits that it procured duplicates of photographs from third-party laboratories but otherwise denies the allegations set forth in paragraph 59.

60. Because the allegation set forth in paragraph 60 does not contain the requisite particularity to support a claim for fraud because it fails to identify when, where and with whom the purported conversation took place, defendant is not in a position to admit or deny whether such a conversation took place. Defendant further denies the remaining allegations set forth in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies making any false statement or unlawfully bypassing plaintiff in obtaining duplicates. Defendant otherwise denies having sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 62.

63. Defendant denies the allegations set forth in paragraph 63.

64. Defendant denies the allegations set forth in paragraph 64.

65. Defendant denies the allegations set forth in paragraph 65.

66. Defendant denies the allegations set forth in paragraph 66.

67. Defendant denies the allegations set forth in paragraph 67.

68. Defendant denies the allegations set forth in paragraph 68.

69. Defendant denies the allegations set forth in paragraph 69.

70. Defendant repeats and re-alleges its answers to the paragraphs above as though fully set forth herein.

71. Defendant admits the allegations set forth in paragraph 71.

72. Defendant denies the allegations set forth in paragraph 72.

73. Defendant denies the allegations set forth in paragraph 73.

74. Defendant denies the allegations set forth in paragraph 74.

75. Defendant denies the allegations set forth in paragraph 75.

## FIRST AFFIRMATIVE DEFENSE

76. Plaintiff fails to state a claim upon which relief can be granted.

## SECOND PARTIAL AFFIRMATIVE DEFENSE

77. The purported "Agreements" to which plaintiff refers in its Complaint are of no legal force or effect.

## THIRD PARTIAL AFFIRMATIVE DEFENSE

78. The purported "Agreements" to which plaintiff refers in its Complaint are unenforceable because they are unconscionable, contrary to public policy and/or unfair under the circumstances of this case.

## FOURTH PARTIAL AFFIRMATIVE DEFENSE

79. Plaintiff has failed to plead Count V (Fraud) with particularity as required by Federal Rule of Civil Procedure 9(b).

## FIFTH AFFIRMATIVE DEFENSE

80. Because the various paragraphs of plaintiff's Complaint do not comply with Federal Rule of Civil Procedure 8(a) and (e), defendant is not required to admit or deny separately each averment contained therein.

## SIXTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred by the doctrines of acquiescence, laches, waiver, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred by the doctrine of unclean hands by virtue of its wrongful conduct including, but not limited to, its conduct described in defendant's Counterclaims herein.

## NINTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred by virtue of its fraudulent conduct including, but not limited to, its conduct described in defendant's Counterclaims herein.

## TENTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred by virtue of defendant's license to use the photographs in the manner alleged by plaintiff.

FOR THESE REASONS, defendant prays that the Court dismiss all of plaintiff's claims and find for defendant on all counts, that defendant be awarded its costs, including reasonable attorneys' fees, and that defendant be given such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Counterclaim plaintiff The Gillette Company ("Gillette"), for its Counterclaims against counterclaim defendants Photographic Illustrators Corporation ("PIC") and Paul Picone ("Picone"), alleges as follows:

## THE PARTIES

1. Gillette is a Delaware corporation with a place of business at Prudential Tower Building, Boston Massachusetts.

2. PIC is a Massachusetts corporation with a place of business at 467 Sagamore Street, Hamilton, Massachusetts.

3. Upon information and belief, Picone is an individual residing in Hamilton, Massachusetts and is an owner, officer and/or employee of PIC.

4. Upon information and belief, Picone is primarily responsible for the actions of PIC and has the power to and does supervise and control all such actions.

## JURISDICTION AND VENUE

5. Gillette here asserts counterclaims for damages for fraud, unfair or deceptive trade practices in violation of Mass. Gen. L. ch. 93A, and breach of contract that arise out of the same occurrences that are the basis for PIC's affirmative claims against Gillette.

6. Pursuant to 28 U.S.C. § 2201 (a), Gillette seeks a declaration that any use by PIC or Picone, or any licensee or transferee thereof, of any photographs bearing Gillette products or bearing trademarks owned by Gillette or Gillette's affiliates would constitute a violation of the United States Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and therefore should be enjoined.

