IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>   Defendant. | Civil Action No. 04-CV-10913-WGY |
| THE GILLETTE COMPANY,<br><br>   Plaintiff-in-Counterclaim,<br><br>v.<br><br>PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>   Counterclaim-Defendant<br><br>and<br><br>PAUL PICONE,<br><br>   Additional Counterclaim-Defendant. | |

## REPLY TO GILLETTE'S COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Photographic Illustrators Corp. ("PIC") and additional Counterclaim-Defendant Paul Picone ("Picone") reply herewith to the numbered paragraphs of the counterclaims filed by The Gillette Company ("Gillette") on November 15, 2004 (the deadline for replying having been extended by a motion to dismiss that the Court ruled upon on December 16, 2004). This reply is made by both PIC and Picone. If and to the extent that an allegation of a particular numbered paragraph is admitted only in part, all remaining

allegations and implications of said paragraph should be deemed denied.  If and to the extent that a response is required to any paragraph to which PIC and Picone assert that no response is required, PIC and Picone deny said paragraph(s) in full and put Gillette to its proof.

1. Admit.

2. Admit.

3. Admit that Mr. Picone resides in Hamilton, Massachusetts and is the President of PIC.

4. Admit that Mr. Picone is the President of PIC and has general oversight over PIC, but otherwise deny.

5. Deny.  PIC's claims against Gillette go well beyond the occurrences that form the basis for Gillette's purported counterclaims.

6. Because Gillette's trademark counterclaim was dismissed by the Court on December 16, 2004, no response to this paragraph is necessary.

7. Deny that the Court has federal question subject matter jurisdiction over Gillette's counterclaims under 28 U.S.C. § 1331.  The Court does have federal question subject matter jurisdiction over PIC's claims under 28 U.S.C. § 1331.

8. Admit.

9. Admit.

10. Admit.

11. Admit only that PIC creates photographs of consumer products for various purposes that, subject to appropriate license agreements, may include catalogs and advertising, and that Picone is the owner and President of PIC and has supervisory authority over its operations.

12. Admit.

13. Admit that the services recited in paragraph 13 of the Counterclaim were among those that PIC and Picone provided to Gillette; however PIC and Picone provided additional services as well, and entered into a series of contracts which speak for themselves.

14. Admit only that disputes between the parties regarding the terms and conditions of their contracts arose at various times during their business transactions, and that this issue had become the subject of more heated confrontation by 2003.

15. Admit that Gillette purports to state such a position, otherwise deny.

16. Admit only that PIC has taken the position, both in correspondence and in this civil action, that the terms of the contracts, which are printed thereon, govern the legal obligations of the parties thereto and have been repeatedly violated by Gillette.

17. Admit only that the contracts speak for themselves, and that they do contain both a requirement that Gillette return PIC's photographic materials within a stated deadline as well as a liquidated damages clause for Gillette's failure to do so. While it is unclear why Gillette selectively quotes from, and recharacterizes, the contract terms, for purposes of this pleading PIC and Picone state simply that the contract documents speaks for themselves.

18. Deny.

19. Admit only that Ms. Cooper approached PIC in or about early March 2004 and entreated PIC to assist Gillette with what she characterized as an urgent need that Gillette had to obtain various photographs that it wished to use at an upcoming trade show.

20. Deny.

21. Deny.

22. Deny, except admit only that PIC agreed to assist Gillette and Ms. Cooper by handling the project, that Gillette was expected to provide products to PIC, that PIC was

expected to photograph those projects, and that PIC was to charge – and did charge – Gillette its customary rates, but deny that any oral contract was formed in the March 2004 meeting.

23. Deny, except admit only that Ms. Cooper approached PIC to perform three more projects during Spring 2004, and that PIC agreed to assist Gillette with those projects.

