092304M2.TXT

       1

```
 1                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
 2
                                        Civil Action
 3                                      No. 04-10913-WGY

 4
    * * * * * * * * * * * * * * * * *
 5  PHOTOGRAPHIC ILLUSTRATORS        *
    CORPORATION,                     *
 6                                   *
             Plaintiff,              *
 7                                   *
    v.                               * MOTION HEARING
 8                                   *
    THE GILLETTE COMPANY,            *
 9                                   *
             Defendant.             *
10  * * * * * * * * * * * * * * * * *

11
              BEFORE:   The Honorable William G. Young,
12                           District Judge

13

14  APPEARANCES:

15
              WOLF, GREENFIELD & SACKS, PC (By Michael A.
16     Albert, Esq., Michael N. Rader, Esq. and Adam Kessler,
       Esq.) 600 Atlantic Avenue, Boston, Massachusetts 02210,
17     on behalf of the Plaintiff

18
              GELB & GELB LLP (By Richard M. Gelb, Esq.), 20
19     Custom House Street, Boston, Massachusetts 02110
                 - and -
20            FROSS ZELNICK LEHRMAN & ZISSU, P.C. (By Patrick T.
       Perkins, Esq. and David Donahue, Esq.), 886 United
21     Nations Plaza, New York, New York 10017, on behalf of
       the Defendant

22

23
                                        1 Courthouse Way
24                                      Boston, Massachusetts

25                                      September 23, 2004
```

       2

```
 1        THE CLERK:  Calling Civil Action 04-10913,

 2   Photographic Illustrators v. the Gillette Company.
```

092304M2.TXT

3          MR. ALBERT:  Good afternoon, your Honor.  Michael

4    Albert.  With me, Michael Rader and Adam Kessler, for the

5    plaintiff.

6          MR. PERKINS:  Good afternoon, your Honor.  Patrick

7    Perkins for defendant Gillette.  With me, my colleague,

8    David Donahue, and my counsel in the district, Mr. Richard

9    Gelb.

10          THE COURT:  Thank you.

11          It seems to me that there's a simple solution

12    here.  In fact, your motion is a motion to dismiss in part

13    and for a more definite statement.

14          Why don't we do this.  We seem simply to be

15    waiting upon the copyright office to issue registrations

16    for these particular photographs, all of them.

17          MR. ALBERT:  Your Honor, they have issued, your

18    Honor.

19          THE COURT:  All right.

20          MR. ALBERT:  And what we have, just procedurally

21    what's happened here, your Honor, is we then filed a motion

22    to amend our complaint to actually add them.

23          THE COURT:  And the amendment -- I looked at that.

24          MR. ALBERT:  Yes, your Honor.

25          THE COURT:  I looked at that.  That's going to be

                                                              3


1    all of them, right?

2          MR. ALBERT:  That's all that we currently have.

3    Now, if there are additional claims that come to light, I

4    don't mean to preclude us.  But yes, we have added 600

5    additional photographs.  Those are the 600 photographs that

6    we were alluding to previously.  So those are --

092304M2.TXT

```
 7          THE COURT:  And they're all specified in the

 8     second amendment -- in the amended complaint?

 9          MR. ALBERT:  Yes, your Honor.

10          THE COURT:  And you're prepared to say we're not

11     going to see anymore photographs unless they come to light

12     in discovery.  You haven't got others that you've sent in

13     for registration?

14          MR. ALBERT:  No, your Honor, we haven't.

15          THE COURT:  So why don't I take the second

16     amended -- what is it, a second amended complaint?

17          MR. ALBERT:  It's the first -- it's a second

18     amended complaint.

19          THE COURT:  Why don't I take the second amended

20     complaint as the case, that constitutes a more definite

21     statement, you defend against it.

22          Why shouldn't I do that?

23          MR. PERKINS:  Well, your Honor, because they have

24     not -- the only thing they've addressed is the issue of

25     registrations.  What we have argued in our papers, your
```

4

```
 1     Honor, is that there is a deficiency in the copyright

 2     claims because they don't meet the standard set out by the

 3     First Circuit.  In Educadores Puertorriquenos, that says

 4     specifically that they're required to say when, where, by

 5     whom, and why the infringement took place.  Copyright

 6     infringement, your Honor, is a work-by-work cause of

 7     action.

 8          THE COURT:  So it is.  But don't you think that

 9     this is -- well, obviously you don't.  They submit in this

10     amended complaint the framework within which they claim
```

092304M2.TXT
11    that each of these photographs are violative, and I can

12    make that express in their mandatory disclosures, can't I?

