

**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

RECEIVED
OCT - 1 2003

Michael A. Albert
malbert@wolfgreenfield.com
direct dial 617.573.7840

September 29, 2003

John B. Gatlin, Esq.
Deputy General Counsel
The Gillette Company
Prudential Tower Building, 39th Floor
Boston, MA 02199

Re: Return of Property to Photographic Illustrators Corp.
    Our File No.: P0768/3000

Dear Mr. Gatlin:

We are in receipt of your August 13, 2003 letter regarding photographic materials provided to Gillette by Photographic Illustrators Corp. ("PIC").

Thank you for acknowledging that Gillette's response to PIC's communications has heretofore been less than timely, and that Gillette still possesses materials belonging to PIC that have not yet been returned. We appreciate the cooperative spirit of your letter and hope that, with Gillette's continuing cooperation, this matter can be resolved amicably. Nonetheless, although your letter indicated that you were still investigating the situation, we have heard nothing further since then, and our client has received no additional materials. We are puzzled as to Gillette's intentions.

Additionally, your letter does contain some errors that I would like to correct for the record. First, you express your understanding that PIC began using job orders "a few years ago." This is inaccurate. There was a job order number associated with every project performed by PIC for Gillette. (Indeed, in each case, the job order number is the same as the associated invoice number, so Gillette must have each of those numbers.)

Your letter also asserts that PIC "did not consistently note job orders on the storage/packaging of the photographic materials delivered to" Gillette. This too is incorrect. On every occasion that PIC provided photographic materials to Gillette, those materials were

Wolf, Greenfield & Sacks, P.C.  |  600 Atlantic Avenue  |  Boston, Massachusetts 02210-2206
617.720.3500  |  fax 617.720.2441  |  www.wolfgreenfield.com

GLTC 420



John B. Gatlin, Esq.
September 29, 2003
Page 2 of 3

delivered bearing the associated job order numbers which corresponded to original job contract number, job jackets number, digital file number, invoice number and finally the remittance advice invoice number which would have been generated by Gillette.

On a related point, your letter notes that a "considerable portion" of PIC's photographic material still in Gillette's possession "does not have a job order anywhere on the item." If Gillette is now unable to determine which materials correspond to which job orders, that is apparently because Gillette removed the materials from their job-order-numbered deliveries without marking them or otherwise keeping track of their origins. Gillette can hardly assert that PIC is responsible for how Gillette did (or did not) maintain these materials after receiving them.

This brings me to your request that PIC provide Gillette with "more specificity" regarding the materials provided to Gillette (beyond the list of job orders already supplied). The request attempts, inappropriately, to shift the burden of identification to PIC, when it is Gillette that (a) failed to timely return the materials within 30 days of first publication as required by the parties' contract; and (b) failed to keep track of the materials in an appropriate fashion to facilitate later identification. Had Gillette done either of these things, the parties would not be in this situation today. "Identification" of these materials would require PIC to go through each job order, review the Polaroid photographs, outtakes, and other materials in each order that reflect which pictures were sent to Gillette, and essentially provide to Gillette a second time copies of all the materials that it already provided to Gillette once before, just in order to obtain the return of the first set of those materials that PIC previously provided to Gillette.

In short, the request that PIC expend considerable time and resources re-duplicating the thousands of photographic materials it provided to Gillette, in order to facilitate the return by Gillette that is required under the parties' contract, is unfair and unwarranted.

As you have acknowledged that Gillette still retains additional PIC materials not yet returned, we request that you forward the same to us at your earliest convenience. When you do so, please verify that Gillette has returned all materials it is able to locate that belong to our client, so that we can begin the process of determining whether a complete return of all items owed to PIC has been made. If you are aware of any particular materials that have been damaged or lost, please let us know. The materials provided to us should be indexed, and we should also obtain an index of the materials in the one box that was already sent to PIC.



**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

John B. Gatlin, Esq.
September 29, 2003
Page 3 of 3

    Finally, your contention that there are no situations of which Gillette is aware in which our client's photographic materials were used by Gillette in an unauthorized manner or outside the scope of the licenses granted by PIC is likewise in error. Our client is aware of numerous examples of such uses; and no doubt there are many other examples of which our client does not happen to have been made aware to date. By way of example, PIC has obtained a Spanish-language brochure distributed by Gillette in a South American country containing a PIC photograph, contrary to the express geographical limitations in the parties' contract to U.S. uses only. PIC has also seen numerous Gillette product catalogs in which the same picture was used in multiple years despite PIC having granted Gillette only a one-time use license. Another example of serious violations of PIC's license is the fact that Gillette sent some of our client's photographs (hundreds of them that we know of, and perhaps more) out to one or more third-party laboratories – including, for example, Advanced Photographic Lab – for unauthorized duplication, which infringed PIC's copyrights, violated the licenses, and deprived PIC of its legitimate source of revenue in the form of payments it would have received had Gillette properly provided these materials to PIC for duplication.

