IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 04-CV-10913-WGY |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO GILLETTE

Pursuant to Fed. R. Civ. P. 33, Plaintiff Photographic Illustrators Corporation ("PIC") requests that Defendant, The Gillette Company ("Gillette"), answer the following interrogatories within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

1. The definitions contained in D. Mass. Local Rule 26.5 are incorporated by reference as though set forth fully herein. Attention is drawn, in particular (but without limitation), to the definitions provided therein of "document," "communication," "identify" and "concerning."

2. The definition of the "document" is specifically supplemented (if necessary) to include electronic documents and electronic mail.

3. The terms "you" and "Gillette" means Defendant, The Gillette Company, any of its present or former related entities, including without limitation the entities known as Braun, Duracell, and Oral-B, former agents and employees of the same, and any other persons acting on behalf of the same, including directors, officers, lawyers and consultants.

829574.1

4. The term "PIC" means Plaintiff, Photographic Illustrators Corporation.

5. The term "images" means photographs and photographic materials, including but not limited to prints, negatives, transparencies, slides, and digital image files stored in any media.

6. "Any" shall encompass "any and all."

7. "Or" and "and" shall encompass "and/or" so as to be the most inclusive in each case.

## INTERROGATORIES

1. Identify every Gillette catalog containing any image(s) created by PIC. Please include catalogs containing image(s) with origin(s) that are uncertain to you.

2. Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the catalogs identified in the preceding interrogatory.

3. With respect to each of the catalogs identified in Interrogatory No. 1, state:

   a. The number of copies distributed.

   b. The geographic scope of distribution.

   c. The date on which the catalog was first printed.

   d. The date on which the catalog was last printed.

   e. The date on which the catalog was first distributed.

   f. The date on which the catalog was last distributed.

   g. and identify every recipient and all documents concerning the information responsive to this interrogatory.

2

4. Identify all Gillette product packaging and point-of-purchase displays including any image(s) created by PIC. Please include packaging and point-of-purchase displays including image(s) with origin(s) that are uncertain to you.

5. Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the product packaging and point-of-purchase displays identified in the preceding interrogatory.

6. With respect to each product packaging and point-of-purchase display identified in Interrogatory No. 4, state:

    a. The number of copies distributed.

    b. The geographic scope of distribution.

    c. The date on which it was first printed.

    d. The date on which it was last printed.

    e. The date on which it was first distributed.

    f. The date on which it was last distributed.

    g. and identify every recipient and all documents concerning the information responsive to this interrogatory.

7. Identify all Gillette trade show displays including any image(s) created by PIC. Please include trade show displays including image(s) with origin(s) that are uncertain to you.

8. Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the trade show displays identified in the preceding interrogatory.

9. With respect to each of the trade show displays identified in Interrogatory No. 7, state:

    a. The number of copies distributed.

3

      b. The geographic scope distribution.

      c. The date on which it was first displayed.

      d. The date on which it was last displayed.

      e. The name, location and date of every trade show at which it was displayed and the name of each person involved in Gillette's display at that trade show.

      f. The date on which it was first distributed.

      g. The date on which it was last distributed.

      h. and identify all documents concerning the information responsive to this interrogatory.

10. Identify all documents concerning the use of images created by PIC in Gillette's Internet web sites, including without limitation the websites displayed at the domain names <gillette.com> and <theessentials.com>.

11. Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for Gillette's Internet web sites.

12. Identify all promotional items manufactured or distributed by or for Gillette such as cups, mugs, t-shirts, pens, posters, or any other items that incorporate in whole or in part any image created by PIC and all documents concerning the same.

13. Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for promotional items identified in Interrogatory No. 12.

14. With respect to each of the promotional items identified in Interrogatory No. 12, state:

      a. The number of copies distributed.

      b. The geographic scope of distribution.

      c. The date on which it was first made.

      d. The date on which it was last made.

      e. The date on which it was first distributed.

      f. The date on which it was last distributed.

      g. and identify every recipient and all documents concerning the information responsive to this interrogatory.

15. Identify all documents concerning any contract or agreement, either executed, in effect, proposed, considered or unexecuted, between PIC and Gillette.

16. Identify all documents concerning any payments made by Gillette to PIC.

17. Identify all documents concerning any communications between Gillette and PIC.

18. Identify all documents concerning any communications between Gillette and any other person or entity regarding PIC's images or PIC.

19. Identify all documents concerning any communications within Gillette concerning PIC's images or PIC.

20. Identify all documents concerning PIC's images or PIC.

21. Identify all documents concerning any investigation by Gillette concerning PIC's images or PIC, including without limitation any index of PIC's photographic materials created by Gillette.

22. Identify all documents concerning Gillette's duplication of images created by PIC, including without limitation documents concerning Gillette's orders from Advanced Photographics, Inc. of Danvers, Massachusetts and other development laboratories.

Please include documents concerning orders for duplication of image(s) with origin(s) that are uncertain to you.

23. Identify all documents reviewed or examined in Gillette's preparation of its responses to Plaintiff's Interrogatories to Gillette or Plaintiff's Requests for Production to Gillette.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: October 4, 2004

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000

6

## CERTIFICATE OF SERVICE

      I certify that on October 4, 2004 a copy of the above document was served upon the following counsel of record by hand:

Richard Gelb, Esq.
20 Custom House St.
Boston, MA 02110

_____
Michael N. Rader