IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

   Plaintiff,

v.

THE GILLETTE COMPANY,

   Defendant.

Civil Action No. 04-CV-10913-WGY

### PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO GILLETTE

Pursuant to Fed. R. Civ. P. 34, Plaintiff Photographic Illustrators Corporation ("PIC") requests that Defendant, The Gillette Company ("Gillette"), produce the following documents and things within thirty (30) days.

### DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in Plaintiff's First Request for Production to Gillette are incorporated by reference. Particular attention is drawn to the definitions provided in D. Mass. Local Rule 26.5 for "document," "communication" and "concerning."

The definitions of "document" and "communication" are specifically supplemented (if necessary) to include electronic documents and electronic mail.

### DOCUMENTS REQUESTED

21. All documents and communications concerning the allegations made in Gillette's Affirmative Defenses and Counterclaims filed November 15, 2004.

22. All documents and communications concerning the Agreements referred to in Gillette's Second Affirmative Defense.

23. All documents and communications concerning Gillette's alleged defenses of acquiescence, laches, waiver and/or estoppel.

24. All documents and communications concerning Gillette's alleged defense of statute of limitations.

25. All documents and communications concerning Gillette's allegation that it has a "license to use the photographs in the manner alleged by plaintiff."

26. All documents and communications concerning Gillette's allegation, in Paragraph 15 of its Amended Answer, that "the Purported Terms are of no legal force or effect and do not govern the parties' relationship."

27. All documents and communications concerning Gillette's allegation, in Paragraph 18 of its Amended Answer, that PIC and/or Mr. Picone intend "to make use of such photographs in commerce without Gillette's authorization."

28. All communications between Beth Cooper and PIC or Mr. Picone.

29. All documents and communications concerning any meeting or discussion between Beth Cooper and PIC or Mr. Picone in February 2004, March 2004, April 2004 or May 2004.

30. All electronic mail communications to or from Beth Cooper concerning any subject matter referenced in the pleadings in this case.

31. All electronic mail communications concerning any subject matter referenced in the pleadings in this case.

32. All documents or communications of any kind concerning any subject matter referenced in the pleadings in this case.

33. The notes that Beth Cooper brought with her to her March 1, 2004 meeting with Mr. Picone.

34. All notes written by Beth Cooper concerning any meeting or discussion with PIC or Mr. Picone.

35. All electronic mail communications with PIC, Mr. Picone or any employee of PIC.

36. All electronic mail communications concerning PIC or Mr. Picone.

37. All documents concerning Gillette's allegation, in Paragraph 43 of its Amended Answer, that "payment therefore has been set aside," including without limitation all documents concerning the escrow agent who holds those funds, and the escrow account in which the funds have been set aside.

38. All documents concerning duplication or reproduction of images provided by PIC at third-party laboratories.

39. All documents concerning gross revenue, costs, and profits for every product that Gillette advertised or marketed with images provided by PIC.

40. All documents concerning Gillette's advertising of every product that Gillette advertised or marketed with images provided by PIC.

41. All documents concerning sales of Gillette products that occurred at or resulted from trade shows where Gillette's displays included images provided by PIC.

42. All market studies, consultant reports, memoranda, email messages, or other documents relating to the effectiveness of Gillette's advertising, trade shows, point-of-sale displays or product packaging.

43. All documents reflecting the percentage of sales of any Gillette product attributable to advertising.

44. All documents reviewed or examined in Gillette's preparation of its responses to Plaintiff's Second Set of Interrogatories to Gillette or reviewed or examined in Gillette's preparation of its responses to these Requests for Production.

45. All documents identified in Gillette's responses to Plaintiff's Second Set of Interrogatories to Gillette.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: November 22, 2004

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000

## CERTIFICATE OF SERVICE

I certify that on November 22, 2004 copies of Plaintiff's Updated Initial Disclosures, Plaintiff's Second Set of Interrogatories, and Plaintiff's Second Request for Production were served upon the following counsel of record by hand:

>Richard Gelb, Esq.
>20 Custom House St.
>Boston, MA 02110

_____
Michael N. Rader