# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
DAVID WEILD III
STEPHEN BIGGER
MICHAEL I. DAVIS
ROGER L. ZISSU
MARIE V. DRISCOLL
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
LISA PEARSON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
GEORGES NAMITCHEVANSKY
CRAIG S. MENDE
PATRICK T. PERKINS
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
MARIA A. SCUNGIO

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N.Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

JAMES D. SILBERSTEIN
RUTH E. LAZAR
JOYCE M. FERRARO
PHILIP T. SHANNON
MICHELLE P. FOXMAN
COUNSEL

ROBERT A. BECKER
TAMAR NIV BESSINGER
ANGELA KIM
LYDIA T. GOBENA
MICHAEL CHIAPPETTA
JESSICA MANN
EVAN GOURVITZ
CARLOS CUCURELLA
NANCY C. DICONZA
ZOE HILDEN
LAUREN J. MANDELL
JAMES D. WEINBERGER
JASON M. VOGEL
VEJAY G. LALLA
DAVID I. GREENBAUM
DAVID DONAHUE
CHARLOTTA MEDER
MELISSA A. ANTONECCHIA
NANCY E. SABADDA
LAURA POPP-ROSENBERG

January 21, 2005

**VIA FACSIMILE**

Michael N. Rader, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206

Re:  *Photographic Illustrators Corp. v. Gillette*, 04-CIV-10913-WGY
      (Our Ref: GLTC USA TC 0420298)

Dear Michael:

I write in response to your letter of January 20, 2005 addressed to David Donahue in an effort to obviate the need for motion practice. I address your points in the order set forth in your letter. Please note that Gillette reserves the right to supplement its responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## I.  ELECTRONIC MAIL AND DOCUMENTS

You have requested "all documents – including electronic documents – concerning the use of PIC's images in various media." You have also requested "all documents – including electronic documents – concerning any communications between Gillette and PIC, between Gillette and any third party, and internal to Gillette, concerning PIC's images or PIC" and "all e-mail communications concerning the subject matter of this case" and "concerning PIC or Mr. Picone."

Our client has advised us that on several occasions all Gillette personnel who had contact with PIC and Mr. Picone were instructed to search their paper files and computer hard drives for any of the responsive documents set forth above, including e-mails. We

Michael N. Rader, Esq.
January 21, 2005
Page 2

are told by the client that all responsive documents have been gathered and produced to you.

It is our understanding that process of retrieving deleted e-mails is burdensome and time-consuming – particularly in light of the broad nature of your request. However, Gillette is willing to cooperate and is open to any reasonable proposal you might have in connection with deleted e-mails that will not require Gillette to incur undue burden and expense.

## II. ELECTRONIC COPIES OF GILLETTE'S WEB SITES

You have requested "electronic copies of all of Gillette's web sites, annually for the past six years." We have been advised that Gillette's IT personnel confirmed that it does not keep any prior electronic version of its web sites. Gillette has also confirmed that the entity that operates Gillette's web sites also does not keep any such materials.

As for your request for an electronic copy of the current web site, we believe such request is not appropriate. The web site is publicly available to you for review. If you would like us to print out each page of the Gillette web site, we will do so at your request.

## III. DOCUMENTS RELATED TO GILLETTE'S INVESTIGATION AND INDEX OF PHOTOGRAPHIC MATERIALS

You have asked for "all documents concerning Gillette's investigation of PIC's images, including the index that Gillette stated it created." Your letter, however, misstates our response. In response to Request No. 15 we stated, in relevant part, that "Gillette will produce *non-privileged* documents currently in Gillette's possession, custody or control, *if any*, responsive to this Request." (Emphasis added.) The documents you list in your letter are protected by the work product privilege as they were prepared in the anticipation of litigation in response to your client's claim. No non-privileged documents responsive to the request exist.

## IV. CATALOGS AND OTHER MARKETING MATERIALS

Your Request No. 1 calls for "all of Gillette's catalogs containing PIC's images." Gillette has advised us that it has directed all relevant Gillette personnel to gather all catalogs, brochures and other marketing materials in Gillette's possession that may contain PIC photographs. Additional responsive materials have just been located and will be produced to you next week. In addition, with respect to the 2004 and 2005 materials, we will ask the client to gather them and will produce them to you.

Michael N. Rader, Esq.
January 21, 2005
Page 3

## V. INVOICES

Gillette has advised us that its accounting department has produced all of the invoices in its files. As you know, we have objected to production of invoices prior to December 1997 since any claim thereon is barred by the statute of limitations. Nevertheless, we have asked Gillette to search its records to determine whether it even has invoices going back that far and whether the invoices kept by the accounting department include PIC's purported terms on the reverse side.

## VI. TRADE SHOW DISPLAYS

You have requested "production of all trade show booths." You also state that you are "aware that Gillette employs a photographer to photograph its trade show booths at every trade show, that Gillette maintains an archive of those photographs, and that Gillette has a trade show group within its organization with responsibility for these items." Please let us know the basis for your claim. Gillette has advised us that it has searched for but could not locate any Gillette trade show displays containing PIC's images and that Gillette does not keep materials concerning trade shows in the normal course of business. We have asked Gillette to determine if there is an archive of trade show booth photographs and whether there is a "trade show group" within Gillette and will get back to you as soon as possible.

## VII. PRIVILEGE LOG

We are aiming for providing a privilege log to you by Monday.

## VIII. DOCUMENTS PERTAINING TO REPRODUCTION OF PIC'S IMAGES

You have asked for "all documents concerning ... duplication" of PIC's images. Gillette has made a reasonable effort to search for responsive materials, all of which have been produced.

## IX. GILLETTE'S REVENUE AND PROFIT INFORMATION

You have requested that Gillette produce a "statement of [its] gross revenues, costs and profits for products that Gillette advertised or marketed using PIC's images, broken down by year and product ... as well as information about Gillette's advertising expenditures and the effectiveness of its advertising ...." Gillette informs us that it does not keep records in the manner you have requested. Moreover, the burden on Gillette to create the kind of "statement" you are requesting is disproportional to what is at issue in the case.

In addition, we note that you have provided no 1st Circuit authority for your novel damage theory. And as for the Ninth Circuit case upon which you do rely, *Polar Bear*

Michael N. Rader, Esq.
January 21, 2005
Page 4

*Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708(9th Cir. 2004), you misstate the holding of the case. In that case, the Ninth Circuit made clear that, "[u]nder § 504(b), actual damages must be suffered 'as a result of the infringement,' and recoverable profits must be 'attributable to the infringement.' From the statutory language, it is apparent that a causal link between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and profits. We take this opportunity to reaffirm the principle that a plaintiff in a § 504(b) action must establish this causal connection, and that this requirement is akin to tort principles of causation and damages."

As a matter of law, there is no possibility of PIC showing a causal connection between the use of its photographs and any sales of Gillette product.

## X.  CONFIDENTIAL DOCUMENTS AND PROTECTIVE ORDER

Gillette is not currently withholding any documents on the basis of confidentiality.

## XI.  CONCLUSION

As you can see, we are in agreement on almost every category. Gillette has produced, or is in the process of producing, all responsive documents within its possession, custody, or control. The only issue on which we have not agreed to produce documents is the revenue and profits information.

We hope that, based upon Gillette's full cooperation, you will not file what would be an unnecessary motion.

Very truly yours,

Patrick T. Perkins

cc: Richard Gelb, Esq.

I:\PPERKINS\GLTC\Corr\050121-Ltr.-M - Rader2.doc