IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>            Defendant. | Civil Action No. 04-CV-10913-WGY |

## DECLARATION OF PAUL K. PICONE

Paul K. Picone states as follows:

1.      I am the principal of Plaintiff Photographic Illustrators Corp. ("PIC"), the Plaintiff in the above-captioned matter.

2.      For years, PIC provided photography services to Gillette, photographing numerous lines of products including shavers and shaving products, kitchen appliances, toothbrushes and batteries (to name a few). PIC's images were used by Gillette in many types of marketing materials, including catalogs, product guides, product sheets (individual pages used to advertise particular products), Internet web site advertising, trade show booths and other media.

3.      PIC is in possession of several annual catalogs produced by Gillette's Braun division (having received the same from Gillette at various times over the years), including catalogs dating from 1999, 2000, 2001 and 2002. I have reviewed these catalogs, and each of them contains at least fifteen of PIC's images. Many of the uses of PIC's images in these catalogs appear to exceed the one-year scope of any license provided to Gillette.

4.      I am also aware that Gillette used PIC's images outside the United States, something that is not permitted under the Terms and Conditions of the parties' contracts.

Specifically, I have seen a use by Gillette of one of PIC's images in a Spanish-language catalog distributed outside of the United States.

5.  I understand from counsel that Gillette has so far produced only one catalog and a modest group of product sheets in this litigation. Based on my review of catalogs and other Gillette marketing material in PIC's possession, it seems likely that when a full production is made by Gillette, we will find that Gillette's U.S. and foreign catalogs, product guides and product sheets contain hundreds of infringements of PIC's copyrights.

6.  Over the years I provided Gillette with images that were used in at least a dozen – and probably several dozen – trade show booths.

7.  I am aware that Gillette employee Linda Mallette maintains an archive, which I believe includes an electronic database, of how advertising images such as PIC's are used. I understand that such materials have not yet been produced by Gillette in this case.

8.  On January 22, 2005 I visited a CVS store and purchased three products that bear PIC's copyrighted material. The following two shaving cream cans feature images of dollops of shaving cream that appear to be PIC's:



PIC's Photographs

9. In addition, Gillette's Mach III razor is being sold in packaging that appears to be derived from a design that PIC contributed:



10. My receipt for these purchases is shown here:

- 3 -

11. I am also aware that Gillette has continued to use my images, beyond the scope of any license, in point-of-purchase displays. For example, I saw one a few months ago at a Costco store. That display has since been removed from the store.

12. As set forth in PIC's Complaint in this case, for a period of time, Gillette purchased duplicate transparencies, negative, and prints of PIC's images from PIC, paying PIC's standard rates for such duplicates. PIC had these duplicates developed by one or more third-party development laboratories, including Advanced Photographics, Inc. ("Advanced") of Danvers, Massachusetts. Over time, however, Gillette purchased fewer and fewer duplicates from PIC, and instead purchased duplicates directly from third-party laboratories, including Advanced. I know this because the staff at Advanced told me that it happened.

13. A couple of years ago, Advanced also gave me a box of hundreds of PIC's images that Advanced had received from Gillette. Gillette provided these images to Advanced so that Advanced could produce duplicate images for Gillette. Advanced received many orders from Gillette for hundreds, if not thousands, of duplicates. This is reflected in paperwork found in the box as well as my conversations with the staff at Advanced.

Sworn to under the pains and penalties of perjury that the foregoing is true to the best of my knowledge and belief.

Dated: <u>January 25, 2005</u>       <u>/s/ Paul K. Picone</u>
                 Paul K. Picone

- 4 -