IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> THE GILLETTE COMPANY, <br><br> Defendant. | Civil Action No. 04-10913 WGY |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Defendant The Gillette Company ("Gillette"), for its responses to the First Set of Requests for Production of Documents (the "Requests") of Plaintiff Photographic Illustrators Corporation ("PIC"), states as follows:

### GENERAL OBJECTIONS

1. Gillette objects to PIC's request that Gillette "produce … documents and things within thirty (30) days." Gillette will produce documents and things at a mutually agreed upon time, manner and place as required by Federal Rule of Civil Procedure 34.

2. To the extent Definition Nos. 2, 5 and 10 encompass electronic, digital and other non-tangible materials, including email not previously printed out or transcribed, Gillette objects to these Definitions because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case and the importance of the proposed discovery in resolving the issues and because these Definitions include materials not within the scope of Federal Rule of Civil Procedure 34(a) and D. Mass. Local Rule 26.5(2).

3. Gillette objects to Definition No. 3 to the extent it defines "Gillette" and "you" to include "any of its ... former related entities" and "former agents or employees" on the grounds that it is overly broad and would require Gillette to obtain information not presently within Gillette's possession, custody or control. Gillette further objects to Definition No. 3 to the extent it would require Gillette to obtain information from individuals who are unknown to Gillette or from third parties. In accordance with the Federal Rules of Civil Procedure, Gillette shall produce information presently within its possession, custody and control.

4. Gillette objects to the Definitions and Instructions to the extent that they call for the production of information that is privileged.

5. Gillette objects to the Definitions and Instructions to the extent that they call for the production of information that is confidential.

6. Gillette object to the Requests to the extent they request documents concerning events which occurred outside the relevant statutes of limitation that govern PIC's claims and, as such, are overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise stated herein, Gillette will limit its responses to information or documents concerning events which occurred on or after May 7, 1998.

7. Gillette objects to Definition and Instruction No. 8 to the extent it seeks to impose on Gillette obligations greater than those set forth in Federal Rule of Civil Procedure 26(b)(5) concerning privilege logs.

2

8.  Gillette objects to Definition and Instruction No. 9 to the extent that the Instruction as phrased is an attempt to avoid the limitations on the number of interrogatories and is an attempt to obtain additional information more suitable to an interrogatory.

9.  Because Gillette's search of its records for the information requested in the Requests is ongoing and continuing, Gillette may develop further, more complete and/or different information than that provided in its responses thereto. Accordingly, Gillette expressly reserves its right to supplement, amend or otherwise modify its responses set forth herein.

## RESPONSES

**Request No. 1:**

Original or color copies of all Gillette catalogs containing any images created by PIC. Please include catalogs containing image(s) with origin(s) that are uncertain to you.

**Response:**

Gillette objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide. Subject to and without waiving the foregoing objections Gillette will produce examples of Gillette catalog currently within its possession, custody or control that may contain images provided by PIC.

**Request No. 2:**

All documents concerning the use of images created by PIC in Gillette catalogs.

Response:

To the extent this Request is duplicative of Request No. 1, Gillette hereby refers to and incorporates by reference its objections and response to Request No. 1. To the extent this request seeks documents "concerning" the catalogs other than the catalogs and photographs themselves, Gillette objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, vague and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Gillette will work in good faith with PIC to determine whether PIC can narrow this request to bring it within the scope of reasonable discovery.

Request No. 3:

Original or color copies of all Gillette product packaging and point-of-purchase displays that include any images created by PIC. Please include product packaging and point-of-purchase displays containing image(s) with origin(s) that are uncertain to you.

Response:

Gillette objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide. Subject to and without waiving the foregoing objections Gillette will produce examples of product packages and point-of-purchase displays currently within its possession, custody or control that may contain images provided by PIC.

**Request No. 4:**

Original or color copies of all Gillette trade show displays that include any images created by PIC. Please include trade show displays containing image(s) with origin(s) that are uncertain to you.

**Response:**

Gillette objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide. Subject to and without waiving the foregoing objections Gillette will produce examples of trade show displays currently within its possession, custody or control, if any, that may contain images provided by PIC.

**Request No. 5:**

All documents concerning the use of images created by PIC in Gillette trade show displays.

**Response:**

To the extent this Request is duplicative of Request No. 4, Gillette hereby refers to and incorporates by reference its objections and response to Request No. 4. To the extent this request seeks documents "concerning" the trade show displays other than the display materials and photographs themselves, Gillette objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, vague and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing

5

objections, Gillette will work in good faith with PIC to determine whether PIC can narrow this request to bring it within the scope of reasonable discovery.

**Request No. 6:**

Electronic copies of the entire content of each Internet web site under Gillette's control, including without limitation the web sites displayed at the domain names (gillette.com) and (theessentials.com), annually for each of the past six years.

**Response:**

Gillette objects to this Request on the grounds that is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request on the ground that it seeks information not kept within the normal course of business by Gillette and, as such, the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case and the importance of the proposed discovery in resolving the issues. Subject to and without waiving the foregoing objections, Gillette will produce web page printouts currently within its possession, custody or control that may contain any image provided by PIC.

**Request No. 7:**

All documents concerning the use of images created by PIC in the Internet web sites referred to in the previous request.

**Response:**

To the extent this Request is duplicative of Request No. 6, Gillette hereby refers to and incorporates by reference its objections and response to Request No. 6. Subject to and without waiving the foregoing objections, Gillette will produce all web page printouts currently within Gillette's possession, custody or control that may contain any image provided by PIC, as well as

6

other documents currently within Gillette's possession, custody or control, if any, including Invoices and correspondence, concerning the photographs provided by PIC displayed on such printouts.

