# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
DAVID WEILD III
STEPHEN BIGGER
MICHAEL I. DAVIS
ROGER L ZISSU
MARIE V. DRISCOLL
RICHARD Z LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
LISA PEARSON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
GEORGES NAHITCHEVANSKY
CRAIG S. MENDE
PATRICK T PERKINS
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
MARIA A. SCUNGIO

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N.Y. 10017

TELEPHONE (212) 813-5900
FACSIMILE (212) 813-5901
E-MAIL fzlz@frosszelnick.com

JAMES D SILBERSTEIN
RUTH E. LAZAR
JOYCE M. FERRARO
PHILIP T SHANNON
MICHELLE P. FOXMAN
    COUNSEL

ROBERT A. BECKER
TAMAR NIV BESSINGER
ANGELA KIM
LYDIA T. GOBENA
MICHAEL CHIAPPETTA
EVAN GOURVITZ
CARLOS CUCURELLA
NANCY C. DICONZA
ZOE HILDEN
LAUREN J. MANDELL
JAMES D WEINBERGER
JASON M. VOGEL
VEJAY G LALLA
DAVID I GREENBAUM
DAVID DONAHUE
CHARLOTTA MEDER
MELISSA A. ANTONECCHIA
NANCY E. SABARRA
LAURA POPP-ROSENBERG
CARA A. BOYLE
IRENE SEGAL AYERS
JOHN M. GALLAGHER

December 1, 2004

**VIA FACSIMILE**

Michael A. Albert, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206

    Re:    *Photographic Illustrators Corp. v. Gillette*, 04-CIV-10913-WGY
           (Our Ref: GLTC USA TC 0420298)

Dear Michael:

    I write in response to your letter of November 22, 2004 and further to David Donahue's initial response of November 23, 2004, as well as in response to your letter of today's date. I address the issues in your November 22, 2004 letter in the order in which they are presented therein.

    First, your implication in the first paragraph of your letter that Gillette has delayed production of documents is baseless. Consistent with its obligation under the Federal Rules, Gillette provided timely answers to plaintiff's discovery requests. Moreover, in its very first General Objection to plaintiff's First Request for Production, Gillette made clear its objection to plaintiff's unilateral and improper directive that Gillette produce documents within thirty (30) days and clearly stated that it would produce documents "at a <u>mutually</u> agreed upon time, manner and place as required by Federal Rules of Civil Procedure 34." That you delayed nearly three weeks in contacting us to establish the "mutually agreed upon" manner of production of documents is your responsibility and yours alone. Clearly, the timeframe for the case set by the Court is not sufficiently compressed to have motivated you to contact us promptly upon receipt of Gillette's discovery responses to arrange for review of documents. Your transparent attempt to "make a record" of delay by Gillette is unfortunate and inappropriate. Moreover, your unfortunate delay was exacerbated by your having waited until the Monday before

Michael A. Albert, Esq.
December 1, 2004
Page 2

Thanksgiving to contact us and to demand access to Gillette's documents prior to the end of the truncated holiday week.

### TIMETABLE FOR INSPECTION AND PRODUCTION

David has previously advised you that approximately one box of responsive documents is in our offices. We understand that you have agreed to pay for copying of these documents and, as a result, they are being numbered and copied and should be mailed to you soon.

In addition, another group of documents, including but not limited to any remaining original photographs provided by Mr. Picone that remain in Gillette's possession, custody or control, are being made available for review at Gillette's headquarters on Thursday, December 2, 2004.

### ELECTRONIC MAIL AND DOCUMENTS

Your letter misstates Gillette's objection relating to electronic mail and other non-tangible materials. The objection is not a refusal to produce all such materials. Rather, it is an objection to plaintiff's blanket requirement that Gillette be required to produce all electronic documents, regardless of their probative value and the costs associated with retrieving such documents.

Gillette's initial production will include those e-mails that Gillette has been able to locate as well as some accounting printouts. Gillette is currently looking into what, if any, electronic archives of deleted electronic mail or other electronic documents may exist and, if such archives do exist, what, if any, costs may be associated with searching for and retrieving documents relevant to the case.

### CATALOGS

Gillette does not, as a matter of course, keep an archive of the catalogs at issue. In this connection, we note that the catalogs at issue in this case rarely, if ever, were distributed to end consumers. Thus, it should come as no surprise that Gillette does not keep these materials. If any thing, as you yourself acknowledge, the "size" of Gillette makes gathering documents responsive to plaintiff's extremely broad requests more challenging. As for your equating parties to whom Gillette has "access" with its having "control" over such parties, such position is clearly wrong. For example, it is our understanding that Mr. Picone has, over the years, been provided with copies of Gillette's catalogs. While Gillette has access to Mr. Picone, it can hardly be said to have control over him. Gillette has actively searched those locations under its control.

To date, Gillette has gathered those prior catalogs (as well as point of sale displays) it has been able to locate. Its efforts to locate more of them, if any, is ongoing.

**COPIES OF GILLETTE'S WEB SITES**

To date, Gillette has not found any copies of prior versions of its web sites, including electronic copies. Gillette continues its search for copies of past web sites.

**PROTECTIVE ORDER**

No documents are being withheld on the basis of confidentiality. Thus, a protective order is currently unnecessary from Gillette's perspective. However, if your client is withholding documents on the basis of confidentiality, we request that you provide a draft protective order for our review.

* * *

We trust that this letter adequately addresses all of your stated concerns about Gillette's responses to discovery, thus avoiding any need for plaintiff to make a motion to compel. If you have any further concerns, please do not hesitate to contact us.

Very truly yours,

Patrick T. Perkins

PTP:rf

cc: David Donahue, Esq.

I:\PPERKINS\GLTC\Corr\041201-Ltr.-M. Albert.doc