IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>    Defendant. | Civil Action No. 04-CV-10913-WGY<br><br>**EXPEDITED CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(c)** |

## **MOTION FOR CLARIFICATION OF THE COURT'S FEBRUARY 1, 2005 ORDER**

Plaintiff Photographic Illustrators Corporation ("PIC") requests clarification of the Court's February 1, 2005 Electronic Order on PIC's Motion to Compel (Docket #32).

PIC's Motion to Compel requested that the Court order Defendant The Gillette Company ("Gillette") to respond to PIC's Interrogatory No. 24 and Document Request No. 42, which call for Gillette to:

> State the gross revenue, cost, and profits for every product that Gillette advertised or marketed with images provided by PIC. Your answer should be broken down by year and product.

(Docket #33 at 19 & Exhibit H).

> [Produce] All market studies, consultant reports, memoranda, email messages, or other documents relating to the effectiveness of Gillette's advertising, trade shows, point-of-sale displays or product packaging.

(Docket #33 at 19 & Exhibit I).

The Court's February 1, 2005 Order did not address these particular discovery requests.

The requested information is highly relevant to PIC's claim that it is entitled to recover an appropriate portion of Gillette's profits from the products that Gillette marketed and sold with infringing uses of PIC's photographic materials.

Such recovery is explicitly provided for in the Copyright Act, which states that the "***copyright owner is entitled to recover … any profits of the infringer that are attributable to the infringement*** and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b) (emphasis added).  Ample case law, directly on point, agrees:

- Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 712 (9th Cir. 2004) (affirming award of infringer's profits from sale of watches attributable to infringing use of copyrighted advertising material in trade show booths).

- Andreas v. Volkswagen of America, Inc., 336 F.3d 789 (8th Cir. 2003) (*reversing* district court's grant of JMOL and *reinstating* jury's award of infringer's profits from sale of cars attributable to infringing use of copyrighted advertising material in television commercials).

- Fournier v. Erickson, 242 F. Supp. 2d 318, 327 (S.D.N.Y. 2003) ("Fournier is entitled to present evidence as to McCann's overall profits from supplying Microsoft advertising and marketing services relating to its Windows 2000 product line.").

The rule is designed to "prevent the infringer from unfairly benefiting from a wrongful act" of copyright infringement. Nimmer on Copyright § 14.03, p. 14-35 (2004).

In this case, Gillette systematically infringed PIC's copyrights by using PIC's photographic materials without regard to the scope of any licenses that Gillette had purchased. PIC is entitled to recover an appropriate portion of Gillette's resulting profits at trial, and the requested discovery should therefore be compelled.

According to Nimmer, the leading treatise on copyright law, the infringer's profits are an area "ripe" for discovery:

> The defendant is required to render a true and complete accounting.  That accounting should be subject to penalties for contempt and perjury in appropriate circumstances.  In any event, defendant's profits are an area in which discovery is ripe.

Nimmer on Copyright § 14.03, p. 14-56 (2004).

Because the Court's February 1, 2005 Order did not address discovery regarding Gillette's profits attributable to its infringement, PIC respectfully requests clarification of that Order.

It should be noted that, because Gillette admittedly did not implement a system for keeping track of which of its products were photographed by PIC (versus other vendors), as a courtesy PIC has now provided Gillette with a list of the Gillette products for which revenue, cost and profit information is sought. (Exhibit A). Accordingly, in responding to PIC's Interrogatory No. 24, Gillette need only provide the requested financial information for the products identified in Exhibit A.

## CONCLUSION

Gillette should be compelled to respond fully to PIC's Interrogatory No. 24 and Document Request No. 42.

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

The undersigned certifies that counsel for PIC consulted with counsel for Gillette in a good faith effort to narrow the areas of disagreement to the greatest extent possible, but that PIC's effort was unsuccessful. This motion complies with the requirements of Local Rule 37.1.

## LOCAL RULE 5.1(c) REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to Local Rule 5.1(c), PIC respectfully requests that this motion be given expedited consideration because fact discovery is scheduled to close in 21 days.

- 4 -

## **LOCAL RULE 7.1(d) REQUEST FOR ORAL ARGUMENT**

PIC respectfully requests the opportunity to appear for oral argument on this motion.

                                      Respectfully submitted,

                                      PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

                                      By its counsel,

Dated: February 4, 2005                  /s/ Michael N. Rader
                                                Michael A. Albert, BBO #558566
                                                malbert@wolfgreenfield.com
                                                Michael N. Rader, BBO # 646990
                                                mrader@wolfgreenfield.com
                                                WOLF, GREENFIELD & SACKS, P.C.
                                                600 Atlantic Ave.
                                                Boston, MA 02210
                                                (617) 646-8000