IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

       Plaintiff,

v.

THE GILLETTE COMPANY,

       Defendant.

Civil Action No. 04-CV-10913-WGY

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties anticipate that discovery in this case will involve the disclosure of confidential information, and therefore agree to the following Protective Order under Rule 26 of the Federal Rules of Civil Procedure.

1.    Designation of Confidential Material.

     (a)    General. Any documents, materials, tangible things, items, testimony or other information filed with the Court, or produced or provided by any party in connection with this litigation ("Producing Party" or "Designating Party") to another party ("Receiving Party"), may be designated as "Confidential". All such information and material derived from it constitutes "Designated Material" under this Protective Order. As a general guideline, Designated Material shall be so designated for the purposes of avoiding invasion of privacy or protecting proprietary information, confidential business or financial information, trade secrets, or personal or financial affairs.

     (b)    Designation Procedure. A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items or information, or portions thereof, at the time such information is disclosed, or when the party seeking

protection becomes aware of the nature of the information disclosed and sought to be protected.  Designation shall be made by marking or stamping the documents, materials, items or information "Confidential" on all pages (or, if applicable, paragraphs).  In the case of information stored on electronic media, the items produced shall be marked or stamped on the media if possible.  In the case of information produced for inspection, but not yet provided to the inspecting party, such information shall presumptively be deemed "Confidential" regardless of whether so identified, until copies thereof are produced to the inspecting party.

        (c)    <u>Designation Procedure For Deposition Testimony</u>.  With respect to deposition testimony, the witness under deposition, or his/her counsel, or any counsel representing any person at the deposition, shall invoke the provisions of this Protective Order in a timely manner, giving adequate warning to all persons present that testimony given, about to be given or solicited is "Confidential".  The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Protective Order on the record at the deposition shall have fifteen (15) days following the deposition in which to correct the failure.  Notice of such correction shall be made in writing to the reporter, with copies to all other counsel of record, designating the portion(s) of the transcript that contain confidential information, and directing that such portion(s) of the transcript be marked accordingly.  Until such thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential."

    2.    <u>Use of Designated Material</u>.  Absent a specific order by this Court, Designated Material shall be used by the persons or entities to whom such information is disclosed solely for purposes of this litigation and not for any business, competitive, or governmental purpose

or function, and such information shall not be disclosed to anyone except as provided under this Protective Order.

3. <u>Access to Material Designated "Confidential."</u>  Material designated "Confidential" under this Protective Order, and copies, extracts, compilations, summaries and other materials that include or reflect such Designated Material, may not be provided to any third party except as provided in paragraph 4.  Material designated "Confidential" may be submitted to the Court only if submitted under seal in accordance with Paragraph 6 below.

4. <u>Consultants and Experts</u>.  Designated Material may be provided to bona fide independent consultants or experts and their staffs only after such consultant or expert completes and executes a copy of the Acknowledgement attached hereto as Exhibit A.

5. <u>Treatment of Designated Material</u>.  Copies of Designated Material may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation.

6. <u>Filing of Designated Material with the Court</u>.  Where filed with the Court (as pleadings or evidence), Designated Material shall be delivered sealed to the Clerk of the Court and shall not be available to public inspection.  Envelopes or containers used to seal such documents shall bear the notation, "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND IS BEING SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" and shall state the party or person who designated any confidential information that the document contains.  No such sealed envelope or container shall be provided to any individual not otherwise permitted to view the relevant Designated Material under this Protective Order.

7. <u>Errors in Designation</u>.  A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction

promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

8.      <u>Improper Disclosure</u>.  If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

9.      <u>Objections to Designations</u>.  If at any time during the pendency of this litigation any party claims that information is not appropriately designated (the "Objecting Party"), the Objecting Party may serve a captioned notice of objection on the Designating Party.  Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing.  If the Designating Party and the Objecting Party cannot resolve the dispute by informal conference, the Designating Party may move for a protective order from the Court within ten (10) calendar days from service of the Designating Party's written response.  The original designation shall remain effective until the Court enters an order concerning the materials.

10.     <u>Use of Designated Material at Trial</u>.  If a party seeks to introduce Designated Material into evidence at trial, that party shall promptly inform the Court of the confidential

nature of the information and request that only the jury, Court personnel, and those persons permitted access to such information under this Protective Order be present in the courtroom during the presentation of such evidence.  The designation of trial transcripts shall be handled in the same manner as deposition transcripts unless the Court sets a different procedure for trial.

      11.    <u>Inadmissibility of Designation</u>.  Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential or a trade secret.

      12.    <u>Inadvertent Production</u>.  Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials.  The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product and no Producing Party shall be held to have waived any rights thereunder by inadvertent production.  If a Producing Party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the Producing Party shall promptly give written notice to counsel for the Receiving Party.  The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party.  The Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

      13.    <u>Final Disposition of Designated Material</u>.  Upon termination of this litigation following settlement or final judgment (including exhaustion of all appeals), the originals and

all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel, within sixty (60) days.  However, attorneys of record may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.  If Designated Material is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed.

      14.    <u>Survival</u>.  The terms of this Protective Order shall survive termination of this litigation.

| | |
|---|---|
| Dated: <u>February 4, 2005</u> | Dated: <u>February 4, 2005</u> |
| PHOTOGRAPHIC ILLUSTRATORS CORP. | THE GILLETTE COMPANY, |
| By its counsel, | By its counsel, |
| /s/ Michael A. Albert<br>Michael A. Albert, BBO #558566<br>malbert@wolfgreenfield.com<br>Michael N. Rader, BBO # 646990<br>mrader@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Ave.<br>Boston, MA 02210<br>(617) 646-8000 | /s/ Richard M. Gelb<br>Richard M. Gelb (BBO#188240)<br>rgelb@gelbgelb.com<br>GELB & GELB LLP<br>20 Custom House Street<br>Boston, MA 02110<br>(617) 345-0010<br><br>/s/ Patrick T. Perkins<br>Patrick T. Perkins<br>pperkins@frosszelnick.com<br>Fross Zelnick Lehrman & Zissu, P.C.<br>866 United Nations Plaza<br>New York, NY 10017<br>(212) 813-5900 |

Dated: February __, 2005

**SO ORDERED:**

_____
The Honorable William G. Young
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

       Plaintiff,

v.

THE GILLETTE COMPANY,

       Defendant.

Civil Action No. 04-CV-10913-WGY

## **ACKNOWLEDGEMENT**

    I, _____, declare as follows:

1.    My present employer is _____.

2.    My business address is _____.

3.    My occupation is _____.

4.    In the past 12 months, I have consulted and/or served as an expert for the following companies (attach additional sheets if necessary):_____
_____.

5.    I have reviewed a copy of the Protective Order in this action, and I understand and agree to be bound by its terms and provisions.

6.    I will hold in confidence, will not disclose to anyone not qualified or cleared under the Protective Order, and will use only for approved purposes in this litigation, any "Confidential" information which is disclosed to me.

7.    I will return all "Confidential" information which comes into my possession, and all documents or things which I prepare relating thereto, to outside litigation counsel for the party by whom I am employed or retained.

- 2 -

8.      I hereby submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcement of the Protective Order in this litigation.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____

_____

I:\ddonahue\GLTC\COURT DOCS\050131-0420298-DRAFT PROTECTIVE ORDER-CLEAN-dd.DOC