IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>    Defendant. | Civil Action No. 04-CV-10913-WGY<br><br>**EXPEDITED CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(c)** |

## MOTION TO COMPEL GILLETTE TO PRODUCE DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED

Plaintiff Photographic Illustrators Corporation ("PIC") requests an order compelling Defendant The Gillette Company ("Gillette") to produce several documents that Gillette has improperly withheld as privileged.

After stonewalling on PIC's discovery requests as outlined in PIC's previous Motion to Compel (Docket Nos. 32, 33), Gillette is now improperly attempting to use the attorney-client privilege as both a sword and a shield – alternately asserting and retracting the privilege in a vacillating effort to avoid producing documents to which PIC is entitled.

Specifically, Gillette included a document on its privilege log (Exhibit A) as allegedly privileged (and also as allegedly reflecting attorney work product).  After being informed that this document was voluntarily provided to PIC a year ago, resulting in a subject matter waiver, *Gillette backtracked and maintained that the document was never privileged in the first place* – all to avoid the consequences of a waiver that would require production of additional documents. Gillette should not be permitted to play such games; providing the document to PIC unquestionably waived any privilege or work product for the subject matter of the document, and thus all documents reflecting that subject matter should be produced.

In addition, several other documents that should not have been included on Gillette's privilege log, because they do not reflect attorney-client communications or attorney work product, should also be produced. In correspondence Gillette has backed down on some, but not all, of its improper claims of privilege. See Exhibit B (E-mail from PIC's counsel to Gillette's counsel) and Exhibit C (Responsive E-mail from Gillette's Counsel to PIC's counsel).

I. **GILLETTE'S WAIVER OF PRIVILEGE WITH RESPECT TO BETH COOPER'S DISCUSSIONS WITH COUNSEL REGARDING HER MEETINGS WITH PAUL PICONE**

As detailed in the briefing on PIC's motion to dismiss Gillette's counterclaims, Gillette employee Beth Cooper held one or more meetings with PIC's principal Paul Picone in Spring 2004. During those meetings, Gillette alleges that Mr. Picone and Ms. Cooper came to certain agreements regarding the terms and conditions under which PIC would perform photographic services for Gillette in Spring 2004.

Prior to meeting with Mr. Picone, Ms. Cooper consulted Gillette's in-house counsel and took notes on that discussion. While meeting with Mr. Picone, Ms. Cooper voluntarily provided a copy of these notes to him. PIC then produced the notes to Gillette as part of discovery in this litigation. See Document Bates No. PIC 15686 (Exhibit B hereto) (noting, *inter alia*, some potential terms of a new agreement with PIC that "Legal could draft"). Gillette does not dispute that Ms. Cooper voluntarily provided her notes to Mr. Picone at their meeting. (Exhibit C).

Despite this plain waiver of privilege, Gillette listed Ms. Cooper's notes on its privilege log as being subject to both attorney-client privilege and attorney work product protection. See Exhibit A at p. 5, row 3.

Gillette also listed on its privilege log a directly related document, namely the Gillette Legal Department's notes of that *very same conversation between Gillette legal personnel and Beth Cooper regarding her meeting with Mr. Picone*. Id. at p. 5, row 4.

When PIC's counsel brought the waiver to Gillette's counsel's attention (Exhibit B), Gillette's counsel responded by reversing itself and contending that Ms. Cooper's notes of her conversation with Gillette legal personnel "were not privileged in the first place." (Exhibit C). Therefore, Gillette's counsel concluded, there was no waiver.

The position is incredible, given that the notes are described, on Gillette's privilege log, as notes of a "Meeting with John Gatlin re: PIC."  John Gatlin is an in-house lawyer at Gillette. Production of the notes unquestionably waived the privilege as to that conversation. Sheet Metal Workers Intern. Ass'n v. Sweeney, 29 F.3d 120, 125 (4th Cir. 1994) ("Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter.").  The Gillette Legal Department's notes from that same conversation (bearing the same date, one row down on Gillette's privilege log) cannot be shielded from discovery.

## II.    OTHER DOCUMENTS

Gillette listed on its privilege log a series of hand-written notes on a June 23, 2003 letter from Mr. Picone to Gillette personnel. (Exhibit A at p. 3, row 4).  None of the individuals listed are attorneys, and there is no indication of why a "work product" claim has been made.  In correspondence, Gillette's counsel stated only that these notes were made "in connection with Gillette's internal investigation of the allegations in Mr. Picone's letter." (Exhibit C). "Investigations" of allegations by non-attorneys, almost a year before any lawsuit was filed, do not constitute "attorney work product."  The documents should be produced.

Gillette also listed on its privilege log a document bearing Bates No. GTLC 242, which is an e-mail dated October 25, 2002 (about a year and a half before suit was filed) which does not appear to be to or from any attorney, and for which no explanation of the "work product" claim

is provided on the privilege log. (Exhibit A at p. 1, row 2). In correspondence, Gillette's counsel declined to address the issue. (Exhibit C). The document should be produced.

### III. CONCLUSION

For the above reasons, Gillette should be compelled to produce the documents referenced above.

### CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

The undersigned certifies that counsel for PIC consulted with counsel for Gillette in a good faith effort to narrow the areas of disagreement to the greatest extent possible, but that PIC's effort was unsuccessful. This motion complies with the requirements of Local Rule 37.1.

### LOCAL RULE 5.1(c) REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to Local Rule 5.1(c), PIC respectfully requests that this motion be given expedited consideration because fact discovery is scheduled to close in 21 days.

### LOCAL RULE 7.1(d) REQUEST FOR ORAL ARGUMENT

PIC respectfully requests the opportunity to appear for oral argument on this motion.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: February 4, 2005

/s/ Michael N. Rader
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000