# Svenson, Tracie

| | |
|---|---|
| **From:** | David Donahue [ddonahue@frosszelnick.com] |
| **Sent:** | Friday, February 04, 2005 12:15 PM |
| **To:** | Rader, Michael |
| **Cc:** | Marie Driscoll; Patrick Perkins; rgelb@gelbgelb.com; rmessinger@gelbgelb.com; Albert, Michael |
| **Subject:** | Re: PIC v. Gillette -- Gillette's privilege log |

Michael,

1. With respect to Item 3 on page 5 of Gillette's privilege log, Ms. Cooper used the notes in question as an outline for her March 1, 2004 meeting with Mr. Picone and then provided them to Mr. Picone, at his request, at their March 1, 2004 meeting. Thus, the notes, as used by Ms. Cooper, were not privileged in the first place and should have been produced. You will receive this document, along with a revised privilege log reflecting this change, on Monday.

2. Item 4 on page 5--which are notes from Gillette's Legal Department regarding "Status of PIC Matter/Notes from meeting with Beth Cooper re: Paul Picone" dated February 25, 2004--unquestionably are privileged under both the Attorney/Client and Attorney Work Product privileges. Although it is not clear from your email, you seem to be implying that because Ms. Cooper turned over the notes to your client (at your client's request) the entire subject matter of Ms. Cooper's meeting with John Gatlin is not privileged. But that is not the law. For the same and other reasons, Item 7 on page 5, a memorandum from Gillette legal intern Michelle Bratton to Gillette's in-house counsel John Gatlin concerning a subsequent conversation she had with Beth Cooper, among other topics relating to PIC's claims, also is privileged.

3. 10/28/02 e-mail from Jill Josephson to Karen Mullen -- This email is in response to a 10/28/02 email from Karen Mullen to Brenda Tattan, Joyce A. Lorden, Thomas Burgess, Linda Mallette and Jill Josephson forwarding a series of questions Gillette's in-house counsel John Gatlin directed Ms. Mullen to ask such personnel regarding PIC and Picone. (Ms. Mullen's email should have been included on the privilege log but inadvertently was omitted. It will be included on the revised log.) Accordingly, Ms. Mullen's email and Ms. Josephson's response thereto are privileged attorney work product.

4. Handwritten notes on 6/23/03 letter from Paul Picone to several Gillette personnel not identified as attorneys -- These notes consist of markings on the chart of job numbers included with Mr. Picone's letter. They were made in connection with Gillette's investigation of the allegations in Mr. Picone's letter and in anticipation of litigation. As such, the notes are privileged attorney work product.

5. 6/27/03 e-mail from Karen Mullen to Karen Mullen -- This email should have been produced and will be included in thepackage we will send to you for Monday delivery.

6. 7/2/03 e-mail from Karen Mullen to Brenda Tattan, Patricia Moriarity and Brenda Tattan (cc Stephanie Brown) -- In this email, Karen Mullin forwards to the addressees legal advice and instructions given to her by Gillette's in-house counsel John Gatlin concerning PIC's claims. Accordingly, it is privileged attorney work product. Additionally, at the time of this email, Stephanie Brown was employed as a legal intern in Gillette's legal department and acting on instructions from John Gatlin and/or Leon Bechet. Accordingly, the email is protected under the attorney-client privilege as well.

7. 8/14/03 e-mail from Brenda Tattan to Kenneth Earley (cc Karen Mullen) -- At the time of this email, Kenneth Earley was employed as a legal intern in Gillette's legal department and acting on instructions from John Gatlin and/or Leon Bechet. Accordingly, this email, which concerns legal advice and instructions from in-house counsel, is privileged under the attorney work product and attorney client privileges.

1

8.  7/15/04 e-mail from James Chilaka to several Gillette personnel not identified as attorneys -- At the time of this email, Kenneth Earley was employed as a legal intern in Gillette's legal department and acting on instructions from John Gatlin and/or Leon Bechet. Accordingly, this email, which concerns legal advice and instructions from in-house counsel, is privileged under the attorney work product and attorney client privileges.

In view of the foregoing, we believe that a motion to compel by PIC concerning the above emails would be completely without merit.

Sincerely,

David Donahue
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017
Phone: (212) 813-5900
Fax: (212) 813-5901


>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 02/03/05 05:42PM >>>
Dear David and Patrick,

As you may know, Beth Cooper voluntarily provided to Mr. Picone, at their Spring 2004 meeting, her notes of her discussions with counsel regarding meeting with Mr. Picone. A copy of the notes, bearing Bates No. PIC 15686, is attached hereto (this is on the final CD, which is being sent to you by FedEx tonight). Ms. Cooper's disclosure waived any privilege as to her discussions with counsel regarding her meetings with Mr. Picone. Accordingly, Gillette must produce to PIC the third, fourth and seventh items on page 5 of Gillette's privilege log faxed to us on January 26, 2005, which items pertain to those same discussions with counsel.

Please let me know by noon tomorrow whether you will FedEx these documents to us tomorrow for Monday morning delivery, or we will file a motion to compel tomorrow afternoon.

In addition, there are a number of documents listed on Gillette's privilege log that appear not to be correspondence with an attorney or attorney notes:

    GTLC 242
    10/28/02 e-mail from Jill Josephson to Karen Mullen
    Handwritten notes on 6/23/03 letter from Paul Picone to several Gillette personnel not identified as attorneys
    6/27/03 e-mail from Karen Mullen to Karen Mullen
    7/2/03 e-mail from Karen Mullen to Brenda Tattan, Patricia Moriarity and Brenda Tattan (cc Stephanie Brown)
    8/14/03 e-mail from Brenda Tattan to Kenneth Earley (cc Karen Mullen)
    7/15/04 e-mail from James Chilaka to several Gillette personnel not identified as attorneys
    8/2/04 e-mail to James Chilaka from Karen Mullen

Again, please let us know by noon tomorrow whether you will FedEx these documents to us tomorrow for Monday morning delivery, or we will file a motion to compel on these as well. If you can provide a better explanation for why these documents were withheld, we will consider that.

Regards,

Michael N. Rader
mrader@wolfgreenfield.com
direct dial 617.646.8370
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000    |    617.646.8646 fax

Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information.  If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments.
Thank you.


***************************************************************************************************
The information contained in this E-mail message may be privileged, confidential, and protected from disclosure.  Any unauthorized use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction.  If you think that you have received this E-mail message in error, please reply to the sender.
***************************************************************************************************