UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

        Plaintiff,

vs.

THE GILLETTE COMPANY,


        Defendant.

Civil Action No. 04-10913 WGY


**DECLARATION OF PATRICK T.
PERKINS IN SUPPORT OF
GILLETTE'S MOTION TO QUASH
THE SUBPOENA SERVED ON THE
PROCTER & GAMBLE COMPANY**

Patrick T. Perkins hereby declares:

    1.    I am a member of the Bar of the State of New York and a shareholder of the law firm of Fross Zelnick Lehrman & Zissu, P.C. I have been admitted *pro hac vice* to act before this Court as counsel for Defendant The Gillette Company ("Gillette") in this action. I submit this declaration in support of Gillette's Motion To Quash The Subpoena Served On The Procter & Gamble Company.

    2.    Attached as Exhibit A hereto is a copy of the subpoena dated January 31, 2005 served on The Procter & Gamble Company, forwarded to Gillette on February 2, 2005.

    3.    Attached as Exhibit B hereto is a copy of a February 3, 2005 letter from counsel for Gillette to counsel for PIC requesting that the latter withdraw the subpoena served on Procter & Gamble.

    4.    Attached as Exhibit C is a copy of a February 3, 2005 e-mail from counsel for PIC to counsel for Gillette refusing to withdraw the subpoena.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York this 4th day of February, 2005.

                                        _____/s/ Patrick T. Perkins_
                                        Patrick T. Perkins

I:\PPERKINS\GLTC\General\Perkins Decl. P&G Quash.doc

# EXHIBIT A

FEB-02-2005 13:07          P&G                                                      513 983 0582      P.02/05

OAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
Rec'd
## SOUTHERN DISTRICT OF OHIO
C.B.W.   FEB 0 2 2005

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION
                    Plaintiff,                          **SUBPOENA IN A CIVIL CASE**

v.

THE GILLETTE COMPANY
                    Defendant.
                                                        U.S. Dist. Ct. D. Mass.
                                                        Case No: 04-10913-WGY

TO:    **The Procter & Gamble Company, One Procter & Gamble Plaza, Cincinnati, OH 45202**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects): **See the documents described in the attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Ace Reporting Services<br>30 Garfield Place, suite 620<br>Cincinnati, OH 45202 | February 10, 2005 at 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_   Attorney for Photographic Illustrators Corporation | January 31, 2005 |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Michael N. Rader, Esq. (BBO # 646990)
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
617-646-8370

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                    SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

FEB-02-2005  13:08        P&G                                                513 983 0582    P.04/05

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

       Plaintiff,

v.

THE GILLETTE COMPANY,

       Defendant.

Civil Action No. 04-CV-10913-WGY

United States District Court for the
District of Massachusetts

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1.     As used herein, the terms "P&G," "you," "yours," and related terms shall mean

The Procter & Gamble Company.

2.     As used herein, the term "Gillette" means The Gillette Company and its divisions

and affiliates, including without limitation Braun, Oral B and Duracell.

3.     As used herein, the term "Litigation" shall mean the above-captioned case,

Photographic Illustrators Corporation v. The Gillette Company, Civil Action No. 04-CV-10913

(D. Mass.).

4.     "Photograph" means any tangible or electronic photographic materials, including

without limitation transparencies, negatives, photographic prints (including Polaroid prints), and

digital images.

5.     The definitions provided in D. Mass. Local Rule 26.5(C) are hereby incorporated

by reference as though set forth herein. Attention is drawn, in particular, to the definitions of

"document" and "concerning."

6.      If you object to producing a document because of an asserted privilege or

protection, the document must still be described in sufficient detail for Photographic Illustrators

Corp. ("PIC") to assess the applicability of the asserted privilege or protection, as set forth in

Fed. R. Civ. P. 26(b)(5). Accordingly, without limitation, the date, type, author, recipient and

general subject matter of any such document must be identified.

## CATEGORIES OF DOCUMENTS AND THINGS

1.      All disclosures made by Gillette to you regarding the Litigation in due diligence

with respect to P&G's announced acquisition of Gillette.

2.      To the extent not produced in response to Request No. 1, all other documents

concerning the Litigation.

3.      Original or color copies of all documents, including catalogs, concerning or

containing Photographs of Gillette products.

4.      All documents, including electronic documents and e-mails, concerning PIC, its

principal Paul Picone, or images provided to Gillette by PIC.

