UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION<br><br>        Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br><br>        Defendant. | Civil Action No. 04-10913 WGY<br><br>**EXPEDITED CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(C)**<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S SUBPOENA SERVED ON THE PROCTER & GAMBLE COMPANY.** |

      Defendant The Gillette Company ("Gillette" or "Defendant") respectfully submits this memorandum of law in support of its Motion to quash Plaintiff's Subpoena *duces tecum* served on the Procter & Gamble Company ("P&G").

**PRELIMINARY STATEMENT**

      Plaintiff Photographic Illustrators Corporation ("PIC") is a corporation owned by photographer Paul Picone who, for 15 years, provided photographs of Gillette products to Gillette. During that time, PIC never placed any restrictions on Gillette's use of such photographs nor requested the return of any of the materials he provided to Gillette. Then, in late 2002, apparently disgruntled over its belief that Gillette was changing its policy with respect to the use of outside vendors and that it might lose work from Gillette, PIC concocted the claims that make up its current complaint. In particular, PIC claims that Gillette made unauthorized use of photographs provided by PIC and failed to return the photos, all in violation of boilerplate terms located on the backs of invoices sent to Gillette over the years.

      With fact discovery nearly completed, and realizing that its claims are without merit, PIC has now committed an act of desperation – on the next business day after it was announced that P&G would purchase Gillette, PIC served a subpoena *duces tecum* on P&G. Lest there be any

1

doubt about PIC's intentions in serving the P&G subpoena, Gillette discovered yesterday after the close of business that PIC also has unleashed a widespread campaign of harassment having served subpoenas *duces tecum* on approximately **forty (40)** of Gillette's customers, including its largest customer, Wal-Mart.[1]  PIC should not be permitted to abuse the discovery process to harass Gillette or P&G.  Thus, the subpoena served on P&G should be quashed.

## FACTS

On Friday January 28, 2005, it was announced that P&G is purchasing Gillette, a transaction that will take between six and nine months to close.  On Monday January 31, 2005, the first business day after the announcement of the sale, PIC served a subpoena *duces tecum* on P&G out of the U.S. District Court for the Southern District of Ohio.  (Perkins Decl. ¶ 2; Ex. **A**.)  The subpoena seeks production of the following documents:

> 1. All disclosures made by Gillette to [P&G] concerning the [instant] Litigation in due diligence with respect to P&G's announced acquisition of Gillette.
> 2. To the extent not produced in response to Request No. 1, all other documents concerning the [instant] Litigation.
> 3. Original or color copies of all documents, including catalogs, concerning or containing Photographs of Gillette products.
> 4. All documents, including electronic documents and e-mails, concerning PIC, its principal Paul Picone, or images provided to Gillette by PIC.

(*Id.*)  Because the subpoena purports to require production of documents by P&G no later than February 10, 2005, expedited treatment of this motion is sought pursuant to L.R. 5.1(c).

Gillette was made aware of the subpoena by P&G on February 2, 2005.  On February 3, 2005, Gillette wrote to PIC representing that "Gillette has confirmed that no documents concerning this litigation or concerning PIC were provided to Procter & Gamble."  (Perkins Decl. ¶ 3; Ex. **B**.)  In that letter, Gillette requested that PIC withdraw the subpoena rather than

---

[1] Consistent with its obligations under the Local Rules, upon discovering these additional abusive subpoenas, Gillette asked PIC to withdraw the subpoenas.  If PIC fails to withdraw them, Gillette will move to quash those on Monday, Fabruary 7, 2005.

2

force P&G to respond to the subpoena.  (*Id.*)

By e-mail sent on February 3, 2005 after the close of business, PIC refused to withdraw the subpoena, instead stating "it would be quite surprising to [PIC] if Gillette, in the process of negotiating its acquisition by P&G, made no disclosure to P&G of this pending litigation."  (Ex. **C**.)  This statement in the context of its refusal to withdraw the subpoena reflects PIC's naivete and bad faith in serving the subpoena.  Whether motivated out of "delusions of grandeur" concerning its flaccid claims, or simply out of a desire to misuse the judicial process to harass Gillette and its putative purchaser, one thing is beyond doubt – the subpoena served on P&G is improper and should be quashed.

