UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 04-10913 WGY<br><br>**EXPEDITED CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(C)**<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S SUBPOENAS SERVED ON GILLETTE CUSTOMERS.** |

　　　　Defendant The Gillette Company ("Gillette" or "Defendant") respectfully submits this memorandum of law in support of its Motion to quash Plaintiff's forty (40) subpoenas *duces tecum* served on customers of Gillette.

### FACTS

　　　　Plaintiff Photographic Illustrators Corporation ("PIC") is a corporation owned by photographer Paul Picone who, for 15 years, provided photographs of Gillette products to Gillette. During that time, PIC never placed any restrictions on Gillette's use of such photographs nor requested the return of any of the materials he provided to Gillette. Then, in late 2002, apparently disgruntled over its belief that Gillette was changing its policy with respect to the use of outside vendors and that it might lose work from Gillette, PIC concocted the claims that make up its current complaint. In particular, PIC claims that Gillette made unauthorized use of photographs provided by PIC and failed to return the photos, all in violation of boilerplate terms located on the backs of invoices sent to Gillette over the years.

　　　　PIC has largely sat idle during discovery – serving written party discovery but taking no other action. Moreover, in response to multiple requests for PIC to identify the basis for its claims of wide spread copyright infringement, PIC has been able to come up with only 16

1

allegations although without providing any substantiation of such allegations.

Now, with less than one month to go in fact discovery, PIC has unleashed a campaign of harassment having served subpoenas *duces tecum* on **forty (40)** of Gillette's customers, including its largest customer, Wal-Mart. The subpoenas are all virtually identical and request the following categories of documents:

> 1. Original or color copies of all documents, including catalogs, Internet web pages, and other marketing materials, containing Photographs of Gillette products.
>
> 2. To the extent not produced in response to Request No. 1, all other documents concerning Photographs of Gillette products.
>
> 3. All documents and communications, including e-mails, concerning PIC, its principal Paul Picone, or images provided to Gillette by PIC.
>
> 4. All communications and correspondence, including e-mails, between any [of your] employee[s] and any of the following Gillette employees: Linda Mallet, Karen Mullen, Michele Sager, Joyce Lorden, Beth Cooper, Brenda Tattan, Jill Josephson, Nancy Daly, Pamela McHale, Nadine Romano, Trish Moriarty, Barbara Mackin, Anna Madden, Gary Gibson, Nicole Santacroce, Jill Fallon, Melissa Conroy, Arlene Henry, Stacy Gavrilles, Michelle Mahoney."

Of the forty (40) subpoenas served, three – those served on Bed, Bath & Beyond, Turnpike Appliance, and Wal-Mart – also request documents concerning those entities' acquisition of certain photographs located on their respective web sites that PIC presumably claims it provided to Gillette. Specifically, the subpoenas to Bed, Bath & Beyond and Wal-Mart reference one photograph each, and the subpoena to Turnpike Appliance references three photographs. (Attached as Exhibit A to the Perkins Decl. are the subpoenas served on Bed, Bath & Beyond, Wal-Mart, Turnpike Appliance, and Federated Department Stores.)

By letter dated February 4, 2005, Gillette requested that PIC withdraw the subpoenas. (Ex. B.) By correspondence dated February 4, 2005, PIC refused to withdraw the subpoenas.

PIC should not be permitted to abuse the discovery process to harass Gillette and its customers.  Thus, the subpoenas served on the following entities should be quashed: (1) Bed, Bath & Beyond; (2) Best Buy Co., Inc.; (3) Bloomingdale's Inc.; (4) Boscov's Department Store, LLC; (5) Brooks Pharmacy; (6) Crate & Barrel; (7) Costco; (8) CVS Corporation; (9) Famous-Barr; (10) Federated Department Stores; (11) Filene's, Inc.; (12) Foley's; (13) Fortunoff; (14) Fred Meyer Stores; (15) Fry's Electronics; (16) Hecht's; (17) the Home Depot, Inc.; (18) Kaufmann's; (19) Kitchen Kapers; (20) Kmart Holding Corporation; (21) Kohl's Department Stores; (22) Lazarus; (23) Linens 'n Things, Inc.; (24) Macy's East; (25) Macy's West; (26) Marshall Field's; (27) Meier & Frank; (28) Meijer; (29) Rich's; (30) Rite Aid Corporation; (31) Robinsons-May; (32) Sears, Roebuck and Co.; (33) Shavers.com; (34) ShopKo Stores, Inc.; (35) Target Corporation; (36) The Bon Marche; (37) Turnpike Appliance Service; (38) Wal-Mart Stores, Inc.; (39) Walgreens Co., and (40) Williams-Sonoma.

