UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

        Plaintiff,

vs.

THE GILLETTE COMPANY,

        Defendant.

Civil Action No. 04-10913 WGY

**DECLARATION OF PATRICK T.
PERKINS IN SUPPORT OF
GILLETTE'S MOTION TO QUASH
SUBPOENAS SERVED ON GILLETTE
CUSTOMERS**

Patrick T. Perkins hereby declares:

1.      I am a member of the Bar of the State of New York and a shareholder of the law firm of Fross Zelnick Lehrman & Zissu, P.C. I have been admitted *pro hac vice* to act before this Court as counsel for Defendant The Gillette Company ("Gillette") in this action. I submit this declaration in support of Gillette's Motion To Quash Subpoenas Served On Gillette Customers.

2.      Attached as Exhibit A hereto are copies of subpoenas dated January 31, 2005 served on Bed, Bath & Beyond, Turnpike Appliance Service, Wal-Mart, and Federated Department Stores.

3.      Attached as Exhibit B hereto is a copy of a February 4, 2005 letter from counsel for Gillette to counsel for PIC requesting that the latter withdraw the subpoenas served on Gillette's customers and PIC's response of the same date.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York this 8th day of February, 2005.


        _____ /s/ Patrick T. Perkins_
              Patrick T. Perkins

I:\PPERKINS\GLTC\General\Perkins Decl. Vendor Quash.doc

EXHIBIT A

□AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION
                    Plaintiff,

v.

THE GILLETTE COMPANY
                    Defendant.

**SUBPOENA IN A CIVIL CASE**

U.S. Dist. Ct. D. Mass.
Case No: 04-10913-WGY

TO:    **Bed Bath & Beyond, Inc., 650 Liberty Avenue, Union, New Jersey  07083**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects): **See the documents described in the attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Esquire Deposition Services 90 Woodbridge Center Drive Woodbridge, NJ  07095 | February 10, 2005 at 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  **Attorney for Photographic Illustrators Corporation** | February 1, 2005 |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Michael N. Rader, Esq. (BBO # 646990)
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
617-646-8370

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                                                                          SIGNATURE OF SERVER

                                                                              _____
                                                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

        Plaintiff,

v.

THE GILLETTE COMPANY,

        Defendant.

Civil Action No. 04-CV-10913-WGY

United States District Court for the
District of Massachusetts

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1.      As used herein, the terms "Bed, Bath & Beyond," "you," "yours," and related terms shall mean Bed, Bath & Beyond, Inc..

2.      As used herein, the term "Gillette" means The Gillette Company and its divisions and affiliates, including without limitation Braun, Oral B and Duracell.

3.      As used herein, the term "Litigation" means the above-captioned case, Photographic Illustrators Corp. v. The Gillette Co., Civil Action No. 04-CV-10913 (D. Mass.).

4.      As used herein, the term "Photograph" means any tangible or electronic photographic materials, including without limitation transparencies, negatives, photographic prints (including Polaroid prints), and digital images.

5.      The definitions provided in D. Mass. Local Rule 26.5(C) are hereby incorporated by reference as though set forth herein. Attention is drawn, in particular, to the definitions of "document," "communication" and "concerning."

6.    If you object to producing a document because of an asserted privilege or protection, the document must still be described in sufficient detail for Photographic Illustrators Corp. ("PIC") to assess the applicability of the asserted privilege or protection, as set forth in Fed. R. Civ. P. 26(b)(5). Accordingly, without limitation, the date, type, author, recipient and general subject matter of any such document must be identified.

## CATEGORIES OF DOCUMENTS AND THINGS

1.    Original or color copies of all documents, including catalogs, Internet web pages, and other marketing materials, containing Photographs of Gillette products.

2.    All documents concerning your acquisition and display of the Photograph of the Braun Gold Screen Filter shown on your web site at the following URL:

http://www.bedbathandbeyond.com/product.asp?order_num=-1&SKU=10335272.

3.    To the extent not produced in response to Request Nos. 1 or 2, all other documents concerning Photographs of Gillette products.

4.    All documents and communications, including e-mails, concerning PIC, its principal Paul Picone, or images provided to Gillette by PIC.

5.    All communications and correspondence, including e-mails, between any Bed, Bath & Beyond employee and any of the following Gillette employees:

- Linda Mallet
- Karen Mullen
- Michele Sager
- Joyce Lorden
- Beth Cooper
- Brenda Tattan
- Jill Josephson
- Nancy Daly
- Pamela McHale
- Nadine Romano
- Trish Moriarty
- Barbara Mackin

- Anna Madden
- Gary Gibson
- Nicole Santacroce
- Jill Fallon
- Melissa Conroy
- Arlene Henry
- Stacy Gavrilles
- Michele Mahoney

□AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION
                    Plaintiff,

v.                                              **SUBPOENA IN A CIVIL CASE**

THE GILLETTE COMPANY
                    Defendant.

