**Svenson, Tracie**

| | |
|---|---|
| **From:** | Rader, Michael |
| **Sent:** | Tuesday, February 15, 2005 12:00 PM |
| **To:** | 'David Donahue'; Kessel, Adam; Albert, Michael |
| **Cc:** | 'Craig Mende'; 'Marie Driscoll'; 'Patrick Perkins'; 'rgelb@gelbgelb.com'; 'rmessinger@gelbgelb.com' |
| **Subject:** | RE: PIC v. Gillette |

David,

Respectfully, your response is way off the mark.

We learned of Mr. Spain for the first time yesterday from speaking with Wayne Lincoln at Czarnowksi. Mr. Spain is Gillette's National Trade Show Manager. It is unclear to me what, if any, investigation Gillette performed in response to the Court's Order on PIC's Request No. 5 if it did not speak to its National Trade Show Manager or search/produce his files. The standards of professional conduct undoubtedly have something to say about that.

The Court's Order required Gillette to produce all documents concerning catalogs. That includes foreign catalogs. Gillette has already admitted that it does not know which of its images are PIC's and which are not. The foreign catalogs are highly relevant and discoverable. What is more, providing them should be a simple matter. The fact that they are being withheld is suspicious and a clear violation of the Court's Order.

We have now provided to you a list of almost 250 copyright infringements by Gillette that PIC located in its own materials alone, on top of at least two dozen internet infringements that have been identified so far. If you did not receive my e-mail with the most recent list last week, let me know and I will re-send it.

Regards,

Mike Rader

-----Original Message-----
From: David Donahue [mailto:ddonahue@frosszelnick.com]
Sent: Monday, February 14, 2005 9:44 PM
To: Kessel, Adam; Albert, Michael; Rader, Michael
Cc: Craig Mende; Marie Driscoll; Patrick Perkins; rgelb@gelbgelb.com; rmessinger@gelbgelb.com
Subject: RE: PIC v. Gillette


Michael,

Last week, our client advised us that it had searched its files but did not find any additional trade show materials responsive to document request No. 5. Today is the first time you have mentioned a "Bill Spain," and at this late hour, there is no way for us to confirm whether he currently is employed by Gillette. If you knew two weeks ago about a Mr. Spain who purportedly may have responsive materials, then you should have identified him at that time. It seems that because you client's claims are weak, you have been playing a game of "gotcha" with our client in an attempt to set up motions to compel and for contempt. This is not consistent with the standards of professional conduct that govern litigation. In any event, we will check your assertions with our client and get back to you as soon as possible. If any responsive materials exist, we will produce them forthwith.

With regard to "foreign marketing pieces," the only allegation your client has made concerning such materials is a vague claim based a two-page Spanish-language document of uncertain provenance. We are advised that our client has investigated the claim and still has not been able to determine the origin of such document. In any event, the Court denied your motion to compel documents as to Request No. 1, thereby accepting Gillette's response to such request as sufficient.

Nothing in document requests 2, 5 or 14 -- the only requests referenced in the Court's Order -- requires Gillette to search every single foreign catalog and piece of marketing material produced over the last 15 years just because your client thinks there "may" be a chance that one or more of such materials contain images provided by PIC.

Meanwhile, we are now into the last two weeks of discovery, but in violation of the Court's order and your client's obligations to respond to Gillette's interrogatories, your client still has not provided details as to this alleged infringement.  For each alleged infringement, your client was required to provide:  (a) the content of such photo; (b) the date such photo was provided to Gillette; (c) the particular infringing act or acts alleged; (d) the date of such alleged infringing acts; (e) the job number assigned to each photo by PIC; (f) the particular invoice associated with such photo; (g) any consideration, including, without limitation, the amount of money received by PIC from Gillette for its use of the photo; (h) the copyright registration number that covers such photo; (i) the date PIC first learned of such infringing act.  See Gillette's Interrogatory No. 1.  Yet with respect to the supposed infringement in the Spanish-language marketing material which, as you note, is identified in your client's complaint, your client still has not provided any of the required information other than the content of the photo and the infringing act (which, in any event, would not be cognizable infringement under the U.S. Copyright Act if it took place on foreign soil).  Your client has not provided the requested information for any of the other alleged infringements, either.  In light of the minuscule number of alleged infringements your client purports to have identified in the thousands of photographs provided to Gillette over the years, your client could have at least fulfilled its basic obligation of identifying all facts giving rise to the purported infringements.

