**Michael N. Rader**
mrader@wolfgreenfield.com
direct dial 617.646.8370

February 3, 2005

<u>By E-mail and U.S. Mail</u>

David Donahue, Esq.
FROSS, ZELNICK LEHMAN & ZISSU
866 U.N. Plaza
At First Avenue and 48th Street
New York, NY 1017

    Re:    Photographic Illustrators Corp. v. Gillette
             Civil Action No. 04-CV-10913-WGY
             Our File No. P0768.30000US00
             <u>Your File No. GLTC 0420298</u>

Dear David:

      This letter follows the Court's February 1, 2005 ruling on PIC's Motion to Compel.

      Gillette responded to PIC's Document Requests in two ways. In some cases Gillette objected but agreed to produce documents subject to its objections. In other cases Gillette simply refused to produce documents (for example, in response to Request Nos. 2 and 5, Gillette stated only that it would "work in good faith with PIC to determine whether PIC can narrow this request to bring it within the scope of reasonable discovery").

      With respect to the first category of Gillette's responses, the Court's Order requires that Gillette produce all documents "agreed to be produced (whether or not an objection has been interposed)." In other words, Gillette must produce all documents responsive to all Requests for which it agreed to produce documents, *notwithstanding any objections that Gillette interposed to those requests*. This includes, for example, objections related to the production of electronic documents and e-mails. Notwithstanding Gillette's prior contentions that producing electronic mail, including "deleted" e-mail or e-mail stored only on backup media, would be burdensome, the Court has now ordered Gillette to produce such e-mails (and other electronic documents). Gillette must perform a thorough search of all such e-mail and electronic documents, wherever they may be located, and produce the same by February 11. We trust that this process is now well under way.

      In the interest of clarity, PIC provides the following list of documents that it expects Gillette to produce. If any documents on this list are not produced due to an asserted privilege, please add them to Gillette's privilege log and transmit an updated version of that log to us by February 11.

David Donahue, Esq.
February 3, 2005
Page 2 of 3

- Catalogs that may contain images provided by PIC (Request No. 1).
- Product packaging and point-of-purchase displays that may contain images provided by PIC (Request No. 3).
- Trade show displays that may contain images provided by PIC (Request No. 4).
- Invoices and correspondence (including all e-mails as discussed above) concerning photographs provided by PIC (Request Nos. 7 and 10).
- Communications (including all e-mails as discussed above) between Gillette (including Beth Cooper) and PIC (Request Nos. 11, 28 and 35).
- Communications (including all e-mails as discussed above) within Gillette and between Gillette and third parties concerning PIC or PIC's images (Request Nos. 12, 13 and 36).
- Documents (including all e-mails as discussed above) concerning Gillette's use of third parties to duplicate PIC's images (Request Nos. 16 and 38 and Int. No. 22).
- Gillette's copyright applications for the last ten years (Request No. 18).
- Documents, including notes (and e-mails as discussed above), concerning meetings between Beth Cooper and Paul Picone (Request Nos. 29 and 34).
- E-mails to or from Beth Cooper, or others, concerning any issue in this case (Request Nos. 30, 31).
- Documents (including all e-mails as discussed above) reflecting Gillette's use of PIC's images in advertising its products (Request No. 40).

Further with regard to the third parties that Gillette used to duplicate PIC's images, we ask that you provide us with the names of those third parties immediately to provide sufficient time for us to notice their depositions.

The Court's Order also overrules Gillette's objections to three of Gillette's responses that fall into the second category noted above (i.e., refusal to produce), namely Request Nos. 2, 5 and 14, and requires that Gillette produce all documents responsive to these requests notwithstanding any objections. The text of those requests is as follows:

2. All documents concerning the use of images created by PIC in Gillette catalogs.

5. All documents concerning the use of images created by PIC in Gillette trade show displays.

14. All documents concerning PIC's images or PIC.

David Donahue, Esq.
February 3, 2005
Page 3 of 3

      Pursuant to this portion of the Court's Order, Gillette must produce all documents responsive to these requests, including electronic documents and e-mails, irrespective of the media on which they are stored or any alleged burden in locating them. Request No. 14 is quite broad and includes most of the items that PIC requested in its Motion to Compel.

      In particular, but without limitation, Gillette must produce all catalogs, product guides, product sheets, product packaging, point-of-purchase displays and trade show displays that may include PIC's images, photographs of trade show displays, records of product packaging, point-of-purchase display and trade show display usage, documents (including invoices and correspondence) concerning Gillette's duplication of PIC's images, electronic mail and other documents and files pertaining to PIC and its images, and PIC's invoices (including any stored on electronic media).

      All responsive electronic documents and e-mails must be produced, and none may be withheld on the grounds previously articulated, for example on the ground that they are stored on backup electronic media.

      If Gillette does not plan to produce any of the above documents and things for any reason, please let us know by noon on Monday, February 7, 2005 so that we may immediately seek further action or clarification from the Court prior to the deadline (Friday, February 11) for Gillette's production pursuant to the Court's Order.

      Very truly yours,

      WOLF, GREENFIELD & SACKS, P.C.

      Michael N. Rader