IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>      Defendant. | Civil Action No. 04-CV-10913-WGY |

**DECLARATION OF JOHN L. STRAND ACCOMPANYING PIC'S
REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO FURTHER COMPEL
GILLETTE'S COMPLIANCE WITH THE COURT'S FEB. 1, 2005 ORDER,
TO HOLD GILLETTE IN CONTEMPT OF THAT ORDER
<u>AND FOR APPROPRIATE RELIEF AND SANCTIONS</u>**

John L. Strand states as follows:

1.    I am an attorney with Wolf, Greenfield & Sacks, P.C., counsel for the Plaintiff Photographic Illustrators Corp. ("PIC") in the above-captioned matter.

2.    At approximately 3:25 pm on February 15, 2005, I and a paralegal with our firm, Tracie Svenson, arrived at Gillette's offices to inspect documents that Gillette had made available to PIC for the first time that day. In the inspection room, there were six banker's boxes of documents in folders. Ms. Svenson and I began reviewing these materials and flagged some for immediate copying.

3.    About a half hour after we arrived, Gillette also provided us with a further pile of documents, which we were told were from the files of Mr. Bill Spain, Gillette's National Trade Show Manager. These files included the following: three photo albums containing photos of certain trade show displays, ranging in years from 1999 until 2004; 1997 Braun advertising; what

- 2 -

appeared to be pictures from the 1998 Braun catalog (possibly taken by PIC); and, various e-mails and memorandums from the 1996-97 time period.

    4.    Then, at approximately 4:30 pm, Gillette provided us with two more oversized moving boxes of files. These files were placed in the oversized boxes in no apparent order and some of the files were falling out of the boxes.

    5.    In these two boxes there were approximately 100 file folders that contained various photographic slides and transparencies. While scanning through these folders, we found two envelopes that were addressed from PIC to Gillette and contained transparencies.

Sworn to under the pains and penalties of perjury that the foregoing is true to the best of my knowledge and belief.

Dated: March 3, 2005        /s/ John L. Strand
                                        John L. Strand