IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

       Plaintiff,

v.

THE GILLETTE COMPANY,

       Defendant.

Civil Action No. 04-CV-10913-WGY

**PIC'S OPPOSITION TO GILLETTE'S MOTION TO COMPEL PLAINTIFF
TO SUPPLEMENT ITS RESPONSES TO INTERROGATORIES**

    Plaintiff Photographic Illustrators Corporation ("PIC") herewith opposes Defendant The Gillette Company's ("Gillette") Motion to Compel PIC to supplement its responses to Gillette's Interrogatory Nos. 1, 2 and 7.  The motion should be denied because PIC fully and timely responded to the contention interrogatories with the information it had, and diligently sought (from Gillette itself, which dragged its feet) to obtain the remaining information.  While Gillette still has not fully complied, PIC has nonetheless today provided a 47-page Supplemental Interrogatory Response which moots any remaining issue on Gillette's motion.

**Background**

    As an initial matter, the Motion to Compel fails because PIC fully and timely responded to Gillette's interrogatories, based on all information then known to PIC.  See Exhibit 2 to Gillette's Mem. in support of Mot. to Compel.  In that response, PIC promised to produce pursuant to Fed. R. Civ. P. 33(d) – and PIC accordingly did produce – documents reflecting the requested information.  PIC also provided numerous examples illustrating how those documents would be responsive to the interrogatories.  PIC also provided references to several Gillette website pages containing infringing material and identified the copyright registration

corresponding to some of those infringements. PIC also made reference to Gillette catalogs containing infringing material that were already within Gillette's possession, and noted that it would continue to supplement its response to this interrogatory as Gillette produced more documents.

Critical here is the fact that Gillette's disputed interrogatories are <u>contention interrogatories</u>. It is well established that much of the information responsive to a contention interrogatory (i.e. a request to state the basis for a claim) lies in the hands of the defendant, and therefore cannot be requested of the plaintiff until after the defendant has fully complied with its own obligation to disgorge that data. <u>See</u>, <u>e.g.</u>, Wright and Miller, 8 Fed. Prac. & Proc. Civ.2d § 2038 n.6; <u>McCrink v. Peoples Benefit Life Ins. Co.</u>, 2004 WL 2743420 (E.D. Pa. 2004); <u>McCarthy v. Paine Webber Group, Inc.</u>, 168 F.R.D. 448, 450 (D. Conn. 1996); <u>In re Convergent Technologies Securities Litigation</u>, 108 F.R.D. 328 (N.D. Cal. 1985).

This case is paradigmatic of that situation: Gillette itself held, and throughout most of the discovery period refused to turn over to PIC, much of the evidence of the infringement in question. As the Court is well aware from recent events, Gillette has yet to fully comply with its obligations. Accordingly, it would be unfair and indeed impossible to expect PIC to provide to Gillette every example of infringement reflected in the very documents PIC has been diligently (but with limited success) attempting to get Gillette itself to produce to PIC.

But in any event, notwithstanding Gillette's own failures, PIC actually provided quite a thorough initial response, which included thousands of responsive documents produced pursuant to Rule 33(d) that identified infringing acts.

Moreover, PIC has now mooted any remaining issue Gillette might have with this response by serving today a comprehensive and detailed, 47-page Supplemental Interrogatory

Response, a copy of which is attached hereto as Exhibit A. This Response specifically identifies at least 8,679 instances of copyright infringement, and provides additional information about Gillette's breaches of its contracts with PIC.

Accordingly, any claim with respect to Interrogatories Nos. 1 or 2 is now mooted. The only remaining interrogatory that Gillette takes issue with is No. 7. This seems to have been an afterthought, as Gillette only conferred with PIC pursuant to Local Rule 7.1 in connection with Interrogatories 1 and 2 (and indeed could have spared the Court the time spent on this motion because PIC advised Gillette at that time that the Supplemental Interrogatory Response would shortly be forthcoming.) Because it did not confer on Interrogatory No. 7, its motion on that interrogatory is inappropriate. In any event, as discussed below, PIC's response to that interrogatory was complete, and requires no supplementation, for two reasons: First, the interrogatory by its own terms was directed to a cause of action that this Court has now dismissed. The inquiry related to how PIC planned to use its own pictures of Gillette's products, purportedly in support of Gillette's theory that PIC intended to engage in trademark infringement. But that issue is moot, as the Court on December 16, 2004 dismissed Gillette's counterclaim purporting to allege an intent to commit such infringement.

