UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>    Defendant. | Civil Action No. 04-10913 WGY |
| THE GILLETTE COMPANY,<br><br>    Counterclaim-Plaintiff,<br><br>vs.<br><br>PHOTOGRAPHIC ILLUSTRATORS CORPORATION and PAUL PICONE,<br><br>    Counterclaim-Defendants. | **EXPEDITED CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(c)** |

**THE GILLETTE COMPANY'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF COURT'S MARCH 7, 2005 ORDER ON GILLETTE MOTION TO COMPEL**

Defendant The Gillette Company ("Gillette") respectfully submits this Motion for Clarification concerning the Court's March 7, 2005 Order on Gillette's motion to compel plaintiff Photographic Illustrators Corporation ("PIC") to supplement its responses to Interrogatory Nos. 1 and 2.

**REQUEST FOR RELIEF**

In its March 7, 2005 Order, the Court held, *inter alia*, that Gillette's Motion to Compel is:

> allowed as to interrogatories 1 and 2 …. The plaintiff shall supplement its responses within 10 days of the date of this order by (1) producing all of the documents referred to therein, and (2) supplementing its responses as required by the rules for interrogatories inquiring "state the basis for." Should supplementation include only documents, the plaintiff will, of course, be limited at trial to the production of those documents.

After receiving notice of the Court's ruling, Gillette requested PIC's counsel to confirm by 5 o'clock p.m. this afternoon that to the extent PIC relies upon the production of documents

1

pursuant to Federal Rule of Civil Procedure 33(d) to comply with the Court's Order, PIC would comply with the rule's express requirement that documents relied upon must be adequately identified. PIC's counsel failed to respond to Gillette's request.

To date, PIC's responses to Interrogatories 1 and 2 consist largely of PIC's claim that the information requested by Gillette may be discerned from the documents PIC has produced to Gillette. However, PIC fails to identify upon which of the more than 19,000 pages of documents it relied. This is contrary to PIC's obligation under Federal Rule of Civil Procedure 33(d). *See, e.g., S.E.C. v. Elfindepan*, 206 F.R.D. 574, 576 (M.D.N.C. 2002) (Where Rule 33(d) is invoked, the producing party must "adequately and precisely specif[y] for each interrogatory, the actual documents where information will be found. Document dumps or vague references to documents do not suffice.") (citation omitted); *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 276 (C.D. Cal. 1999) ("Rule 33(d) is not satisfied by the wholesale dumping of documents…. [A] responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.") (citations omitted); *see generally Sabel v. Mead Johnson & Co.*, 110 F.R.D. 553, 556 (D. Mass. 1986) (Collings, *J.*) (discussing Rule 33(d)).

Given that Interrogatories 1 and 2 go to the very heart of this case, PIC should not be permitted to continue to rely on its vague assertions that the requested information may be found in its voluminous document production. While the Court's Order makes clear that PIC's failure to comply with the Court's Order may expose PIC to sanctions relating to preclusion at trial, Gillette is concerned that PIC's abuse of Rule 33(d) is designed to prevent a meaningful hearing on PIC's claims at the summary judgment stage.

Accordingly, Gillette requests the Court to clarify its Order by indicating that to the extent PIC intends to rely on Rule 33(d) in any manner in connection with its Second Supplemental Responses to Interrogatories 1 and 2, PIC must identify by Bates Number the specific individual documents in PIC's document production that purportedly contain the information required to be identified under each subpart of Interrogatories 1 and 2 as to each specific alleged infringement and breach of contract.

## CONCLUSION

For the foregoing reasons, Gillette's motion should be granted.

Dated:  March 7, 2005                                  FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By:  /s/Patrick T. Perkins/
    Patrick T. Perkins (Admitted *pro hac vice)*
    David Donahue (Admitted *pro hac vice)*
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP

By:  /s/Richard M. Gelb/
    Richard M. Gelb (BBO#188240)
    rgelb@gelbgelb.com
    Robert S. Messinger (BBO# 651396)
    rmessinger@gelbgelb.com

20 Custom House Street
Boston, MA  02110
Tel: (617) 345-0010
Fax: (617) 345-0009
*Attorneys for Defendant/Counterclaim-Plaintiff
The Gillette Company*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1(a)(2) and 37.1

I, Patrick T. Perkins, do hereby certify that on March 7, 2005, counsel for Gillette contacted Michael Rader, Esq., counsel of record for Plaintiff, via e-mail in a good faith effort pursuant to Local Rules 7.1(a)(2) and 37.1 to resolve or narrow the issues raised in this motion. Counsel for PIC failed to respond to Gillette's counsel's e-mail and, as a result, no conference was held.

By:  /s/Patrick T. Perkins/
    Patrick T. Perkins (Admitted *pro hac vice)*

I:\ddonahue\GLTC\COURT DOCS\050306-0420298-pld-Mot. for Clarification re Mot. to Compel-dd.doc