IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>    Defendant. | Civil Action No. 04-10913 WGY |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Defendant The Gillette Company ("Gillette"), for its responses to the Second Set of Interrogatories (the "Second Interrogatories") of Plaintiff Photographic Illustrators Corporation ("PIC") states as follows:

### GENERAL OBJECTIONS

The following general objections are incorporated by reference into each of Gillette's responses to PIC's Second Interrogatories:

1.   Gillette hereby incorporates by reference its objections to the definitions and instructions in Plaintiff's First Set of Interrogatories to Gillette (the "First Interrogatories") to the extent that plaintiff purports to incorporate by reference such definitions and instructions into the Second Interrogatories.

2.   PIC's First Interrogatories—counting PIC's pervasive use of discreet subparts and compound questions therein—exceeded the limit on the number of interrogatories that was

stipulated to by the parties and ordered by the Court. Accordingly, Gillette objects to the Second Interrogatories in their entirety and has no obligation to respond to them. Gillette's responses herein are subject to and without waiver of Gillette's objection set forth in this paragraph.

3.  To the extent the Second Interrogatories encompass electronic, digital and other non-tangible materials, including email not previously printed out or transcribed, Gillette objects thereto because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case and the importance of the proposed discovery in resolving the issues and because the Second Interrogatories include materials not within the scope of Federal Rule of Civil Procedure 33 and District of Massachusetts Local Rule 26.5(2).

4.  Gillette objects to the Second Interrogatories to the extent that they call for the production of information that is privileged.

5.  Gillette objects to the Second Interrogatories to the extent that they call for the production of information that is confidential.

6.  Gillette objects to the Second Interrogatories to the extent they request information outside the relevant statutes of limitation that govern PIC's claims and, as such, are overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise stated herein, Gillette will limit its responses to information or documents concerning events which occurred on or after May 7, 1998.

7.  Because Gillette's search of its records for the information requested in these Interrogatories is ongoing and continuing, Gillette may develop further, more complete and/or

different information than that provided in these responses. Accordingly, Gillette expressly reserves its right to supplement, amend or otherwise modify the responses set forth herein.

## RESPONSES

**INTERROGATORY NO. 24.**

State the gross revenue, costs, and profits for every product that Gillette advertised or marketed with images provided by PIC. Your answer should be broken down by year and product.

**RESPONSE:**

Gillette objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on grounds that the Request is overly broad, unduly burdensome, oppressive and vague. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.

**INTERROGATORY NO. 25.**

State Gillette's advertising expenditures associated with every product that Gillette advertised or marketed with images provided by PIC. Your answer should be broken down by year and product.

**RESPONSE:**

Gillette objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on grounds that the Request is overly broad, unduly burdensome, oppressive and vague. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.

**INTERROGATORY NO. 26.**

Itemize all sales of Gillette products that occurred at or resulted from trade shows where Gillette's displays included images provided by PIC.

**RESPONSE:**

Gillette objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on grounds that the Request is overly broad, unduly burdensome, oppressive and vague. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.

**INTERROGATORY NO. 27.**

Identify all documents, including without limitation market studies, consultant reports, memoranda, email messages, or other documents relating to the effectiveness of Gillette's advertising, trade shows, point-of-sale displays or product packaging.

**RESPONSE:**

Gillette objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on grounds that the Request is overly broad, unduly burdensome, oppressive and vague. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.

**INTERROGATORY NO. 28.**

State the basis for each of the Affirmative Defenses set forth in Gillette's Amended Answer filed November 15, 2004, in detail sufficient to permit the Court to rule on a motion for summary judgment thereon.

**RESPONSE:**

The parties stipulated and the Court ordered that the parties would be limited to thirty-five (35) interrogatories in this action. As set forth in General Objection No. 2 above, PIC's First Interrogatories already exceed this limit.

