**Kessel, Adam**

| | |
|---|---|
| **From:** | Patrick Perkins [pperkins@frosszelnick.com] |
| **Sent:** | Thursday, March 10, 2005 4:30 PM |
| **To:** | Albert, Michael |
| **Cc:** | Craig Mende; David Donahue; Kessel, Adam; Rader, Michael |
| **Subject:** | Re: Gillette Interrogatory Responses |

Dear Michael-

I write in response your e-mail of March 9, 2005. My responses are set forth below, in ALL CAPS after each of your comments or questions.

Patrick T. Perkins
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901
e-mail:  pperkins@frosszelnick.com

>>> "Albert, Michael" <Michael.Albert@WolfGreenfield.com> 03/09/05 05:27PM >>>
Dear Patrick,

One small point and one larger one regarding Gillette's interrogatory answers.

First of all, Gillette's third responses to interrogatories were not accompanied by any verification. Please confirm that you will provide properly verified responses shortly. It will be important for us to be able to inquire about these responses (and the prior responses) at Gillette's 30(b)(6) deposition, and we need to know who stands behind them (as indeed the rules require).

YOU WILL HAVE THE VERIFICATION FOR GILLETTE'S RESPONSES TO PIC'S THIRD SET OF INTERROGATORIES SHORTLY.  THE REMAINDER OF YOUR POSITION IN THE ABOVE PARAGRAPH IS WAY OFF BASE.  FIRST, GILLETTE'S 30(B)(6) DEPOSITION IS LARGELY COMPLETE.  BY LETTER DATED FEB. 15 WE IDENTIFIED FOR YOU THE WITNESSES GILLETTE WAS PUTTING UP AS ITS 30(B)(6) REPRESENTATIVES - YOU NEITHER OBJECTED NOR ASKED FOR DIFFERENT WITNESSES. YOU DEPOSED THEM EACH FOR MANY HOURS, ASKED THEM WHATEVER QUESTIONS YOU HAD.  AS WE HAVE TOLD YOU NOW ON NUMEROUS OCCASIONS, GILLETTE WILL PRODUCE WITNESSES ON THE TWO REMAINING ISSUES AND WILL ENTERTAIN ANY REQUEST YOU HAVE TO RE-DEPOSE ANY OF GILLETTE'S PRIOR WITNESSES FOR A LIMITED TIME AND ON TOPICS LIMITED TO DOCUMENTS PRODUCED AFTER SUCH PERSON'S DEPOSITION. YOU CAN TAKE UP THE SPECIFICS OF THAT WITH CRAIG.
AS FOR YOUR IMPLICATION THAT THE "RULE" REQUIRES THAT THE PERSON VERIFYING INTERROGATORY RESPONSES MUST BE PRODUCED FOR DEPOSITION, YOU ARE INCORRECT.  GILLETTE IS PERMITTED TO IDENTIFY WHOMEVER IT CHOOSES AS ITS 30(B)(6) REPRESENTATIVES.  YOU WERE ON NOTICE AS OF NOV. 3 (WITH RESPONSES TO THE FIRST SET) AND DEC. 29 (WITH RESPONSES TO THE SECOND SET) THAT LEON BECHET WAS THE PERSON AT GILLETTE VERIFYING THE INTERROGATORY RESPONSES. YET, YOU CHOSE NOT TO NOTICE HIM FOR DEPOSITION.  THE TIME HAS NOW PASSED TO DO SO. AS A PRACTICAL MATTER, SUCH A DEPOSITION WOULD BE A WASTE OF TIME.  MR. BECHET IS IN-HOUSE COUNSEL AT GILLETTE.  MR. BECHET WAS ABLE TO VERIFY FACTS WITH GILLETTE EMPLOYEES THROUGH DISCUSSIONS THAT ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.  THUS, EVEN IF HE WERE REQUIRED TO TESTIFY, WHICH HE IS NOT, HE WOULD BE UNDER AN ETHICAL OBLIGATION NOT TO ANSWER MANY OF THE QUESTIONS YOU WOULD PUT TO HIM.  HOWEVER, YOU HAVE NOT BEEN PREJUDICED SINCE EACH OF THE 30(B)(6) WITNESSES PRODUCED COULD HAVE BEEN ASKED ABOUT ANY OF THE RESPONSES TO INTERROGATORIES.

