IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

    Plaintiff,

vs.

THE GILLETTE COMPANY,

    Defendant.

Civil Action No. 04-10913 WGY

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## THIRD SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Defendant The Gillette Company ("Gillette"), for its responses to the Third Set of Interrogatories (the "Third Interrogatories") of Plaintiff Photographic Illustrators Corporation ("PIC") states as follows:

### GENERAL OBJECTIONS

The following general objections are incorporated by reference into each of Gillette's responses to PIC's Third Interrogatories:

1.     Gillette hereby incorporates by reference its objections to the definitions and instructions in Plaintiff's First Set of Interrogatories to Gillette (the "First Interrogatories") to the extent that plaintiff purports to incorporate by reference such definitions and instructions into the Second Interrogatories.

2.     PIC's First Interrogatories and Second Interrogatories—counting PIC's pervasive use of discreet subparts and compound questions therein—exceeded the limit on the number of

interrogatories that was stipulated to by the parties and ordered by the Court. Accordingly, Gillette objects to the Third Interrogatories in their entirety and has no obligation to respond to them. Gillette's responses herein are subject to and without waiver of Gillette's objection set forth in this paragraph.

3.    To the extent the Third Interrogatories encompass electronic, digital and other non-tangible materials, including email, that exists solely on back-up media, Gillette objects thereto because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case and the importance of the proposed discovery in resolving the issues and because the Second Interrogatories include materials not within the scope of Federal Rule of Civil Procedure 33 and District of Massachusetts Local Rule 26.5(2).

4.    Gillette objects to the Third Interrogatories to the extent that they call for the production of information that is privileged.

5.    Gillette objects to the Third Interrogatories to the extent that they call for the production of information that is confidential.

6.    Gillette objects to the Third Interrogatories to the extent they request information outside the relevant statutes of limitation that govern PIC's claims and, as such, are overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise stated herein, Gillette will limit its responses to information or documents concerning events which occurred on or after May 7, 1998.

7.    Because Gillette's search of its records for the information requested in these Interrogatories is ongoing and continuing, Gillette may develop further, more complete and/or

different information than that provided in these responses. Accordingly, Gillette expressly reserves its right to supplement, amend or otherwise modify the responses set forth herein.

## RESPONSES

### INTERROGATORY NO. 31.

If you do not admit in full any request for admission in PIC's First Set of Requests for Admission or PIC's Second Set of Requests for Admission, state basis for your failure to admit, in full, including the basis for any part of the request for admission that you deny.

### RESPONSE:

Gillette objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on grounds that the Request is overly broad, unduly burdensome, oppressive and vague. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide. Subject to and without waiving the objections, Gillette responds that the information sought by this Interrogatory is set forth in Gillette's responses to the First and Second Set of Requests for Admission.

### INTERROGATORY NO. 32.

[This Interrogatory is mistakenly numbered by PIC as No. 31]

Identify every person to whom you have transmitted any image provided to you by PIC, including every photographic developing laboratory, every customer or reseller, and every vendor that you have retained to create advertising materials including trade show booths, point of purchase displays or product packaging.

### RESPONSE:

Gillette objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on grounds that the Request is overly broad, unduly burdensome, oppressive and vague. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.

**INTERROGATORY NO. 33.**

[This Interrogatory is mistakenly numbered by PIC as No. 32]

Identify every person to whom you have transmitted any image of any product that you sell (regardless of whether that image was provided to you by PC), including every photographic developing laboratory, every customer or reseller, and every vendor that you have retained to create advertising materials including trade show booths, point-of-purchase displays or product packaging.

**RESPONSE:**

Gillette objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on grounds that the Request is overly broad, unduly burdensome, oppressive and vague. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.

**INTERROGATORY NO. 34.**

[This Interrogatory is mistakenly numbered by PIC as No. 33]

Identify every person, except for PIC, that you have hired in the last ten (10) years to photograph your products.

4

**RESPONSE:**

Gillette objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on grounds that the Request is overly broad, unduly burdensome, oppressive and vague. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.

March 4, 2005                              FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
Patrick T. Perkins (Admitted *pro hac vice*)
David Donahue (Admitted *pro hac vice*)
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP
Richard M. Gelb (BBO#188240)
Robert S. Messinger (BBO# 651396)
20 Custom House Street
Boston, MA  02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant The Gillette Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD INTERROGATORIES was served by regular mail, on March 4, 2005, to Michael A. Albert, Esq., Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210, counsel for Plaintiff Photographic Illustrators Corp.

_____
Patrick Perkins

I:\PPERKINS\GLTC\General\Resp. to PIC's Third Interrogatories.doc