Case 1:04-cv-10913-WGY    Document 63-13    Filed 03/29/2005    Page 1 of 3

y

Case 1:04-cv-10913-WGY    Document 63-13    Filed 03/29/2005    Page 1 of 3

**Kessel, Adam**

| | |
|---|---|
| **From:** | Patrick Perkins [pperkins@frosszelnick.com] |
| **Sent:** | Friday, February 25, 2005 10:55 AM |
| **To:** | Albert, Michael |
| **Cc:** | Craig Mende; David Donahue; Kessel, Adam; Rader, Michael |
| **Subject:** | RE: PIC v. Gillette |

Dear Michael-

I write in response to your e-mail of Wednesday evening concerning my suggestion that we extend discovery by 30 days. I am somewhat disappointed by your response since it implies, among other things, that Gillette and not PIC has been delinquent in its discovery obligations.
Obviously this is far from true. I won't rehearse again what we consider to be PIC's deficiencies.

As for your question about Gillette's plans for additional discovery, we currently have none. However, because PIC still has not completely complied with its discovery obligations, Gillette is, in effect, foreclosed from any follow up discovery. In any event, Gillette is not prepared to agree to a one-sided extension of the discovery period. This is neither fair, nor justified.

As a result, it appears that the only mutually agreeable solution is to "clean up" discovery loose ends in March. In that connection, you have committed to providing PIC's 30(b)(6) witness and Mr. Picone for the completion of their respective depositions in the month of March. We will get you some dates in that regard. As for further depositions of Gillette employees, we need to agree to a date for the remaining two or three topics left on the 30(b)(6) notice that were to be addressed at the deposition on the 23rd but that was postponed at your request. As for re-deposing any Gillette witnesses that have previously been deposed, we will consider any such request once you identify who you wish to re-depose and why. Assuming you wish to depose certain individuals for a very limited time on additional documents that were produced after an individual's deposition, we will do our best to accommodate you. Similarly, non-party witness Anna Madden will be produced out of time since she had to reschedule due to illness.

However, we will not consent to the taking of any other third party depositions out of time. In particular, the deposition of Wal-Mart was noticed extremely late in discovery through no fault of Gillette. Thus, the extenuating circumstances that required the re-scheduling of the depositions of your clients and of Anna Madden, do not exist here.

Regards,

Patrick T. Perkins
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901
e-mail:  pperkins@frosszelnick.com

>>> "Albert, Michael" <Michael.Albert@WolfGreenfield.com> 02/23/05 08:23PM >>>
Dear Patrick,

While we appreciate your concern about the position PIC has been put in as a result of the lateness of Gillette's production of responsive materials, we are somewhat apprehensive about the purpose or intent behind Gillette's proposal for a blanket 30-day extension of discovery for all purposes. While PIC should indeed be entitled to some relief, it is far from clear that Gillette should be granted any additional discovery, let alone an open-ended extension of the sort you have proposed. So that we can better understand what Gillette has in mind, could you identify what, if any, specific additional discovery Gillette anticipates taking if an extension of the discovery deadline were to be agreed upon? While we have not yet decided what course would be most appropriate here, one

1

possibility would simply be to agree upon appropriate dates in March for the completion of any discovery events that the parties have already scheduled or attempted to schedule, as well as for such additional follow-up discovery by PIC as may be necessary to ensure that PIC is not prejudiced.  I think that would be a fair approach; but if we were to consider agreeing to something more open ended, we would like to have a better idea of what additional activities Gillette has in mind for the proposed additional discovery period.

Regards,

Michael

_____

From: Patrick Perkins [mailto:pperkins@frosszelnick.com]
Sent: Wed 2/23/2005 4:56 PM
To: Albert, Michael
Cc: Craig Mende; David Donahue; Rader, Michael
Subject: PIC v. Gillette


Dear Michael-

I write further to our conversation of yesterday concerning our
proposal for the parties to ask the Court for a 30-day extension of
the
discovery period in the case.  As I mentioned to you, because some of
Gillette's documents have only relatively recently come to light, and
because PIC's production appears not to be complete and because it has
not yet provided complete responses to Gillette's interrogatories, it
would make sense to ask the Court for a modest extension of the
discovery period to be able to "clean up" the loose ends in an orderly
fashion.  Moreover, my illness has put Gillette behind, particularly
with respect to completing discovery of your client and its claims.

As I explained, Gillette has no desire to "sandbag" PIC but wants PIC
to have sufficient time with Gillette's documents in order to complete
the depositions in the case.  Similarly, I am hopeful that PIC will
provide Gillette with the information it has been asking for since the
beginning of the case and is not trying to "hide the ball" with
respect
to its claims.  Similarly, because you and your firm have been so
understanding about my illness, I am certain it is not your intention
to
take advantage of that event to foreclose Gillette's ability to
complete
discovery.

In our discussion, you mentioned that you would be interested in
extending all of the dates by 30-days since the current trial schedule
coincides with the birth of Michael Rader's child and could interfere
with your vacation.  If it is more convenient for you and Michael, we
are of course willing to agree to a 30-day extension of all dates, not
just discovery.  Obviously, this would be subject to the Court's
approval.

If we are going to ask the Court for an extension, we should do so
sooner rather than later.

I look forward to your response.

Regards,

Patrick T. Perkins
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza

2

```
New York, NY 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901
e-mail:  pperkins@frosszelnick.com
```

****************************************************************************
*************************
The information contained in this E-mail message may be privileged,
confidential, and protected
from disclosure.  Any unauthorized use, printing, copying, disclosure
or dissemination of this
communication may be subject to legal restriction or sanction.  If you
think that you have received
this E-mail message in error, please reply to the sender.
****************************************************************************
*************************




****************************************************************************
*************************
The information contained in this E-mail message may be privileged, confidential, and
protected
from disclosure.  Any unauthorized use, printing, copying, disclosure or dissemination of
this
communication may be subject to legal restriction or sanction.  If you think that you have
received
this E-mail message in error, please reply to the sender.
****************************************************************************
***************************