**Kessel, Adam**

| | |
|---|---|
| **From:** | Rader, Michael |
| **Sent:** | Monday, March 21, 2005 5:31 PM |
| **To:** | 'Craig Mende'; David Donahue |
| **Cc:** | Marie Driscoll; Patrick Perkins; Kessel, Adam; Albert, Michael |
| **Subject:** | RE: Friday depositions |

Craig, David and team,

In terms of Gillette's belatedly produced documents, we are not under an obligation to identify particular documents about which we intend to question Gillette before its deposition.  We will question Gillette on such documents, but need not and will not identify them to Gillette ahead of time.

On the nature of a Rule 30(b)(6) deposition, perhaps we disagree on the law.

We have tried to be accommodating by narrowing the scope of the 30(b)(6) deposition so as not to engage in undue duplication with prior depositions.  If our proposal is not acceptable to Gillette and Gillette will not attend its deposition, we will follow up accordingly.

Sincerely yours,

Michael Rader
WOLF, GREENFIELD & SACKS

-----Original Message-----
From: Craig Mende [mailto:cmende@frosszelnick.com]
Sent: Friday, March 18, 2005 10:58 PM
To: David Donahue; Rader, Michael
Cc: Marie Driscoll; Patrick Perkins; Kessel, Adam; Albert, Michael
Subject: RE: Friday depositions

I'd add that today I permitted significant further testimony, relevant or not, on a topic already covered -- providing of images to 3rd parties (going beyond Topics 2 and 19 for which Ms. Johannson was designated, and even beyond Topic 14 since there was questioning on non-PIC photos)
-- as the witness had produced emails on this.

Craig S. Mende
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
(212) 813-5900 (tel)
(212) 813-5901 (fax)
>>> David Donahue 03/18/05 11:57 AM >>>
Michael,

You are attempting to create a false record.  Here are the facts:  In our February 15, 2005 letter to Michael Albert, after receiving your Rule 30(b)(6) deposition notice, Gillette designated the witnesses who would testify on its behalf on the topics specified in the notice.
Moreover, we expressly told you that to the extent the witnesses we identified as Gillette's representatives had been separately noticed for deposition we would not produce these witnesses for a second day of testimony.  (Indeed, this is the very justification you have relied upon for producing PIC's only deponent, Paul Picone, for one day instead of
two.)  In reliance on PIC's failure to object to the February 15 letter, Gillette produced its witnesses at their depositions as Gillette's Rule
30(b)(6) representatives.  PIC took the depositions of the witnesses identified by Gillette and inquired on the topics identified in the Rule
30(b)(6) notice.  PIC purported to "suspend" a few of the depositions, but only to reserve its right to question the witnesses again on late-produced documents.  To date, PIC has

1

not identified any documents produced after the first round of depositions on which testimony is required.

Today, Gillette representatives are appearing at your offices and providing testimony on the only permissible Rule 30(b)(6) topics not yet covered by the Gillette witnesses who already have been deposed. Thus, Gillette has appeared for its Rule 30(b)(6) deposition and any motion for sanctions by PIC would be frivolous.

On the subject of sanctions, can you please explain why you continue to demand testimony on Topics 25-29 of the Rule 30(b)(6) notice even though the Court has expressly held (twice) that discovery on these topics is not warranted?

Sincerely,

David Donahue
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017
Phone: (212) 813-5900
Fax: (212) 813-5901


>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 03/17/05 08:23PM
>>>
Dear David,

It appears from your e-mail message that Gillette is declining to attend its Rule 30(b)(6) deposition, except with respect to documents that Gillette produced late. Under the Rules it is not up to Gillette to decide that depositions of particular individuals will take the place of a separate, duly noticed Rule 30(b)(6) deposition of the company. We are entitled to take Gillette's Rule 30(b)(6) deposition on any and all topics listed in the Notice. In the interest of efficiency and courtesy, we have voluntarily narrowed that list of topics and stated our intention to conduct the Rule 30(b)(6) deposition expeditiously without undue overlap with previous depositions.

If Gillette elects not to attend its Rule 30(b)(6) deposition, sanctions may be imposed under the Rules. We request that you reconsider your position.

