IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

      Plaintiff,

v.

THE GILLETTE COMPANY,

      Defendant.

Civil Action No. 04-CV-10913-WGY

**DECLARATION OF ADAM KESSEL IN SUPPORT OF PIC'S MOTION TO HOLD GILLETTE IN CONTEMPT OF THE COURT'S MARCH 3, 2005 ORDER**

Adam J. Kessel states as follows:

1. I am an attorney with Wolf, Greenfield & Sacks, P.C., counsel for the Plaintiff Photographic Illustrators Corp. ("PIC") in the above-captioned matter.

2. On Monday, March 14, 2005, I inspected foreign marketing materials produced at Gillette's offices. In addition to one United States catalog, I reviewed materials from Canada, Taiwan, Benelux, Sweden, Russia, China, and Denmark. I recognized several images as those created by PIC.

3. There were no catalogs from Latin American countries in the materials produced by Gillette on March 14, 2005.

4. Attached as Exhibit 1 is an email message that I received from Gillette's counsel on Tuesday, March 15, 2005.

5. Attached as Exhibit 2 is an email message that I sent to Gillette's counsel on Tuesday, March 15, 2005.

6. Attached as Exhibit 3 is an email message that I received from Gillette's counsel on Thursday, March 17, 2005.

7. On Monday, March 21, 2005, Paul Picone and I inspected foreign marketing materials produced at Gillette's offices. Additional materials were present that had not been produced by Gillette on March 14, 2005. Those additional materials included very little from Latin America and nothing from Brazil, Colombia or Argentina.

8. The foreign marketing materials that I inspected on March 14, 2005 and March 21, 2005 were produced in "redwell" folders, sorted by country.

9. For example, Gillette produced a folder of materials from Canada, the cover of which was scanned and produced with Gillette Bates No. GLTC 06287, attached hereto as Exhibit 4.

10. Inside the Canada folder I found a sell sheet for a hair removal product. That sell sheet bears Gillette Bates No. GLTC 06296 and is attached hereto as Exhibit 5.

11. The Canadian sell sheet in Exhibit 5 appears to be identical to one of Gillette's U.S. sell sheets, used by Gillette in one of its U.S. catalogs that PIC had in its possession. The U.S. sell sheet bears PIC Bates No. PIC 17256 and is attached hereto as Exhibit 6.

12. PIC's Job Folder No. 5810 includes within it the Invoice attached hereto as Exhibit 7 (Bates Nos. PIC 16869-70) and the photographic transparency attached hereto as Exhibit 8 (Bates No. PIC 02944).

13. Attached as Exhibit 9 is the result of a hostname lookup on the domain name www.braun.co.jp performed at the URL http://www.komar.org/cgi-bin/ip_to_country.pl. This website shows the geographic location and IP address of any domain name based on the DNS (Domain Name System) and IANA (Internet Assigned Numbers Authority) system. This website indicates that www.braun.co.jp resolves to the IP address 211.120.48.228, and that this IP address is physically located in Tokyo, Japan.

14.     Attached as Exhibit 10 is the result of an IP address lookup for the IP address 211.120.48.228, from the site http://www.geobytes.com/IpLocator.htm?GetLocation, which provides the physical location of any IP address.  This website indicates the www.braun.co.jp domain name is hosted in Tokyo, Japan.

15.     Attached as Exhibit 11 is the result of a "traceroute" look-up on 211.120.48.228, the IP address for the www.braun.co.jp website.  The "traceroute" tool shows all the "hops" required to reach an Internet host.  This tool can be found on the web at http://network-tools.com.  This result also indicates that the www.braun.co.jp is physically located in Japan.

16.     Attached as Exhibit 12 are excerpts from the deposition of Gillette employee Jill Josephson, taken on February 17, 2005.

17.     Attached as Exhibit 13 are relevant portions of an email message that I received from Gillette's counsel on Thursday, March 17, 2005. (The email has been redacted where noted to remove material not relevant here.  The lowercase inquiry is from PIC's counsel to Gillette's counsel.  As noted in the email, Gillette's response is in all-caps.)

Sworn to under the pains and penalties of perjury that the foregoing is true to the best of my knowledge and belief.

Dated: March 29, 2005                              /s/ Adam J. Kessel
                                                                                  Adam J. Kessel