IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>    Defendant. | Civil Action No. 04-CV-10913-WGY |

## **DECLARATION OF PAUL K. PICONE**

Paul K. Picone states as follows:

1. I am the principal of Plaintiff Photographic Illustrators Corp. ("PIC"), the Plaintiff in the above-captioned matter.

2. Attached as Exhibit 1 hereto is a copy of a Spanish-language use of one of PIC's images that was transmitted to PIC, apparently in error. The photograph, which I took, depicts Gillette products set up in my own kitchen. I have been unable to get Gillette to tell me how, where or when this Spanish-language version of my image was used.

3. I am informed by a former employee of Gillette that my images, including physical transparencies of photographs that I took for Gillette, were sent by Gillette to Latin America. Specifically, I am informed that such materials were sent to Gillette's facility in Manaus, Brazil, which is one of Gillette's largest operations in the world.

4. Attached as Exhibit 2 hereto is a printout from Gillette's web site indicating that the only South American facility listed by Gillette is in Manaus, Brazil. The URL for this printout is http://www.gillette.com/company/worldwidelocations_samerica.asp.

5. I have inspected the following documents which I understand are attached to Attorney Adam Kessel's declaration bearing today's date:

- A photographic transparency of a hair removal product from my Job Folder No. 5810 (Exhibit 8);
- A U.S. sell sheet for that product (Exhibit 6);
- A Canadian sell sheet for that product (Exhibit 5); and
- The Invoice for Job No. 5810 (Exhibit 7)

6. The U.S. and Canadian sell sheets appear to be identical, and both use a photograph that I took.

7. Upon completion of a Job for Gillette, it was my practice to provide the best transparencies to Gillette and to retain some transparencies (or at least Polaroids) in my Job Folder for reference.

8. The transparency in Exhibit 8 to Mr. Kessel's declaration is a representative transparency that I retained in my Job Folder (for Job No. 5810) for reference. It is representative of that particular view that I photographed for Gillette.

9. The Invoice in Exhibit 7 to Mr. Kessel's declaration (which is identical in form to all of the invoices that I used for Gillette Jobs) indicates that I licensed Gillette to use the images from Job No. 5810 in the United States only. Use in Canada was not authorized.

10. In addition to the sell sheet discussed above, I saw several other sell sheets that used my images in the Canada folder produced by Gillette.

11. Although I have located unauthorized uses of my images by Gillette outside the United States, I expect that the majority of such uses occurred in Latin America for two reasons. First, I am aware that Braun Germany photographs many products. The Braun photographs are likely to be more widely distributed in Europe than in South America. Second, as noted above, I am informed that Gillette sent my images to Latin America, and specifically to Brazil.

12. At my deposition on March 24, 2005, Gillette's counsel pointed out to me that, several years ago, a former employee of PIC filled a request by Gillette to send an image to a Gillette facility in the Dominican Republic. I was previously unaware of this and did not authorize it. The incident confirms what I have suspected all along, namely that Gillette used my images in Latin American countries. Based on e-mail correspondence in the file (Exhibit 3 hereto), it appears that Gillette approached PIC to fill that particular request because Gillette did not possess a suitable image from which reproductions could be made in the Dominican Republic. I have no doubt that, in other circumstances, Gillette sent images to Latin American countries without first contacting PIC.

Sworn to under the pains and penalties of perjury that the foregoing is true to the best of my knowledge and belief.

Dated: <u>March 29, 2005</u>     <u>/s/ Paul K. Picone</u>
                                 Paul K. Picone