UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

      Plaintiff,

    vs.

THE GILLETTE COMPANY,


    Defendant.

Civil Action No. 04-10913 WGY

THE GILLETTE COMPANY,

      Counterclaim-Plaintiff,

   vs.

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION and PAUL PICONE,

      Counterclaim-Defendants.

**DECLARATION OF PATRICK T. PERKINS IN SUPPORT OF DEFENDANT
THE GILLETTE COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL GILLETTE TO RESPOND TO
PLAINTIFF'S CONTENTION INTERROGATORIES AND TO
ATTEND ITS RULE 30(b)(6) DEPOSITION**

Patrick T. Perkins, Esq. states as follows:

1.     I am a partner at Fross Zelnick Lehrman & Zissu, P.C., counsel for Defendant

The Gillette Company ("Gillette") in the above-captioned matter.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff Photographic

Illustrators Corporation's ("PIC") First Set of Interrogatories.

3.     Attached hereto as Exhibit 2 is a true and correct copy of Gillette's Response to

Plaintiff's First Set of Interrogatories.

4.    Attached hereto as Exhibit 3 is a true and correct copy of PIC's Third Set of Interrogatories.

5.    Attached hereto as Exhibit 4 is a true and correct copy of an e-mail message from myself to counsel for PIC dated March 29, 2005.


Sworn to under penalty of perjury that the foregoing is true to the best of my knowledge and belief.


Dated: March 30, 2005                    /s/ Patrick T. Perkins_____
                                         Patrick T. Perkins

# Exhibit 1

RECEIVED

OCT 0 4 2004

GELB & GELB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

     Plaintiff,

v.

THE GILLETTE COMPANY,

     Defendant.

Civil Action No. 04-CV-10913-WGY

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO GILLETTE

Pursuant to Fed. R. Civ. P. 33, Plaintiff Photographic Illustrators Corporation ("PIC")
requests that Defendant, The Gillette Company ("Gillette"), answer the following interrogatories
within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

1.     The definitions contained in D. Mass. Local Rule 26.5 are incorporated by reference as
though set forth fully herein. Attention is drawn, in particular (but without limitation), to
the definitions provided therein of "document," "communication," "identify" and
"concerning."

2.     The definition of the "document" is specifically supplemented (if necessary) to include
electronic documents and electronic mail.

3.     The terms "you" and "Gillette" means Defendant, The Gillette Company, any of its
present or former related entities, including without limitation the entities known as
Braun, Duracell, and Oral-B, former agents and employees of the same, and any other
persons acting on behalf of the same, including directors, officers, lawyers and
consultants.

4. The term "PIC" means Plaintiff, Photographic Illustrators Corporation.

5. The term "images" means photographs and photographic materials, including but not limited to prints, negatives, transparencies, slides, and digital image files stored in any media.

6. "Any" shall encompass "any and all."

7. "Or" and "and" shall encompass "and/or" so as to be the most inclusive in each case.

## INTERROGATORIES

1. Identify every Gillette catalog containing any image(s) created by PIC. Please include catalogs containing image(s) with origin(s) that are uncertain to you.

2. Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the catalogs identified in the preceding interrogatory.

3. With respect to each of the catalogs identified in Interrogatory No. 1, state:

    a. The number of copies distributed.

    b. The geographic scope of distribution.

    c. The date on which the catalog was first printed.

    d. The date on which the catalog was last printed.

    e. The date on which the catalog was first distributed.

    f. The date on which the catalog was last distributed.

    g. and identify every recipient and all documents concerning the information responsive to this interrogatory.

4.   Identify all Gillette product packaging and point-of-purchase displays including any image(s) created by PIC. Please include packaging and point-of-purchase displays including image(s) with origin(s) that are uncertain to you.

5.   Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the product packaging and point-of-purchase displays identified in the preceding interrogatory.

