UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>      Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>      Defendant. | Civil Action No. 04-10913 WGY |
| THE GILLETTE COMPANY,<br><br>      Counterclaim-Plaintiff,<br><br>vs.<br><br>PHOTOGRAPHIC ILLUSTRATORS CORPORATION and PAUL PICONE,<br><br>      Counterclaim-Defendants. | |

**THE GILLETTE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PHOTOGRAPHIC ILLUSTRATORS CORPORATION'S EMERGENCY MOTION TO TO HOLD GILLETTE IN CONTEMPT OF THE COURT'S MARCH 3, 2005 ORDER AND FOR AN APPROPRIATE EVIDENTIARY SANCTION**

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    Patrick T. Perkins (Admitted *pro hac vice)*
    David Donahue (Admitted *pro hac vice)*
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP
    Richard M. Gelb (BBO#188240)
    Robert S. Messinger (BBO#651396)
20 Custom House Street
Boston, MA  02110
Tel: (617) 345-0010
Fax: (617) 345-0009
*Attorneys for Defendant/Counterclaim-Plaintiff*
*The Gillette Company*

**Preliminary Statement**

Gillette has complied with the Court's Order of March 3, 2005. Plaintiff cannot point to any failure of Gillette to search for catalogs pursuant to the Court's Order. Rather, it hurls unsubstantiated accusations against Gillette based only on its speculation that it has not received enough catalogs.

Meanwhile, plaintiff has seriously misled the Court as to its claim relating to the photograph of Gillette products bearing Spanish writing (the "Spanish Language Photograph") attached as Exhibit 1 to the Declaration of Paul Picone, plaintiff's president. Plaintiff fails to disclose that the Spanish Language Photograph has been in its possession **since 1998** and that plaintiff never took any action against Gillette regarding the photograph until filing its complaint in May 2004. As a result of its possession of this supposedly "infringing" photograph for six years prior bringing suit, any claim based thereon is clearly barred by the three-year statute of limitations under the Copyright Act. 17 U.S.C. § 507 (b). Plaintiff's continued contention that it has a viable claim based upon the Spanish Language Photograph is frivolous and misleading.

Plaintiff's extreme delay in asserting a claim with respect to the Spanish Language Photograph is emblematic of all of plaintiff's claims. Plaintiff's purported reliance upon boilerplate language located on the back of invoices provided to Gillette **only after** plaintiff had provided photographs, suffers from the same defect as its claim relating to the Spanish Language Photograph – over a more than 10-year relationship, plaintiff never enforced any of the boilerplate terms upon which it now relies to maintain this action. Now, in the face of an impending summary judgment motion that will dispose of most, if not all of its claims, plaintiff seeks to tar Gillette without justification. This motion is without merit and should be denied.

**FACTS**

On February 15, 2005, plaintiff made its Emergency Motion To Further Compel Gillette's Compliance With The Court's February 1, 2005 Order, To Hold Gillette In Contempt On That Order, And For Appropriate Relief And Sanctions. In that motion, plaintiff sought an order compelling Gillette to produce: (1) all of its product catalogs including foreign catalogs

1

(Docket No. 49 at 3); (2) all documents concerning Gillette's trade show displays (*id.*); and (3) all of Gillette's e-mails stored in electronic back up media relating to the plaintiff. (*Id*. at 4-5.) Plaintiff also sought an award of its attorneys' fees associated with the preparation of the motion and order allowing plaintiff to re-depose Gillette employees identified in any documents produced.

On March 3, 2005, the Court held a hearing on plaintiff's motion. At the hearing, the Court ordered the following:

> THE COURT: When will [the catalogs] be searched?
>
> MR. PERKINS: Your Honor, if your Honor sets a deadline we will –
>
> THE COURT: Ten days. Every catalog represented – who's running the litigation in the company?
>
> MR. PERKINS: The, the attorney who put in the declaration, his name is Leon Bechet, your Honor.
>
> THE COURT: Is he inside house counsel?
>
> MR. PERKINS: Yes, he is, your Honor.
>
> THE COURT: I want an affidavit from the house counsel, an affidavit, ten days from now from the house counsel that a physical search has been made of every extant and archived Gillette catalog. Is that order clear?
>
> MR. PERKINS: Yes, your Honor.

(Mar. 3, 2005 Trans. at 8.)

The Court issued an electronic order, also on March 3, 2005, stating that "[t]he Court Orders Gillette's in house counsel to file an affidavit stating that every catalog of Gillette's has been searched. Otherwise, Motion for Contempt is Denied." (Mar. 3, 2005 Electronic Order.)

Upon receiving the Court's Order, Gillette immediately went about coordinating the worldwide search for catalogs. On March 11, 2005, two days before the Court's deadline, Gillette filed the Declaration of Leon Bechet Regarding Court's March 3, 2005 Order Re: Gillette Catalogs. Contrary to plaintiff's bizarre claim in its current motion, Mr. Bechet is the

2

Gillette attorney in charge of the litigation who was identified as such to the Court, and whose declaration the Court expressly requested. (Mar. 3, 2005 Trans. at 8.)

Mr. Bechet's declaration (Docket No. 62) outlines in detail the efforts taken by Gillette to comply with the Court's Order. Specifically, all appropriate business personnel were instructed to send copies of every Gillette catalog dating back to 1992 to Gillette headquarters in Boston. (*Id*. ¶ 10.) Any catalogs located were produced to PIC for review. (*Id*. ¶ 11; April 1 Bechet Decl. ¶¶ 3-4.)

