UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>Defendant. | Civil Action No. 04-10913 WGY<br><br>**DECLARATION OF LEON BECHET IN OPPOSITION TO PHOTOGRAPHIC ILLUSTRATORS CORPORATION'S EMERGENCY MOTION TO HOLD GILLETTE IN CONTEMPT OF THE COURT'S MARCH 3, 2005 ORDER AND FOR AN APPROPRIATE EVIDENTIARY SANCTION** |

Leon Bechet hereby declares:

1. I am an attorney employed as Assistant Trademark Counsel for defendant The Gillette Company ("Gillette"). My responsibilities include the direct supervision of Gillette's outside counsel and coordinating Gillette's in-house legal department in connection with this litigation. I submit this declaration in opposition to plaintiff Photographic Illustrators Corporation" ("PIC") Emergency Motion To Hold Gillette In Contempt Of The Court's March 3, 2005 Order And For An Appropriate Evidentiary Sanction. This declaration is based on my personal knowledge and matters about which I have been informed by Gillette personnel acting under my supervision.

2. Pursuant to the Court's Order of March 3, 2005, I filed with the Court a declaration on March 11, 2005 outlining Gillette's efforts undertaken to comply with the Court's March 3 Order to search "every extant and archived Gillette catalog." That declaration is Docket Entry No. 62.

3. As set out in my prior declaration, the instruction was given for all locations around the World to be searched for all catalogs going back to 1992 (the year Gillette began obtaining photographs from PIC), and for such catalogs to be forwarded to Gillette headquarters here in Boston. We made every effort for all such catalogs to arrive in Boston by March 14, 2005 but some arrived after that. Although I did not personally search every location around the World, it is my understanding that all locations have been searched and that all catalogs located have been forwarded to Gillette headquarters.

4. When catalogs arrived at Gillette headquarters, I had my assistant put Post-It notes bearing the name of a country on the catalog covers. The country name does not identify the country in which the particular catalogs or materials were used, but rather designated the country in which the party responsible for instructing a search in a given region was located. Many of the Gillette employees who assisted in complying with the Court's order have responsibility for multiple jurisdictions. I personally explained this to counsel for PIC when they came to Gillette headquarters to review the catalogs and other materials that were produced for inspection.

5. In its motion, PIC makes reference to what it believes is Gillette's document retention policy. That document is out of date. Currently, Gillette has no document retention policy as it is currently formulating a new one.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed at Boston, Massachusetts this 1st day of April, 2005.

                                                                                        /s/ Leon Bechet
                                                                                          Leon Bechet