IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>        Defendant. | Civil Action No. 04-CV-10913-WGY<br><br>**EMERGENCY CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(c)** |

**REPLY IN SUPPORT OF PIC'S MOTION
TO HOLD GILLETTE IN CONTEMPT OF THE COURT'S
MARCH 3, 2005 ORDER AND FOR AN APPROPRIATE EVIDENTIARY SANCTION**

Photographic Illustrators Corporation ("PIC") respectfully requests leave to file this reply to briefly identify four misstatements in Gillette's opposition to PIC's Contempt motion:

- Gillette's Opposition argues that a copyright statute of limitations applies to Gillette's use of PIC's image in a Spanish language publication (the "Spanish Language Photograph"). Gillette's argument sidesteps the point. First of all, the U.S.-only restriction in PIC's license is subject to the contract (six-year) limitations period, not the copyright period (three years). More importantly for present purposes, the Spanish Language Photograph is but one piece of evidence that, contrary to its denials, Gillette has used PIC's images outside of the United States in violation of the license. As the Court has twice ruled, PIC is entitled to discovery of the full scope of all other such uses.

- Gillette does not deny that the Bechet Declaration (Docket #62) failed to provide the certification ordered by the Court that "a physical search has been made of every extant and archived catalog." (3/3/05 Tr. at 8). Gillette now submits a second declaration, which still fails to so certify. Mr. Bechet now says that "it is my understanding" that a search was made (Ex. A to Docket #69). This lack of absolute certification is striking. Mr. Bechet's "understandings" have been wrong before. For example – as Gillette now evidently concedes (sub silentio) – his prior declaration falsely claimed that Gillette's Japanese website is hosted in the U.S. (Mot. at 5; Kessel Decl. ¶¶ 13-15).

- Gillette claims that PIC "does not know what, if any, catalogs Gillette actually used in Latin America."(Opp. at 4) But discovery was supposed to give PIC this information months ago, and allow PIC to follow up through depositions. By failing to produce the materials, denying that they exist, then producing a limited number after the close of discovery (and after violating two court orders), and then refusing even to produce a 30(b)(6) witness, Gillette has done its best to make discovery on this topic virtually impossible. Gillette **does not deny** in its papers that it circulates catalogs in Brazil,

Colombia, Argentina, and elsewhere. Gillette's claim that "one cannot tell by a review of the stickers on the catalogs what countries they come from" (Opp. at 3) is plainly false at least as to Brazil, where Gillette's largest Latin American facility is located. Brazil is not only the largest and most populous country in Latin America, but its language is Portuguese, not Spanish – yet Gillette has not produced a single piece of Portuguese-language marketing material.[1] Gillette is still hiding the ball.

- The claim that Gillette, a multi-billion dollar company that operates in over 200 countries, "has no active document retention policy" is likewise not credible. (Opp. at 4; Bechet Decl. ¶ 5). In any event, its denial that it *currently* has such a policy does not alter its repeated violation of the 80-page written policy that it evidently had during the 1990s (see Docket No. 33, Ex. O), during the time PIC was doing much of the photographic work at issue in this case. Whether this failure should be deemed a discovery violation or spoliation or both, the result was to improperly deprive PIC of proof. An evidentiary presumption is an appropriate remedy.

                                 Respectfully submitted,

                                 PHOTOGRAPHIC ILLUSTRATORS
                                 CORPORATION,

                                 By its counsel,

Dated: April 4, 2005                /s/ Michael A. Albert
                                 Michael A. Albert, BBO # 558566
                                 malbert@wolfgreenfield.com
                                 Michael N. Rader, BBO # 646990
                                 mrader@wolfgreenfield.com
                                 Adam J. Kessel, BBO # 661211
                                 akessel@wolfgreenfield.com
                                 WOLF, GREENFIELD & SACKS, P.C.
                                 600 Atlantic Ave.
                                 Boston, MA 02210
                                 (617) 646-8000

---

[1] Gillette also knows that it sent at least one of PIC's images to the Dominican Republic (Mot. at 8). Gillette has not produced any marketing materials from the Dominican Republic.