IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

    Plaintiff,

v.

THE GILLETTE COMPANY,

    Defendant.

Civil Action No. 04-CV-10913-WGY

**EMERGENCY CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(c)**

### REPLY IN SUPPORT OF PIC'S MOTION TO COMPEL GILLETTE TO RESPOND TO PIC'S CONTENTION INTERROGATORIES AND TO ATTEND ITS RULE 30(b)(6) DEPOSITION

    Photographic Illustrators Corporation ("PIC") respectfully requests leave to file this reply in support of its Motion to Compel Gillette to Respond to PIC's Contention Interrogatories and to Attend Its Rule 30(b)(6) Deposition.

    Gillette's contention that "the meet and confer process regarding 30(b)(6) depositions was curtailed and left unfinished by PIC's current motion" is grossly misleading. (Opp. at 12). PIC repeatedly attempted to resolve this issue prior to bringing this Motion, as is apparent from Exs. 4-5, 10-20 to this Motion. PIC's final attempt to resolve this issue, an email sent on March 21, stated "If our proposal is not acceptable to Gillette and Gillette will not attend its deposition, we will follow up accordingly." (Ex. 20). Gillette did not respond to this email for over a week.

    PIC then filed this Motion. <u>After</u> receiving PIC's motion, Gillette sent an email late in the day on March 29, apparently to create the impression that PIC had filed its motion in the face of a reasonable compromise offer. The following day, Gillette filed its response to this motion and withdrew its "offer of compromise." Gillette's intimation that PIC failed to comply with Local Rules 7.1 and 37.1 is wholly unfounded.

Moreover, Gillette's "offer of compromise" noted that Gillette was "hereby withdrawing the testimony of Jill Josephson as 30(b)(6) testimony." (Docket #68, Ex. 4). Gillette cites no authority for the proposition that a party can "withdraw" 30(b)(6) testimony. In any event, it is at best incongruous for Gillette to argue to the Court that it has fully complied with its 30(b)(6) obligations while simultaneously attaching an exhibit purporting to withdraw its 30(b)(6) testimony supposedly already provided.[1]

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

By its counsel,

Dated: April 4, 2005

/s/ Michael A. Albert
Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
Adam J. Kessel, BBO # 661211
akessel@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

---

[1] Gillette also apparently misunderstands the holding of Herdlein Techs., Inc. v. Century Contractors, Inc., 147 F.R.D. 103 (W.D.N.C. 1993). Herdlein held that a party who responds to later interrogatories waives any counting-based objection to earlier interrogatories. The Herdlein court did not reach its conclusion on the basis of a finding that the responding party was strategically avoiding certain interrogatories. Rather, the court noted that a responding party in this situation "could" selectively respond and thus "determine for itself what information to reveal," thus undermining the Federal Rules. Gillette does nothing to distinguish Herdlein other than by the bald assertion that the circumstances of Herdlein are "simply not the case here." (Gillette Opp. at 6).