IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 04-CV-10913-WGY |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PIC'S MOTION FOR SUMMARY JUDGMENT ON ITS CLAIM FOR
LIQUIDATED DAMAGES FOR GILLETTE'S FAILURE TO RETURN
<u>PIC'S IMAGES AS REQUIRED BY THE PARTIES' CONTRACTS</u>**

PIC submits the following undisputed material facts in support of its Motion for Summary Judgment on Its Claim for Liquidated Damages for Gillette's Failure to Return PIC's Images as Required By the Parties' Contracts.

All exhibits referred to herein are attached to the Declaration of Attorney Michael N. Rader as noted in PIC's memorandum of law.

1.   Mr. Picone is a talented photographer.

　　　SUPPORT:   Sedlik Report at 9; Roopenian Depo. at 39-40; Mullen Depo. at 69-70; Romano Depo. at 6-8; Exhibit 19.

2.   The Terms and Conditions on PIC's invoices include a requirement that PIC's transparencies be returned to PIC within 30 days of first publication.

　　　SUPPORT:   Exhibits 13-18.

3. The Terms and Conditions on PIC's invoices include a liquidated damages provision of $1,500 per transparency in the event that the transparencies are not returned as required.

    SUPPORT:    Exhibits 13-18.

4. Photographs can vary widely in value, and it is difficult to predict the value of a particular photograph before it is taken.

    SUPPORT:    Sedlik Report at 17; Adler Report ¶ 34.

5. $1,500 is a common figure to include in a liquidated damages clause.

    SUPPORT:    Sedlik Report at 17; Adler Depo. at 25-26, 80.

6. In connection with PIC's first Job for Gillette in March 1992, Ms. Nadine Romano reviewed PIC's Terms and Conditions and was aware of the return requirement.

    SUPPORT:    3/24/05 Picone Depo. at 117-122, 127-129, 134-136; Exhibit 23; Picone Decl. ¶¶ 13-17; Romano Depo. at 17-18, 24, 55.

7. In connection with PIC's first Job for Gillette in March 1992, Ms. Romano requested that Gillette obtain unlimited rights to use the images beyond the default one-year period specified in PIC's Terms and Conditions.

    SUPPORT:    Picone Decl. ¶¶ 14-17; Romano Depo. at 17-18, 24, 55.

8. In connection with PIC's first Job for Gillette in March 1992, Ms. Romano requested that Gillette be permitted to maintain custody of PIC's film beyond the 30-day period specified in PIC's Terms and Conditions.

    SUPPORT:    3/24/05 Picone Depo. at 134-135; Picone Decl. ¶¶ 17-18; Romano Depo. at 17-18, 24, 55.

9. Jill Josephson served as a hand model for PIC's first Job for Gillette in March 1992, and was present during discussion of PIC's Terms and Conditions.

    SUPPORT:    3/24/05 Picone Depo. at 145-148.

10. Mr. Picone agreed, with Ms. Romano, to extend the 30-day return period for PIC's images on a going-forward basis as a convenience to Gillette, but explained to Ms. Romano that all images would still have to be returned upon PIC's request.

    SUPPORT:    Picone Decl. ¶ 18; Romano Depo. at 17-18, 24, 55.

11. The total number of transparencies provided by PIC to Gillette is at least 9,381.

    SUPPORT:    McManus Decl. ¶¶ 2-7; Picone Decl. ¶¶ 27-28; Exhibits 29-30.

12. Gillette personnel reviewed and signed substantially all of PIC's invoices.

    SUPPORT:    Exhibits 13-18; Cooper Depo. at 80-81, 84, 250-251; Josephson Depo. at 54, 105-106; Mullen Depo. at 28-29, 38-39; Tattan Depo. at 65-67, 70-74.

13. Gillette never objected to PIC's Terms and Conditions.

    SUPPORT:    Romano Depo. at 42-43.

14. Mr. Picone demanded that Gillette return PIC's transparencies by telephone in October 2002, and again by letter in June 2003.

SUPPORT: 3/24/05 Picone Depo. at 267; Exhibits 26-27.

15. Gillette returned one box containing 191 transparencies to PIC in or about June 2003, and has not returned any other transparencies to PIC.

SUPPORT: Picone Decl. ¶ 31; Exhibits 28-30; Josephson Depo. at 44.

16. Gillette has additional transparencies of PIC's that it has not returned to PIC.

SUPPORT: Picone Decl. ¶ 32; Docket #56-57.

17. Gillette understood, when Mr. Picone demanded that PIC's transparencies be returned, that PIC was entitled to have them returned.

SUPPORT: Josephson Depo. at 117-120; Cooper Depo. at 191.

18. Gillette understood, when Mr. Picone demanded that PIC's transparencies be returned, that if those transparencies were not returned, PIC would charge Gillette $1,500 for each one not returned.

SUPPORT: Josephson Depo. at 117-120.

19. Without access to its transparencies, PIC cannot license those transparencies to others.

SUPPORT: Picone Decl. ¶ 9.

20. Without access to its transparencies, PIC cannot use them as reference material.

   SUPPORT: Picone Decl. ¶ 9.

21. Without access to its transparencies, PIC cannot include them in its portfolio.

   SUPPORT: Picone Decl. ¶ 9.

22. Without access to its transparencies, PIC cannot sell them to another.

   SUPPORT: Picone Decl. ¶ 10.

23. PIC's transparencies could garner license fees of up to $10,000 per image per year.

   SUPPORT: Sedlik Depo. at 164-165.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORP.

By its counsel,

Dated: April 8, 2005

/s/ Michael A. Albert
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000