IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

        Plaintiff,

v.

THE GILLETTE COMPANY,

        Defendant.

Civil Action No. 04-CV-10913-WGY

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PIC'S MOTION FOR SUMMARY JUDGMENT ON GILLETTE'S FRAUD**

PIC submits the following undisputed material facts in support of its Motion for Summary Judgment on Gillette's Fraud.

All exhibits referred to herein are attached to the Declaration of Attorney Michael N. Rader as noted in PIC's memorandum of law.

1.    On August 13, 2003, Gillette sent PIC's counsel a letter stating that Gillette was "conducting an internal investigation" pertaining to PIC's claims and that Gillette would "forward any relevant information to your attention as it becomes available."

    SUPPORT:    Exhibit 27.

2.    Gillette intended, in sending the August 13, 2003 letter, to induce PIC to delay filing a lawsuit.

    SUPPORT:    Exhibit 27.

3. PIC delayed filing this lawsuit in reliance on the representations in Gillette's August 13, 2003 letter.

SUPPORT: Picone Decl. ¶ 31.

2. On August 14, 2003, a Gillette Legal Intern sent an e-mail instructing Linda Mallette, Karen Mullen, Joyce Lorden, Tom Burgess and Jill Josephson to take no action in reference to PIC or PIC's claims.

SUPPORT: Exhibit 34.

3. On May 19, 2004, Gillette sent PIC's counsel a letter stating "no representation was made to you regarding an 'investigation' undertaken by Gillette."

SUPPORT: Exhibit 35.

4. In 2003, Gillette was unaware of the documents that it produced to PIC for the first time in February 2005.

SUPPORT: Docket #56-57; Cooper Depo. at 117-118.

5. Gillette conducted no investigation of PIC's claims between August 2003 and January 2004.

SUPPORT: Exhibit 36.

6. When Gillette retained PIC to provide photography services in Spring 2004, Gillette did not intend to pay PIC.

SUPPORT: Tattan Depo. at 37-38; Exhibit 37.

7. In or about March 2001, Gillette employee Anna Madden told Mr. Picone that Gillette had a reduced need for duplicate transparencies.

    SUPPORT:    Picone Decl. ¶ 33.

8. At the time of Ms. Madden's statement, Gillette was procuring duplicates from sources other than Mr. Picone without Mr. Picone's permission.

    SUPPORT:    Roopenian Depo.; Picone Depo. at 186.

    Respectfully submitted,

    PHOTOGRAPHIC ILLUSTRATORS CORP.

    By its counsel,

Dated: April 8, 2005    /s/ Michael A. Albert
    Michael A. Albert, BBO #558566
    malbert@wolfgreenfield.com
    Michael N. Rader, BBO # 646990
    mrader@wolfgreenfield.com
    WOLF, GREENFIELD & SACKS, P.C.
    600 Atlantic Ave.
    Boston, MA 02210
    (617) 646-8000