UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>          Plaintiff,<br><br>     vs.<br><br>THE GILLETTE COMPANY,<br><br>          Defendant. | Civil Action No. 04-10913 WGY<br><br>**DECLARATION OF BRENDA TATTAN** |

Brenda Tattan hereby declares:

1.     I have been employed as a Project Manager, Business Communications, for defendant The Gillette Company ("Gillette") since 1994.  My responsibilities include creating selling materials for Gillette's sales force and engaging and supervising Gillette's vendors who provide services in connection with such selling materials.  I submit this declaration in support of Gillette's Motion for Summary Judgment.  This declaration is based on my personal knowledge and matters about which I have been informed by Gillette personnel acting under my supervision.

2.     On dozens of occasions from 1994 through 2002 I engaged plaintiff Photographic Illustrators Corp. ("PIC") to take photographs of Gillette products for use in Gillette's selling materials.  In addition, during this time period I personally observed other Gillette Project Managers who engaged PIC to take photographs of Gillette products for use in Gillette's selling materials on numerous occasions.  Thus, I am familiar with PIC's dealings with Gillette.

3. From time to time, Gillette Project Managers would, call, fax, or e-mail PIC with a request that PIC photograph Gillette products. If PIC accepted Gillette's offer for PIC to provide services, Gillette would then send copies of its products to PIC, unless PIC already possessed the products from prior jobs for Gillette. PIC would then photograph the products and send photographic materials to Gillette for Gillette's use.

4. When PIC provided photographic transparencies to Gillette, it usually sent the transparencies to Gillette in a white cardboard envelope or a Kodak film cardboard box. PIC did not enclose with the transparencies any type of "delivery memorandum," inventory list or index that set forth terms and conditions proposed or required by PIC or that identified the number or type of transparencies enclosed. Nor did PIC seal the packages with a label stating that if Gillette opened the package and used the enclosed transparencies, Gillette would agree to be bound by terms and conditions proposed or required by PIC.

5. After providing photographic materials to Gillette, PIC generally sent an invoice to Gillette for payment. PIC's invoices generally arrived at Gillette's offices weeks after PIC provided the photographic materials to Gillette. Although the invoices contained a general description of the services provided by PIC, the invoices rarely specified the number of transparencies or other photographic materials provided for a given job.

6. During the years I worked with PIC, no PIC employee ever told me or, to my knowledge, any other Gillette employee, that Gillette's use of any of the photographic materials provided by PIC was limited to one year.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed at Boston, Massachusetts this 7th day of April, 2005.

                                                      /s/ Brenda Tattan
                                                      Brenda Tattan