IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>       Defendant. | Civil Action No. 04-CV-10913-WGY |

**MEMORANDUM IN SUPPORT OF PIC'S MOTION
FOR SUMMARY JUDGMENT
ON GILLETTE'S AFFIRMATIVE DEFENSES**

Pursuant to Fed. R. Civ. P. 56, Plaintiff Photographic Illustrators Corporation has moved for summary judgment to dismiss the purported affirmative defenses asserted by Defendant Gillette in its Answer to the Second Amended Complaint (Docket # 24).

Gillette sets forth ten purported affirmative defenses. Each of them fails as a matter of fact or law. In some instances, Gillette's position was already rejected by the Court at the Rule 12 stage. In other instances, the defenses fail because Gillette's failed to advance any evidence during the discovery phase that would justify or support the defense, despite requests to do so.

In the interests of brevity, PIC incorporates herein by reference its other pending summary judgment motions, as several of the arguments relevant to this motion are contained therein.

**I.   Gillette Has Waived Each and Every One of its Purported Affirmative
Defenses by Failure to Respond to Interrogatories Directed to these Defenses.**

Fundamental to the adversary process – particularly in cases that are set on an expedited schedule through discovery and toward trial, as Gillette requested and obtained in this case – is the principle that a party is entitled to obtain adequate notice, in discovery, of the substance of

another party's contentions.  Toward that end, at or near the very outset of discovery, PIC duly requested that Gillette "state the basis" (as defined in Local Rule 26.5(C)(8)) for any such defenses.  Gillette failed to do so.  Accordingly, it should be precluded from advancing any of these affirmative defenses, and summary judgment on them should be granted to as to streamline resolution of the remaining issues in the case.

The facts surrounding Gillette's failure to respond to PIC's contention interrogatories regarding Gillette's affirmative defenses were set forth in a recent Motion to Compel (Docket #63), and will not be repeated in full here.  As explained in that motion, Gillette initially took the position that the requests were premature.  After PIC allowed Gillette the time it apparently wanted, Gillette then took the position that the interrogatories exceeded the number permitted by the rules (even though, indulging Gillette's hypertechnical counting methodology, Gillette itself propounded literally thousands of interrogatories on PIC – all of which PIC answered).  Gillette then took the position that it would answer seven of PIC's contention interrogatories; but it still failed to do so.  Finally, Gillette withdrew even that agreement, and simply answered none of them at all.[1]

Failing to "state the basis" for a claim when called upon to do so warrants a conclusive finding that there is none.  Gillette's pattern and practice in this case of withholding required discovery responses until it is too late for PIC to practically follow-up on any contentions relevant to those claims warrants such a holding here.  Accordingly, all of Gillette's affirmative defenses should be deemed waived.

---

[1] By order dated April 7, 2005, the Court has now ordered Gillette to respond within thirty (30) days.  If there are any substantive responses warranting reply, PIC reserves the right to do so in a reply brief.  Given the summary judgment schedule requiring motions by April 8, 2005, however, as well as the short remaining time before trial, PIC herewith respectfully requests summary judgment.

## II.   Specific Failures of Gillette's Purported Affirmative Defenses.

In any event, based on the information that is available to PIC even without Gillette's responses, it is clear that Gillette's affirmative defenses fail on the merits.

### 1.   Failure To State A Claim.

Gillette's first purported affirmative defense is failure to state a claim upon which relief can be granted.  This defense has already been rejected by the Court at the Rule 12 stage.  PIC has valid claims for breach of contract (including nonreturn of the PIC images as required by the licenses), fraud, copyright infringement, and violations of M.G.L. c.93A.  The Rule 12 rulings speak for themselves and will not be reiterated here.

### 2.   Whether the Agreements Have Legal Force or Effect

Gillette's purported defense that the license agreements between itself and PIC are "of no legal force or effect" is legally erroneous.  As detailed at length in the pending motion for summary judgment on the Liquidated Damages claim, PIC and Gillette entered into literally hundreds of licenses over a multi-year period.  These licenses were submitted by PIC with PIC's preprinted signature affixed thereon in the upper right-hand corner of the invoice bearing the license.  In the vast majority of cases (possibly all, though Gillette's failure to produce all responsive documents precludes certainty on this point), Gillette counter-signed these agreements, thereby establishing its agreement to them.  DeLuca v. Bear Stearns & Co., 175 F. Supp. 2d 102, 115 (D. Mass. 2001) ("In the absence of fraud, a person who signs a written agreement is bound by its terms whether she reads and understands them or not.") (citing Tiffany v. Sturbridge Camping Club, Inc., 587 N..2d 238, 240 n.5 (Mass. App. Ct. 1992)).

