UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>THE GILLETTE COMPANY,<br><br><br>　　　Defendant. | Civil Action No. 04-10913 WGY<br><br><br>**DECLARATION OF DONNA SOWDER** |

Donna Sowder hereby declares:

1.　　I submit this declaration based upon my own personal knowledge.

2.　　Between 1980 and 1994 I worked at various divisions of the Gillette Company. In 1992, I was the Manager of the Sales Promotion Department for the Braun Division. In that position, I utilized outside consultant Nadine Romano, who handled production of promotional materials for Braun on occasion. In 1992, Ms. Romano hired photographer Paul Picone to photograph Braun products for some promotional materials.

3.　　I understand that Mr. Picone has claimed that Ms. Romano discussed with Mr. Picone that, for all jobs after the first job he performed for Gillette, the company would be permitted to use the photographs prepared for Gillette for only one year and that Gillette would maintain custody of the original transparencies and negatives Mr. Picone provided to Gillette but would be required to return such materials at Mr. Picone's request. I am further informed that Mr. Picone claims that Gillette is required to pay $1,500 for each original transparency or negative not returned by Gillette.

4.　　This story is likely not true for the following reasons. First, in our work together, this is the kind of matter that Ms. Romano would have discussed with me. Second, as a

consultant for Gillette, Ms. Romano was not authorized to bind Gillette in the long term manner that Mr. Picone suggests. Third, at the time Ms. Romano hired Mr. Picone, I was using different design firms that would obtain photography for Braun similar to that Mr. Picone was hired to provide. Braun owned all rights to the photographs provided by the other design firms and was not required to "maintain custody" or return such photographs. As a result, I never would have authorized Mr. Picone to serve as photographer on any job for Braun if I had been aware that the terms Mr. Picone now claims applied did in fact apply.

5.     During the entire time that Mr. Picone performed work for Braun while I was with the company, he never once asked me (or anyone else at Braun that I am aware of) for the return of any original transparencies or negatives, nor did he ask about how such negatives or transparencies were kept at Gillette.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed at Mebane, North Carolina this 21st day of April, 2005.

_____
Donna Sowder