UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> THE GILLETTE COMPANY, <br><br> Defendant. | Civil Action No. 04-10913 WGY <br><br> **DECLARATION OF JILL JOSEPHSON** |

Jill Josephson hereby declares:

1.     I have been employed by The Gillette Company ("Gillette") since 1992. Although my responsibilities have changed over the years, such responsibilities have included creating selling materials for Gillette's sales force and engaging and supervising Gillette's vendors who provide services in connection with such selling materials. This declaration is based on my personal knowledge and matters about which I have been informed by Gillette personnel acting under my supervision.

2.     In March 1992, before I was employed by Gillette, I served as a hand model for a job that plaintiff Photographic Illustrators Corp. ("PIC") performed for Gillette. I am told that Paul Picone has claimed that I was present during a discussion between Joan Wilking of the Cartouche Agency and Nadine Romano concerning the terms and conditions on the reverse of PIC's invoices. This is untrue—there was no such discussion in my presence.

3.     On dozens of occasions from 1994 through 2002 I engaged PIC to take photographs of Gillette products for use in Gillette's selling materials. In addition, during this time period I personally observed other Gillette Project Managers who engaged PIC to take

photographs of Gillette products for use in Gillette's selling materials on numerous occasions. Thus, I am familiar with PIC's dealings with Gillette.

4.      Until the fall of 2002 when a dispute with PIC arose, no PIC employee ever told me that at some future date Gillette might be required to return the original transparencies and negatives provided by PIC, failing which, Gillette would be required to pay for each unreturned transparency and negative.  In addition, during the time PIC performed work for Gillette, PIC employees told me that PIC was maintaining duplicate original transparencies and negatives, as well as high resolution digital scans, of each image provided to Gillette.

5.      As a result of the above facts, neither I nor anyone else at Gillette kept separate files of the original transparencies, negatives, and electronic images provided to us by PIC for the purpose of returning them to PIC upon its request.

6.      During the years I worked with PIC, no PIC employee ever told me or, to my knowledge, any other Gillette employee, that Gillette's use of any of the photographic materials provided by PIC was limited to one year, to the U.S. or to any specific type of promotional or marketing material.


I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed at Boston, Massachusetts this 22nd day of April, 2005.

Jill Josephson