UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> THE GILLETTE COMPANY, <br><br> Defendant. | Civil Action No. 04-10913 WGY |
| THE GILLETTE COMPANY, <br><br> Counterclaim-Plaintiff, <br><br> vs. <br><br> PHOTOGRAPHIC ILLUSTRATORS CORPORATION and PAUL PICONE, <br><br> Counterclaim-Defendants. | |

**GILLETTE'S RESPONSE AND COUNTERSTATEMENT TO PIC'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO PIC'S <u>SUMMARY JUDGMENT MOTION RE: AFFIRMATIVE DEFENSES</u>**

Gillette submits the following response and counterstatement to PIC's alleged statement of undisputed material facts in support of its Motion for Summary Judgment on Gillette's affirmative defenses.

**Fact No. 1**: Gillette has refused to answer PIC's interrogatory requesting that Gillette "state the basis" for its affirmative defenses.

**Support**: Docket No. 63, Ex. 3.[1]

**Response**: Denied. The Court's April 7, 2005 Order requires Gillette to provide responses to Interrogatory No. 28 "within 30 days" of the Court's Order. Accordingly, Gillette's responses are not due until May 7, 2005, which still is two weeks away.

---
[1] PIC's support references are to the exhibits to the Declaration of Attorney Michael N. Rader (Dkt. No. 77), except where otherwise noted by Docket Number.

**Support**: 4/7/2005 Order re: Dkt. No. 63; Dkt. No. 92 at 2 n.1; *see also* Dkt. Nos. 63, 67.

**Fact No. 2**: The court denied Gillette's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted and in doing so rejected Gillette's argument that PIC had failed to plead fraud with particularity as required under Rule 9(b).

**Support**: None.

**Response**: Denied. The Court granted in part and denied in part Gillette's Rule 12(b)(6) motion to dismiss. Specifically, the Court held that PIC's breach of contract claims based on alleged use beyond the terms of the license and PIC's Chapter 93A claim based on Gillette's use of the photographs were preempted under the Copyright Act. However, admit to the extent that PIC asserts that Gillette's Fourth Affirmative Defense is moot at this stage of the proceedings.

**Support:** 9/24/04 Hr'g Tr. at 8-10.

**Fact No. 3**: PIC and Gillette entered into literally hundreds of licenses over a multi-year period.

**Support**: Picone Declaration, ¶ 24.

**Response**: Admit that PIC provided licenses to Gillette to use certain photographs but otherwise deny the statement.

**Support:** Dkt. No. 99, Ex. 7 at 67-73.

**Fact No. 4**: Gillette personnel reviewed and signed substantially all of PIC's invoices.

**Support**: Exhibits 13-18; Cooper Depo. at 80-81, 84, 250-251; Josephson Depo. at 54, 105-106; Mullen Depo. at 28-29, 38-39; Tattan Depo. at 65-67, 70-74.

2

**Response:**  Admit that Gillette personnel reviewed the front of PIC's invoices and would initial or sign them to approve for payment.

**Support:**  Dkt. No. 77, Exs. 12-18; *Id.* Ex. 1 at 80-81, 84, 250-251; *Id.* Ex. 2 at 54, 105-106; *Id.* Ex. 3 at 28-29, 38-39; *Id.* Ex. 5 at 65-67, 70-74.

<u>**Fact No. 5**</u>:  Gillette never objected to PIC's Terms and Conditions.

**Support**: Romano Depo. at 42-43.

**Response:**  This statement is not susceptible to an admission or denial.  First, PIC has capitalized the phrase "Terms and Conditions" without defining what it refers to (whether the boilerplate on the back of PIC's invoices, or the actual "Terms and Conditions" under which the parties operated for more than 10 years).  The evidence demonstrates that the "Terms and Conditions" under which the parties operated were that for a period of 10 years, PIC knowingly never enforced any Purported 30-day Return Requirement or any Late Penalty.

