UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE GILLETTE COMPANY,<br><br><br>　　　　Defendant. | Civil Action No. 04-10913 WGY<br><br>**THE GILLETTE COMPANY'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND TESTIMONY RELATING TO ANY OF PLAINTIFF'S PURPORTED COPYRIGHT CLAIMS FOR ANY COPYRIGHTS FOR WHICH IT DOES NOT OWN A COPYRIGHT REGISTRATION; MEMORANDUM IN SUPPORT OF MOTION** |

　　　　Defendant The Gillette Company ("Gillette") hereby moves pursuant to F.R.E. 104 (a) to preclude plaintiff Photographic Illustrators Corporation ("PIC") from offering any evidence or testimony concerning any purported claim for copyright infringement for any photograph for which it does not own a copyright registration.

**MEMORANDUM IN SUPPORT OF MOTION**

**I.   PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR TESTIMONY CONCERNING ANY PHOTOGRAPH FOR WHICH IT DOES NOT OWN A COPYRIGHT REGISTRATION.**

　　　　Section 411 (a) of the Copyright Act provides that "no action for infringement of copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F. Supp. 838, 850, n.7 (D. Mass. 1986) ("[c]opyright registration under § 411 (a) is a condition precedent to filing an infringement action.") (citations omitted). PIC concedes this. (Dkt. No. 87 at 13-14.) The registration requirement is not discretionary but rather, this Court's subject matter jurisdiction over any of PIC's copyright claims is dependent upon plaintiff's ownership of a valid copyright registration. *See, e.g., Morris v. Business Concepts, Inc.,* 283 F.3d 502, 505 (2d Cir.2002); *see also I.M.S. Inquiry Management Systems, Ltd. v. Berkshire Information Systems, Inc.,* 307 F.Supp.2d 521, 526 (S.D.N.Y.,2004) ("registration requirement is jurisdictional");

*Dodd v. Fort Smith Special School Dist. No. 100*, 666 F. Supp. 1278, 1282 (W.D.Ark.,1987) ("lack of registration is a result of the defendants' retention of the only copy of the manuscript, however, the Copyright Act does not provide any exceptions from the registration requirement").

PIC has sought to skirt this statutory and jurisdictional requirement by claiming that there were images it was unable to register because Gillette never returned them. (Dkt. No. 87 at 14, n.12.) This argument is to no avail because the statutory and jurisdictional requirement is absolute. Moreover, PIC's claim is as false as it is futile. Depending upon the version of PIC's testimony that is credited, PIC kept duplicate originals of every view provided to Gillette (Dkt. No. 77, Ex. 9 at 28-29, 47-48) or at least kept "original out takes of the views that were photographed for Gillette" (Dkt. No. 99, Ex. 24) and beginning in 1997, kept a high resolution scan of everything it provided to Gillette (Dkt. No. 77, Ex. 10 at 218-19). PIC was not prejudiced in any way by Gillette. Moreover, as set forth below, PIC has had in its possession for some time all of the images for which it owns no copyright registrations.

PIC concedes that it does not own copyright registrations for the following of its claims:

### A.     The Almost 4,500 Transparencies

PIC owns no copyright registration for any of the almost 4,500 transparencies and slides in Gillette's files, produced to PIC as early as February 15, 2005. (Dkt. No. 99, Ex. 7 at 5-15.) PIC chose not to copy the transparencies and seek registrations for them. Under the Court's Orders of March 3 and 8, 2005, PIC is now precluded from obtaining registrations for these materials.

### B.     The Advanced Photographics Duplicates

PIC owns no copyright registrations for the more than 6,700 allegedly unauthorized duplicates purportedly created for Gillette by Advanced Photographics. (*Id*. at 16-29.) Indeed, PIC has produced no evidence that the images duplicated by Advanced Photographics were PIC images, relying solely upon Advanced Photographics' invoices. PIC has tried to create an inference that the purportedly unauthorized duplicates were made from the 559 transparencies PIC obtained from Advanced Photographics as early as 2002. (Dkt. No. 99, Ex. 7 at 25-29.)

Yet, incredibly, PIC appears not to have obtained registrations for these images.

### C. The Digital Images

PIC claims infringement of 63 digital images, which it obtained in third party discovery from retailer ShopKo, for which it has identified no copyright registrations. (*Id*. at 29-33.) Although discovery in this case opened in September 2004, PIC waited until January 31, 2005, just 15 days before the close of fact discovery, to serve third-party subpoenas. (*See* Dkt. No. 44.)

### D. Gillette Catalogs

Of the approximately 220 alleged infringements PIC claims appear in Gillette catalogs, PIC concedes that it does not own copyright registrations for 205 of them. (Dkt. No. 99, Ex 7 at 35-44.) It is undisputed that PIC had these catalogs in its possession since prior to the commencement of the litigation. (Dkt. No. 77, Ex. 10 at 80-109; Dkt. No. 99, Exs. 17, 22; *id.*, Ex. 19 at 107-109.)

### E. Internet Images

PIC alleges 35 infringements on the Internet. (Dkt. No. 99, Ex. 7 at 49-51.) However, it does not own registrations for 12 of them. (*Id.*)

### F. Third Party Images

PIC alleges 28 infringing images obtained in third party discovery for which it owns no registrations. (*Id*. at 51-53.) As set forth above, PIC waited until January 31, 2005 to serve third party discovery. (*See* Dkt. No. 44.)

### G. Foreign Web Sites

PIC alleges infringement of four images on foreign web sites but owns no registrations for them. (Dkt. No. 99, Ex. 7 at 54).

### H. Foreign Catalogs

PIC alleges infringement of three images in Canadian catalogs but owns no registrations for them. (*Id.* at 56.)

**I.    Product Packaging**

PIC alleges infringement of product packaging but has identified no copyright registrations for the photographs used in the packaging or the packaging itself.  (*Id*. at 58-59.)

## CONCLUSION

For the reasons set forth herein, Gillette's motion should be granted.

May 6, 2005

| | |
|---|---|
| GELB & GELB LLP | FROSS ZELNICK LEHRMAN & ZISSU, P.C. |
| By:    /s/Richard M. Gelb/<br>        Richard M. Gelb (BBO#188240)<br>        rgelb@gelbgelb.com<br>        Robert S. Messinger (BBO# 651396)<br>        rmessinger@gelbgelb.com<br><br>20 Custom House Street<br>Boston, MA  02110<br>Tel: (617) 345-0010<br>Fax: (617) 345-0009 | By:   /s/Patrick T. Perkins/<br>        Patrick T. Perkins (Admitted *pro hac vice*)<br>        David Donahue (Admitted *pro hac vice*)<br>886 United Nations Plaza<br>New York, New York 10017<br>Ph: (212) 813-5900<br>Fax: (212) 813-5901<br><br>*Attorneys for Defendant The Gillette Company* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Patrick T. Perkins, do hereby certify that on May 5 and 6, 2005, I communicated with Michael Albert, Esq., counsel of record for Plaintiff, in a good faith effort pursuant to Local Rule 7.1(a)(2) to resolve or narrow the issues raised in this motion.

By:    /s/Patrick T. Perkins/
Patrick T. Perkins (Admitted *pro hac vice*)

*I:\PPERKINS\GLTC\General\Motion in limine-Copyright Certificates.doc*