UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>        Defendant. | Civil Action No. 04-10913 WGY<br><br>**THE GILLETTE COMPANY'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND TESTIMONY ON TOPICS ON WHICH PLAINTIFF'S 30(b)(6) WITNESS WAS INCOMPETENT TO TESTIFY; MEMORANDUM IN SUPPORT OF MOTION** |

Defendant The Gillette Company ("Gillette") hereby moves pursuant to Federal Rule of Evidence 104 (a) to preclude plaintiff Photographic Illustrators Corporation ("PIC") from offering any evidence or testimony relating to certain topics on which PIC's witness produced pursuant to Federal Rule of Civil Procedure 30(b)(6) was incompetent to testify.

**MEMORANDUM IN SUPPORT OF MOTION**

Gillette duly served on PIC a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). PIC produced one witness in response to that Notice: Paul Picone. PIC's counsel stipulated that Mr. Picone was being produced as the designee on each of the topics in Gillette's notice. (Dkt. No. 77, Ex. 9 at 10.) Moreover, Mr. Picone testified that he was the person "most knowledgeable" on each of the topics listed, namely, (1) PIC's business practices; (2) PIC's invoices; (3) PIC's current employees; (4) PIC's former employees; (5) the services offered by PIC; (6) PIC's communications with Gillette, Gillette's predecessors-in-interest, Gillette's Affiliates, and their current or former employees; (7) PIC's business dealings with Gillette, Gillette's predecessors-in-interest and Gillette's affiliates; (8) PIC's business dealings with third parties including without limitation GTE/Sylvania, Krups, Mullen Advertising, and Advanced Photographics; (9) the assertions, allegations, and/or denials in PIC's pleadings and

other submissions in this action; and (10) PIC's responses to Gillette's discovery requests in this action. (*Id.* at 11-12.)

As established below, PIC's corporate designee proved unable to answer questions in key areas and PIC did not provide a subsequent witness. As a result, PIC should be precluded from testifying or otherwise submitting evidence in the areas set forth below.

**I.    PIC SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE ON CERTAIN SUBJECTS**

It is axiomatic that, to satisfy its responsibilities under Rule 30(b)(6), a corporate deponent must provide a witness or witnesses that are both knowledgeable about the areas in which information is sought and prepared to give complete and binding answers on behalf of the corporation. *See, e.g., Bank of New York v. Meridien Biao Bank Tanz.,* 171 F.R.D. 135, 150 (S.D.N.Y. 1997). One widely-cited decision has described the strong policy reasons for mandating the corporate deponent's adherence to these responsibilities:

> Rule 30(b)(6) explicitly requires [the corporate deponent] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.
>
> **[The corporate deponent] does not fulfill its obligations at the rule 30(b)(6) deposition by stating it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available, and then at the trial argue a different position.**

*United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.) aff'd 166 F.R.D. (1996) (emphasis added). As Magistrate Judge Collings explained in *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co.*, 210 F.R.D. 33, 36 (D. Mass. 2001), "[w]ithout having a witness or witnesses who can

testify so as to bind the corporation, the deposing party is left at an unfair disadvantage, having no understanding of what the corporation's position is as to many areas of inquiry."

Thus, to fully satisfy its responsibilities, when served with a Rule 30(b)(6) deposition notice the corporate deponent <u>must</u>:  (1) produce a deponent knowledgeable on the subject matter identified as the area(s) of inquiry; (2) designate more than one deponent if necessary in order to respond to the relevant areas of inquiry specified by the party requesting the deposition; (3) prepare the witness to testify on matters not only known by the deponent, but those that should be known by the corporation; and (4) substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to relevant areas of inquiry.  *See Alexander v. FBI*, 186 F.R.D. 137, 140 (D.D.C. 1998) (citing cases).  *See also* 7 James Wm. Moore et al., *Moore's Federal Practice* ¶ 30.25[3] (3d ed. 2000).

Federal Rule of Civil Procedure 37(d) permits the imposition of sanctions including the preclusion of evidence where a party or person designated under Rule 30(b)(6) fails "to appear before the officer who is to take the deposition, after being served with proper notice."  Fed. R. Civ. P. 37(d).  *See also Reilly v. Natwest Mkts. Group, Inc.,* 181 F.3d 253, 268 (2d Cir. 1999) ("Producing an unprepared witness is tantamount to a failure to appear at a deposition"); *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999) (quoting *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (1996)).

PIC's corporate designee was incompetent to testify in the following areas and thus PIC should be precluded from presenting evidence in those areas.

    **A.**    **PIC's Claim Relating To Use Of A Copyright Notice**

PIC claims, *inter alia*, that Gillette has violated the terms of PIC's purported terms and conditions that appear in fine print on the reverse of PIC's invoices (the "Boilerplate") by failing to use a "proper" copyright notice with PIC's photographs.  At deposition, PIC's corporate witness was asked to explain the meaning of the purported requirement on its Boilerplate that its clients make "proper use of the copyright notice."  (Dkt. No. 77, Ex. 9 at 54.)  After an objection from counsel that such questions called for a legal conclusion, PIC's witness stated that he

believed Gillette had an obligation with respect to the copyright notice, but did not understand what the obligation was. Specifically, Mr. Picone testified that "a copyright notice to me it's a legalese that I don't—I don't, you know, guess at." Under further questioning, Mr. Picone stated "I'd have to have the term 'use of copyright notice' explained to me by an attorney before I would even guess or try to guess in that answer." (*Id*. at 55.)

