UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br><br>    Defendant. | Civil Action No. 04-10913 WGY<br><br>**THE GILLETTE COMPANY'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND TESTIMONY IN SUPPORT OF PLAINTIFF'S CLAIM THAT THE PURPORTED LIQUIDATED DAMAGES CLAUSE IS INTENDED TO COMPENSATE FOR USE OF PHOTOGRAPHS WITHOUT A LICENSE; MEMORANDUM IN SUPPORT** |

Defendant The Gillette Company ("Gillette") hereby moves pursuant to Federal Rule of Evidence 104(a) to preclude plaintiff Photographic Illustrators Corporation ("PIC") from offering any evidence or testimony to the effect that the $1,500 amount set forth in the "Liquidated Damages" section of PIC's invoices is intended to compensate for damage if a client misuses an image without a license.

**MEMORANDUM IN SUPPORT OF MOTION**

**I.  PIC'S CLAIM THAT THE $1,500 LIQUIDATED DAMAGE AMOUNT IS INTENDED TO COMPENSATE FOR DAMAGE TO PIC FOR GILLETTE'S ALLEGED USE OF AN IMAGE WITHOUT A LICENSE IS PREEMPTED UNDER THE COPYRIGHT ACT.**

Under the Copyright Act, all legal or equitable rights equivalent to the exclusive rights under copyright, are preempted. 17 U.S.C. § 301. Section 301 of the Copyright Act sets out a two-part analysis to determine whether a claim is preempted. *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F. Supp. 838, 849 (D. Mass. 1986). The Court must first determine whether the work that is the center of the controversy falls within the subject matter of copyright as defined by Section 102 or Section 103 of the Act. *Id.*; *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 104 (D. Mass. 2001). There is no dispute that plaintiff's claim for liquidated damages centers entirely on its claim that Gillette was required to return original

1

transparencies and negatives within 30 days of publication. Obviously, photographs fall within the subject matter of copyright. 17 U.S.C. § 102 (a) (5).

The second statutory requirement for preemption is that the stated cause of action creates "legal or equitable rights that are equivalent to any exclusive rights within the general scope of copyright as specified in Section 106 of the Act." 17 U.S.C. § 301; *see also Data Gen. Corp. v. Grumman Sys. Support, Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994). In this Circuit, the courts apply the "extra element" test to determine whether a state claim is equivalent to a copyright claim. "'[I]f a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action.'" *Id.* (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993) (internal citation omitted).

"Not every 'extra element' of a state claim will establish a qualitative variance between the rights protected by the federal copyright law and those protected by state law." *Data Gen. Corp.*, 36 F.3d at 1164. For example, causes of action "where the additional elements merely concern *the extent to which* authors and their licensees can prohibit unauthorized copying by third parties," are deemed "equivalent in substance to a copyright infringement claim." *Id.* at 1165. Rather, the extra element "'must be one which changes the nature of the action so that it is qualitatively different from a copyright infringement claim.'" *Tingley Sys., Inc.*, 152 F. Supp. 2d at 105 (quoting *Mayer v. Wedgwood & Sons, Ltd.,* 601 F. Supp. 1523, 1535 (S.D.N.Y. 1985). Thus, in applying the preemption provision of the Copyright Act, "courts focus not upon the label affixed to the state causes of action, but rather upon what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Patricia Kennedy & Co., Inc. v. Zam-Cul Enters.*, 830 F. Supp. 53, 56 (D. Mass. 1993) (citation omitted).

In order for the liquidated damages clause in PIC's invoices to be enforceable, it cannot be a penalty. *Space Master Int'l, Inc. v. City of Worcester*, 940 F.2d 16, 18 (1st Cir. 1991)

(quoting *Priebe & Sons, Inc. v. U.S.*, 332 U.S. 407, 413 (1947)). In attempting to counter Gillette's argument that the $1,500 amount is a penalty, PIC has claimed, *inter alia*, that the $1,500 amount "accounts for damage if the client misuses images without a license." (Dkt. No. 117 at 11.) PIC's claim in this regard equates the $1,500 amount as a damage for a purportedly unauthorized use of a photograph. Such would be equivalent to rights protected by the Copyright Act and thus is pre-empted thereunder. As a result, PIC should be precluded from advancing any argument at trial to the effect that one of the purposes of the $1,500 liquidated damages amount is to compensate for unauthorized use of photographs.

## CONCLUSION

For the reasons set forth herein, Gillette's motion should be granted.

May 6, 2005

GELB & GELB LLP

By:    /s/Richard M. Gelb/
    Richard M. Gelb (BBO#188240)
    rgelb@gelbgelb.com
    Robert S. Messinger (BBO#651396)
    rmessinger@gelbgelb.com

20 Custom House Street
Boston, MA  02110
Tel: (617) 345-0010
Fax: (617) 345-0009

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By:   /s/Patrick T. Perkins/
    Patrick T. Perkins (Admitted *pro hac vice*)
    David Donahue (Admitted *pro hac vice*)

886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Defendant The Gillette Company*

4

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

    I, Patrick T. Perkins, do hereby certify that on May 5 and 6, 2005, I communicated with Michael Albert, Esq., counsel of record for Plaintiff, in a good faith effort pursuant to Local Rule 7.1(a)(2) to resolve or narrow the issues raised in this motion.

    By:   /s/Patrick T. Perkins/
    Patrick T. Perkins (Admitted *pro hac vice)*