UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>           Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br><br><br>           Defendant. | Civil Action No. 04-10913 WGY<br><br>**THE GILLETTE COMPANY'S MOTION IN LIMINE TO EXCLUDE ALL TESTIMONY AND EVIDENCE RELATING TO ANY OF PIC'S CLAIMS BARRED BY THE STATUTE OF LIMITATIONS; MEMORANDUM IN SUPPORT OF MOTION** |

Defendant The Gillette Company ("Gillette") hereby moves pursuant to F.R.E. 104 (a) to preclude plaintiff Photographic Illustrators Corporation ("PIC") from offering any evidence or testimony concerning any of PIC's claims barred by the statute of limitations.

**MEMORANDUM IN SUPPORT OF MOTION**

## I.   THE COPYRIGHT STATUTE OF LIMITATIONS

The statute of limitations for a claim brought under the Copyright Act is three years from the time when the claim accrues. 17 U.S.C. § 507 (b). "A claim for copyright infringement is generally considered to have accrued when 'one has knowledge of a violation or is chargeable with such knowledge.'" *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.*, 186 F. Supp. 2d 1, 24 (D. Mass. 2002) (Young, Chief J.) (citations omitted). "A plaintiff is 'chargeable with knowledge' when a reasonably diligent person in the plaintiff's position would have become aware of the infringement." *Id*. A statute of limitations is delayed only where the facts giving rise to a claim are "'inherently unknowable.'" *Saenger*, 119 F.3d at 65 (emphasis in original) (quoting *Catrone v. Thoroughbred Racing Ass'ns of N. Am., Inc.*, 929 F.2d 881, 885 (1st Cir. 1991)). As this Court recently reiterated in *Rakes v. United States*, 352 F. Supp. 2d 47, 70 (D. Mass. 2005), "'[t]he test for whether a plaintiff should have discovered necessary facts [to bring a claim] is an *objective* one.'" (emphasis in original) (quoting *McIntyre v. United States*,

367 F.3d 38, 52 (1st Cir. 2004)).  When a person "'has a mere hunch, hint, suspicion, or rumor of a claim . . . such suspicions do give rise to a *duty to inquire* into the possible existence of a claim in the exercise of due diligence.'  Once a duty to inquire is established, the plaintiff is charged with the knowledge of what he or she would have uncovered through a reasonably diligent investigation." *Rakes*, 352 F. Supp. 2d at 70 (emphasis in original) (citations omitted).

PIC filed this action on May 7, 2004.  As a matter of law, many of PIC's claims for copyright infringement are barred under the Copyright Act's three-year statute of limitations because the claims accrued more than three years prior to PIC filing this suit.  As a result, any evidence concerning such claims should be precluded.

### A.     Duplicate Transparencies Made At Advanced Photographics

PIC claims copyright infringement based upon alleged duplicates of PIC images made for Gillette by Advanced Photographics between January 1998 and March 2000.  (Dkt. No. 99 Ex. 7 at 16-29.)  This allegation of more than 6,700 separate infringements all took place well before May 7, 2001, the cut off date for any copyright claim in this case.  The undisputed facts demonstrate that PIC knew no later than 2000 that Advanced Photographics was allegedly making unauthorized duplicates of PIC's images for Gillette.

Consider the following evidence:

- Jason Roopenian, the Vice President of Advanced Photographics testified that when he was made aware that Gillette was making duplicates of PIC's images he informed PIC's president, Paul Picone.  (Dkt. No. 99 Ex. 3 at 11-12.)  The duplicates were made no later than March 2000.  Thus, Picone was told that Gillette was making duplicates no later than that date.

- Advanced Photographics' former employee Joe Gannuscio, who worked there between 1994 and 2001, similarly testified that he had alerted Paul Picone that Gillette was ordering duplicates of PIC's images directly.  (Dkt. No. 99 Ex. 4 at 5-6, 10-16.)

- Mr. Picone conceded at his deposition that Mr. Gannuscio had contacted him "several times over duplicating of images" by Gillette.  (Dkt. No. 99 Ex. 2 at 186-87.)

Because PIC was told of alleged unauthorized duplication of images by Gillette while it

2

was allegedly taking place, and because it is undisputed that no duplicates of any images were made for Gillette by Advanced Photographics after March 2000 (Dkt. N0. 99 Ex. 7 at 16-29), PIC was on actual notice, and certainly on inquiry notice, of the purported unauthorized duplication well before the statute of limitations cut off.

### B. Gillette's Catalogs

PIC alleges copyright infringement based upon Gillette's use of PIC's photographs in catalogs dated 1996-2002. (Dkt. No. 99 Ex. 7 at 33-44.) PIC concedes that each of the catalogs for which PIC claims copyright infringement were produced from PIC's own files. (*Id.*; Dkt. No. 99 Exs. 17 & 22.) PIC received the catalogs "within a year" of production. (Dkt. No. 99 Ex. 2 at 73-74.) Because the catalogs came from its own files, PIC cannot claim it was not on actual or even inquiry notice. As a result, any copyright claims relating to the catalogs for 1996-2001 are time barred and should be excluded.

### C. The Latin American Photo

PIC claims copyright infringement based upon alleged use of one of its photographs in a Spanish-language publication. (Dkt. No. 99 Ex. 7 at 55-56.) However, at deposition, PIC conceded that it had the allegedly infringing photograph in its possession as early as 1998. (Dkt. No. 99 Ex.2 at 200-02.) Thus, any copyright claim based upon this photograph is also time barred and any evidence related thereto should be precluded.

## II. THE STATUTE OF LIMIATIONS ON PIC'S CONTRACT CLAIM

The statute of limitations for breach of contract claims is six years from the date of accrual. *Saenger Org. v. Nationwide Ins. Licensing Assoc., Inc.*, 119 F.3d 55, 64 (1st Cir. 1997). "[A]n action for breach of contract generally accrues at the time of breach, thereby triggering the statute of limitations for purposes of determining whether a claim is time-barred." *Id.* (citations omitted). Because PIC instituted this action on May 7, 2004, its breach of contract claims arising out of Gillette's failure to return photographs to PIC prior to May 7, 1998 are time-barred. Thus, any evidence relating to any purported breach of contract that occurred prior to May 7, 1998

3

should be precluded.

## CONCLUSION

For the reasons set forth herein, Gillette's motion should be granted.

May 6, 2005

| | |
|---|---|
| GELB & GELB LLP | FROSS ZELNICK LEHRMAN & ZISSU, P.C. |
| By:  /s/Richard M. Gelb/<br>    Richard M. Gelb (BBO#188240)<br>    rgelb@gelbgelb.com<br>    Robert S. Messinger (BBO# 651396)<br>    rmessinger@gelbgelb.com | By:  /s/Patrick T. Perkins/<br>    Patrick T. Perkins (Admitted *pro hac vice*)<br>    David Donahue (Admitted *pro hac vice*)<br>886 United Nations Plaza<br>New York, New York 10017<br>Ph: (212) 813-5900<br>Fax: (212) 813-5901 |
| 20 Custom House Street<br>Boston, MA  02110<br>Tel: (617) 345-0010<br>Fax: (617) 345-0009 | *Attorneys for Defendant The Gillette Company* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Patrick T. Perkins, do hereby certify that on May 5 and 6, 2005, I communicated with Michael Albert, Esq., counsel of record for Plaintiff, in a good faith effort pursuant to Local Rule 7.1(a)(2) to resolve or narrow the issues raised in this motion.

By:  /s/Patrick T. Perkins/
Patrick T. Perkins (Admitted *pro hac vice*)