UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 88-1102 CIV RYSKAMP

SHARPSHOOTERS, INC.,

    PLAINTIFF,

vs.

McCAFFREY & McCALL,

    DEFENDANT.
_____/



### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, SHARPSHOOTERS, INC., is a "stock photography warehouse". SHARPSHOOTERS, INC., was founded in late 1985. It acts as an agent that leases out photographic transparencies produced by professional photographers for use in media advertising.

SHARPSHOOTER'S photographer clients create photographic images at their own expense in the hope that they will be leased to others. The photographers then turn their original transparencies over to SHARPSHOOTERS who professionally edits them and maintains only those which SHARPSHOOTERS in its professional opinion thinks will be saleable.

Modern transparencies last for many years and can be leased on multiple occasions. It is not unusual for some transparencies to earn tens of thousands of dollars over their lifetimes. Other transparencies may earn nothing.

Advertising is a peculiar industry and the photographers are fulfilling a need in that industry by providing these various photographs. Because of the difficulty in determining

the value of transparencies, the American Society of Magazine Photographers did a survey many years ago in an effort to place an average value upon them to be used in a liquidated damage clause. Most professional photographers and stock houses such as the Plaintiff attach a delivery memo containing such a liquidated damage clause to the photographs when they are sent to the advertising agency. In the event that their transparencies are lost or damaged by customers the liquidated damages clause is to be used to calculate the damages.

Defendant, McCAFFREY and McCALL, lost sixteen (16) transparencies provided to them by SHARPSHOOTERS, INC. When the transparencies were sent to Defendant, they were accompanied by a delivery memo containing a $1,500.00 per transparency liquidated damage clause.

Defendant was aware of the liquidated damage clause through a course of prior dealings. Defendant, McCAFFREY & McCALL, never objected to it. Furthermore, Defendant's ex-employee admitted to having signed the delivery memo which accompanied this transaction although it was apparently lost in transit.

Every photograph is unique and therefore each photograph cannot be recreated in the exact same manner. If a photographer shoots sunsets for ten days in a row he may get several that are quite similar, but none would be exactly the same.

Although the lost transparencies in this case had very little prior sales history, they were with a young stock house and it is not unusual for a transparency to sit around for years before it is matched up with some advertising program that utilizes it.

The Defendant herein would be worse off if it had to pay the actual replacement value of these pictures.

### CONCLUSION OF LAW

There was a valid binding contract between the parties that was breached by Defendant's failure to return the transparencies.

A course of similar past dealings between the parties will be given great weight by the Court in deciding whether or not a contract exists and what its terms are. The liquidated damage clause contained in the delivery memo was part of the valid binding contract between the parties.

Under Florida law, a liquidated damages provision is enforceable if it is not so excessive as to constitute a penalty, and the damages resulting from failure to perform were not ascertainable at the time the contract was entered into by the parties. Hutchinson v. Tompkins, Fla. 259 So.2d 129, 1972, Osceola County v. Bumble Bee Construction, Inc., 479 So. 2d 310 (Fla. App. 5 Dist, 1985); Berndt v. Bieberstein, 465 So, 2d 1264 (Fla. App. 2 Dist, 1985). In the instant case, Plaintiff is suing the Defendant for transparencies which were lost while in

Defendant's possession. Due in part to the subjective nature of what these transparencies were worth to Plaintiff, as well as their long life span and uncertain furture, it is very difficult to ascribe an exact value to them. It is for just this type of situation that a liquidated damage clause is contemplated.

The ASMP, in formulating their guidelines, realized the problems that photographers and stock agencies would have in placing an exact dollar value on transparencies in the event they were lost or damaged. Therefore, they adopted the $1500.00 liquidated damages amount for lost and/or damaged transparencies and most stock houses utilize the same provision.

The instant case seems to be one of first impression. However, the Florida courts have addressed the liquidated damages issue several times. As indicated in the case of Osceola County v. Bumble Bee Construction, Inc., supra, where damages are clearly incapable of being ascertained at the time the contract is entered into, then a liquidated damages clause will be enforceable. In that case the parties agreed that if the construction of a tourist information center was not completed within 180 days, plaintiff, Osceola County, would be entitled to $250.00 per day in damages until the construction was substantially completed. The appellate court reversed (in part) the trial court, and found the liquidated damages clause to be reasonable and enforceable. The court stated that:

> "The case sub judice is a classic example for the enforcement of a liquidated damage clause. Damages were clearly incapable of being ascertained at the time the contract was entered into and the sum of $250.00 per day is not excessive under the circumstances.

As in the case at bar, each individual transparency had a value to the Plaintiff that was clearly unascertainable. Damage or loss of any one transparency would cause the Plaintiff substantial damages due to the loss of the ability to use that transparency in future business. $1500.00 per transparency is minimal in light of the amount of damages that claimant may incur over the transparency life.

In conclusion,, it is clear from the foregoing that a valid, binding, enforceable contract exists between the parties and that the delivery memo is the written embodiment of the terms of that contract. Moreover, the $1500.00 per transparency liquidated damages clause is not a penalty and is clearly enforceable as part of the contractual terms herein.

Judgement well be entered in accordance herewith.

DONE AND ORDERED in the Chambers at the United States District Courthouse, Dade County, Florida this 27 day of March 1989.

_Kenneth L. Ryskamp_
UNITED STATES DISTRICT COURT JUDGE

COPIES FURNISHED TO:

JOHN B. OSTROW, ESQ.
KAREN A. GAGLIANO, ESQ.