IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

    Plaintiff,

v.

THE GILLETTE COMPANY,

    Defendant.

Civil Action No. 04-CV-10913-WGY

**PIC'S OPPOSITION TO GILLETTE'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO CLAIMS BARRED BY THE STATUTE OF LIMITATIONS**

As with many of Gillette's nine (9) pre-trial motions, this one boils down to a second, and duplicative, attempt to move for summary judgment after the deadline. Gillette's entire argument is nearly identically cut-and-pasted from its summary judgment papers.[1]

PIC's claims are not barred by the statute of limitations. The reasons are discussed at length in PIC's summary judgment papers. See Docket #117 at 14-18; Docket #130 at 12-13. PIC's cause of action for liquidated damages stemming from non-return of its transparencies did not accrue until 2002, when PIC demanded that Gillette return its film and Gillette refused. Town of Warren v. Ball, 170 N.E. 2d 341, 344-45 (Mass. 1960) (statute of limitations for bailed goods accrues when demand for their return is made); see also 8A Am. Jur. 2d Bailments § 215 (quoted in Docket #130 at 13) ("[T]he expiration of the agreed period does not, without more, start the running of the statute of limitations against the bailor; rather, the bailee must have committed some act of conversion, or set up and asserted some claim adverse to the bailor on which his or her continued possession is based.").

---

[1] PIC should not have been required to respond to the same arguments both in summary judgment briefing and in a motion *in limine*.

Accordingly, PIC had until 2008 to bring its core liquidated damages claim.  Even in its summary judgment reply brief (Docket #131), Gillette has no substantive answer to this black-letter law.

PIC's copyright claims likewise did not accrue until recently – it only discovered the vast majority of Gillette's misuse of its images during discovery in this case.  (Docket #117 at 16-18).

Moreover, events that occurred early in the parties' relationship directly bear on PIC's copyright claims that accrued only recently.  There is no dispute that Gillette was aware of PIC's Terms and Conditions at the very outset of the parties' relationship.  (Docket #130 at 9-11).  Gillette's repeated representations to PIC (from the start of the relationship) that it was maintaining PIC's images in a safe and secure environment was a key factor in PIC's decision to permit Gillette to retain custody of its film.  (Docket #74 at 7) (citing deposition testimony).

Because Gillette has lost, destroyed, or otherwise failed to produce key evidence that would reveal its ongoing misuse of PIC's images, the jury should be permitted to consider earlier infringement as evidence of Gillette's systematic disregard for its limited licenses.  For example, the Spanish Language Photograph, which PIC admits it discovered in 1998, demonstrates that Gillette sent PIC's images to its foreign offices in breach of the U.S.-only limitation in the license it had obtained.  If the Court were to find that any of PIC's claims are, in fact, barred by the statute of limitations, the proper result would not be to exclude evidence but rather to limit PIC's recovery accordingly.

For the above reasons, Gillette's motion should be denied.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

By its counsel,

Dated: May 13, 2005

/s/ Michael A. Albert
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
Adam J. Kessel, BBO # 661211
akessel@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000