IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>       Defendant. | Civil Action No. 04-CV-10913-WGY |

**PIC'S OPPOSITION TO GILLETTE'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO COPYRIGHT CLAIMS FOR WHICH
PIC DOES NOT OWN A COPYRIGHT REGISTRATION**

     This Motion *in Limine*, like most of the nine (9) filed by Gillette to exclude evidence, re-argues the same contentions that Gillette already presented (twice) in summary judgment briefing. (Docket #89 at 14-15; Docket #102 at 11-14).

     Gillette contended in its summary judgment papers that many of PIC's copyright claims should be dismissed because PIC only obtained copyright registrations on approximately 600 images, which Gillette says cannot cover the thousands of images misused and/or lost by Gillette. In response, PIC pointed out that, although it certainly does not deny the statutory copyright registration requirement, there is nothing improper about the Court quantifying Gillette's infringement in an appropriate way based on an examination of all the evidence (including, for example, misconduct and spoliation). Based on the record before it, the Court may, at the very least, find that Gillette has infringed the 600+ images that PIC has registered. E.g., Microsoft Corp. v. Compusource Distrib., Inc., 115 F. Supp. 2d 800 (E.D. Mich. 2000) (extrapolating from limited available sample of infringing activity to determine total amount of infringement).

In any event, even if PIC's copyright claims are limited in some way at summary judgment, the evidence and testimony in question are admissible for a host of other reasons, including to prove PIC's breach of contract, fraud, and 93A claims.

For example, PIC's inability to obtain copyright registrations covering many of Gillette's infringements, due to Gillette's loss of thousands of PIC's transparencies (despite assurances Gillette gave PIC that the material was safe and secure), is yet another factor reinforcing the reasonableness of PIC's liquidated damages claim in this case. Registration of copyrights is an important reason why PIC needed its transparencies back, and the failure by Gillette to return them as required has caused PIC significant damage. Thus, the evidence Gillette seeks to preclude here – i.e., evidence regarding Gillette's misuse of images for which PIC lacks copyright registrations – is highly relevant to PIC's breach of contract claim.

Evidence of Gillette's misuse of PIC's images, including its misuse of unregistered images, is also admissible and highly relevant to support PIC's fraud and Chapter 93A claims, for which there is no jurisdictional prerequisite of copyright registration. Gillette's misrepresentations to PIC regarding its storage and use of PIC's images and its unauthorized duplication activities clearly satisfy the "extra element" test, as the Court has previously held. See Docket #19 at 8 ("Photographic's 93A claim is not preempted to the extent that it is based on Gillette's alleged misrepresentations.").

Finally, once again, Gillette is rearguing items *in limine* that were fully briefed during summary judgment, albeit for the apparent additional purpose of bootstrapping its copyright argument to prevent relevant evidence from being presented in connection with PIC's other claims. The duplicative briefing presents an unnecessary burden for both PIC and the Court.

- 3 -

Because the Court is entitled to assess Gillette's copyright infringement on the totality of the evidence, and for the additional reason that misuse of even unregistered images is admissible evidence for a host of other purposes, Gillette's motion should be denied.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: May 13, 2005

/s/ Michael A. Albert
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO #646990
mrader@wolfgreenfield.com
Adam J. Kessel, BBO #661211
akessel@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000