UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br><br><br>　　　　Defendant. | Civil Action No. 04-10913 WGY<br><br>**REPLY MEMORANDUM IN SUPPORT OF THE GILLETTE COMPANY'S MOTION IN LIMINE TO EXCLUDE EXPERT REPORT AND TESTIMONY OF JEFFREY SEDLIK** |
| THE GILLETTE COMPANY,<br><br>　　　　Counterclaim Plaintiff,<br><br>vs.<br><br>PHOTOGRAPHIC ILLUSTRATORS CORPORATION and PAUL PICONE,<br><br>　　　　Counterclaim Defendants. | |

The Gillette Company ("Gillette") respectfully seeks leave to file this Reply Memorandum in support of its Motion In Limine (the "Motion") to exclude the expert report of Jeffrey Sedlik (the "Sedlik Report") dated March 1, 2005 and his testimony proffered by plaintiff Photographic Illustrators Corporation ("PIC").

## INTRODUCTION

In response to Gillette's Motion, PIC concedes that Sedlik should not be permitted to testify concerning facts beyond his personal knowledge and witness credibility. However, PIC continues to insist that Sedlik be permitted to provide irrelevant testimony concerning industry standards and testimony concerning numerous ultimate legal issues. For the reasons set forth in Gillette's Motion and herein, such testimony should be barred.

**ARGUMENT**

**A.    Sedlik's Testimony Concerning Standards In the Commercial Photography Industry Is Irrelevant and Should Be Inadmissible.**

PIC claims that Sedlik's testimony concerning industry standards is relevant to "numerous issues in this case."  PIC Opp. Br. at 1.  However, apart from the reasonableness of the liquidated damages clause in the Boilerplate, PIC fails to identify any such issues.[1]  Instead, PIC focuses on Sedlik's qualification to testify concerning the "background" and "reasonableness" of the Boilerplate.  *Id.* at 2.  As clearly stated in Gillette's Motion, Gillette does not dispute Sedlik's qualifications.  Motion at 4.  Rather, because PIC has claimed and repeatedly argued to this Court that the Boilerplate encompasses the parties' agreement *and* is unambiguous, Sedlik's testimony about industry standards is extrinsic and therefore irrelevant and excludable.[2]  *Nat'l Tax Inst., Inc. v. Topnotch At Stowe Resort and Spa*, 388 F.3d 15, 20 (1st Cir. 2004) (when the parties' intent is expressed in an unambiguous writing, extrinsic evidence may not be considered); *Den Norske Bank AS v. First Nat'l Bank of Boston*, 75 F.3d 49, 52 (1st Cir. 1996); *Clarendon Trust v. Dwek*, 970 F.2d 990, 993 (1st Cir. 1992); *compare Northeast Drilling, Inc. v. Inner Space Services, Inc.*, 243 F.3d 25, 38 (1st Cir. 2001) (permitting expert testimony to construe contract in view of ambiguity of contract term).

PIC completely misses the point and misconstrues Gillette's Motion by its statement that "Gillette incorrectly asserts that Mr. Sedlik's Expert Report suggests the presence of an ambiguity in the contract."  PIC Opp. Br. at  3.  To the contrary, it is *because* there is *no* ambiguity in the terms on which Sedlik purports to opine (Gillette maintains that the Boilerplate does not govern the parties' relationship at all) that extrinsic evidence of industry standards is inadmissible as a matter of law.  *See Home Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 229 F.3d 56, 64 (1st Cir. 2000) (expert testimony on industry standards inadmissible where contract terms

---

[1] The abbreviations herein are as defined in the Memorandum in Support of The Gillette Company's Motion In Limine To Exclude Expert Report and Testimony of Jeffrey Sedlik.

[2] Gillette reserves its right to argue that the Boilerplate does not constitute the agreement of the parties.

are unambiguous); *see also Federal Refinance Co. v. Klock*, 352 F.3d 16, 25 (1st Cir. 2003) (district court properly excluded expert testimony regarding legally irrelevant subjects).

