IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>      Defendant. | Civil Action No. 04-CV-10913-WGY<br><br>**EXPEDITED CONSIDERATION REQUESTED PURSUANT TO LOCAL RULE 5.1(c)** |

**EMERGENCY MOTION FOR LEAVE TO TAKE INTERLOCUTORY APPEAL
OR, IN THE ALTERNATIVE, FOR CERTIFICATION TO THE SJC
ON THE ISSUE OF A BAILMENT EXTENSION AND
FOR STAY OF TRIAL PENDING SUCH REVIEW AND PENDING COURT-ORDERED
SUPPLEMENTAL COPYRIGHT REGISTRATIONS**

    Plaintiff Photographic Illustrators Corp. moves for leave to take an interlocutory appeal under 28 U.S.C. § 1292(b), or in the alternative, certification to the Massachusetts Supreme Judicial Court pursuant to Supreme Judicial Court Rule 1:03, on the issue of whether a bailment for a time certain is automatically extended by operation of law under the same terms and conditions as the original bailment when the bailee retains possession of the bailed goods past the original bailment period. In the interests of efficiency and economy for the parties and the court, these legal issues should be resolved prior to trial to avoid duplicative trials.

    Further, because the Court has recently ordered Gillette to provide PIC with photographs for supplemental copyright registrations, it would be grossly inefficient to proceed with one trial on the original copyrights and another trial later on the supplemental registrations.

**I.    Argument**

    The operative facts are simple: the 650 contracts entered into between PIC and Gillette included bailments of certain photographic materials. The contract provided (1) that the bailed items should be returned in thirty days and (2) that failure to return the bailed items triggers a

liquidated damages amount of $1,500 per item. The Court appears to agree that these were the terms of the contracts to which the parties agreed. The only question is whether the bailment continued <u>under those same terms</u> when the defendant retained possession of the bailed items long past the original bailment period. When the Court held that the plaintiff had waived the liquidated damages provision, its answer was "no."

There is no case law on point in the Commonwealth of Massachusetts with respect to a bailment for a definite term. In the case of an <u>indefinite</u> bailment, <u>Town of Warren v. Ball</u> 170 N.E. 2d 341, 353 (Mass. 1960) stands for the proposition that "the bailor … would not ordinarily take steps to assert his rights until there has been a repudiation by the bailee" and that waiting eleven-and-a-half years to demand return of the bailed goods was not unreasonable.

Moreover, numerous other courts and treatises have held that in the case of a bailment for a <u>definite</u> term (as here), when the bailee retains possession of the bailed items past that term, the same terms and conditions continue to apply to the transaction. As explained in 8 C.J.S. Bailments § 101 (emphasis added):

> On the termination of the bailment, the bailor has a right to resume possession of the property, or, if the bailee continues in possession of the property, **the bailor may treat the contract as continuing**.

<u>See also</u> 8A Am. Jur. 2d Bailments § 202 (same); <u>Louisville & N.R. Co. v. Conasauga River Lumber Co.</u>, 25 Tenn. App. 157 (1941) (holding that where bailee retained possession of bailed goods for six years past the original bailment period, bailee was required "to continue paying the amount fixed by the contract" for the entire six year period rather than a "reasonable compensation"); <u>Fast Bearing Co. v. Koppers Co.</u>, 181 Md. 203 (1942) ("a bailee, the bailment having ended, who continues to hold and use the goods does so under the original agreement"; holding bailee to pay contractual amount for retention of property past bailment period rather than an amount determined in quantum meruit); <u>Alice Pipe & Supply</u>

Co. v. Harroun, 195 S.W.2d 852 (Tex.Civ.App. 1946) (holding that bailee was obligated to contractual amount for holding bailed property past original bailment period, even where bailee did not use and the bailor did not attempt to retrieve the property at the termination of the original bailment period); Edgar v. Parsell, 184 Mich. 522 (1915) ("if at the expiration of the appointed time he does not redeliver the property or excuse the failure to do so, nor deny the bailor's right to possession of it, the bailment does not necessarily end as to him, for he yet holds the property in trust, and the bailor has a right to resume the property or consider the bailment as continued or renewed") (internal quotations omitted); Bibby's Refrigeration, Heating & Air Conditioning, Inc. v. Salisbury, 603 A.2d 726, 728 (R.I. 1992) ("a bailor may elect to treat the bailee's failure to return the bailed property as a renewal or a continuation of the bailment agreement"; rejecting recovery in *quantum meruit* for bailor and holding bailee to contractual amount where bailee retained bailed property past original period); Shepherd v. Hub Lumber Co., 273 Or. 331 (1975).

## II.     Interlocutory Appeal Should Be Allowed

The Court's Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). PIC's claim under the liquidated damages provision is the core issue in this case, and appellate review of this one question at this stage may resolve the entire litigation.

## III.    Certification to the Massachusetts Supreme Judicial Court is Appropriate

There is no case law on point in the Commonwealth of Massachusetts. Because "because there is no clearly controlling precedent in the decisions of the Supreme Judicial Court" on the issue of whether failure to return property at the end of a bailment for a definite time results in a continuation of the original terms and conditions of that bailment, it would

be appropriate to seek clarification from the SJC.  <u>Roy v. First Eastern Bank</u>, 781 F. Supp. 821 (D. Mass. 1992) (Young, Chief J.).

### IV.     Inefficiency of Trial at this Stage

Because the Court has ordered Gillette to provide PIC with photographs for supplemental copyright registrations, it would be grossly inefficient to proceed with one trial on the original copyrights and another later on the supplemental registrations.  In the interest of economy and efficiency, trial should be stayed pending resolution of this legal issue and PIC's registration of the returned film.

### LOCAL RULE 5.1(c) REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to Local Rule 5.1(c), PIC respectfully requests that this motion be given expedited consideration because trial is currently scheduled to begin in less than three weeks.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned certifies that counsel for PIC attempted to consult with counsel for Gillette in a good faith effort to resolve or narrow the issues presented in this motion, but that this effort was unsuccessful.

                                  Respectfully submitted,

                                  PHOTOGRAPHIC ILLUSTRATORS CORP.

                                  By its counsel,

Dated: <u>May 18, 2005</u>              <u>     /s/ Michael A. Albert             </u>
                                          Michael A. Albert, BBO #558566
                                          malbert@wolfgreenfield.com
                                          Michael N. Rader, BBO # 646990
                                          mrader@wolfgreenfield.com
                                          Adam J. Kessel, BBO # 661211
                                          akessel@wolfgreenfield.com
                                          WOLF, GREENFIELD & SACKS, P.C.
                                          600 Atlantic Ave.
                                          Boston, MA 02210
                                          (617) 646-8000