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8. This Court also has subject matter jurisdiction under 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over PIC and Picone as they each reside in and/or do business in this judicial district and have extensive business contacts within the judicial district, including the business that forms the basis for this civil action.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FACTS

11. Upon information and belief, PIC creates photographs of consumer products for catalogs and advertising. Upon further information and belief, Picone is the principal owner of PIC and controls its operations.

12. Picone, through PIC, has, for more than ten years, provided his services to Gillette. PIC alleges to have received approximately $1,000,000 in payments from Gillette during that period in return for its services.

13. PIC's and Picone's services to Gillette were the creation of photographs featuring consumer products made by Gillette's various divisions and affiliates.

14. After many years of doing business together, in or around 2003, a dispute arose between PIC and Gillette. One of the bases of the dispute centers upon purported terms of use for PIC's photographs located on the reverse side of PIC's invoices (the "Purported Terms").

15. It is Gillette's position that the Purported Terms are of no legal force or effect and do not govern the parties' relationship.

16. In letters to Gillette and elsewhere, however, PIC has claimed that the Purported Terms governed the parties' relationship and were violated by Gillette.

17. One of the Purported Terms is PIC's and Picone's claim that Gillette is required to return the photographs of Gillette's products to PIC and Picone within thirty days of "first publication," failing which, Gillette is required to pay to PIC $1,500.00 per photograph.

18. Upon information and belief, PIC's and Picone's insistence upon the return of photographs of Gillette's products bearing Gillette's trademarks is based upon PIC's and Picone's intention to make use of such photographs in commerce without Gillette's authorization.

19. Notwithstanding the fact that PIC and Gillette were in a dispute which was not settled, on March 1, 2004, Picone met with Beth Cooper, Senior Project Manager, Oral Care, Business Communications, Oral-B/Braun to discuss the possibility of PIC creating photographs of certain of Gillette's consumer products for use in an upcoming housewares trade show.

20. During the March 1, 2004, meeting, Picone and Ms. Cooper discussed, *inter alia*, memorializing terms to cover all future work performed by PIC for Gillette.

21. During the meeting, PIC and Picone expressly agreed that they would not claim that the Purported Terms applied to future work performed by them for Gillette and that additional terms to be memorialized by the parties would govern the parties' relationship.

22. PIC and Picone agreed to perform work for Gillette in connection with the March 2004 housewares show (the "2004 Housewares Project") subject to the terms expressly and/or impliedly agreed to by PIC and Picone at the March 1, 2004, meeting. Such terms included, *inter alia*, that (i) Gillette was to provide PIC with Gillette products for PIC to photograph, (ii) PIC was to photograph such products and provide such photographs to Gillette for Gillette's use, (iii) PIC was to charge Gillette no more than its customary rate, (iv) the parties were to memorialize additional terms that would govern other aspects of the parties' relationship, and (v) PIC and Picone would not claim that the Purported Terms contained in the past on the reverse of PIC's invoices applied to the Spring 2004 Projects.

23. Thereafter, as a direct result of the March 1, 2004, meeting and subject to the terms of the parties' oral and/or implied agreement at such meeting, Gillette and PIC agreed that

PIC would perform three other projects for Gillette in March and April 2004 (collectively, with the 2004 Housewares Project, the "Spring 2004 Projects").

24.     In partial performance of the parties' agreement, Gillette provided Gillette products to PIC and Picone and permitted PIC and Picone to photograph Gillette products for the Spring 2004 Projects in reliance upon Mr. Picone's express and/or implied representations at the March 1, 2004, meeting.

25.     In or around April 2004, after completing the Spring 2004 Projects and delivering the photographs, but before submitting invoices to Gillette for payment, Picone offered to withhold invoicing Gillette for the Spring 2004 Projects until Gillette and PIC memorialized terms concerning ownership and use of the photographs. Because Ms. Cooper wanted PIC to be paid for the Spring 2004 Projects, however, she instead invited him to send the invoice with the Purported Terms voided and thereby manifested that Gillette was ready, willing and able to complete performance of the contract once PIC provided Gillette with an invoice conforming to the parties' agreement that, among other things, PIC would not charge Gillette more than PIC's customary rate and that PIC and Picone would not claim that the Purported Terms on the back of PIC's invoices applied to the Spring 2004 projects.