24. Deny.

25. Deny.

26. Admit that Gillette used PIC's photographs, but otherwise deny.

27. Admit that the invoices included PIC's standard terms and conditions, but otherwise deny.

28. Deny.

29. Deny the existence of the asserted prior oral agreement and otherwise deny.

30. Deny.

## REPLY TO FIRST COUNTERCLAIM

31. PIC and Mr. Picone repeat the responses in the paragraphs above as though fully set forth herein.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

## REPLY TO SECOND COUNTERCLAIM

36. PIC and Mr. Picone repeat the responses in the paragraphs above as though fully set forth herein.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

### REPLY TO THIRD COUNTERCLAIM

41. PIC and Mr. Picone repeat the responses in the paragraphs above as though fully set forth herein.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

### REPLY TO "THIRD" [SIC: ACTUALLY FOURTH] COUNTERCLAIM

46. PIC and Mr. Picone repeat the responses in the paragraphs above as though fully set forth herein.

47. Deny, except admit that PIC engages in commerce, and that Mr. Picone acts on behalf of PIC in its provision of photographic services.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

### REPLY TO "FOURTH" [SIC: ACTUALLY FIFTH] COUNTERCLAIM

52. PIC and Mr. Picone repeat the responses in the paragraphs above as though fully set forth herein.

53. Because Gillette's trademark counterclaim was dismissed by the Court on December 16, 2004, no response to this paragraph is necessary. Otherwise, deny knowledge or information sufficient to respond.

54. Because Gillette's trademark counterclaim was dismissed by the Court on December 16, 2004, no response to this paragraph is necessary. Otherwise, deny.

55. Because Gillette's trademark counterclaim was dismissed by the Court on December 16, 2004, no response to this paragraph is necessary. Otherwise, deny.

56. Because Gillette's trademark counterclaim was dismissed by the Court on December 16, 2004, no response to this paragraph is necessary. Otherwise, deny.

57. Because Gillette's trademark counterclaim was dismissed by the Court on December 16, 2004, no response to this paragraph is necessary. Otherwise, deny.

58. Because Gillette's trademark counterclaim was dismissed by the Court on December 16, 2004, no response to this paragraph is necessary. Otherwise, deny.

59. Because Gillette's trademark counterclaim was dismissed by the Court on December 16, 2004, no response to this paragraph is necessary. Otherwise, deny.

## First Affirmative Defense

Gillette's counterclaims fail to state a claim upon which relief can be granted. In particular and without limitation of the foregoing, Gillette's contract and estoppel claims fail to state a claim because they allege no more than an "agreement to agree" and fail to allege Gillette's own performance; and its fraud and 93A claims fail to allege cognizable reliance or injury.

## Second Affirmative Defense

Gillette itself, and/or third parties other than PIC or Mr. Picone, are responsible, in whole or in part, for any harm which Gillette allegedly incurred as a result of any acts or circumstances purportedly set forth in the counterclaims.

### Third Affirmative Defense

Gillette's claims are barred by the parol evidence rule and by the doctrine of merger, and are moot, including without limitation because they are merged into the unambiguous language of the parties' ultimate written contract terms.

### Fourth Affirmative Defense

Gillette's claims are barred by the doctrines of acquiescence, laches, waiver, estoppel, and unclean hands, including without limitation as a result of the conduct by Gillette described by PIC in its Complaint.

WHEREFORE, PIC and Mr. Picone respectfully request that:

(a) Gillette's counterclaims be denied or dismissed; and

(b) that PIC and Mr. Picone be awarded their costs and reasonable attorneys' fees in connection therewith pursuant to applicable law; and

(c) that the Court award PIC and Mr. Picone such other and further relief as may be just and proper.

Respectfully submitted,

PLAINTIFF AND COUNTERCLAIM-DEFENDANT
PHOTOGRAPHIC ILLUSTRATORS CORP. and
COUNTERCLAIM-DEFENDANT
PAUL PICONE

By their counsel,

Dated: December 27, 2004     /s/ Michael A. Albert
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel.: (617) 646-8000