13         MR. PERKINS:  Well, that is one way that that

14    could be, that that could be done, your Honor.  But it

15    still doesn't meet the pleading requirement.

16         That's not the only portion of our motion, your

17    Honor, however.  There is also -- there are also motions to

18    dismiss some of their contract claims and motions to

19    dismiss also their fraud claim and their 93A claim based on

20    preemption under the Copyright Act.  That's been fully

21    briefed, your Honor.

22         THE COURT:  Oh, I'm aware of it.

23         MR. PERKINS:  There's, there's also the issue

24    relating to -- and if I could just address preemption for a

25    moment, Judge.  Again, in the First Circuit it's not enough

5

 1    to have an extra element.  The extra element has to

 2    qualitatively change the nature of the claim.  There are

 3    two of their contract claims that are for basically use of

 4    the photographs beyond the scope of the alleged license.

 5    There is no qualitative difference there.  That is simply

 6    aimed at the behavior relating to use of the photographs.

 7    That's the First Circuit law.  They haven't, they haven't

 8    brought in any law from this circuit to rebut that.  It

 9    simply is preempted.

10         Similarly with 93A, your Honor, they have not

11    articulated what the basis is.  Everything in the

12    complaint.  But, your Honor, everything in the complaint,

13    virtually everything in the complaint goes to again the use

14    of the photographs.  And that under, under a number of

092304M2.TXT
```
15    decisions, including your Honor's opinion in Rubin, is

16    preempted under the Copyright Act.  One of the things that

17    your Honor said in Rubin also was that, that when

18    publishers obtain permission that that act is going to be

19    so intertwined with the duplication right that it will

20    likely always be preempted.

21         I would also like to add that under 93A, your

22    Honor, and really the fraud claim, I would like to hand up

23    to the Court, if I could, a case which is Deisenroth v.

24    Numonics.

25         May I approach?
```

                                                    6


```
1         Your Honor, at --

2         THE COURT:  Why wasn't this in your materials?

3         MR. PERKINS:  Your Honor, I came across this while

4    preparing for my argument.

5         THE COURT:  I see.

6         MR. PERKINS:  And I apologize that we didn't

7    include this.

8         THE COURT:  All right.

9         MR. PERKINS:  But at Page 157, which is actually

10   the fourth page of the printout, it says, as follows:  In

11   any event, quote, evidence of conduct or statements made in

12   compromise negotiations is inadmissible except where

13   negativing a contention of undue delay.  Exposing a party

14   to Chapter 93A liability for statements made in failed

15   settlement discussions would hardly further the public

16   policy in favor of compromise and settlement of disputes.

17        Once again, your Honor, one of the allegations

18   that PIC has made, the plaintiff has made in this complaint
```

092304M2.TXT

19    is that there has been what they call stonewalling, that

20    Gillette has not been willing to, has given them some

21    assurances or has made statements in the context of

22    settlement discussions and not followed through.  We

23    disagree with that.  But, in any event, that cannot be the

24    basis either for a 93A claim or a fraud claim, your Honor,

25    because it runs afoul of Rule 408.  And as Judge Saris said

7

1    in this opinion that would not advance the public policy

2    purpose of Rule 408.

3             So, your Honor, in summary --

4             THE COURT:  That's interesting.  That's

5    interesting.  That resonates with me.

6             What do you say about that?

7             MR. ALBERT:  Your Honor, the evidence on the 93A

8    count goes far beyond the stonewalling issue.

9             THE COURT:  Yes.  But isn't he right as to that?

10   Anything out of settlement discussions --

11            MR. ALBERT:  The incident in question was not

12   during a settlement negotiation.  Our position is that that

13   was not settlement negotiation and therefore that would not

14   be subject to Rule 408.

15            THE COURT:  But you understand that if as matter

16   of preliminary fact finding it was part of a settlement

17   negotiation.  It's not a question of preemption, it's just

18   a question -- well, I'm not, I'm not sure even if it is.

19   That's an interesting issue.  But you say it's not.

20            MR. ALBERT:  And --

21            THE COURT:  All right, here's the ruling.  The,

22   the motion to amend is allowed.  So now we have an amended

092304M2.TXT

23    complaint, to which I'm going to address these other

24    issues.

25          The breach of contract claim is preempted by the

                                                         8

1    Copyright Act but only to the extent that it's premised on

2    Gillette's use of your photos outside the temporal and

3    geographic scope of the licenses and without the required

4    copyright notices.

5          The fraud claim is not preempted under the

6    Copyright Act.

7          The 93A claim is preempted under the Copyright Act

8    but only to the extent that it is based upon Gillette's

9    reproduction and continued use of the copyrighted photos

10    without the Photographic permission.