    Gillette must have documents and information relating to these numerous unauthorized uses. We would appreciate a thorough investigation that examines this issue and forwards to us the resulting information, so that the parties can move forward in an effort to reach an understanding as to the scope of PIC's damages.

    With Gillette's cooperation, we hope that these matters can be resolved on an amicable basis.

We look forward to hearing from you.

                         Very truly yours,

                         WOLF, GREENFIELD & SACKS, P.C.

                         Michael A. Albert

MAA/MNR/dmp

OCT 25 2002 13:21 FR                 9161746389957 TO 77891         P.01

800 Boylston St. Pru 35/ Boston, MA 02199/ Fax (617) 483-8957

**The Gillette Company**

# Fax

To: John Gatlin                     From: Karen Mullen
Fax: x 77891                        Pages: 3
Phone:                              Date: 10/25/03
Re: Photo Gephic Illustrators       CC:

☐ Urgent   ☒ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

• Comments:

REDACTED

OCT 25 2002 13:21 FR                  916174638957 TO 77891          P.02



**Photographic Illustrators Corporation**
467 Sagamore St., Hamilton, MA 01936-0054
Tel. (978) 358-0101 • FAX (978) 356-1203
E-Mail: picorp@shore.net — *for correspondence*
     picorp@mediaone.net — *for images*

| TO: | | |
|---|---|---|
| The Gillette Co. | DATE: | 7/8/02 |
| 800 Boylston Street | P.O.#: | |
| Boston, MA 02199 | JOB #: | 5981 |
| | A.D.: | P.K.P. |
| | BUYER: | Brenda Tattan |
| | CLIENT: | Brenda Tattan |

**DESCRIPTION/TERMS:**        ☐ ESTIMATE   ☒ INVOICE  5981

OPP on #3 Razor Series w/10 original views, 4X5 color trans., 4X5 color polaroids and hi-res digital sacns with files saved to Gillette storage.
Production provided on Varitone background.
Product prep for photography.
   MEDIA USE:   Marketing.
   PERIOD OF USE:   T&C

| FEES: | | | | |
|---|---|---|---|---|
| | PHOTOGRAPHY | | $ 2,600.00 | |
| | PREP DAYS ($ | PER DAY) | Incl | |
| | TRAVEL ($ | PER DAY) | | |
| | WEATHER DELAYS ($ | PER DAY) | N/A | |
| | | | | $ 2,600.00 |
| **PRODUCTION CHARGES & EXPENSES:** | CREW | | $ 207.00 | |
| | FILM, PROCESSING & PRINTS | | 1,037.00 | |
| | DIGITAL SERVICES | | 750.00 | |
| | INSURANCE | | Incl | |
| | PROPS, WARDROBE | | | |
| | RENTAL (STUDIO, EQUIPMENT) | | Incl | |
| | SETS | | 95.00 | |
| | SHIPPING & DELIVERY | | 76.00 | |
| | TALENT (CASTING & FEES) | | | |
| | TRAVEL (CREW, TALENT) | | | |
| | MISCELLANEOUS | | | |
| | | | | $ 2,165.00 |

*Talent fees may not include usages.*

|  |  |
|---|---|
| SUBTOTAL | $ 4,765.00 |
| SALES TAX  5 % | $  238.25 |
| TOTAL | $ 5,003.25 |
| ADVANCE | |
| BALANCE DUE: | $ 5,003.25 |

**TERMS:** PAYABLE UPON RECEIPT
   LATE CHARGE _____ % per mo. after 30 days.

**TALENT BILLED DIRECT:**

*Rights granted only upon full payment of this invoice; subject to terms and conditions on reverse.*

SIGNED BY: (Client if estimate; Studio if invoice): _____  DATE _____

*This has been approved for use by Advertising Photographers of America.*

GLTC  424

OCT 25 2002 13:22 FR                916174638957 TO 77891            P.03

## ALL ASSIGNMENTS ARE ACCEPTED SUBJECT TO THESE TERMS AND CONDITIONS; AND ALL REPRODUCTION RIGHTS OR LICENSES ARE LIMITED AS FOLLOWS:

1. **DEFINITIONS:** This agreement is between the "Photographer" (author of the photographs), or Photographer's authorized "Representative" named on the face of this form, and "Client" (the commissioning party, and its agent). This Assignment will be the Photographer's interpretation rather than literal recreation of Client's concept(s) and/or layout(s).