**Request No. 8:**

All documents concerning any use of images created by PIC in any promotional items including without limitation cups, mugs, t-shirts, pens, and posters.

**Response:**

At this time, Gillette does not recall using photographs provided by PIC on the types of promotional materials set forth in Request No. 8. Accordingly, there are no documents responsive to this Request.

**Request No. 9:**

All documents concerning any contract or agreement, either executed, in effect, proposed, considered or unexecuted, between PIC and Gillette.

**Response:**

To the extent this Request would require Gillette to produce "all documents" concerning the matters addressed therein, Gillette objects on grounds that the Request is overly broad, unduly burdensome, oppressive, vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Gillette responds that there are no written agreements between the parties. Gillette further responds that it will produce non-privileged documents in Gillette's possession, custody or control responsive to the remaining portions of this Request.

**Request No. 10:**

All documents concerning any payments made by Gillette to PIC.

**Response:**

To the extent this Request would require Gillette to produce "all documents" concerning the matters addressed therein, Gillette objects to this Request on the ground that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request to the extent it is duplicative of PIC's other Requests herein. Subject to and without waiving the foregoing objections Gillette will produce copies of PIC Invoices currently in its possession, custody or control.

**Request No. 11:**

All documents concerning any communications between Gillette and PIC.

**Response:**

To the extent this Request would require Gillette to produce "all documents" concerning the matters addressed therein, Gillette objects to this Request on the ground that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request to the extent it is duplicative of PIC's other Requests herein. Subject to and without waiving the foregoing objections Gillette will produce copies of non-privileged documents reflecting communications between PIC and Gillette currently in Gillette's possession, custody or control.

**Request No. 12:**

All documents concerning any communications between Gillette and any other person or entity regarding PIC's images or PIC.

**Response:**

To the extent this Request would require Gillette to produce "all documents" concerning the matters addressed therein, Gillette objects to this Request on the ground that it is overly

broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request to the extent it is duplicative of PIC's other Requests herein. Subject to and without waiving the foregoing objections, Gillette will produce non-privileged documents currently in Gillette's possession, custody or control, if any, responsive to this Request.

**Request No. 13:**

All documents concerning any communications within Gillette concerning PIC's images or PIC.

**Response:**

To the extent this Request would require Gillette to produce "all documents" concerning the matters addressed therein, Gillette objects to this Request on the ground that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request to the extent it is duplicative of PIC's other Requests herein. Subject to and without waiving the foregoing objections, Gillette will produce copies of non-privileged documents reflecting communications within Gillette concerning PIC's images or PIC currently in Gillette's possession, custody or control.

**Request No. 14:**

All documents concerning PIC's images or PIC.

**Response:**

Gillette objects to this Request because it is duplicative of the other Requests herein. Gillette hereby incorporates by reference in this response its objections and responses to PIC's other Requests.

**Request No. 15:**

All documents concerning any investigation by Gillette concerning PIC's images or PIC, including without limitation any index of PIC's photographic materials created by Gillette.

**Response:**

Pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce non-privileged documents currently in Gillette's possession, custody or control, if any, responsive to this Request.

**Request No. 16:**

All documents concerning Gillette's duplication of images created by PIC, including without limitation documents concerning Gillette's orders from Advanced Photographics, Inc. of Danvers, Massachusetts and other development laboratories. Please include documents concerning orders for duplication of image(s) with origin(s) that are uncertain to you.

**Response:**

Gillette objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Gillette will produce non-privileged documents currently in its possession, custody or control, if any, concerning Gillette's use of third-parties to obtain duplicates of images provided by PIC.

**Request No. 17:**

Gillette's document retention and/or destruction policy, if any.

**Response:**

Gillette will produce the requested document.

**Request No. 18:**

All copyright applications and copyright registrations filed or received by Gillette for images of its products in the last ten years.

**Response:**

Gillette objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Request to the extent it would require Gillette to produce documents that PIC may obtain itself from public sources, such as the U.S. Copyright Office. Subject to and without waiving the foregoing objections, Gillette will produce all non-privileged documents currently in Gillette's possession, custody or control responsive to this Request.

**Request No. 19:**

All documents reviewed or examined in Gillette's preparation of its responses to Plaintiff's Interrogatories to Gillette or Plaintiff's Requests for Production to Gillette.

**Response:**

Gillette hereby refers to and incorporates by reference its objections to PIC's First Set of Interrogatories to Gillette and its other Requests herein. Subject to and without waiving such objections, Gillette will produce all non-privileged documents currently in Gillette's possession, custody or control, if any, responsive to this Request.

**Request No. 20:**

All documents identified in Gillette's responses to Plaintiff's Interrogatories to Gillette.

**Response:**

Gillette hereby refers to and incorporates by reference its objections to PIC's First Set of Interrogatories to Gillette. Subject to and without waiving such objections, Gillette will produce all non-privileged documents currently in Gillette's possession, custody or control, if any, responsive to this Request.

Respectfully submitted,

November 3, 2004

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
Patrick T. Perkins (Admitted *pro hac vice*)
David Donahue (Admitted *pro hac vice*)
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP
Richard M. Gelb (BBO#188240)
Robert S. Messinger (BBO# 651396)
20 Custom House Street
Boston, MA 02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant The Gillette Company*

I:\ddonahue\GLTC\COURT DOCS\041027-0420298- Resp. to PIC's Document Requests-dd.doc