# EXHIBIT B

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
DAVID WEILD III
STEPHEN BIGGER
MICHAEL I. DAVIS
ROGER L. ZISSU
MARIE V. DRISCOLL
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
LISA PEARSON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
GEORGES NAHITCHEVANSKY
CRAIG S. MENDE
PATRICK T. PERKINS
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
MARIA A. SCUNGIO

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N.Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

JAMES D. SILBERSTEIN
RUTH E. LAZAR
JOYCE M. FERRARO
PHILIP T. SHANNON
MICHELLE P. FOXMAN
    COUNSEL

ROBERT A. BECKER
TAMAR NIV BESSINGER
ANGELA KIM
LYDIA T. GOBENA
MICHAEL CHIAPPETTA
JESSICA MANN
EVAN GOURVITZ
CARLOS CUCURELLA
NANCY C. DICONZA
ZOE HILDEN
LAUREN J. MANDELL
JAMES D. WEINBERGER
JASON M. VOGEL
VEJAY G. LALLA
DAVID I. GREENBAUM
DAVID DONAHUE
CHARLOTTA MEDER
MELISSA A. ANTONECCHIA
NANCY E. SABARRA
LAURA POPP-ROSENBERG

February 3, 2005

**VIA FACSIMILE**

Michael N. Rader, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206

> Re:    *Photographic Illustrators Corp. v. Gillette*, 04-CIV-10913-WGY
>        (Our Ref: GLTC USA TC 0420298)

Dear Michael:

I write concerning the subpoena you have issued to The Procter & Gamble Company dated January 31, 2005. Gillette considers the subpoena highly improper, an abuse of the judicial process, and served solely for the purpose of embarrassing Gillette and harassing its potential purchaser.

In any event, Gillette has confirmed that no documents concerning this litigation or concerning PIC were provided to Procter & Gamble.

In light of the foregoing, we request that you confirm today that you withdraw the subpoena. Absent such confirmation, we will move to quash it before Judge Young at the earliest opportunity. We consider this letter and your response (or non-response) to fulfill the "meet and confer" obligations pursuant to D. Mass. Local Rule 37.1.

In addition, it has come to our attention that you have served other third party subpoenas on some of Gillette's retail customers. We ask that you identify those entities upon whom you have served subpoenas.

Michael N. Rader, Esq.
February 3, 2005
Page 2


We look forward to your cooperation.


Very truly yours,

Patrick T. Perkins

cc: Richard Gelb, Esq. (by fax)


I:\PPERKINS\GLTC\Corr\050203-Ltr.-M. Rader.doc

# EXHIBIT C

**From:**      "Rader, Michael" <Michael.Rader@WolfGreenfield.com>
**To:**        "Patrick Perkins" <pperkins@frosszelnick.com>
**Date:**      2/3/05 5:57PM
**Subject:**   PIC v. Gillette -- third-party subpoenas

Dear Patrick,

I write in response to your February 3, 2005 facsimile re: third-party subpoenas.

We are puzzled by your conflicting statements about the subpoena to Procter & Gamble, on the one hand stating that there are no documents responsive to the subpoena, and on the other hand demanding that the subpoena be withdrawn. If you are counsel to Procter & Gamble and can represent to us, on behalf of Procter & Gamble, that there are no documents responsive to the subpoena, then P&G will thereby have complied with its obligations and there will be no need to withdraw the subpoena.

If you cannot make this representation on behalf of P&G, then we will await P&G's required response. (Note, it would be quite surprising to us if Gillette, in the process of negotiating its acquisition by P&G, made no disclosure to P&G of this pending litigation.)

You have provided no authority for your assertions that the P&G subpoena is "improper" or "an abuse of judicial process." To the contrary, it is entirely proper and is calculated to lead to the discovery of highly relevant evidence. Any disclosure by Gillette to a third party with respect to this litigation is extremely relevant and unquestionably discoverable.

Finally, with respect to other third-party subpoenas, you have been served with copies of those subpoenas and will likely receive them tomorrow if you did not receive them today. As a courtesy to you, though, I provide below a list of the entities served.

Regards,

Michael N. Rader
mrader@wolfgreenfield.com
direct dial 617.646.8370
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax


Advanced Photographics, Inc.
Shavers.com
Bed, Bath & Beyond, Inc.
Best Buy Co., Inc.
Bloomingdale's, Inc.
Boscov's Department Store, LLC
Brooks Pharmacy
Crate & Barrel

Costco
CVS Corporation
Famous-Barr
Federated Department Stores, Inc.
Filene's, Inc.
Foley's
Fortunoff
Fred Meyer Stores
Fry's Electronics, Inc.
Hecht's
The Home Depot, Inc.
Kaufmann's
Kitchen Kapers
Kmart Holding Corporation
Kohl's Department Stores
Lazarus
Linens 'n Things, Inc.
Macy's East
Macy's West
Marshall Field's
Meier & Frank
Meijer
Rich's
Rite Aid Corporation
Robinsons-May
Procter & Gambel
Sears, Roebuck and Co.
ShopKo Stores, Inc.
Turnpike Appliance Service
Target Corporation
The Bon Marche
Wal-Mart Stores, Inc.
Walgreens Co.

**CC:** "David Donahue" <ddonahue@frosszelnick.com>, "Albert, Michael" <Michael.Albert@WolfGreenfield.com>