**I.**   **THE COURT SHOULD ISSUE A PROTECTIVE ORDER AND QUASH THE SUBPOENA SERVED ON P&G**

"Rule 26(g) forbids the interposition of a discovery request by counsel 'for any improper purpose' such as to harass . . . and empowers the court to impose an 'appropriate sanction' for its violation."  *U.S. v. Kouri-Perez,* 187 F.3d 1, 6 (1st Cir. 1999); *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 576 (1st Cir1989).  *See also Lyons v. Johnson,* 415 F.2d 540, 541-42 (9th Cir.1969), *cert. denied,* 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970).  While subpoenas are generally quashed in the court where such subpoenas are issued, "the district court in which an action is pending has the right and responsibility to control the broad outline of discovery."  *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.,2001) citing *Fincher v. Keller Industries, Inc.,* 129 F.R.D. 123, 125 (M.D.N.C.1990).  A party's "discovery rights [in other districts] can rise no higher than their level in the district of trial." *Id.*

Moreover, a party to a litigation has standing to move to quash a subpoena served on a third party pursuant to Fed. R. Civ. P. 45.  *See Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225 (D. Mass. 2003).  For example, a party has standing to object to a subpoena directed to a nonparty when the party claims a personal right or privilege regarding the documents sought.  *Minnesota Sch. Bds. Ass'n v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999).  *See also*

9 *Moore's Federal Practice*, § 45.04[2] at 45-35 (3rd Ed. 2004). Thus, this Court has the power to quash the P&G subpoena pursuant to both Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 26 (c) and (g) and 45 (c).

The Court's inherent power to regulate the parties' conduct during discovery is clearly needed here. PIC's intent in serving its subpoena on P&G is clear – it seeks to harass Gillette and its future purchaser, P&G. PIC's subpoena would call for the production of highly confidential documents exchanged between parties to a multi-billion dollar transaction. As it turns out, PIC has already been informed that Gillette provided no documents to P&G concerning either this litigation or PIC. (Perkins Decl. ¶ 3; Ex. **B**.) Even if Gillette had provided such documents to P&G, which it did not, providing such documents would not be proportional to PIC's needs in the case. Fed. R. Civ. P. 26 (g) (2) (C).

On a motion to quash, "[a]mong the appropriate factors for consideration by the trial court are the following: whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55, 66 (1st Cir. 2003). All of the factors favor Gillette here.

First, there is no question but that the subpoena is intended to harass Gillette and P&G. The idea that materials relating to this case would be a part of negotiations over a $57 billion purchase is silly. Second, there is a viable means to obtain the same evidence. The subpoena seeks documents provided to P&G by Gillette. To the extent such documents existed and were relevant to the litigation, they would undoubtedly fall within the ambit of one of PIC's many overbroad discovery requests. Under its duty to supplement discovery, Gillette would have been required to turn over the documents PIC now seeks from P&G. (As it turns out, there are no responsive documents.) And third, PIC cannot possibly demonstrate that any of the documents sought are relevant. When seeking discovery from a non-party, the proponent of a subpoena must demonstrate a "heightened" standard of relevancy. *Demers v. LaMontagne*, 1999 WL

4

1627978, No. Civ. A. 98-10762-REK (D. Mass, May 5, 1999).  Indeed, "'there appear to be quite strong considerations indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.'" *Dart Industries Company, Inc. v. Westwood Chemical Company, Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) citing *Collins and Aikman Corp. v. J.P. Stevens & Co., Inc.*, 51 F.R.D. 219, 221 (D.S.C. 1971).  This case will turn on the actual behavior of the parties over a 15-year period and could not possibly be affected by what Gillette might have provided to P&G about this strike suit.

Similarly, what possible relevance could photos of Gillette products in P&G's possession have in this case?  Perhaps PIC believes that P&G decided to pay in excess of $56 billion to purchase Gillette because it viewed PIC photos of Gillette products.  Of course, such a theory is frivolous, as would be any other "explanation" PIC may seek to offer to justify this wholly improper subpoena.

Clearly in this instance, there is no justifiable reason for PIC to have served its subpoena on P&G, other than to harass both P&G and Gillette.  Gillette respectfully suggests that such harassment should not be countenanced and that the subpoena should be quashed.

## CONCLUSION

For the reasons set forth above, Gillette respectfully requests that its motion be granted.

New York, New York  
February 4, 2005

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: :  /s/Patrick T. Perkins/  
    Patrick T. Perkins (Admitted *pro hac vice*)  
    David Donahue (Admitted *pro hac vice*)  
886 United Nations Plaza  
New York, New York 10017  
Ph: (212) 813-5900  
Fax: (212) 813-5901

GELB & GELB LLP

By:  /s/Richard M. Gelb/  
    Richard M. Gelb (BBO#188240)  
    rgelb@gelbgelb.com  
    Robert S. Messinger (BBO# 651396)  
    rmessinger@gelbgelb.com

20 Custom House Street  
Boston, MA  02110  
Tel: (617) 345-0010  
Fax: (617) 345-0009

*Attorneys for Defendant/Counterclaim-Plaintiff The Gillette Company* [Insert Local Counsel]

*Attorneys for defendant The Gillette Company*

I:\PPERKINS\GLTC\General\Memo in support of motion to quash.doc