## I.   THE COURT SHOULD ISSUE A PROTECTIVE ORDER AND QUASH THE SUBPOENAS SERVED ON GILLETTE'S CUSTOMERS

"Rule 26(g) forbids the interposition of a discovery request by counsel 'for any improper purpose' such as to harass . . . and empowers the court to impose an 'appropriate sanction' for its violation."  *U.S. v. Kouri-Perez,* 187 F.3d 1, 6 (1st Cir. 1999); *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 576 (1st Cir1989).  *See also Lyons v. Johnson,* 415 F.2d 540, 541-42 (9th Cir. 1969), *cert. denied,* 397 U.S. 1027 (1970).  While subpoenas are generally quashed in the court where such subpoenas are issued, "the district court in which an action is pending has the right and responsibility to control the broad outline of discovery."  *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) citing *Fincher v. Keller Industries, Inc.,* 129 F.R.D. 123, 125 (M.D.N.C. 1990).  A party's "discovery rights [in other districts] can rise no higher than their level in the district of trial." *Id.*

Moreover, a party to a litigation has standing to move to quash a subpoena served on a third party pursuant to Fed. R. Civ. P. 45.  *See Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D.

3

225 (D. Mass. 2003). For example, a party has standing to object to a subpoena directed to a nonparty when the party claims a personal right or privilege regarding the documents sought. *Minnesota Sch. Bds. Ass'n v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999). *See also* 9 *Moore's Federal Practice*, § 45.04[2], at 45-35 (3$^d$ ed. 2004). Thus, this Court has the power to quash the P&G subpoena pursuant to both Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 26 (c) and (g) and 45 (c).

On a motion to quash, "[a]mong the appropriate factors for consideration by the trial court are the following: whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55, 66 (1st Cir. 2003). All of the factors favor Gillette here.

There is no question but that the subpoena is intended to harass Gillette and its retailers. PIC is embarking on a massive fishing expedition, serving subpoenas on forty (40) of Gillette's customers with the hope of perhaps finding evidence of an infringement of photographs allegedly created by PIC. With respect to thirty-seven (37) of the forty (40) retailers served with subpoenas, the subpoenas themselves demonstrate that PIC has no basis to serve them. No photographs allegedly created by PIC are even referenced in those subpoenas. As for the remaining three subpoenas – those issued to Bed, Bath & Beyond, Wal-Mart, and Turnpike Appliances, PIC references only a total of five images. Nevertheless, PIC would have all forty (40) of these entities to look **for any photographs of any Gillette product**, without any limitation in time or scope.

Similarly, PIC would have these entities search all of their files for any communications with 20 Gillette employees. Again, the request is unlimited as to time as well as subject matter. The burden associated with such a search simply cannot be justified when balanced against what is at stake in the case.

Nor are the subpoenas likely to yield admissible evidence. When seeking discovery from

4

a non-party, the proponent of a subpoena must demonstrate a "heightened" standard of relevancy. *Demers v. LaMontagne*, 1999 WL 1627978, No. Civ. A. 98-10762-REK (D. Mass, May 5, 1999). Indeed, "'there appear to be quite strong considerations indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.'" *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (citing *Collins and Aikman Corp. v. J.P. Stevens & Co., Inc.*, 51 F.R.D. 219, 221 (D.S.C. 1971)). This case will turn on the actual behavior of the parties over a 15-year period and could not possibly be affected by communications between Gillette and its retailers or by a review of every photo of a Gillette product over Gillette's 120-year historythat might be in the possession of some forty (40) retailers.

Clearly in this instance, there is no justifiable reason for PIC to have served its subpoenas on Gillette's retailers other than to harass Gillette. Gillette respectfully suggests that such harassment should not be countenanced and that the subpoena should be quashed.

## CONCLUSION

For the reasons set forth above, Gillette respectfully requests that its motion be granted.

New York, New York         FROSS ZELNICK LEHRMAN & ZISSU, P.C.
February 8, 2005

By: :    /s/Patrick T. Perkins/
         Patrick T. Perkins (Admitted *pro hac vice*)
         David Donahue (Admitted *pro hac vice*)
      886 United Nations Plaza
      New York, New York 10017
      Ph: (212) 813-5900
      Fax: (212) 813-5901

GELB & GELB LLP

By:    /s/Richard M. Gelb/
       Richard M. Gelb (BBO#188240)
       rgelb@gelbgelb.com

5

        Robert S. Messinger (BBO# 651396)
rmessinger@gelbgelb.com

20 Custom House Street
Boston, MA  02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant/Counterclaim-Plaintiff The Gillette Company* [Insert Local Counsel]

*Attorneys for defendant The Gillette Company*

I:\PPERKINS\GLTC\General\Memo in support of motion to quash-vendors.doc