U.S. Dist. Ct. D. Mass.
Case No: 04-10913-WGY


TO:       **Turnpike Appliance Service, 3495A Lawson Boulevard, Oceanside, NY 11572**

□ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | |
|---|---|
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects): **See the documents described in the attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Global Deposition Services<br>600 Old Country Road, suite 202<br>Garden City, NY 11530 | February 10, 2005 at 9:30 am |

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    **Attorney for Photographic Illustrators Corporation** | February 1, 2005 |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Michael N. Rader, Esq. (BBO # 646990)
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
617-646-8370

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                            SIGNATURE OF SERVER

                                                                  _____
                                                                  ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>    Defendant. | Civil Action No. 04-CV-10913-WGY<br><br>United States District Court for the District of Massachusetts |

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1.      As used herein, the terms "Turnpike," "you," "yours," and related terms shall mean Turnpike Appliance Service.

2.      As used herein, the term "Gillette" means The Gillette Company and its divisions and affiliates, including without limitation Braun, Oral B and Duracell.

3.      As used herein, the term "Litigation" means the above-captioned case, Photographic Illustrators Corp. v. The Gillette Co., Civil Action No. 04-CV-10913 (D. Mass.).

4.      As used herein, the term "Photograph" means any tangible or electronic photographic materials, including without limitation transparencies, negatives, photographic prints (including Polaroid prints), and digital images.

5.      The definitions provided in D. Mass. Local Rule 26.5(C) are hereby incorporated by reference as though set forth herein.  Attention is drawn, in particular, to the definitions of "document," "communication" and "concerning."

6.    If you object to producing a document because of an asserted privilege or protection, the document must still be described in sufficient detail for Photographic Illustrators Corp. ("PIC") to assess the applicability of the asserted privilege or protection, as set forth in Fed. R. Civ. P. 26(b)(5). Accordingly, without limitation, the date, type, author, recipient and general subject matter of any such document must be identified.

## CATEGORIES OF DOCUMENTS AND THINGS

1.    Original or color copies of all documents, including catalogs, Internet web pages, and other marketing materials, containing Photographs of Gillette products.

2.    All documents concerning your acquisition and display of the Photograph of the Braun Cordless Styler shown on your web site at the following URL:

http://www.smallappliance.com/store/detail.html?sku=22379&cart=3315742504132576.

3.    All documents concerning your acquisition and display of the Photograph of the Braun Citromatic Deluxe Citrus Juicer shown on your web site at the following URL:

http://www.smallappliance.com/store/detail.html?sku=1168&cart=3315742504132576.

4.    All documents concerning your acquisition and display of the Photograph of the Braun Juice Extractor shown on your web site at the following URL:

http://www.smallappliance.com/store/detail.html?sku=22327&cart=3315742504132576.

5.    To the extent not produced in response to Request Nos. 1, 2, 3 or 4, all other documents concerning Photographs of Gillette products.

6.    All documents and communications, including e-mails, concerning PIC, its principal Paul Picone, or images provided to Gillette by PIC.

7.    All communications and correspondence, including e-mails, between any Turnpike employee and any of the following Gillette employees:

- Linda Mallet
- Karen Mullen
- Michele Sager
- Joyce Lorden
- Beth Cooper
- Brenda Tattan
- Jill Josephson
- Nancy Daly
- Pamela McHale
- Nadine Romano
- Trish Moriarty
- Barbara Mackin
- Anna Madden
- Gary Gibson
- Nicole Santacroce
- Jill Fallon
- Melissa Conroy
- Arlene Henry
- Stacy Gavrilles
- Michele Mahoney

☐AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION
               Plaintiff,

v.

THE GILLETTE COMPANY
               Defendant.

**SUBPOENA IN A CIVIL CASE**

U.S. Dist. Ct. D. Mass.
Case No: 04-10913-WGY

TO:    **Wal-Mart Stores, Inc., 702 Southwest 8th Street, Bentonville, Arkansas  72716-8611**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects): **See the documents described in the attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Bentonville Court Reporting<br>2907 Northaven Dr.<br>Bentonville, AR 72712 | February 10, 2005 at 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_    **Attorney for Photographic Illustrators Corporation** | February 1, 2005 |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Michael N. Rader, Esq. (BBO # 646990)
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
617-646-8370

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| | | |

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                              DATE                                                            SIGNATURE OF SERVER

                                                                                _____
                                                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

        Plaintiff,

v.

THE GILLETTE COMPANY,

        Defendant.

Civil Action No. 04-CV-10913-WGY

United States District Court for the
District of Massachusetts

**SCHEDULE A**

**INSTRUCTIONS AND DEFINITIONS**

1.      As used herein, the terms "Wal-Mart" "you," "yours," and related terms shall mean Wal-Mart Stores, Inc.

2.      As used herein, the term "Gillette" means The Gillette Company and its divisions and affiliates, including without limitation Braun, Oral B and Duracell.