Sincerely,

David Donahue
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017
Phone: (212) 813-5900
Fax: (212) 813-5901


>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 02/14/05 08:30PM >>>
Dear David,

We know that photographs are taken of Gillette's trade show booths and that the Gillette employee with primary responsibility for maintaining those photographs (and other materials related to trade show booths) is Bill Spain.  I have not seen Mr. Spain's files or photographs in Gillette's production, and it has now been two weeks since the Court ordered these materials to be produced within ten days.  Perhaps these materials were produced today while I was in deposition; if so, please let me know.

With regard to foreign marketing pieces, once again PIC has produced to Gillette proof that PIC's images were used by Gillette abroad.  The foreign catalogs must be produced.  I note also that, as Gillette conceded in briefing, Gillette does not maintain a mechanism for tracking the source of its images -- hence a statement that foreign catalogs are "produced locally" does not translate into an assurance that none of PIC's images were used therein.  Finally, even catalogs produced with non-PIC images (which we doubt Gillette's foreign catalogs
were) plainly would be calculated to lead to the discovery of relevant evidence in this case, and therefore must be produced.

With regard to e-mails, you obviously have a different understanding of the scope of the Court's Order.

For purposes of PIC's contempt motion, please let me know immediately which, if any, of the above-referenced items Gillette agrees to produce.

Regards,

Mike Rader

2

```
-----Original Message-----
From: David Donahue [mailto:ddonahue@frosszelnick.com]
Sent: Monday, February 14, 2005 7:50 PM
To: Kessel, Adam; Albert, Michael; Rader, Michael
Cc: Craig Mende; Marie Driscoll; Patrick Perkins; rgelb@gelbgelb.com;
rmessinger@gelbgelb.com
Subject: Re: PIC v. Gillette
```

Reference is made to the voice message you left me concerning Gillette's production of documents. In the message, you identified the following five categories of documents that you claim are missing from Gillette's production:

1. Current Product Binder. Our client has advised us that it produced the most recent version of the Braun Product binder today and that it is being copied at John Strand's request. We will double-check with our client to ensure that the most recent catalog has been produced. Of course, if the binder Gillette produced today and/or the current binder do not contain images provided by PIC then Gillette is not required to produce them in the first place.

2. Trade Show Materials. Our client has informed us that it has searched its files and has not located any additional documents responsive to Document Request No. 5 other than those which it already has produced. We note that you have subpoenaed Czarnowski, a third party vendor of trade show services for Gillette, which may possess materials responsive to this category.

3. E-mails. Our client has informed us that the relevant individuals still employed at Gillette were instructed to search their computers and paper files for any e-mails relating to PIC and that no responsive documents were located other than what already has been produced to PIC. The court denied PIC's motion to compel to the extent PIC sought e-mails that may be obtained from Gillette's back-up files. Therefore, no such files need be produced.

4. Foreign Catalogs. Our client has informed us that its foreign offices create catalogs and other marketing materials locally and thus would not have used photographs provided by PIC in such locally produced materials.

5. Product Packaging. Our client has informed us that it has searched its files for product packaging incorporating photographs provided by PIC but has not located any responsive documents other than that which already has been produced.

As with Gillette's document production, this e-mail is subject to and without waiver of Gillette's objections to PIC's discovery requests.

Sincerely,

David Donahue
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017
Phone: (212) 813-5900
Fax: (212) 813-5901

****************************************************************************
*********************************************
The information contained in this E-mail message may be privileged, confidential, and protected from disclosure. Any unauthorized use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.
****************************************************************************
*********************************************


****************************************************************************
*************************
The information contained in this E-mail message may be privileged, confidential, and

```
protected
from disclosure.  Any unauthorized use, printing, copying, disclosure or dissemination of
this communication may be subject to legal restriction or sanction.  If you think that you
have received
this E-mail message in error, please reply to the sender.
****************************************************************************
**************************
```