In sum, Gillette's Motion to Compel should be denied. The above points are discussed in more detail below.

**Interrogatory No. 1**

Gillette's Interrogatory No. 1 sought identification of each instance of copyright infringement. Much of the information responsive to this request is in Gillette's possession, not PIC's. But in any event, PIC's original response provided a response under Rule 33(d), which included thousands of documents which Gillette does not deny receiving. Inasmuch as going

through those materials is equally burdensome for either party, the response was sufficient for that reason alone.

In any event, PIC has provided a detailed identification of almost 9,000 acts of copyright infringement in materials produced thus far in the attached Supplemental Interrogatory Response.

In doing so, PIC faced the challenge of sorting through Gillette's remarkably disorganized (and untimely) document production to identify each of a massive number of instance of copyright infringements. It did so in the brief time available after receiving the bulk of Gillette's document production during the week of February 14 – which was years after Gillette had promised, by letter, to provide the results of its "investigation," months after Gillette had become obligated to do so by PIC's discovery requests in this case, and in fact was even after the February 11th deadline that this Court had set by Order to produce responsive documents. PIC's investigation and identification of each infringement was hampered by the lack of organization of Gillette's files, which include dozens of folders stuffed with numerous copies of PIC's images in no particular order, often intermixed with images from other sources. These folders were either unlabeled or labeled with codes that were incomprehensible to Plaintiff's counsel, and were placed haphazardly into various sized boxes.

Nonetheless, PIC has succeeded in identifying thousands of acts of copyright infringement by Gillette, and has duly supplemented its answers. PIC will again supplement its response further if additional infringements are located, particularly once Gillette complies with the Court's March 3, 2005 Order to produce all foreign catalogs and all remaining non-produced domestic catalogs within ten days.

On February 15, 2005, Gillette made available to PIC for the first time the bulk of its film files. PIC's review of those files shows that Gillette retained 1,263 duplicate transparencies and 3,266 duplicate slides in its files. (Gillette made many more duplicates – those found by PIC in Gillette's files represent only the "leftovers" that were not distributed to facilitate additional reproduction and/or duplication throughout the Gillette organization and by third parties.) A detailed list of how many transparencies were located in each of Gillette's files is found on pages 5-14 of PIC's Supplemental Interrogatory Response.

The remaining information that Gillette seeks in Interrogatory No. 1 is self-evident, irrelevant, known only to Gillette, and/or unduly burdensome. For example, the "content" of each photograph (subpart (a) of the interrogatory) is contained within the photograph itself, copies of which were provided to Gillette under Rule 33(d). It is no less burdensome for Gillette than for PIC to match up from the documents produced the date(s) on which various job orders, invoices, and fees (subparts b, e, f, and g of the interrogatory) were provided to Gillette. If Gillette itself failed to keep records of when it received particular images, who photographed them, and the applicable license terms, that is of course not PIC's fault; and in any event, PIC has produced what it has which is responsive under Rule 33(d).

Finally, all copyright registrations that PIC has obtained to date have been produced. As noted in prior papers and in court, certain additional copyright applications are in the works based on the materials that PIC is still waiting to obtain from Gillette itself.

In sum, PIC's initial answer complied with its obligations. In any event, it has provided a thorough Supplemental Response. Any remaining information it does not yet have is due to Gillette's own noncompliance and/or untimely compliance.