In Interrogatory 28, PIC attempts through a single interrogatory to request Gillette to set forth the basis for each of its *ten* Affirmative Defenses in this action. Similarly, in Interrogatory 29 PIC attempts through a single interrogatory to request Gillette to set forth the basis for each of its *four* Counterclaims in this action. Given that Federal Rule of Civil Procedure 33(a) requires "discreet subparts" to be counted as separate interrogatories, Interrogatories 28 through 30 amount to fifteen separate interrogatories at minimum.

Based on the foregoing, even if PIC's First Interrogatories were held not to exceed the thirty-five interrogatory limit, PIC's Second Interrogatories greatly exceed the limit. Accordingly, Gillette is not required and will not respond to Interrogatories 28 through 30 at this time. If PIC amends Interrogatories 28 through 30 so that they number no more than a total of seven interrogatories, including discreet subparts, Gillette will provide responses thereto. Alternatively, if PIC advises Gillette which seven of the fifteen interrogatories remaining in Interrogatories 28 through 30 that PIC requests Gillette to answer, or requests Gillette to choose which seven of the fifteen interrogatories to answer, Gillette will provide responses.

Gillette further objects to Interrogatory 28 because it violates District of Massachusetts Local Rule 26.5(c)(8), which permits an interrogatory to call "upon a party to 'state the basis' of or for a *particular* claim, assertion, allegation, or contention ...." (Emphasis added.)

Moreover, Gillette objects to Interrogatory 28 on grounds that it is premature because Plaintiff has not yet complied with its obligations to identify and specify with particularity its claims against Gillette and to produce documents to Gillette in response to Gillette's discovery

5

requests. Without knowing the precise nature of PIC's claims, Gillette cannot possibly provide a complete picture of its defenses to such claims.

**INTERROGATORY NO. 29.**

State the basis for each of Gillette's Counterclaims filed November 15, 2004 in detail sufficient to permit the Court to rule on a motion for summary judgment thereon.

**RESPONSE:**

Gillette incorporates by reference the first four paragraphs of its objections to Interrogatory No. 28, above. Gillette further objects to this Interrogatory to the extent that it seeks discovery relating to a counterclaim by Gillette that the Court dismissed at Plaintiff's request.

**INTERROGATORY NO. 30.**

Identify every laboratory that Gillette has hired to duplicate or reproduce photographic images for advertising or marketing its products in the past ten (10) years, and identify those laboratories that have duplicated or reproduced images provided to Gillette by PIC, stating in addition for each such laboratory the name or names of the contact person or persons with whom Gillette has communicated regarding such copies.

**RESPONSE:**

Gillette incorporates by reference the first three paragraphs of its objections to Interrogatory No. 28, above. Gillette further objects to Interrogatory No. 30 on the grounds that the Interrogatory is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information outside the applicable statutes of limitations on PIC's claims and seeks information concerning Gillette's use of laboratories to obtain copies of photographs not provided by PIC.

Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.

Respectfully submitted,

December 29, 2004                                FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
    Patrick T. Perkins (Admitted *pro hac vice*)
    David Donahue (Admitted *pro hac vice*)
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP
Richard M. Gelb (BBO#188240)
Robert S. Messinger (BBO# 651396)
20 Custom House Street
Boston, MA  02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant The Gillette Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND INTERROGATORIES was served by regular mail, on December 29, 2004, to Michael A. Albert, Esq., Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210, counsel for Plaintiff Photographic Illustrators Corp., this 29th day of December, 2004.

_____
Patrick Perkins

I:\ddonahue\GLTC\COURT DOCS\041209-0420298- Resp. to PIC's Second Interrogatories-dd.doc

# VERIFICATION

I am Assistant Trademark Counsel of Defendant/Counterclaim-Plaintiff The Gillette Company and am authorized to make this verification on its behalf. I have read Defendant's Responses to Plaintiff's First Set of Interrogatories and know the contents thereof. I am informed and believe that the matters stated therein are true and, on that ground, declare under penalty of perjury that the same are true and correct.

Date: 18 November 2004

Leon Bechet