Second, in response to PIC's Interrogatories Nos. 28 and 29, which request that Gillette "state the basis" (as defined in the Local
Rules)
for its affirmative defenses and counterclaims, Gillette has thus far given no response whatsoever. While there are other interrogatories that PIC feels have not been adequately answered either (as to which we do not waive PIC's rights), PIC is concerned in particular about Gillette's failure to respond to these interrogatories which could prevent a

meaningful hearing on Gillette's affirmative defenses and counterclaims at the summary judgment stage, which as you know is approaching very shortly.

Although we disagree with your method for counting interrogatories, and without waiver of that position, we note that you have in any event offered to respond to seven subparts of interrogatories 28 through 30, counting each affirmative defense and counterclaim as a separate subpart. Accordingly, we request that you state the basis (as defined in Local Rule 26.5(C)(8)) for your second, third, sixth, seventh, eighth, and tenth affirmative defenses.

ON DEC. 29, 2004, IN RESPONSE TO PIC'S SECOND SET OF INTERROGATORIES, GILLETTE DID INDEED OFFER TO RESPOND TO SEVEN SUBPARTS OF INTERROGATORIES 28 THROUGH 30.  PIC NEVER (UNTIL YOUR E-MAIL OF
YESTERDAY) IDENTIFIED WHICH SUBPARTS IT WANTED GILLETTE TO ANSWER.

WHEN PIC FAILED TO RESPOND TO GILLETTE'S OFFER BUT INSTEAD SERVED A THIRD SET OF INTERROGATORIES, GILLETTE BELIEVED PIC HAD WITHDRAWN ITS INTERROGATORIES 28-30.  IN RELIANCE THEREON, GILLETTE RESPONDED TO PIC'S THIRD SET OF INTERROGATORIES.
PIC'S THIRD SET OF INTERROGATORIES GOES WELL BEYOND THE LIMIT AGREED TO BY THE PARTIES AT THE BEGINNING OF THE CASE.  INDEED, INTERROGATORY NO.
31 ALONE, SEEKING EXPLANATIONS ON EACH AND EVERY ONE OF ITS 145 REQUESTS FOR ADMISSIONS COUNTS AS A SEPARATE SUB-PART FOR EACH REQUEST.  SAFECO OF AMERICA V. RAWSTRON, 181 F.R.D. 441, 445-446 (C.D. CAL. 1998) (INTERROGATORY THAT ASKS RESPONDING PARTY TO SUPPORT DENIAL OF EACH REQUEST FOR ADMISSION CONSTRUED AS CONTAINING SUBPART FOR EACH REQUEST) NOTWITHSTANDING THIS FACT,  GILLETTE FULLY RESPONDED TO INTERROGATORIES 31-34.  AS A RESULT, GILLETTE HAS EXCEEDED ITS OBLIGATION TO RESPOND TO INTERROGATORIES IN THIS CASE.  YOUR ATTEMPT ACCEPT AN OFFER MADE BY GILLETTE OVER TWO MONTHS AGO WHERE, IN THE INTERVENING PERIOD, YOU HAVE SERVED AND GILLETTE HAS RESPONDED TO, ADDITIONAL INTERROGATORIES, IS NOT APPROPRIATE.  WE BELIEVE ANY MOTION PRACTICE ON PIC'S PART IN CONNECTION WITH THIS ISSUE WOULD BE WITHOUT MERIT AND WOULD NEEDLESSLY EXPAND THE COST OF LITIGATION.

Please confirm by the close of business tomorrow whether Gillette will adhere to your offer to state the basis for at least these seven affirmative defenses, and whether these responses will be provided within seven days, so that we can avoid further motion practice on this subject.

Regards,

Michael


Michael A. Albert
malbert@wolfgreenfield.com
direct dial 617.573.7840
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.720.3500  |  617.720.2441 fax

This e-mail message and any attachments may contain confidential or privileged information.  If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments.  Thank you.


***************************************************************************************
*************************
The information contained in this E-mail message may be privileged, confidential, and protected from disclosure.  Any unauthorized use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction.  If you think that you have received this E-mail message in error, please reply to the sender.
***************************************************************************************
*************************

3