Michael Rader
WOLF, GREENFIELD & SACKS

-----Original Message-----
From: David Donahue [mailto:ddonahue@frosszelnick.com]
Sent: Thursday, March 17, 2005 4:53 PM
To: Rader, Michael
Cc: Craig Mende; Marie Driscoll; Patrick Perkins; Kessel, Adam; Albert, Michael
Subject: RE: Friday depositions

Michael,

Further to Craig Mende's e-mail below, I write to respond to your March 16, 2005 e-mail regarding the Rule 30(b)(6) deposition of Gillette that originally was scheduled for February 23, 2005, but was postponed at PIC's request.

Your e-mail identifies several witnesses that you would like to re-depose, but does not explain what documents were received by PIC after the first round of depositions that would necessitate additional questioning of these witnesses. Although we would consider any reasonable request by PIC to re-depose certain witnesses on a limited basis to the extent there are specific questions PIC has concerning documents that were produced after the witnesses were deposed the first time, as far as we are concerned, PIC has not made any such reasonable request to date.

Our responses to the individual paragraphs of your e-mail are stated below in ALLCAPS.

>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 03/16/05 03:52PM >>>
Dear Craig,

2

While we are entitled to a Rule 30(b)(6) witness on each of the topics listed in the Rule 30(b)(6) Notice, we acknowledge that some of the questions asked of the individuals previously produced by Gillette overlap with those topics. We will be reasonable and efficient about the scope of the Rule 30(b)(6) deposition and will not ask that all of those people be brought back to answer questions on all of the topics for which Gillette identified them. There are some topics, however, which were not addressed, or were not addressed in their entirety, in the prior depositions.

IN MY FEBRUARY 15, 2005 LETTER TO MICHAEL ALBERT, WE EXPLAINED GILLETTE'S OBJECTIONS TO CERTAIN OF THE TOPICS SET FORTH IN PIC'S RULE
30(b)(6) DEPOSITION AND IDENTIFIED THE WITNESSES WHO WOULD BE PREPARED TO TESTIFY AT THEIR DEPOSITIONS ON THE TOPICS TO WHICH GILLETTE DID NOT OBJECT. TO THE EXTENT THAT PIC FAILED TO COVER THE NON-OBJECTIONABLE TOPICS DURING THE DEPOSITIONS OF THE WITNESSES GILLETTE IDENTIFIED, THAT IS NOT GILLETTE'S PROBLEM AND CANNOT PREJUDICE GILLETTE.

It is my understanding that the witnesses you propose to bring in on Friday will be prepared to serve as Rule 30(b)(6) witnesses with regard to PIC's Topics 19 and 20 (related to Gillette's web sites and computer systems). Please note, these witnesses should be prepared to answer questions about Gillette's image library and Gillette's internal web site for storage of sales presentations. (If the witnesses produced on Friday are not so prepared, other witnesses will need to be produced.) We are happy to cover those topics on Friday if that works for you and the witnesses, although if it is more convenient for you to produce all of Gillette's Rule 30(b)(6) witnesses together (early next week) we can accommodate that as well.

MS. JOHANSSON AND MS. CONDAKES WILL TESTIFY CONCERNING TOPIC 19 RELATING TO GILLETTE'S WEB SITES. AS I STATED IN MY FEBRUARY 15 LETTER TO MICHAEL ALBERT, GILLETTE IS NOT REQUIRED TO PRODUCED ANY WITNESS IN RESPONSE TO CATEGORY 20. CHIEF JUDGE YOUNG NOW HAS TWICE DENIED PIC'S MOTION FOR PRODUCTION OF BACK-UP ELECTRONIC DOCUMENTS. ACCORDINGLY, ANY FURTHER ATTEMPT BY PIC TO TAKE DISCOVERY ON THIS ISSUE WOULD NOT BE PROPER.