6.   With respect to each product packaging and point-of-purchase display identified in Interrogatory No. 4, state:

    a.   The number of copies distributed.

    b.   The geographic scope of distribution.

    c.   The date on which it was first printed.

    d.   The date on which it was last printed.

    e.   The date on which it was first distributed.

    f.   The date on which it was last distributed.

    g.   and identify every recipient and all documents concerning the information responsive to this interrogatory.

7.   Identify all Gillette trade show displays including any image(s) created by PIC. Please include trade show displays including image(s) with origin(s) that are uncertain to you.

8.   Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the trade show displays identified in the preceding interrogatory.

9.   With respect to each of the trade show displays identified in Interrogatory No. 7, state:

    a.   The number of copies distributed.

b. The geographic scope distribution.

c. The date on which it was first displayed.

d. The date on which it was last displayed.

e. The name, location and date of every trade show at which it was displayed and the name of each person involved in Gillette's display at that trade show.

f. The date on which it was first distributed.

g. The date on which it was last distributed.

h. and identify all documents concerning the information responsive to this interrogatory.

10. Identify all documents concerning the use of images created by PIC in Gillette's Internet web sites, including without limitation the websites displayed at the domain names <gillette.com> and <theessentials.com>.

11. Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for Gillette's Internet web sites.

12. Identify all promotional items manufactured or distributed by or for Gillette such as cups, mugs, t-shirts, pens, posters, or any other items that incorporate in whole or in part any image created by PIC and all documents concerning the same.

13. Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for promotional items identified in Interrogatory No. 12.

14. With respect to each of the promotional items identified in Interrogatory No. 12, state:

a. The number of copies distributed.

b. The geographic scope of distribution.

c. The date on which it was first made.

d. The date on which it was last made.

e. The date on which it was first distributed.

f. The date on which it was last distributed.

g. and identify every recipient and all documents concerning the information responsive to this interrogatory.

15. Identify all documents concerning any contract or agreement, either executed, in effect, proposed, considered or unexecuted, between PIC and Gillette.

16. Identify all documents concerning any payments made by Gillette to PIC.

17. Identify all documents concerning any communications between Gillette and PIC.

18. Identify all documents concerning any communications between Gillette and any other person or entity regarding PIC's images or PIC.

19. Identify all documents concerning any communications within Gillette concerning PIC's images or PIC.

20. Identify all documents concerning PIC's images or PIC.

21. Identify all documents concerning any investigation by Gillette concerning PIC's images or PIC, including without limitation any index of PIC's photographic materials created by Gillette.

22. Identify all documents concerning Gillette's duplication of images created by PIC, including without limitation documents concerning Gillette's orders from Advanced Photographics, Inc. of Danvers, Massachusetts and other development laboratories.

Please include documents concerning orders for duplication of image(s) with origin(s) that are uncertain to you.

23.   Identify all documents reviewed or examined in Gillette's preparation of its responses to Plaintiff's Interrogatories to Gillette or Plaintiff's Requests for Production to Gillette.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: October 4, 2004

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000

## CERTIFICATE OF SERVICE

I certify that on October 4, 2004 a copy of the above document was served upon the following counsel of record by hand:

Richard Gelb, Esq.
20 Custom House St.
Boston, MA 02110

Michael N. Rader

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION, Plaintiff, vs. THE GILLETTE COMPANY, Defendant. | Civil Action No. 04-10913 WGY |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Defendant The Gillette Company ("Gillette"), for its responses to the First Set of Interrogatories of Plaintiff Photographic Illustrators Corporation ("PIC") states as follows:

## GENERAL OBJECTIONS

The following general objections are incorporated by reference into each of Gillette's responses to PIC's Interrogatories:

1.    To the extent Definition Nos. 2 and 5 encompass electronic, digital and other non-tangible materials, including email not previously printed out or transcribed, Gillette objects to these Definitions because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case and the importance of the proposed discovery in resolving the issues and because these Definitions include materials not within the scope of Federal Rule of Civil Procedure 34(a) and D. Mass. Local Rule 26.5(2).