While Gillette endeavored to have all of the catalogs ready for plaintiff's review by March 14, 2005, some of the catalogs from foreign jurisdictions arrived after that time. (April 1 Bechet Decl. ¶ 3.) On the catalogs produced to plaintiff, Gillette placed stickers with country names. As was explained to plaintiff's counsel when they reviewed the catalogs, the names of the countries on the stickers did not represent where the particular catalog was used, but rather represented the country in which the individual responsible for an entire region was located. (April 1 Bechet Decl. ¶ 4.) Thus, one cannot tell by a review of the stickers on the catalogs what countries they come from.

Lest there be any doubt, Gillette reiterates that all locations have been searched for catalogs and all catalogs located have been produced. (April 1 Bechet Decl. ¶¶ 3-4.)

## ARGUMENT

### I. GILLETTE HAS COMPLIED WITH THE COURT'S ORDER OF MARCH 3, 2005

The Court's March 3, 2005 Order required that Gillette's house counsel, Leon Bechet, provide a declaration that "a physical search has been made of every extant and archived Gillette catalog." (March 3, 2005 Trans. at 8.) Mr. Bechet's declaration of March 11, 2005 sets forth in detail the efforts made to search for the Gillette catalogs and represents that any catalogs were produced or would be produced to plaintiff. (Docket No. 62 ¶¶ 10-11.)

Plaintiff cannot fault the efforts made by Gillette, but instead seeks to create a violation by Gillette based upon plaintiff's unsubstantiated speculation of what it *believes* should be in

3

Gillette's possession.  Plaintiff states that "Gillette *still* has not produced the vast majority of its Latin American catalogs."  (Pl. Mot. at 1.)  However, plaintiff has no basis for such a claim since it does not know what, if any, catalogs Gillette actually used in Latin America.  Plaintiff concedes that Latin American materials *were* produced – proof that those locations were searched – but finds fault with those materials because, according to plaintiff, the materials do not come from Brazil, Colombia, or Argentina.  (Pl. Mem. at 4.)  Plaintiff's argument is a *non-sequitur*.  Gillette cannot produce what it does not have.  All of the locations were searched and all catalogs produced.  (April 1 Bechet Decl. ¶ 3.)

Plaintiff seeks to rely upon a document produced to it in discovery by Gillette that plaintiff claims is Gillette's document retention policy.  (Pl. Mem. at 7.)  However, the document is not a current document retention policy and indeed, Gillette currently has no active document retention policy as one is currently being formulated.  (April 1 Bechet Decl. ¶ 5.)

Plaintiff makes the bizarre claim that it "knows that many of its photographic materials, including transparencies, were sent to Gillette's Manaus, Brazil facility, which is one of the largest Gillette operations in the world."  (Pl. Mem. at 5.)  The basis for this statement is an alleged hearsay statement of an unnamed Gillette former employee.  (Picone Decl. ¶3.)  Notably, plaintiff does not identify any of these allegations in its Supplemental Responses To Interrogatories 1 & 2, notwithstanding the Court's Order of March 3, 2005 requiring that plaintiff state the basis of its copyright and breach of contract claims.  Conversations between Mr. Picone and an unidentified Gillette employee at some unspecified time cannot create catalogs where none have been located.

Plaintiff further seeks to tar Gillette by raising what plaintiff believes are inadequate responses to plaintiff's Requests for Admissions.  (Pl. Mem. at 7.)  However, plaintiff has not conferred with Gillette about any alleged shortcoming in its responses to the Requests for Admissions as required by the Local Rules.  Thus, any motion related thereto is improper.  More importantly, plaintiff fails to articulate how its dissatisfaction with Gillette's responses to five Requests for Admissions translates into a violation of the Court's Order that Gillette certify that

4

"a physical search has been made of every extant and archived Gillette catalog." (March 3, 2005 Trans. at 8.)

Meanwhile, plaintiff's continued insistence that the Spanish Language Photograph represents a copyright infringement is troubling. At his deposition, plaintiff's corporate designee, Paul Picone, conceded that the Spanish Language Photograph was sent to plaintiff **in 1998**.[1] The Copyright Act has a three-year statute of limitations. 17 U.S.C. § 507(b). Thus, any copyright infringement claim as to this image is time-barred as the instant litigation was filed in May 2004, a full three years after the statute of limitations expired. Plaintiff knew this when it filed all three versions of its complaint, it knew this when it filed its February 15, 2005 motion, it knew this when its counsel stood before the Court at the March 3, 2005 hearing, and it knew this when it made the instant motion. Nevertheless, plaintiff never disclosed to the Court or to Gillette that its claim as to the Spanish Language Photograph is precluded by the Copyright Act's statute of limitations.

---

[1] Gillette has not attached a copy of the transcript page because plaintiff has designated the entire deposition transcript as "Confidential" and the Court has not "So Ordered" the parties' Protective Order and plaintiff has, to date, refused Gillette's request that it "de-designate" the transcript as confidential.

5

## CONCLUSION

For the foregoing reasons, PIC's motion should be denied in its entirety.

Dated:  April 1, 2005

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: /s/Patrick T. Perkins/
    Patrick T. Perkins (Admitted *pro hac vice)*
    David Donahue (Admitted *pro hac vice)*
886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

GELB & GELB LLP

By: /s/Richard M. Gelb/
    Richard M. Gelb (BBO#188240)
    rgelb@gelbgelb.com
    Robert S. Messinger (BBO# 651396)
    rmessinger@gelbgelb.com

20 Custom House Street
Boston, MA  02110
Tel: (617) 345-0010
Fax: (617) 345-0009

*Attorneys for Defendant/Counterclaim-Plaintiff
The Gillette Company*

I:\PPERKINS\GLTC\General\Opp. PIC Second Mot. For Sanctions.doc