 Even in those instances (if there were any) where Gillette may not have counter-signed the agreement, its acceptance of the PIC photographs, receipt of the PIC invoice bearing the license (whose terms Gillette had seen and signed countless times already), its payment of the

invoice, and its use of the pictures without a word of objection as to the terms reflected in the license, constitutes acceptance of PIC's offer of a contract (i.e. the license) as a matter of law. Polaroid Corp v. Rollins Envt'l Servs. (NJ), Inc., 624 N.E.2d 959, 964 (Mass. 1993) ("[W]hen an offeree accepts the offeror's services without expressing any objection to the offer's essential terms, the offeree has manifested assent to those terms."); McGurn v. Bell Microproducts, Inc., 284 F.3d 86, 90 (1st Cir. 2002) (holding under Massachusetts law that "where an offeree takes the benefit of offered services with reasonable opportunity to reject them and with reason to know that they were offered with the expectation of compensation" the offeree is bound by the offered terms) (quoting Restatement (Second) of Contracts § 69(1)(a)).

### 3. Unconscionability

Gillette's position that the licenses were unconscionable is so baseless as to border on being frivolous. As discussed in further detail in PIC's Liquidated Damages summary judgment motion, the license terms are the standard APA (Advertising Photographers of America) terms, used by countless commercial photographers in countless photography contracts and enforced by court after court. In not a single instance of which PIC is aware has any court found those terms to be unconscionable. The Gillette Company is bound by the contracts that it entered into.

### 4. Failure to Plead Fraud with Particularity

This defense was rejected by the Court at the Rule 12 stage. The Court held that PIC's complaint states a claim for fraud.

### 5. Gillette Not Required to Admit or Deny

Gillette claims that it is not required to admit or deny certain paragraphs of the Complaint. This assertion is unsupported, but in any event moot.

**6.     Acquiescence, Laches, Waiver, Estoppel**

PIC has not engaged in any act amounting to acquiescence, laches, waiver, or estoppel. Nothing in the record of which PIC is aware establishes such an act. When asked to provide interrogatory answers setting forth with particularity the basis for such contentions, Gillette failed to do so. Should Gillette reply to this motion with any such purported evidence, although PIC believes it should be excluded and disregarded on the grounds of Gillette's failure to identify the requisite information during discovery, PIC reserves the right to reply to any such evidence.

**7.     Statute of Limitations**

Gillette's seventh affirmative defense is the statute of limitations. Contract claims (such as breach of the license) are governed by a six-year statute of limitations. See M.G.L. ch. 260 § 2. Copyright claims are governed by a three-year statute, see 15 U.S.C. § 507(b), as are fraud claims, see M.G.L. ch. 260 § 2A. Claims under section 93A regarding unfair and deceptive business practices are subject to a four year limit. See M.G.L. § 5A. A statute of limitations does not, however, accrue until such time as the plaintiff is on notice of its claims. See Tagliente v. Himmer, 949 F.2d 1, 4 (1st Cir. 1991) ("Under [the discovery] rule, the action accrues when the injured party knew, or in the exercise of reasonable diligence, should have known, the factual basis for the cause of action."). Moreover, fraudulent concealment of the cause of action extends the limitations period further. See Torres Ramirez v. Bermudez Garcia, 898 F.2d 224, 229 (describing the federal doctrine of fraudulent concealment); M.G.L. ch. 260, § 12 (codifying the doctrine in Massachusetts state law). Here, Gillette fraudulently represented to PIC in 2002 that it would conduct an investigation and report back – which it never did and evidently never intended to do, as reflected in contemporaneous evidence discussed in further detail in PIC's Motion for Summary Judgment of Fraud.

Here, while PIC is hampered, again, by Gillette's improper failure to respond to the contention interrogatories on the affirmative defenses, it appears that there are three sets of claims as to which Gillette might be purporting to assert a statute of limitations defense.

As to the liquidated damages (contract) claim for non-return of the photographs, there plainly can be no such defense. It is undisputed that PIC granted Gillette an extension to the 30-day return requirement, such that Gillette became a bailee of PIC's images, at the time the images were turned over from PIC to Gillette. See King v. Trustees of Boston Univ., 647 N.E.2d 1196 (Mass. 1995) ("A bailment is established by delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it…or kept until he reclaims it."). Upon termination of the parties' relationship in 2002, PIC requested return of the images. Accordingly, Gillette's failure or refusal to do so, and PIC's cause of action therefor, accrued in 2002. PIC thus had until 2008 (six years later) to file suit. See Town of Warren v. Ball, 341 Mass. 350, 170 N.E.2d 341 (Mass. 1960) (statute of limitations for bailed goods accrues when demand for their return is made).[2]