**Support:**  Dkt. No. 99, Ex. 1 at 29-31, Ex. 2 at 133-34; Dkt. No. 91 ¶ 4.

<u>**Fact No. 6**</u>:  The license terms in PIC's Terms and Conditions are the standard APA (Advertising Photographers of America) provisions, used by countless commercial photographers in countless photography contracts and enforced by court after court.

**Support**:  Sedlik Report at 8-9.

<u>**Response**</u>:  Denied.  The sole supposed support cited by PIC—the report of PIC's paid "expert" is not permissible evidence under Federal Rule of Civil Procedure 56(c) and thus may not be considered on this motion.  Moreover, the report does not make reference to courts or the enforcement of the purported terms and condition.  This alleged fact also is irrelevant because it is undisputed that the parties did not follow and were not bound by the purported Terms and Conditions.

**Support**:  Dkt. No. 77, Ex. 11 at 8-9; Dkt. No. 75 ¶ 18; Dkt. No. 77, Ex. 9 at 29-31.

3

**Fact No. 7**:  On August 13, 2003, Gillette sent PIC's counsel a letter stating that Gillette was "conducting an internal investigation" pertaining to PIC's claims and that Gillette would "forward any relevant information to your attention as it becomes available."

**Support**:  Exhibit 27.

**Response**:  Admit but refer to the document for the contents thereof.

**Support**:  Dkt. No. 77, Ex. 27.

**Fact No. 8**:  Gillette intended, in sending the August 13, 2003 letter, to induce PIC to delay filing a lawsuit.

**Support**: Exhibit 27.

**Response**:  Denied.  PIC's sole cited support for Gillette's allegedly fraudulent intent is the August 13, 2003 letter in which Gillette informed PIC that it was conducting an investigation.  The cited support provides no facts as to Gillette's intent and instead requests an inference be drawn by the Court.  In this letter, Gillette in fact requested additional information from PIC to assist it in its investigation and search for images.  (Dkt. No. 77, Ex. 27.)[2]

**Fact No. 9**:  PIC delayed filing this lawsuit in reliance on the representations in Gillette's August 13, 2003 letter.

**Support**:  Picone Decl. ¶ 31

**Response**:  Denied.  PIC did not, in good faith, delay in filing suit in reliance on Gillette's August 13, 2003 letter.  Six weeks after receiving this letter, PIC's counsel responded by letter on September 29, 2003, noting that PIC had not heard from Gillette, had not received any additional photographic images, and voiced its suspicion of Gillette, stating "we are puzzled as to Gillette's intentions."  (Dkt. No. 99, Ex. 12.)

---

[2] Unless otherwise indicated, all exhibits refer to those attached to the Declaration of David Donahue in Support of Defendant The Gillette Company's Motion for Summary Judgment.  (Dkt. No. 93.)

4

Respectfully submitted,

| | |
|---|---|
| Dated: April 22, 2005 | FROSS ZELNICK LEHRMAN & ZISSU, P.C. |
| GELB & GELB LLP | By:  /s/Patrick T. Perkins/ |
|  | Patrick T. Perkins (Admitted *pro hac vice*) |
| By:   /s/Richard M. Gelb/ | David Donahue (Admitted *pro hac vice*) |
| Richard M. Gelb (BBO#188240) | 886 United Nations Plaza |
| rgelb@gelbgelb.com | New York, New York 10017 |
| Robert S. Messinger (BBO# 651396) | Ph: (212) 813-5900 |
| rmessinger@gelbgelb.com | Fax: (212) 813-5901 |
| 20 Custom House Street | |
| Boston, MA  02110 | *Attorneys for Defendant/Counterclaim-Plaintiff* |
| Tel: (617) 345-0010 | *The Gillette Company* |
| Fax: (617) 345-0009 | |

I:\ddonahue\GLTC\Plaintiff's Summary Judgment Motions\Affirmative Defenses - Gillette's Statement of Facts.doc