Because PIC's corporate witness refused to testify as to the purported obligation of Gillette to use a "proper copyright notice," PIC should now be precluded from offering any evidence related to its claim that Gillette failed to comply with the copyright notice provision of the Boilerplate.

### B.    Copyright Certificates

PIC alleges 40 separate claims of copyright infringement based upon Copyright Registrations VA1-256-101, VA1-256-146, VA1-256-147. (Dkt. No. 99, Ex. 7 at 40, 42-44, 49-51.) However, PIC failed to produce to Gillette copies of the photographs that these registrations purportedly cover. At his deposition, Paul Picone conceded that he could not identify the images at issue simply by looking at the registrations. (Dkt. No. 99, Ex. 2 at 48-57.) As a result, PIC should be precluded from relying upon the above registrations since, without the identified photographs, the registrations have no evidentiary value.

These registrations should be precluded on the separate ground that PIC has failed to comply with the Court's Orders of March 3 and March 8, 2005. On March 3, 2005, the Court ordered PIC to supplement its interrogatory responses directed at obtaining the basis for its copyright and breach of contract claims by "1) producing all of the documents referred to therein, and 2) supplementing its responses as required by the rules for interrogatories inquiring 'state the basis for.' Should supplementation include only documents, the plaintiff will, of course, be limited at trial to the production of those documents." (Electronic Order 3/3/05.) In a subsequent Order, the Court stated that "UNLESS PROMPTLY SUPPLEMENTED WITH EXPRESS AND DETAILED FACTUAL CLAIMS, THE PLAINTIFF WILL BE LIMITED AT TRIAL TO THE PRODUCTION OF THE DOCUMENTS SPECIFICALLY IDENTIFIED IN

4

ANSWER TO THESE TWO INTERROGATORIES." (Electronic Order 3/8/05) (All caps in Order).

On March 17, 2005, PIC served its Supplemental Response To Interrogatories 1 and 2 (Dkt. No. 99, Ex. 7.) PIC failed to produce or even identify any of the photographs that are the subject matter of those registrations by the deadline set by the Court in its March 3, 2005 Order. If PIC's corporate designee cannot tell from looking at the face of the registrations what images are covered, neither Gillette nor any reasonable juror will be able to do so either.

On April 19, 2005, PIC sought to rectify this failure by sending the missing documents accompanied by a letter indicating that the registrations were "public documents" but that PIC was producing them as a "courtesy." (Perkins Decl. Ex. 13.) PIC's casual attitude about its failure to comply with the Court's Orders of March 3 and 8 is troubling, particularly given that, at the March 3, 2005 hearing the Court emphatically stated that it "tries to enter clear and unequivocal orders" (3/3/05 Hr'g Tr. at 7), and that "once this Court enters an order, even if it's one of these little on-the-margin endorsed orders, *that's an order of the Court*." (*Id.* at 9) (emphasis added). In this case, the Court entered a "clear and unequivocal" order that PIC was required to supplement its responses by the March 13, 2005 deadline and that PIC would be "limited at trial to the production of the documents *specifically identified* . . . ." (3/3/05 and 3/8/05 Electronic Orders) (emphasis added). PIC should now be precluded from relying upon the above referenced copyright registrations pursuant to the Court's Orders.

### C. Retailer Ad Photographs

In its Court-ordered Supplemental Response To Interrogatories, PIC identifies 63 images from a CD entitled "Recommended Retailer Ads January 2003" that it claims contain unauthorized use of PIC images. (Dkt. No. 99, Ex. 7 at 30-31.) However, at deposition, PIC testified as follows:

Q: Do you know for a certainty that each of the images that is named here is an image that you took?

A: Again, I'd have to match it up with a visual.

5

> Q: Did you do that before signing it [the Interrogatory Response]?
>
> A: I did not.
>
> Q: Do you know what job number any of these images would be associated with?
>
> A: Not looking at this table, no.
>
> Q: Did you make any attempt to match up the images on this table with any job number?
>
> A: No.

(Dkt. No. 99, Ex. 2 at 240-41.)

Clearly, Paul Picone was not competent to testify as to the purported claims related to the so-called "Retailer Ad" photographs and thus evidence relating to this claim should be precluded.

## CONCLUSION

For the reasons set forth herein, Gillette's motion should be granted.

May 6, 2005

| GELB & GELB LLP | FROSS ZELNICK LEHRMAN & ZISSU, P.C. |
|---|---|
| By: /s/Richard M. Gelb/ <br>    Richard M. Gelb (BBO#188240) <br>    rgelb@gelbgelb.com <br>    Robert S. Messinger (BBO# 651396) <br>    rmessinger@gelbgelb.com <br><br> 20 Custom House Street <br> Boston, MA 02110 <br> Tel: (617) 345-0010 <br> Fax: (617) 345-0009 | By: /s/Patrick T. Perkins/ <br>    Patrick T. Perkins (Admitted *pro hac vice*) <br>    David Donahue (Admitted *pro hac vice*) <br> 886 United Nations Plaza <br> New York, New York 10017 <br> Ph: (212) 813-5900 <br> Fax: (212) 813-5901 <br><br> *Attorneys for Defendant The Gillette Company* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

      I, Patrick T. Perkins, do hereby certify that on May 5 and 6, 2005, I communicated with Michael Albert, Esq., counsel of record for Plaintiff, in a good faith effort pursuant to Local Rule 7.1(a)(2) to resolve or narrow the issues raised in this motion.

      By:   /s/Patrick T. Perkins/
      Patrick T. Perkins (Admitted *pro hac vice)*

I:\PPERKINS\GLTC\General\Motion in limine-Liq. 30-b-6.doc