As PIC cannot point to any relevant basis for Sedlik's report and testimony concerning industry standards, they are irrelevant and should be excluded from the jury's consideration.

**B.    Sedlik's Opinion Does Offer Inadmissible Legal Conclusions**

PIC's argument that Sedlik has not offered legal conclusions is belied by Sedlik's report. Sedlik has concluded, *inter alia*, that PIC did not assign its copyrights in the PIC images; that PIC did not waive contract terms; that Gillette breached its agreement with PIC and what measures Gillette would need to take to comply with the terms of its agreement with PIC and; that the liquidated damages provision in the Boilerplate is enforceable. Such manifest legal conclusions are not admissible. *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997) ("[I]t is for the judge, not the lawyers or the witnesses, to inform the jury of the law applicable in the case and to decide any purely legal issue."); *U.S. v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (expert testimony that "undertakes to tell the jury what result to reach . . . does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's"); *Playboy Enters, Inc. v. Terri Welles, Inc.*, 78 F. Supp. 2d 1066, 1100 (S.D. Cal. 1999) ("Federal Rules of Evidence 702 and 704 were not intended to allow experts to offer opinions embodying legal conclusions").

**C.    Sedlik's Testimony Concerning Gillette's Photographic Storage System is Irrelevant and Inadmissible.**

As has been a pattern in this case, in its opposition to Gillette's Motion in Limine, PIC introduces yet another new theory of liability, namely that Gillette owed PIC a duty of care as the bailee of PIC's property. PIC cannot be permitted to raise new theories of liability at this stage of the case in order to concoct a basis for its proffered expert testimony. PIC also tries to fit Sedlik's testimony to its existing claims by arguing that Gillette's alleged failure to take ordinary precautions with the PIC images is relevant to PIC's fraud and Chapter 93A claims. PIC Opp. Br. at 6. However, PIC's fraud and Chapter 93A claims are not based on negligence. Thus,

whether Gillette owed and/or breached some duty of care to PIC are not issues in this case, and Sedlik should not be permitted to testify concerning such matters as such testimony is irrelevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

**D.     Sedlik Should Not Be Permitted to Testify on Copyright Group Registration**

Sedlik's alleged qualification to testify concerning the group copyright registration is a non-starter given that his testimony on this issue is completely irrelevant to any issue in the case, as Gillette does not contest the permissibility of group registrations under the Copyright Act. *Daubert*, 509 U.S. at 589 (expert testimony must be "relevant to the task at hand").  Even were the law of group copyright registrations relevant to the case, educating the jury as to the purpose and effect of the law is the purely the province of the judge.  *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F. Supp. 220, 225 (7th Cir. 1996) (since, "in a trial there is only one legal expert – the judge," expert testimony concerning the copyright process and copyrightability issues inadmissible).

**CONCLUSION**

Sedlik should not be permitted to opine on legal issues and PIC should not be permitted to waste the Court's time by offering wholly irrelevant and prejudicial expert testimony. Accordingly, Gillette hereby requests that its Motion in Limine be granted such that Sedlik's testimony be limited appropriately.

Dated:  May 17, 2005

GELB & GELB LLP

By:____/s/Richard M. Gelb/_____
      Richard M. Gelb (BBO#188240)
      rgelb@gelbgelb.com
      Robert S. Messinger (BBO# 651396)
      rmessinger@gelbgelb.com

20 Custom House Street
Boston, MA  02110
Tel: (617) 345-0010
Fax: (617) 345-0009

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By:___/s/Patrick T. Perkins/_____
      Patrick T. Perkins (Admitted *pro hac vice*)
      David Donahue (Admitted *pro hac vice*)

886 United Nations Plaza
New York, New York 10017
Ph: (212) 813-5900
Fax: (212) 813-5901
*Attorneys for Defendant/Counterclaim-Plaintiff*
*The Gillette Company*

4