26.     In reliance upon Mr. Picone's representations at the March 1, 2004, meeting and the April 2004 telephone conversation, Gillette went forward with use of the photographs provided by PIC and Picone in connection with the Spring 2004 Projects.

27.     Thereafter, much to Gillette's surprise, on May 21, 2004, Gillette received invoices for each of the Spring 2004 Projects which, contrary to PIC's and PIC's and Picone's agreement with Ms. Cooper and express and implied promises to her, still contained the Purported Terms that PIC and Picone had acknowledged would not govern the parties' relationship.

28.     Moreover, in addition to containing the Purported Terms which the parties had agreed would not govern the Spring 2004 Projects, PIC and Picone, on the invoice for the 2004

12

Housewares Project, overcharged Gillette by tens of thousands of dollars and included the phrase "Same Day Service Provided" when no such service was provided.

29. The Purported Terms did not and cannot alter the parties' prior oral and/or implied agreements concerning the Spring 2004 Projects.

30. Upon information and belief, Picone knowingly and willfully misled Gillette into believing that he would not claim that the photographs produced during the Spring 2004 Projects are subject the Purported Terms, in order to induce Gillette into permitting PIC and Picone to perform the Spring 2004 Projects and to induce Gillette into using the photographs so that PIC and Picone could then entrap Gillette into a further alleged violation of the Purported Terms.

### FIRST COUNTERCLAIM
### (Breach of Contract Against PIC)

31. Gillette repeats and realleges the allegations of the paragraphs above as though fully set forth therein.

32. PIC has breached its oral and/or implied agreement with Gillette to allow Gillette to use the photographs prepared in connection with the Spring 2004 Projects without PIC claiming that such use is subject to the Purported Terms.

33. PIC also has breached its oral and/or implied agreement with Gillette that PIC would charge Gillette no more than its customary rate.

34. Moreover, PIC breached its oral and/or implied agreement with Gillette by falsely including on the 2004 Housewares Project invoice the phrase "Same Day Service Provided," when, in fact, no such service had been provided.

35. Gillette has been, and will continue to be, damaged by PIC's breach of its oral and/or implied agreement with Gillette.

### SECOND COUNTERCLAIM
### (Estoppel Against PIC)

36. Gillette repeats and realleges the allegations of the paragraphs above as though fully set forth therein.

37. PIC promised, through its unambiguous express words and/or its actions, to allow Gillette to use the photographs prepared in connection with the Spring 2004 Projects without claiming that such use is subject to the Purported Terms and to charge Gillette no more than its customary rate.

38. PIC knew that Gillette would rely on such unambiguous promises.

39. Gillette relied on such unambiguous promises to its detriment by permitting PIC to perform the Spring 2004 Projects and by going forward with use of the photographs provided by PIC in connection with the Spring 2004 Projects.

40. As a result, Gillette has been, and will continue to be, damaged by PIC's actions in an amount to be determined at trial.

## THIRD COUNTERCLAIM
### (Fraud Against PIC and Picone)

41. Gillette repeats and realleges the allegations of the paragraphs above as though fully set forth therein.

42. During a meeting with Gillette employee Beth Cooper, PIC, through Picone, represented to Gillette that PIC would not claim that Gillette's use of the photographs prepared in connection with the Spring 2004 Projects is subject to the Purported Terms.

43. Upon information and belief, Picone made this statement, knowing it to be false, with the intention that Gillette would rely upon it, permit PIC and Picone to perform the Spring 2004 Projects and make use of the photographs at issue, and thus be entrapped into alleged violations of the Purported Terms.

44. Gillette relied to its detriment upon Picone's promise that Picone and PIC would not claim that its use of the photographs is subject to the Purported Terms by permitting PIC and Picone to perform the Spring 2004 Projects and by going forward with use of the photographs provided by PIC in connection with the Spring 2004 Projects.