11          Photographic's 93A claim is not preempted to the

12    extent that it is based on Gillette's alleged

13    misrepresentations.

14          The approximate date of the conversation between

15    Mr. Picone and Gillette's requisitioning agent shall be

16    disclosed in the mandatory disclosures.

17          The case states a claim -- the amended complaint

18    states a claim for fraud based on Gillette's

19    misrepresentations regarding the duplication of the photos.

20          The complaint states a claim for fraud based upon

21    the misrepresentation, alleged misrepresentation of

22    Mr. Gatlin and Mr. Bechet.

23          It states a claim for fraud based on Gillette's

24    alleged misrepresentations regarding its intent to pay the

25    March/April 2004 invoices.

                                                         9

092304M2.TXT

1          The Gillette's statute of limitation defenses

2     under the Copyright Act are viable and they are viable

3     against the amended complaint.

4          We have not had a 16.1 conference in this case.

5     Let's quickly do it right now.  When do you want this case

6     to go to trial?  Plaintiff?

7               MR. ALBERT:  One year, your Honor?

8               THE COURT:  So, September of, September of 2005.

9               MR. ALBERT:  Yes, your Honor.

10              THE COURT:  How is that for Gillette?

11              MR. PERKINS:  That is more than ample time, your

12     Honor.

13              THE COURT:  Well, do you want it faster?

14              MR. PERKINS:  We would be happy to have it faster.

15     I don't think we need --

16              THE COURT:  What do you suggest?

17              MR. PERKINS:  We could suggest June.

18              MR. ALBERT:  Well, realistically, your Honor,

19     there are literally thousands of images that they've

20     withheld and literally hundreds of catalogs.  There's going

21     to be an enormous amount of discovery to take place

22     including overseas sales because of the geographic scope

23     issue.  There's going to be --

24              THE COURT:  Get to it.  It's on the running trial

25     list for June 2006.  You have two weeks from today's date

                                                              10


1     to file a joint proposed case management schedule.

2               THE CLERK:  2005.  2005.

3               THE COURT:  2005.  I misspoke.  Thank you.  2005.

092304M2.TXT

```
4           And this business about enormous discovery.  You

5    know I'll go for any discovery you agree on.  If you don't

6    agree you state your position, it has to be a joint

7    submission, and Gillette states its.  I will pick one or

8    the other.

9           MR. ALBERT:  Absolutely.

10          THE COURT:  I'll pick the most reasonable.

11          MR. ALBERT:  Yes, your Honor.  We've produced to

12   them over 7,000 pictures that they haven't returned.

13          THE COURT:  This is not the time to --

14          MR. PERKINS:  Your Honor, may I ask one

15   clarification on the order.

16          THE COURT:  Yes.

17          MR. PERKINS:  During the argument your Honor

18   mentioned that with respect to the articulation of the

19   claims by work that one of the things you suggested you

20   might do would be to order them as part of their mandatory

21   disclosure.

22          THE COURT:  I did and I should.  They're to state

23   forth, set forth in their mandatory disclosure to the

24   extent now known the date and circumstance of the alleged

25   misuse.
```

11

```
1           MR. ALBERT:  Yes, your Honor.  Part of the problem

2    is they have refused to give us the material from which

3    that can be obtained.  So we would ask that there be a

4    parallel requirement that they be required to turn over --

5           THE COURT:  I'm telling you to work it out.  I'm

6    not going to be at all generous to anybody's stonewalling.

7           MR. ALBERT:  Thank you, your Honor.
```

092304M2.TXT

8          THE COURT:  Put it -- put all your disputes in

9     this proposed case management scheduling order, and to the

10    extent you do not agree I will resolve them by a test of

11    what is most reasonable.

12          Thank you very much.

13          MR. ALBERT:  Thank you.

14          MR. PERKINS:  Thank you, Judge.

15          (Whereupon the matter concluded.)

16

17

18

19

20

21

22

23

24

25

                                                    12


1                    C E R T I F I C A T E

2

3          I, Donald E. Womack, do hereby certify that the

4     above proceedings were reported by me stenographically and

5     this transcript represents a true and accurate

6     transcription of said proceedings.

7

8

9

10

              ÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄÄ
11

```
                        092304M2.TXT
                        DONALD E. WOMACK
12                    Official Court Reporter
                        P.O. Box 51062
13              Boston, Massachusetts 02205-1062
                    womack@megatran.com
14

15

16

17

18

19

20

21

22

23

24

25
```