2. **ESTIMATED FEES, CHARGES AND EXPENSES:** All estimated fees, production charges and expenses apply only to the original layout, job description, reproduction rights licensed and Period of Use as specified on this form. Any changes are subject to amendment or separate agreement. Client and agent are jointly and severally responsible for payment of fees, charges and expenses.

3. **POSTPONEMENTS AND CANCELLATIONS:** If Client postpones or cancels the Assignment Client will pay all incurred fees, charges and expenses. If postponed or cancelled without Photographer's prior written consent two business days (48 hours) or more prior to shoot date, Client will also pay the following percentages of Photographer's fees: (a) postponement, 25%; (b) cancellation, 50%. If postponed or cancelled in less than two business days Client will pay 100% of Photographer's fee.

A postponement is the rescheduling of the Assignment by the Client to a mutually agreeable date within 30 calendar days of the original shoot date.

4. **WEATHER DELAYS:** Client will pay 100% of Photographer's Weather Delay Fee per day for any delays caused by weather, plus all charges and expenses incurred.

5. **CLIENT APPROVAL:** Client is responsible for the presence of its authorized representative at the shoot to approve Photographer's interpretation of the assignment. If no representative is present, Photographer's interpretation will be deemed acceptable. However, if deemed unacceptable by Client, Photographer shall have right of first refusal, but not the obligation, to reshoot according to item #7.

6. **OVERTIME:** In the event that a shoot extends beyond eight consecutive hours Photographer may charge overtime for crew members at one-and-one half their hourly rates.

7. **RESHOOTS:** Unless Photographer consents in writing otherwise, (a) Client will pay 100% of Photographer's fee, charges and expenses for any reshoot requested by Client. (b) If before being delivered to Client the film from the "shoot" has been lost or is unusable because of defect, damage, equipment malfunction, processing or other technical error, Photographer will reshoot without additional fee, provided Client advances and pays all charges and expenses for the reshoot and the initial shoot. (c) If Photographer charges for special reshoot insurance and collects for a loss, Client will not be charged for any portion of the reshoot covered by the insurance payment. A list of insurance exclusions will be provided upon request.

8. **INDEMNITY:** Client will indemnify and hold Photographer and Representative harmless from any and all claims, liabilities and damages, including reasonable attorney fees and court costs arising from (a) Client's use of Photographer's photos, including uses for which no release was requested in writing or for uses which exceed authority granted by talent or other release or by this agreement, and (b) Photographer's or Representative's reliance on, or use of, any instruction or assurance, or material provided or approved by Client.

9. **REPRODUCTION RIGHTS:** Reproduction rights are conditioned on Photographer's receipt of payment in full and Client's proper use of the copyright notice. All rights not expressly granted herein remain the exclusive property of Photographer. Unless otherwise stated on the face of this Agreement, duration of the License is one ear from Agreement date and limited to use in the United States of America. Client may not sell, assign or otherwise transfer this license, or any rights or obligations under this License without Photographer's prior written consent.

10. **RETURN OF PHOTOGRAPHS:** Client assumes all risk for all photographic material(s) delivered to Photographer from time of receipt by Client to time of receipt by Photographer. If no Return Date appears on the face of this form, Client shall return all these material(s) in undamaged, unaltered and unretouched condition within 30 days of first publication.

11. **LOSS OR DAMAGE:** If no "actual value" for liquidated damage(s) amount per photograph appears on the face of this form, or by attachment or by delivery memorandum, then liquidated damage(s) for loss or damage has been agreed upon between the parties to be $1500 dollars per original transparency or negative. In the event of failure to return photographs per item #10, Photographer shall be entitled to immediate payment in full of above liquidated damages.

12. **PAYMENT AND COLLECTION TERMS:** Invoices are payable upon receipt by client or its agents. Photographer will be entitled to collect any expenses, including reasonable attorney's fees and costs, required to collect any sums due or to enforce the terms of this Agreement.

13. **SALES TAX:** Unless Client or Agent supplies Photographer with a properly executed resale certificate Client must pay all applicable sales use of similar taxes, including any subsequent assessment mabe by tax authorities.

14. **MISCELLANEOUS:** Any changes to this agreement must be in writing and signed by the party to be bound by the changes. Unless client or agent receives from Photographer a properly executed talent or property release(s) Client is responsible for obtaining the release(s). Any transfer of ownership of original materials must be in writing and signed by Photographer. The terms of this Agreement shall be governed by the laws of the state of Photographer's principal place of business.