3.      As used herein, the term "Litigation" means the above-captioned case, Photographic Illustrators Corp. v. The Gillette Co., Civil Action No. 04-CV-10913 (D. Mass.).

4.      As used herein, the term "Photograph" means any tangible or electronic photographic materials, including without limitation transparencies, negatives, photographic prints (including Polaroid prints), and digital images.

5.      The definitions provided in D. Mass. Local Rule 26.5(C) are hereby incorporated by reference as though set forth herein.  Attention is drawn, in particular, to the definitions of "document," "communication" and "concerning."

6.      If you object to producing a document because of an asserted privilege or

protection, the document must still be described in sufficient detail for Photographic Illustrators

Corp. ("PIC") to assess the applicability of the asserted privilege or protection, as set forth in

Fed. R. Civ. P. 26(b)(5).  Accordingly, without limitation, the date, type, author, recipient and

general subject matter of any such document must be identified.

## CATEGORIES OF DOCUMENTS AND THINGS

1.      Original or color copies of all documents, including catalogs, Internet web pages,

and other marketing materials, containing Photographs of Gillette products.

2.      All documents concerning Wal-Mart's acquisition and display of the Photograph

of the Braun Multiquick Hand Blender shown on your web site at the following URL:

http://www.walmart.com/catalog/product.gsp?product_id=2443178.

3.      To the extent not produced in response to Request Nos. 1 or 2, all other

documents concerning Photographs of Gillette products.

4.      All documents and communications, including e-mails, concerning PIC, its

principal Paul Picone, or images provided to Gillette by PIC.

5.      All communications and correspondence, including e-mails, between any Wal-

Mart employee and any of the following Gillette employees:

- Linda Mallet
- Karen Mullen
- Michele Sager
- Joyce Lorden
- Beth Cooper
- Brenda Tattan
- Jill Josephson
- Nancy Daly
- Pamela McHale
- Nadine Romano
- Trish Moriarty
- Barbara Mackin

- Anna Madden
- Gary Gibson
- Nicole Santacroce
- Jill Fallon
- Melissa Conroy
- Arlene Henry
- Stacy Gavrilles
- Michele Mahoney

### Issued by the
# UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF OHIO

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION
Plaintiff,

v.

THE GILLETTE COMPANY
Defendant.

**SUBPOENA IN A CIVIL CASE**

U.S. Dist. Ct. D. Mass.
Case No: 04-10913-WGY

TO:     **Federated Department Stores, Inc., 7 West Seventh St., Cincinnati, OH  45202**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects): **See the documents described in the attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Ace Reporting Services<br>30 Garfield Place, suite 620<br>Cincinatti, OH 45202 | February 10, 2005 at 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    **Attorney for Photographic Illustrators Corporation** | January 31, 2005 |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Michael N. Rader, Esq. (BBO # 646990)
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
617-646-8370

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance,
(ii)    requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

            Plaintiff,

v.

THE GILLETTE COMPANY,

            Defendant.

Civil Action No. 04-CV-10913-WGY

United States District Court for the
District of Massachusetts

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

1.     As used herein, the terms "FDS," "you," "yours," and related terms shall mean Federated Department Stores, Inc.

2.     As used herein, the term "Gillette" means The Gillette Company and its divisions and affiliates, including without limitation Braun, Oral B and Duracell.

3.     As used herein, the term "Litigation" means the above-captioned case, Photographic Illustrators Corp. v. The Gillette Co., Civil Action No. 04-CV-10913 (D. Mass.).

4.     As used herein, the term "Photograph" means any tangible or electronic photographic materials, including without limitation transparencies, negatives, photographic prints (including Polaroid prints), and digital images.

5.     The definitions provided in D. Mass. Local Rule 26.5(C) are hereby incorporated by reference as though set forth herein. Attention is drawn, in particular, to the definitions of "document," "communication" and "concerning."

6.    If you object to producing a document because of an asserted privilege or protection, the document must still be described in sufficient detail for Photographic Illustrators Corp. ("PIC") to assess the applicability of the asserted privilege or protection, as set forth in Fed. R. Civ. P. 26(b)(5). Accordingly, without limitation, the date, type, author, recipient and general subject matter of any such document must be identified.

## CATEGORIES OF DOCUMENTS AND THINGS

1.    Original or color copies of all documents, including catalogs, Internet web pages, and other marketing materials, containing Photographs of Gillette products.

2.    To the extent not produced in response to Request No. 1, all other documents concerning Photographs of Gillette products.

3.    All documents and communications, including e-mails, concerning PIC, its principal Paul Picone, or images provided to Gillette by PIC.