**Interrogatory No. 2**

Gillette's Interrogatory No. 2 seeks identification of the breaches of contract alleged by PIC. The points here are essentially the same as for Interrogatory No. 1, and will not be repeated at length. PIC's original response was sufficient, but PIC has in any event supplemented it with a list of all the Jobs it performed for Gillette, categorized by Job Number and date. PIC has also provided even more detailed responses to the subparts of this Interrogatory.

Subpart (a) asks for identification of each agreement. Each of PIC's Job Folders contains the PIC invoice on which the parties' agreement is printed. Those Job Folders and their contents were all produced electronically as requested by Gillette, organized by Job number, with each of the Job-related documents electronically associated with the Job in a "folder" format on CD. In addition, PIC produced an additional CD to Gillette consisting solely of PIC's invoices and their accompanying terms and conditions. PIC has thus provided all the information it has in response to subpart (a) of this Interrogatory.

Subparts (b) and (c) of the Interrogatory asks for the specific provisions of the agreements that were breached, and the acts that constituted those breaches. That information is explained in detail in PIC's Amended Complaint and in PIC's original response. <u>See</u> p. 8 of Ex. 2 to Gillette Br. PIC is unsure what else Gillette seeks here, and Gillette has not provided any more detail relating to this request in any of its correspondence.

PIC has addressed the remaining subparts in its document production, initial responses to interrogatories, and its supplemental responses to interrogatories. Moreover, PIC's principal Paul Picone has responded in deposition to questions relating to these issues.

Finally, Gillette's suggestion that PIC's counsel's objections in deposition somehow prevented Gillette from getting the information it seeks is disingenuous and misleading. It

falsely implies that Mr. Picone was instructed not to answer questions.  Mr. Picone was *never* so instructed.  On the contrary, whenever the witness asked whether to answer a question, he was instructed by counsel to do so.  He accordingly answered every single question put to him.  Counsel made the standard objections for the record (unlike Gillette's own counsel who made considerably longer speeches at Gillette depositions).  All objections PIC made to preserve its rights regarding later use of the testimony were appropriate and necessary, and did not in any way impede the witness's answering any questions, nor has Gillette even made out a prima facie case that it did.

### **Interrogatory No. 7**

Gillette's Interrogatory No. 7 requests PIC to identify any and all uses PIC has made of any photograph prepared for Gillette.

Although Gillette contacted PIC prior to filing its motion to compel, to discuss whether PIC would provide a supplemental answer to Interrogatories Nos. 1 and 2, Gillette did not so conferred with PIC regarding this Interrogatory.[1]  Thus, inclusion of it in the motion to compel violates Local Rule 7.1.  Gillette's Certificate of Compliance with this Local Rule is at best misleading.

In any event, the motion is meritless.  PIC provided a detailed response to this Interrogatory in its initial response on November 29, 2004.  PIC has no further response to this Interrogatory other than the information it provided on that date.

Moreover, this Interrogatory apparently targets an issue that is no longer in the case.  Gillette seems to be seeking this information in support of its theory that PIC planned to use its own photographs in a manner that would allegedly infringe Gillette's trademarks.  Gillette made

---

[1] The only time that Gillette ever even mentioned Interrogatory No. 7 to PIC was in a letter prior to the Court's dismissal of the counterclaim to which this interrogatory pertains.

such an allegation in a counterclaim. That counterclaim was dismissed by this Court on December 16, 2004. Accordingly, the issue is moot. Gillette has not identified any relevance of Interrogatory No. 7 to any issues that remain in the case.

The Motion to Compel any further responses to this Interrogatory should thus be denied.

## CONCLUSION

For the above reasons, Gillette's Motion to Compel should be denied.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: March 4, 2005                /s/ Michael A. Albert
                                              Michael A. Albert, BBO #558566
                                              malbert@wolfgreenfield.com
                                              Michael N. Rader, BBO # 646990
                                              mrader@wolfgreenfield.com
                                              WOLF, GREENFIELD & SACKS, P.C.
                                              600 Atlantic Ave.
                                              Boston, MA 02210
                                              (617) 646-8000