WITH RESPECT TO YOUR CLAIM THAT THESE WITNESSES SHOULD BE PREPARED TO ANSWER QUESTIONS "ABOUT GILLETTE'S IMAGE LIBRARY," WE NOTE THAT YOU ALREADY DEPOSED LINDA MALLETTE FOR A FULL DAY ON THIS TOPIC. GIVEN THAT YOU HAVE NOT EXPLAINED WHY ANY FURTHER QUESTIONING OF ANY WITNESS ON THIS TOPIC WOULD BE NECESSARY, MS. JOHANSSON AND MS. CONDAKES WILL BE PREPARED TO DISCUSS THE DIGITAL LIBRARY ONLY INSOFAR AS IT RELATED TO GILLETTE'S WEB SITES. NEITHER OF THEM IS AS A 30(b)(6) WITNESS CONCERNING THE CONTENT OR MAINTENANCE OF THE DIGITAL LIBRARY.

WE ARE CONFUSED BY YOUR STATEMENT THAT THESE WITNESSES SHOULD BE PREPARED TO TESTIFY ABOUT "GILLETTE'S INTERNAL WEBSITE FOR STORAGE OF SALES PRESENTATIONS." THIS IS NOT A TOPIC THAT IS LISTED IN THE
30(b)(6) NOTICE AND, THEREFORE, WE ARE NOT REQUIRED TO PRODUCE ANY WITNESS ON THE TOPIC. MOREOVER, YOU ALREADY ASKED SEVERAL OF THE WITNESSES PREVIOUSLY PRODUCED BY GILLETTE, INCLUDING BETH COOPER AND BRENDA TATTAN, QUESTIONS CONCERNING GILLETTE'S INTRANET. THUS, YOU ALREADY HAD THE OPPORTUNITY TO DEPOSE WITNESSES ON THIS TOPIC AND NO FURTHER TESTIMONY IS WARRANTED.

In addition to Topics 19, and 20, Rule 30(b)(6) witnesses are needed on the following topics.

Topic 1 (orders placed with PIC). While this topic has been covered in part in previous depositions, we need some additional time with Jill Josephson (the first person you listed as being responsive to this
category) to complete the questioning of Gillette itself under Rule 30(b)(6).

YOU ALREADY HAVE TAKEN SEVERAL DAYS OF TESTIMONY ON THIS TOPIC FROM ALL THE WITNESSES GILLETTE IDENTIFIED AS ITS 30(b)(6) REPRESENTATIVES.
MOREOVER, YOU DEPOSED JILL JOSEPHSON FOR AN ENTIRE DAY. ASIDE FROM CLAIMING THAT YOU "NEED SOME ADDITIONAL TIME" WITH MS. JOSEPHSON, YOU HAVE FAILED TO EXPLAIN WHAT DOCUMENTS WERE PRODUCED AFTER MS.
JOSEPHSON'S DEPOSITION THAT YOU BELIEVE ENTITLE YOU TO FURTHER TESTIMONY FROM HER. ACCORDINGLY, WE DO NOT SEE WHY ANY FURTHER TESTIMONY ON THIS TOPIC IS WARRANTED.

Topics 2 and 4 (use, copying, distribution of images). Regarding trade show usages, we would expect Gillette's National Trade Show Manager Bill Spain to be produced; as

previously discussed, he is evidently the person most knowledgeable on this topic. Regarding usages in the United States (which also encompasses Topics 10 and 11), we have some additional questions for Gillette; perhaps Jill Josephson can answer these as well. A witness will also be needed for foreign usages such as uses on foreign web sites and in foreign catalogs.

YOUR RULE 30(b)(6) NOTICE OF DEPOSITION REQUESTED GILLETTE "TO DESIGNATE CONSENTING PERSONS TO TESTIFY ON ITS BEHALF ON THE SUBJECTS LISTED IN THE ATTACHED SCHEDULE A." GILLETTE COMPLIED WITH THIS REQUEST BY DESIGNATING THE APPROPRIATE EMPLOYEES AND PRODUCING THEM TO TESTIFY ON THESE TOPICS AT THEIR DEPOSITIONS.