2.      Gillette objects to Definition No. 3 to the extent it defines "Gillette" and "you" to include "any of its … former related entities" and "former agents or employees" on the grounds that it is overly broad and would require Gillette to obtain information not presently within Gillette's possession, custody or control.  Gillette further objects to Definition No. 3 to the extent it would require Gillette to obtain information from individuals who are unknown to Gillette or from third parties.  In accordance with the Federal Rules of Civil Procedure, Gillette shall produce information presently within its possession, custody and control.

3.      Gillette objects to the Definitions and Instructions and these Interrogatories to the extent that they call for the production of information that is privileged.

4.      Gillette objects to the Definitions and Instructions and these Interrogatories to the extent that they call for the production of information that is confidential.

5.      Gillette objects to PIC's attempt to avoid the limitation on the number of interrogatories, as stipulated by the parties and ordered by the Court, through its pervasive use of subparts and compound questions in these Interrogatories.

6.      Gillette objects to the Definitions and Instructions and these Interrogatories to the extent they request information outside the relevant statutes of limitation that govern PIC's claims and, as such, are overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.  Unless otherwise stated herein, Gillette will limit its responses to information or documents concerning events which occurred on or after May 7, 1998.

2

7.    Because Gillette's search of its records for the information requested in these Interrogatories is ongoing and continuing, Gillette may develop further, more complete and/or different information than that provided in these responses.  Accordingly, Gillette expressly reserves its right to supplement, amend or otherwise modify the responses set forth herein.

## RESPONSES

## INTERROGATORY NO. 1.

Identify every Gillette catalog containing any image(s) created by PIC. Please include catalogs containing image(s) with origin(s) that are uncertain to you.

## RESPONSE:

Gillette objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide.  Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce examples of Gillette catalogs currently within its possession, custody or control that may contain images provided by PIC.

## INTERROGATORY NO. 2.

Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the catalogs identified in the preceding interrogatory.

3

**RESPONSE**:

To the extent this Interrogatory refers to Interrogatory No. 1, Gillette hereby refers to and incorporates by reference its objections to Interrogatory No. 1. In addition, Gillette objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, oppressive, vague and not reasonably calculated to lead to the discovery of admissible evidence to the extent it asks for information concerning "all persons involved" in the various processes listed therein. Subject to and without waiving the foregoing objections, Gillette identifies the following individuals in response to this Interrogatory:

- Paul Piccone;

- various assistants to Paul Picone;

- Beth Cooper;

- Brenda Tattan;

- Jill Josephson;

Other persons who may have been "involved" in the processes described in this Interrogatory may be discerned from PIC's Invoices, which PIC already possesses. Pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce copies of PIC Invoices currently in Gillette's possession, custody or control.

**INTERROGATORY NO. 3.**

With respect to each of the catalogs identified in Interrogatory No. 1 state:

a.      The number of copies distributed;

b.      The geographic scope of distribution;

c.      The date on which the catalog was first printed;

d.      The date on which the catalog was last printed;

    e.      The date on which the catalog was first distributed;

    f.      The date on which the catalog was last distributed; and

    g.      identify every recipient and all documents concerning the information responsive to this interrogatory.

**RESPONSE**:

    To the extent this Interrogatory refers to Interrogatory No. 1, Gillette hereby refers to and incorporates by reference its objections to Interrogatory No. 1. Gillette objects to this Interrogatory in general on the grounds that is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory in general on the ground that it seeks information not kept within the normal course of business by Gillette and that may be impossible to provide. Subject to and without waiving the foregoing objections, Gillette will produce documents in its possession, custody or control, if any, that contain information responsive to subparts a through f of this Interrogatory.

    Gillette further objects to subpart g of this Interrogatory to the extent it asks Gillette to disclose "every recipient ... concerning the information responsive to this interrogatory" because it is poorly drafted, vague and unintelligible. To the extent this Interrogatory requests Gillette to provide the identities of the recipients of its catalogs, Gillette objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Even if such information were discoverable, which it is not, such information is highly sensitive and confidential and, therefore, Gillette would not produce such information until after an acceptable protective order is entered.