As to the breach of contract (license) claims for use of the images outside the scope of the license (including beyond the one-year licensed period, beyond the U.S.-only geographic limitation, and beyond the "media use" limitations set forth on each invoice), PIC is at a

---

[2] This Massachusetts case law is consistent with that of other jurisdictions. See Clifton v. Gusto Records, Inc., 852 F.2d 1287 (6th Cir. 1988) ("[T]he statute of limitations does not begin to run against the bailor until the bailee disclaims or denies the bailor's title and holds the property adversely for himself with the bailor's knowledge."); Barry v. Donnelly, 781 F.2d 1040, 1042 n.3 (4th Cir. 1986) ("[A] bailment is breached by either an unsuccessful demand by the bailor for return of the property or some other act inconsistent with the bailment."); Irvine v. Gradoville, 221 F.2d 544 (D.C. Cir. 1955) ("[T]he transaction was in the nature of a gratuitous bailment for an indefinite time; and that, this being so, the statute of limitations did not begin to run until there was a demand for the return of the money and a refusal or some other act of the appellee inconsistent with the bailment."); Pagliai v. Del Re, 2001 WL 220013 (S.D.N.Y.,2001) ("In a bailment of 'infinite' rather than fixed duration, however, the Statute of Limitations begins to run against a bailee only when the bailor makes a demand for the chattel's return and the demand is refused."; Jiyanti v. Zavaleta, 1985 WL 419 (1985) ("[W]here a bailment is for an indefinite period of time, the statute of limitations for breach of the bailment or for conversion begins to run when the bailor demands return of her property and the bailee refuses to deliver it.").

minimum entitled to recover for all actions that occurred within six years prior to the filing of the complaint.  In addition, it is entitled to such additional period as is provided by the discovery rule and the fraudulent concealment doctrine as discussed above.  As to the latter point, there was a nine-month period between the date on which Gillette's Deputy General Counsel Gatlin falsely represented to PIC on August 13, 2003 that he would conduct an internal investigation and report back his results and the date (May 7, 2004) on which PIC, puzzled by the extreme delay in Mr. Gatlin's promised performance and its inability to get any further information out of any Gillette representatives, ultimately was forced to file suit.  In the interim, Gillette continued to lull PIC into assuming that Gillette planned to follow-up in good faith on its obligations to investigate the missing images and pay the contractual damages.

Finally, the discovery rule and fraudulent concealment doctrine likewise extend the three-year copyright limitations period.  See Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994) ("A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge"); Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983) ("[T]here is no doubt that the copyright statute of limitations is tolled by 'fraudulent concealment' of the infringement.").

### 8. Unclean Hands

Unclean hands is a defense to claims of equitable relief, not to claims for monetary damages.  In any event, Gillette has come forward with no evidence of unclean hands by PIC, and indeed the substance of Gillette's counterclaims on which this doctrine is based (e.g. Gillette's purported trademark counterclaim) has been dismissed by the Court.

### 9. Fraudulent Conduct

The gist of Gillette's claim on this point appears to relate to the purported agreement Gillette alleges in its counterclaim between Ms. Cooper and PIC.  Ms. Cooper, testifying as

Gillette's 30(b)(6) witness, has conceded that these facts did not occur. See PIC Motion for Summary Judgment on Liquidated Damages. Accordingly, this defense fails.

If Gillette's theory is fraud in the inducement, it has not advanced any such theory in its papers and has not identified during discovery any shred of evidence supporting such a notion.

**10.    License**

Gillette's last purported affirmative defense is that it had a "license" to the images in question. This, of course, is true: Gillette had a limited license to use the images[3] for certain purposes, within a certain time frame, and within a limited geographic region. PIC has not asserted otherwise. PIC has asserted that Gillette has *used* the images *outside the scope* of this license. Self-evidently, "license" is not a defense to a claim that images are used outside that license's scope.

For the above-stated reasons, all of Gillette's affirmative defenses should be dismissed.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | PHOTOGRAPHIC ILLUSTRATORS CORPORATION, |
|  | By its counsel, |
| Dated: April 8, 2005 | /s/ Michael A. Albert<br>Michael A. Albert, BBO #558566<br>malbert@wolfgreenfield.com<br>Michael N. Rader, BBO # 646990<br>mrader@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Ave.<br>Boston, MA 02210<br>Tel: (617) 646-8000<br>FAX: (617) 646-8646 |

---

[3] Except the ones for which it failed to pay, namely the four Spring 2004 jobs. As to those, no license ever came into being, because the invoice expressly provides that the existence of a license is conditioned upon payment. This issue is discussed more fully in PIC's Motion for Summary Judgment on Copyright.