45. Picone's and PIC's fraud damaged Gillette in an amount to be determined at trial.

### THIRD COUNTERCLAIM
### (Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A Against PIC and Picone)

46. Gillette repeats and realleges the allegations of the paragraphs above as though fully set forth therein.

47. PIC and Picone are, and at all relevant times were, engaged in commerce.

48. PIC's and Picone's acts and/or omissions as described above occurred primarily in Massachusetts.

49. PIC's and Picone's acts and/or omissions described above constitute unfair and/or deceptive trade practices under Mass. Gen. L. ch. 93A.

50. PIC's and Picone's acts and/or omissions described above were knowing and willful.

51. PIC's and Picone's unfair and deceptive trade practices damaged Gillette in an amount to be determined at trial.

### FOURTH COUNTERCLAIM
### (Trademark Infringement and Unfair Competition Against PIC and Picone)

52. Gillette repeats and realleges the allegations of the paragraphs above as though fully set forth therein.

53. Gillette is the owner of hundreds of trademarks, both registered and under common law, for the consumer goods it sells, including, but not limited to, the famous GILLETTE brand.

54. Virtually all of the photographs prepared by PIC and Picone for Gillette feature Gillette's consumer products and show the trademarks under which such consumer products are sold.

55. Recently, PIC and Picone have insisted that Gillette return all of the photographs they have provided to Gillette.

56. Upon information and belief, PIC's and Picone's recent insistence upon the return of photographs of Gillette's products bearing Gillette's trademarks is based upon PIC's and

15

Picone's intention to make use of such photographs in commerce without Gillette's authorization.

57. PIC and Picone are not authorized to make use in commerce of any photographs of Gillette's products bearing Gillette's trademarks.

58. Any use in commerce by PIC or Picone, or any licensees or transferees thereof, of any photographs of Gillette's products or bearing Gillette's registered trademarks is likely to cause confusion, mistake and deception as to the source or sponsorship of PIC's or Picone's photographs and such use would constitute infringement of Gillette's federally registered trademarks in violation of § 32 of the Lanham Act.

59. Any use in commerce by PIC or Picone, or any licensees or transferees thereof, of any photographs of Gillette's products bearing Gillette's trademarks constitutes a false designation of origin and a false representation that is likely to cause confusion, mistake or deception as to the affiliation, connection or association of PIC and Picone and Gillette as to the origin, sponsorship, or approval of such photographs, all in violation of § 43(a) of the Lanham Act.

**RELIEF REQUESTED**

WHEREFORE, Gillette hereby requests judgment in its favor as against PIC and Picone and requests that the Court:

A. Direct PIC and Picone to pay Gillette its damages sustained as a result of PIC's and Picone's breach of contract, estoppel, fraud, and unfair and deceptive trade practices.

B. Award Gillette its attorneys' fees and costs in prosecuting this action pursuant to Mass. Gen. L. ch. 93A or otherwise.

C. Award PIC treble damages pursuant to Mass. Gen. L. ch. 93A or otherwise.

D. Enjoin PIC, Picone, their officers, employees, and those in active concert with them from using in commerce any photographs depicting Gillette's products and/or Gillette's trademarks.

E.   Award to Gillette such further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: New York, New York<br>November 15, 2004 | FROSS ZELNICK LEHRMAN & ZISSU, P.C.<br><br>By: /s/David Donahue/_____<br>    Marie V. Driscoll (Admitted *pro hac vice*)<br>    Patrick T. Perkins (Admitted *pro hac vice*)<br>    David Donahue (Admitted *pro hac vice*)<br><br>886 United Nations Plaza<br>New York, New York 10017<br>Ph: (212) 813-5900<br>Fax: (212) 813-5901<br><br>GELB & GELB LLP<br><br>By: /s/Richard M. Gelb/_____<br>    Richard M. Gelb (BBO#188240)<br>    rgelb@gelbgelb.com<br>    Robert S. Messinger (BBO# 651396)<br>    rmessinger@gelbgelb.com<br><br>20 Custom House Street<br>Boston, MA  02110<br>Tel: (617) 345-0010<br>Fax: (617) 345-0009<br><br>*Attorneys for Defendant/Counterclaim Plaintiff*<br>*The Gillette Company* |

I:\ddonahue\GLTC\COURT DOCS\041112-0420298-Amended Answer and Counterclaims-dd.doc