15. **PHOTOGRAPHER'S ADDITIONS**

** TOTAL PAGE 03 **

GLTC 425



**Photographic Illustrators Corporation**
467 Sagamore St., Hamilton, MA 01936-0054
Tel. (978) 356-0101 • FAX (978) 356-1203

656748  JAN 26 97

| TO: | | |
|---|---|---|
| Braun Inc<br>400 Unicorn Park Drive<br>Woburn, MA 01801 | DATE:<br>P.O.#:<br>JOB #:<br>A.D.:<br>BUYER:<br>CLIENT: | 12/10/97<br><br>4355<br>Tom Burgess<br>Tom Burgess<br>Braun Inc. |

**DESCRIPTION/TERMS:**   ☐ ESTIMATE   ☐ INVOICE # 4355

1. Original photographic production on 5416 Shaver with 4X5 color polaroids and 4X5 color trans. delivered.
2. Preparation of products provided for photography.

MEDIA USE: Sales promo
PERIOD OF USE: T&C

| FEES: | PHOTOGRAPHY | | $ 290.00 |
|---|---|---|---|
| | PREP DAYS ($ | PER DAY) | Incl. |
| | TRAVEL ($ | PER DAY) | n/a |
| | WEATHER DELAYS ($ | PER DAY) | n/a |
| PRODUCTION CHARGES & EXPENSES: | CREW | | $ 35.00 |
| | FILM, PROCESSING & PRINTS | | $ 110.00 |
| | INSURANCE | | Incl. |
| | LOCATION | | n/a |
| | PROPS, WARDROBE | | n/a |
| | RENTAL (STUDIO, EQUIPMENT) | | Incl. |
| | SETS | | Incl. |
| | SHIPPING & DELIVERY | | $ 65.00 (Courier) |
| | *TALENT (CASTING & FEES) | | n/a |
| | TRAVEL (CREW, TALENT) | | n/a |
| | MISCELLANEOUS | | n/a |

*Talent fees may not include usages.

| | SUBTOTAL | $ 500.00 |
|---|---|---|
| | MA ES TAX 5% | $ 25.00 |
| | TOTAL | $ 525.00 |

**TERMS:** PAYABLE UPON RECEIPT
LATE CHARGE  % per mo. after 30 days.

BALANCE DUE:  $ 525.00

TALENT BILLED DIRECT:

Rights granted only upon full payment of this invoice, subject to terms and conditions on reverse.

GLTC 426



*[signature]*

**Photographic Illustrators Corporation**
467 Sagamore St., Hamilton, MA 01936-0054
Tel. (978) 356-0101 • FAX (979) 356-1203

**656747 · JAN 26 97**

| TO: | | |
|---|---|---|
| Braun Inc.<br>400 Unicorn Park Drive<br>Woburn, MA 01801 | DATE:<br>P.O.#:<br>JOB #:<br>A.D.:<br>BUYER:<br>CLIENT: | 12/10/97<br><br>4360<br>Tom Burgess<br>Tom Burgess<br>Braun Inc. |

**DESCRIPTION/TERMS:**  ☐ ESTIMATE  ☑ INVOICE # 4360
1. Original photographic production on shaver gift sets with 4X5 color polaroids and 4X5 color trans. delivered.
2. Preparation of products provided for photography.

MEDIA USE: Sales promo
PERIOD OF USE: T&C

| FEES: | PHOTOGRAPHY | | $ 900.00 |
|---|---|---|---|
| | PREP DAYS ($ | PER DAY) | incl. |
| | TRAVEL ($ | PER DAY) | n/a |
| | WEATHER DELAYS ($ | PER DAY) | n/a |

| PRODUCTION<br>CHARGES &<br>EXPENSES: | CREW | incl. |
|---|---|---|
| | FILM, PROCESSING & PRINTS | $ 393.00 |
| | INSURANCE | incl. |
| | LOCATION | n/a |
| | PROPS, WARDROBE | n/a |
| | RENTAL (STUDIO, EQUIPMENT) | incl. |
| | SETS | incl. |
| | SHIPPING & DELIVERY | $ 65.00  (Courier) |
| | *TALENT (CASTING & FEES) | n/a |
| | TRAVEL (CREW, TALENT) | n/a |
| | MISCELLANEOUS | n/a |

BRAUN
JAN 15 1998

*Talent fees may not include usages.

Am # 815
009-2428.5714
Tom Burgess 1/12/98

RECEIVED
JAN 16 1998
ACCOUNTS PAYABLE

| SUBTOTAL | $ 1,358.00 |
|---|---|
| SALES TAX 5 % | $ 67.90 |
| TOTAL | $ 1,425.90 |
| AMOUNT DUE: | $ 1,425.90 |

TERMS: PAYABLE UPON RECEIPT
LATE CHARGE    % per mo. after 30 days.

TALENT BILLED DIRECT:

Rights granted only upon full payment of this invoice; subject to terms and conditions on reverse.

SIGNED                                                                    DATE

GLTC 427