4.    All communications and correspondence, including e-mails, between any FDS employee and any of the following Gillette employees:

- Linda Mallet
- Karen Mullen
- Michele Sager
- Joyce Lorden
- Beth Cooper
- Brenda Tattan
- Jill Josephson
- Nancy Daly
- Pamela McHale
- Nadine Romano
- Trish Moriarty
- Barbara Mackin
- Anna Madden
- Gary Gibson
- Nicole Santacroce
- Jill Fallon
- Melissa Conroy

- Arlene Henry
- Stacy Gavrilles
- Michele Mahoney

EXHIBIT B

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
DAVID WEILD III
STEPHEN BIGGER
MICHAEL I. DAVIS
ROGER L. ZISSU
MARIE V. DRISCOLL
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
LISA PEARSON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
GEORGES NAHITCHEVANSKY
CRAIG S. MENDE
PATRICK T. PERKINS
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
MARIA A. SCUNGIO

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N.Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

JAMES D. SILBERSTEIN
RUTH E. LAZAR
JOYCE M. FERRARO
PHILIP T. SHANNON
MICHELLE P. FOXMAN
  COUNSEL

ROBERT A. BECKER
TAMAR NIV BESSINGER
ANGELA KIM
LYDIA T. GOBENA
MICHAEL CHIAPPETTA
JESSICA MANN
EVAN GOURVITZ
CARLOS CUCURELLA
NANCY C. DICONZA
ZOE HILDEN
LAUREN J. MANDELL
JAMES D. WEINBERGER
JASON M. VOGEL
VEJAY G. LALLA
DAVID I. GREENBAUM
DAVID DONAHUE
CHARLOTTA MEDER
MELISSA A. ANTONECCHIA
NANCY E. SABARRA
LAURA POPP-ROSENBERG

February 4, 2005

**VIA FACSIMILE**

Michael N. Rader, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206

Re:    *Photographic Illustrators Corp. v. Gillette*, 04-CIV-10913-WGY
        (Our Ref: GLTC USA TC 0420298)

Dear Michael:

I write in response to your e-mail of last evening in which you informed us for the first time that PIC has served document subpoenas on approximately 40 of Gillette's customers and business partners. We have not yet received any subpoenas which you purport to have served on us. However, we have seen the subpoena PIC served on "Shavers.com" (which, incidentally, is not on your list provided last evening). We assume that the other subpoenas (except those served on Advanced Photographics and P&G) are ostensibly the same. These subpoenas (with the exception of the one served on Advanced Photographics) are clearly violative of Fed. R. Civ. P. 26 (g) (2) (B) & (C) as they are overbroad, are not likely to lead to the discovery of admissible evidence and, in some instances, call for documents that are highly confidential. It is clear that these subpoenas have been served for the sole purpose of causing injury to Gillette by harassing its customers.

In light of the foregoing, we request that you confirm today by the end of business that you will withdraw all of the subpoenas except that served on Advanced Photographics. Absent such confirmation, we will move to quash them before Chief Judge Young at the earliest opportunity. We consider this letter and your response (or

Michael N. Rader, Esq.
February 4, 2005
Page 2

non-response) to fulfill the "meet and confer" obligations pursuant to D. Mass. Local Rule 37.1.

      We look forward to your cooperation.

                  Very truly yours,

                  Patrick T. Perkins

cc:  Richard Gelb, Esq. (by fax)

**From:**     "Rader, Michael" <Michael.Rader@WolfGreenfield.com>
**To:**     "Patrick Perkins" <pperkins@frosszelnick.com>
**Date:**     2/4/05 4:09PM
**Subject:**     PIC v. Gillette -- third-party subpoenas

Dear Patrick,

This is in response to your February 4, 2005 facsimile regarding PIC's service of third-party subpoenas. You have provided no explanation for why you believe the subpoenas are either "overbroad" or not likely to lead to discoverable evidence. To the contrary, the subpoeans are narrowly tailored to discover copyright infringements by Gillette in copying and distributing PIC's images to third parties outside the scope of any license purchased by Gillette. Indeed, PIC is already aware of many instances of such infringement (and has provided evidence of the same). The subpoenas are expected to lead to significant amounts of relevant evidence including significant evidence of Gillette's copyright infringement.

What is more, numerous entities have already begun to respond and there has been no suggestion that these subpoenas are out of the ordinary or constitute an undue hardship on the third parties that have been served.

Any motion to quash would be frivolous. If Gillette files one, PIC reserves its right to seek sanctions, including under Rule 11 of the Fed. R. Civ. P.

Regards,

Michael N. Rader
mrader@wolfgreenfield.com
direct dial 617.646.8370
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax


CC:     "David Donahue" <ddonahue@frosszelnick.com>, "Albert, Michael" <Michael.Albert@WolfGreenfield.com>