YOU HAVE DEPOSED SEVERAL GILLETTE EMPLOYEES, INCLUDING BETH COOPER AND JILL JOSEPHSON, CONCERNING THE USE OF IMAGES PROVIDED BY PIC AT TRADE SHOWS.  THEREFORE, WE SEE NO REASON AND NO JUSTIFICATION FOR ALLOWING YOU TO TAKE FURTHER TESTIMONY FROM BILL SPAIN.  EVEN IF, AS YOU CLAIM, MR. SPAIN WERE "THE PERSON MOST KNOWLEDGEABLE ON THIS TOPIC," GILLETTE HAS COMPLIED WITH YOUR REQUEST "TO DESIGNATE CONSENTING PERSONS TO TESTIFY ON ITS BEHALF" REGARDING TRADE SHOWS.

YOU ALSO STATE THAT YOU "HAVE SOME ADDITIONAL QUESTIONS FOR GILLETTE"
ON THE TOPIC OF "USAGE IN THE UNITED STATES."  AGAIN, HOWEVER, YOU HAVE FAILED TO EXPLAIN WHAT QUESTIONS HAVE NOT BEEN ASKED AND ANSWERED OR HOW SUCH QUESTIONS RELATE TO DOCUMENTS THAT WERE PRODUCED AFTER THE DEPOSITIONS OF GILLETTE'S WITNESSES.  ACCORDINGLY, THERE IS NO BASIS, AT THIS TIME, FOR TAKING ANY FURTHER TESTIMONY ON THESE TOPICS.

WITH RESPECT TO "FOREIGN USAGES," AS EXPLAINED IN LEON BECHET'S MARCH
11 DECLARATION, THERE IS NO GILLETTE EMPLOYEE IN THE UNITED STATES WHO IS QUALIFIED TO TESTIFY HOW GILLETTE'S CATALOGS ARE PRODUCED OUTSIDE THE U.S.

Topic 7 (terms of Gillette's relationship with other product photographers).

GILLETTE IDENTIFIED THE WITNESSES AVAILABLE TO TESTIFY ON THIS TOPIC IN MY FEBRUARY 15 LETTER AND YOU HAVE DEPOSED ALL THESE WITNESSES.  YOU HAVE NOT IDENTIFIED ANY JUSTIFICATION FOR TAKING ADDITIONAL TESTIMONY ON THIS TOPIC.

Topic 14 (transmission of images to third parties).  Materials received from third parties pursuant to subpoena and testimony from the Wal-Mart deposition establish that Gillette sent images to third parties.  A witness is needed to answer questions about Gillette's practices in this regard.  It appears that Bob Reed may be an appropriate person for Gillette to produce on this topic.

AGAIN, GILLETTE IDENTIFIED THE PERSONS WHO WOULD BE AVAILABLE TO TESTIFY ON THIS TOPIC IN MY FEBRUARY 15 LETTER AND ALL SUCH WITNESSES HAVE BEEN DEPOSED.  YOU HAVE NOT EXPLAINED WHY THE TESTIMONY ALREADY PROVIDED IS INADEQUATE.  THEREFORE, YOU HAVE GIVEN US NO REASON OR JUSTIFICATION TO ALLOW ADDITIONAL TESTIMONY ON THIS TOPIC.

Topic 16 (Gillette's decision not to pay PIC for the Spring 2004 projects).

IT IS UNCLEAR WHY YOU BELIEVE THAT ADDITIONAL TESTIMONY IS NEEDED IN CATEGORY 16.  BETH COOPER ALREADY TESTIFIED ON THIS TOPIC TO THE EXTENT PERMITTED BY THE OBJECTIONS STATED IN MY FEBRUARY 15 LETTER TO MICHAEL ALBERT.

Topic 24 (Gillette's investigation of PIC's claims).  A witness is
required who can testify regarding the letters sent to PIC by John Gatlin and Leon Bechet, the investigation Gillette conducted, the results, what (if anything) was conveyed to PIC about those results, etc.

AS STATED IN MY FEBRUARY 15 LETTER, GILLETTE IS NOT REQUIRED TO PRODUCE ANY WITNESS TO TESTIFY IN RESPONSE TO THIS CATEGORY.

Topics 25-26 (Gillette's advertising and marketing strategy and budget).
Topic 27 (revenue and cost numbers).
Topics 28-29 (impact of advertising on sales, revenues and profits).