## INTERROGATORY NO. 4.

Identify all Gillette product packaging and point-of-purchase displays including any image(s) created by PIC. Please include packaging and point-of-purchase displays including image(s) with origin(s) that are uncertain to you.

## RESPONSE:

Gillette objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide. Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce examples of Gillette packaging and point-of-purchase displays currently within its possession, custody or control, if any, that may contain images provided by PIC.

## INTERROGATORY NO. 5.

Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the product packaging and point-of-purchase displays identified in the preceding interrogatory.

## RESPONSE:

To the extent this Interrogatory refers to Interrogatory No. 4, Gillette hereby refers to and incorporates by reference its objections to Interrogatory No. 4. In addition, Gillette objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence to the extent it asks for information concerning "all persons involved" in the various processes listed therein. Subject to

and without waiving the foregoing objections, Gillette identifies the following individuals in response to this Interrogatory:

- Paul Piccone;

- various assistants to Paul Picone;

- Beth Cooper;

- Brenda Tattan;

- Jill Josephson.

Other persons who may have been "involved" in the processes described in this Interrogatory may be discerned from PIC's Invoices, which PIC already possesses. Pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce copies of PIC Invoices currently in Gillette's possession, custody or control.

## INTERROGATORY NO. 6.

With respect to each product packaging and point-of-purchase display identified in interrogatory No. 4, state:

a. The number of copies distributed.

b. The geographic scope of distribution.

c. The date of which it was first printed.

d. The date on which it was last printed.

e. The date on which it was first distributed.

f. The date on which it was last distributed.

g. and identify every recipient and all documents concerning the information responsive to this interrogatory.

**RESPONSE:**

To the extent this Interrogatory refers to Interrogatory No. 4, Gillette hereby refers to and incorporates by reference its objections to Interrogatory No. 4. Gillette objects to this Interrogatory in general on the grounds that is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory in general on the ground that it seeks information not kept within the normal course of business by Gillette and, as such, the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case and the importance of the proposed discovery in resolving the issues. Subject to and without waiving the foregoing objections, Gillette will produce documents in its possession, custody or control, if any, that contain information responsive to subparts a through f of this Interrogatory.

Gillette further objects to subpart g of this Interrogatory to the extent it asks Gillette to disclose "every recipient ... concerning the information responsive to this interrogatory" because it is poorly drafted, vague and unintelligible. To the extent this Interrogatory requests Gillette to provide the identities of the recipients of "point of sale displays" and "product packaging," Gillette objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Even if such information were discoverable, which it is not, such information is highly sensitive and confidential and, therefore, Gillette would not produce such information until after an acceptable protective order is entered.

**INTERROGATORY NO. 7.**

Identify all Gillette trade show displays including any image(s) created by PIC. Please include trade show displays including image(s) with origin(s) that are uncertain to you.

**RESPONSE:**

Gillette objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on the ground that it seeks information not kept by Gillette in the normal course of business and which may be impossible to provide. Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce trade show displays currently in its possession, custody or control, if any, that may contain any image provided by PIC, as well as copies of PIC's Invoices on which PIC indicated its belief that it was providing photographs to Gillette for use in trade shows.

**INTERROGATORY NO. 8.**

Identify all persons involved in the selection, duplication, production, enhancement, modification, enlargement, or development of images for the trade show displays identified in the preceding interrogatory.

**RESPONSE:**

To the extent this Interrogatory refers to Interrogatory No. 7, Gillette hereby refers to and incorporates by reference its objections to Interrogatory No. 7. In addition, Gillette objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence to the extent it asks for information concerning "all persons involved" in the various processes listed therein. Subject to and without waiving the foregoing objections, Gillette identifies the following individuals in response to this Interrogatory:

- Paul Piccone;

9

- various assistants to Paul Picone;

- Beth Cooper;

- Jill Josephson;

- Brenda Tattan.