AS EXPLAINED IN MY FEBRUARY 15 LETTER, CHIEF JUDGE YOUNG DENIED PIC'S MOTION TO COMPEL THIS TYPE OF INFORMATION, BOTH WHEN PIC FILED ITS INITIAL MOTION AND ON RECONSIDERATION. YOUR RELENTLESS ATTEMPT TO CIRCUMVENT THE COURT'S ORDER ON THIS ISSUE IS RISING TO THE LEVEL OF HARASSMENT.

If you can bring the required witnesses together on the same day, we will endeavor to complete the Rule 30(b)(6) deposition (exclusive of the computer and web site issues in Topics 19 and 20) in one day.  While we cannot guarantee that only one day will be needed, we will make every effort.  Our intent is to be efficient and to complete the deposition as quickly as possible.

AS EXPLAINED ABOVE AND IN PRIOR CORRESPONDENCE, WE BELIEVE THAT THE ONLY APPROPRIATE TOPICS REMAINING FOR THE 30(b)(6) DEPOSITION WILL BE ADDRESSED BY MS. JOHANSSON AND MS. CONDAKES.  ACCORDINGLY, THERE IS NO NEED TO CONTINUE THE DEPOSITION NEXT WEEK.

Best regards,


Mike

_____

From: Craig Mende [mailto:cmende@frosszelnick.com]
Sent: Wednesday, March 16, 2005 10:42 AM
To: Kessel, Adam; Rader, Michael
Cc: David Donahue; Patrick Perkins
Subject: RE: Friday depositions


ok

>>> "Rader, Michael" <Michael.Rader@WolfGreenfield.com> 03/16/05 10:40AM
>>>

Craig, I was out yesterday but will get back to you on this early afternoon.  Thanks.

> -----Original Message-----
> From: Craig Mende [mailto:cmende@frosszelnick.com]
> Sent: Wednesday, March 16, 2005 10:39 AM
> To: Kessel, Adam; Rader, Michael
> Cc: David Donahue; Patrick Perkins
> Subject: Friday depositions
>
>
>     Mike/Adam -- Want to make sure Mike's around b/c I haven't heard back re: my voice
messages, letter, fax and emails re: scheduling the two depos on Friday.  The first
witness, Ms. Condakes, is available Friday morn. at 9 or 9:30 (your choice).  She has an
afternoon flight so needs to leave by 1 pm.  Second witness can be available at 1:30 pm
(let me know if you expect the first one to end earlier and want to try for
1
pm for the second one.)  I have a ticket to Boston tomorrow, so please let me hear from
you today.  Thanks.

>     Craig
>
>     Craig S. Mende
>     Fross Zelnick Lehrman & Zissu, P.C.
>     866 United Nations Plaza
>     New York, NY 10017
>     (212) 813-5900 (tel)
>     (212) 813-5901 (fax)

**************************************************************************
******************************************
    The information contained in this E-mail message may be privileged, confidential, and protected
    from disclosure. Any unauthorized use, printing, copying, disclosure or dissemination of this

5

```
      communication may be subject to legal restriction or sanction.
If you think that you have received
      this E-mail message in error, please reply to the sender.

**********************************************************************
*********************************************


**********************************************************************
*********************************************
The information contained in this E-mail message may be privileged, confidential, and
protected from disclosure. Any unauthorized use, printing, copying, disclosure or
dissemination of this communication may be subject to legal restriction or sanction. If
you think that you have received this E-mail message in error, please reply to the sender.
**********************************************************************
*********************************************

**********************************************************************
*********************************************
The information contained in this E-mail message may be privileged, confidential, and
protected from disclosure.  Any unauthorized use, printing, copying, disclosure or
dissemination of this communication may be subject to legal restriction or sanction.  If
you think that you have received this E-mail message in error, please reply to the sender.
**********************************************************************
*********************************************



******************************************************************************
**************************furt***********
The information contained in this E-mail message may be privileged, confidential, and
protected from disclosure.  Any unauthorized use, printing, copying, disclosure or
dissemination of this communication may be subject to legal restriction or sanction.  If
you think that you have received this E-mail message in error, please reply to the sender.
******************************************************************************
***************************************
```