Other persons who may have been "involved" in the processes described in this Interrogatory may be discerned from PIC's Invoices, which PIC already possesses. Pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce copies of PIC Invoices currently in Gillette's possession, custody or control.

## INTERROGATORY NO. 9.

With respect to each of the trade show displays identified in Interrogatory No. 7, state:

a. The number of copies distributed.

b. The geographic scope distribution.

c. The date on which it was first displayed.

d. The date on which it was last displayed.

e. The name, location and date of every trade show at which it was displayed and the name of each person involved in Gillette's display at that trade show.

f. The date on which it was first distributed.

g. The date on which it was last distributed.

h. and identify all documents concerning the information responsive to this interrogatory.

## RESPONSE:

To the extent this Interrogatory refers to Interrogatory No. 7, Gillette hereby refers to and incorporates by reference its objections to Interrogatory No. 7. Gillette further objects to this

10

Interrogatory in general on the grounds that is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Gillette further objects to this Interrogatory on the ground that it seeks information not kept within the normal course of business by Gillette and, as such, the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case and the importance of the proposed discovery in resolving the issues. With respect to the specific subparts of this Interrogatory, Gillette responds as follows:

a. Trade show displays were not "distributed" to anyone outside Gillette in the normal course of business.

b. See response to subpart a, above.

c. Gillette will produce documents and things currently in its possession, custody or control, if any, that may provide information responsive to this subpart.

d. Gillette will produce documents and things currently in its possession, custody or control, if any, that may provide information responsive to this subpart.

e. Gillette will produce documents and things currently in its possession, custody or control, if any, that may provide information responsive to this subpart.

f. See response to subpart a, above.

g. See response to subpart a, above.

h. Gillette objects to subpart h of this Interrogatory on grounds that it is overly broad, unduly burdensome, oppressive, vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Gillette will work in good faith with PIC to determine whether PIC can narrow this request to bring it within the scope of reasonable discovery.

11

**INTERROGATORY NO. 10.**

Identify all documents concerning the use of images created by PIC in Gillette's Internet web sites, including without limitation the websites displayed at the domain names <gillette.com> and <theessentials.com>

**RESPONSE**:

Gillette objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce web page printouts currently within its possession, custody or control that may contain any image provided by PIC.

**INTERROGATORY NO. 11.**

Identify all persons involved in the selection, duplication. production, enhancement, modification, enlargement, or development or images for Gillette's Internet web sites.

**RESPONSE**:

To the extent this Interrogatory refers to Interrogatory No. 10, Gillette hereby refers to and incorporates by reference its objections to Interrogatory No. 10. In addition, Gillette objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, oppressive, vague and not reasonably calculated to lead to the discovery of admissible evidence to the extent it asks for information concerning "all persons involved" in the various processes listed therein. Subject to and without waiving the foregoing objections, Gillette identifies the following individuals in response to this Interrogatory:

- Paul Piccone;

- Beth Cooper;

12

- Jill Josephson;

- Brenda Tattan.

Other persons who may have been "involved" in the processes described in this Interrogatory may be discerned from PIC's Invoices, which PIC already possesses. Pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce copies of PIC Invoices currently in Gillette's possession, custody or control.

## INTERROGATORY NO. 12.

Identify all promotional items manufactured or distributed by or for Gillette such as cups, mugs, t-shirts, pens, posters, or any other items that incorporate in whole or in part any image created by PIC and all documents concerning the same.

## RESPONSE:

At this time, Gillette does not recall using photographs provided by PIC on the types of promotional materials set forth in Interrogatory No. 12.

## INTERROGATORY NO. 13.

Identify all persons involved in the selection. duplication, production, enhancement modification, enlargement, or development of images for promotional items identified in Interrogatory No. 12.

## RESPONSE:

Gillette hereby incorporates by reference its response to Interrogatory No 12.

## INTERROGATORY NO. 14.

With respect to each of the promotional items identified in Interrogatory No. 12, state:

a. The number of copies distributed.

b. The geographic scope of distribution.

13

c. The date on which it was first made.

d. The date on which it was last made.

e. The date on which it was first distributed.

f. The date on which it was last distributed.

g. and identify every recipient and all documents concerning the information responsive to this interrogatory.

**RESPONSE:**

Gillette hereby incorporates by reference its response to Interrogatory No 12.

**INTERROGATORY NO. 15.**

Identify all documents concerning any contract or agreement, either executed, in effect, proposed, considered or unexecuted, between PIC and Gillette.

**RESPONSE:**

To the extent this Interrogatory requests "all documents" concerning the items addressed therein, Gillette objects on grounds that it is overly broad, unduly burdensome, oppressive, vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Gillette responds that there are no written agreements between the parties and that, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce non-privileged documents in Gillette's possession, custody or control responsive to the remaining portions of this Interrogatory.

**INTERROGATORY NO. 16.**

Identify all documents concerning any payments made by Gillette to PIC.

**RESPONSE:**

Gillette objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

14

evidence to the extent it asks for information "all documents" concerning any payments made by Gillette to PIC. Gillette further objects to this Interrogatory to the extent it is duplicative of PIC's other Interrogatories herein. Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce copies of PIC Invoices currently in its possession, custody or control.

## INTERROGATORY NO. 17.

Identify all documents concerning any communications between Gillette and PIC.

## RESPONSE:

Gillette objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence to the extent it asks Gillette to identify "all documents" concerning any communications between Gillette and PIC. Gillette further objects to this Interrogatory to the extent it is duplicative of PIC's other Interrogatories herein. Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce copies of non-privileged documents reflecting communications between PIC and Gillette currently in Gillette's possession, custody or control.

## INTERROGATORY NO. 18.

Identify all documents concerning any communications between Gillette and any other person or entity regarding PIC's images or PIC.

## RESPONSE:

Pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce non-privileged documents, if any, responsive to this Interrogatory.

15

**INTERROGATORY NO. 19.**

Identify all documents concerning any communications within Gillette concerning PIC's images or PIC.

**RESPONSE:**

Gillette objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence to the extent it asks Gillette to identify "all documents" concerning "any communications" between PIC and Gillette. Gillette further objects to this Interrogatory to the extent it is duplicative of PIC's other Interrogatories herein. Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce copies of non-privileged documents currently in Gillette's possession, custody or control that constitute communications within Gillette concerning PIC or images provided by PIC.

**INTERROGATORY NO. 20.**

Identify all documents concerning PIC's images or PIC.

**RESPONSE:**

Gillette objects to this Interrogatory because it is duplicative of the other Interrogatories herein. Gillette hereby incorporates by reference in this response its objections and responses to PIC's other Interrogatories.

**INTERROGATORY NO. 21.**

Identify all documents concerning any investigation by Gillette concerning PIC's images or PIC, including without limitation any index of PIC's photographic materials created by Gillette.

16

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce all non-privileged documents, if any, responsive to this Interrogatory.

**INTERROGATORY NO. 22.**

Identify all documents concerning Gillette's duplication of images created by PIC, including without limitation documents concerning Gillette's orders from Advanced Photographics, Inc. of Danvers, Massachusetts and other development laboratories. Please include documents concerning orders for duplication of image(s) with origin(s) that are uncertain to you.

**RESPONSE:**

Gillette objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce non-privileged documents currently in its possession, custody or control, if any, concerning Gillette's use of third-parties to obtain duplicates of images provided by PIC.

**INTERROGATORY NO. 23.**

Identify all documents reviewed or examined in Gillette's preparation of its responses to, Plaintiff's Interrogatories to Gillette or Plaintiff's Requests for Production to Gillette.

17

**RESPONSE**:

Gillette hereby incorporates by reference its objections to PIC's other Interrogatories herein. Subject to and without waiving such objections, pursuant to Federal Rule of Civil Procedure 33(d), Gillette will produce non-privileged documents, if any, responsive to this Interrogatory.

Respectfully submitted,

November 3, 2004

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____

Patrick T. Perkins (Admitted *pro hac vice*)
David Donahue (Admitted *pro hac vice*)
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP
Richard M. Gelb (BBO#188240)
Robert S. Messinger (BBO# 651396)
20 Custom House Street
Boston, MA 02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant The Gillette Company*

I:\ddonahue\GLTC\COURT DOCS\041027-0420298- Resp. to PIC's First Interrogatories-dd.doc

18

# Exhibit 3

JAN-26-2005  06:05PM   FROM-GELB & GELB LLP                +617-345-0009        T-756   P.012/052   F-008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIVED

JAN 2 6 2005

GELB & GELB

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

      Plaintiff,

v.

THE GILLETTE COMPANY,

      Defendant.

Civil Action No. 04-CV-10913-WGY

## PLAINTIFF'S THIRD SET OF INTERROGATORIES TO GILLETTE

Pursuant to Fed. R. Civ. P. 33, Plaintiff Photographic Illustrators Corporation ("PIC")

requests that Defendant, The Gillette Company ("Gillette"), answer the following interrogatories

within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in Plaintiff's First and Second Sets of

Interrogatories to Gillette are incorporated by reference. Particular attention is drawn to the

definitions provided in D. Mass. Local Rule 26.5 for "document," "identify," "person" and "state

the basis."

## INTERROGATORIES

31.    If you do not admit in full any request for admission in PIC's First Set of

Requests for Admission or PIC's Second Set of Requests for Admission, state the basis for your

failure to admit in full, including the basis for any part of the request for admission that you

deny.

31.    Identify every person to whom you have transmitted any image provided to you

by PIC, including every photographic developing laboratory, every customer or reseller, and

every vendor that you have retained to create advertising materials including trade show booths, point-of-purchase displays or product packaging.

32.     Identify every person to whom you have transmitted any image of any product that you sell (regardless of whether that image was provided to you by PIC), including every photographic developing laboratory, every customer or reseller, and every vendor that you have retained to create advertising materials including trade show booths, point-of-purchase displays or product packaging.

33.     Identify every person, except for PIC, that you have hired in the last ten (10) years to photograph your products.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

By its counsel,

Dated: January 26, 2005

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000

# Exhibit 4

**From:**      Patrick Perkins
**To:**        Michael Albert;  Michael Rader
**Date:**      3/29/05 3:57PM
**Subject:**   PIC's Motion To Compel

Dear Counsel-

We are in receipt of PIC's Motion to Compel.  We write because we do not believe the meet and confer process was completed (at least with respect to the 30(b)(6) issue) and thus would like to narrow the topics at issue in the motion.

With respect to your motion on the Interrogatory Responses, we maintain that PIC is well over the limit and will respond to the Motion on that topic.

With respect to the 30(b)(6) deposition issue, we are confused by your position in the papers.  Are you taking the position that none of the Gillette witnesses previously deposed qualified as 30(b)(6) witnesses? In any event, while we disagree with your position as stated in your correspondence and in your current motion, we would like to propose the following compromise:  We will provide one witness to testify on topics 2, 4, 7, 10, 11, and 24.  As for topics 25-29, you have not told us the basis for testimony on these topics since the Court has already ruled that no discovery need be provided on these topics.

In a related matter, Gillette is hereby withdrawing the testimony of Jill Josephson as  30(b)(6) testimony. While her testimony in her individual capacity is what it is, her failure to disclose to Gillette what she termed a "conflict of interest" combined with the allegations made by Mr. Picone at his deposition, require that Ms. Josephson no longer be identified as an individual that speaks for Gillette.

I would be grateful to hear back from you on this as soon as possible.

Regards,


Patrick T. Perkins
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901
e-mail:  pperkins@frosszelnick.com


**CC:**        Adam Kessel;  Craig Mende;  David Donahue