RECEIVED
OCT 0 4 2004
GELB & GELB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>Defendant. | Civil Action No. 04-CV-10913-WGY |

### PLAINTIFF'S RULE 26(a)(1) DISCLOSURES

Plaintiff Photographic Illustrators Corporation ("PIC"), makes the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and D. Mass. Local Rule 26.2. Given the early stage of the case and the fact that discovery has not yet begun, PIC reserves the right to supplement this disclosure as needed to identify additional witnesses, documents and things.

**A.     Individuals Likely To Have Discoverable Information**

Each of the individuals listed herein is believed to have discoverable information related to Gillette's misuse and unauthorized duplication of PIC's images, as well as Gillette's refusal to return those images to PIC as required by the parties' contracts. The current and former Gillette employees, as well as Mr. Picone, are believed to have discoverable information related to the formation of the parties' contracts. At least Mr. Picone and Beth Cooper are believed to have discoverable information related to Gillette's false implication that it would pay for the "emergency projects" it induced PIC to handle in Spring 2004.

Other individuals with discoverable information on these and other relevant topics will be identified during discovery.

Paul Picone
Photographic Illustrators Corp.

**Individuals believed to be current employees of Gillette:**

- Linda Mallet

- Karen Mullen

- Michele Sager

- Joyce Lorden

- Beth Cooper

- Brenda Tattan

- Jill Josephson

- Nancy Daly

- Pamela ____ (last name unknown, but her extension at Gillette is 617-463-4075)

**Individuals believed to be former employees of Gillette:**

- Nadine Romano, former Manager of Business Communications

- Trish Moriarty

- Barbara Mackin

- Anna Madden (Note: Ms. Madden was the Gillette requisitioning agent who made the fraudulent representation to Mr. Picone that is referred to in Paragraphs 27 and 60 of PIC's Second Amended Complaint. Based on PIC's investigation to date – and without discovery from Gillette on the matter – the conversation is believed to have occurred in approximately March 2001.)

- Gary Gibson

**Other individuals:**

Rose Rupenian
Advanced Photographics, Inc.
28 Cherry Hill Drive
Danvers, MA 01923
(978) 777-7776

Leslie Van Arken (current address unknown but believed to be known to Gillette)

An appropriate Rule 30(b)(6) witness from Gillette knowledgeable about Gillette's representations to PIC regarding its investigations and/or other matters referenced in the Second Amended Complaint.

**B.    Document And Things That May Be Used to Support PIC's Claims Or Defenses**

The following documents and things in PIC's possession, custody or control may be used to support its claims and defenses:

- Job files for the jobs numbers listed in PIC's Second Amended Complaint (including materials such as invoices, contracts, correspondence and photographic materials).
- Photographic materials belonging to PIC that are known to have been duplicated by Gillette through one or more third-party laboratories without authorization from PIC.
- Printouts from web sites owned and/or operated by Gillette.
- Gillette marketing and promotional materials reflecting unauthorized use of PIC's images such as product catalogs and novelty items.
- A box of images returned by Gillette to PIC and a third-party affidavit regarding the contents of that box.
- Correspondence between PIC and Gillette.

**C.    Computation Of Damages**

PIC seeks to recover the damages set forth in its Second Amended Complaint, including, without limitation the following categories of damages. PIC notes that discovery has not yet begun in this case, and the figures provided here may increase as relevant information is obtained from Gillette bearing on damages issues.

- Pursuant to the contracts between PIC and Gillette, liquidated damages of $1,500 for the photographic materials that Gillette failed to return to PIC as and when required. Because Gillette has failed to return at least 7,000 original images, such liquidated damages total at least $10,500,000.

- Damages for Gillette's unauthorized use of PIC's images beyond the scope of the licenses provided to Gillette in the parties' contracts. An appropriate measure of damages for this unauthorized use would be the amount that PIC would have charged Gillette for a perpetual, worldwide license to use its images across the Gillette organization. PIC's standard practice is to charge an additional 300% of fees for such a license. Because PIC's total fee billings to Gillette total slightly over $1,000,000, PIC's copyright damages total at least $3,000,000.

- Damages for Gillette's failure to include a proper copyright notice on its uses of PIC's images as required by the parties' contracts. Damages for this failure will be quantified by the jury at trial, and will include at least the following elements: (1) lost client work that PIC would have obtained from referrals based on the inclusion of the required copyright notices; and (2) lost revenues associated with unauthorized copying of PIC's images by others that would have respected PIC's copyrights and paid for licenses had the required copyright notices been included.

- Damages resulting from Gillette's unauthorized duplication of PIC's images. The full extent of Gillette's unauthorized duplication will become known during discovery. At this time, PIC estimates that Gillette ordered at least 10,000 unauthorized duplicates. At PIC's standard rate of approximately $60 per duplicate, this comprises at least $600,000 in damages from lost duplication revenue.

- Damages resulting from Gillette's failure to pay outstanding invoices, including the "emergency" photography project Gillette requested of PIC in approximately February 2004. These damages total over $70,000.

- Treble damages under Mass. Gen. L. ch. 93A.

- Damages for multiple counts of fraud, in an amount to be determined by the jury at trial.

- Interest on the above as provided by law.

- Attorneys fees and costs pursuant to the contracts, Chapter 93A, or otherwise.

**D.   Insurance Agreements**

Not applicable.

**E.   Other**

The following is a statement, to the extent now know, of known examples of Gillette's misuse of PIC's images. Discovery in this case has not begun, and much of the information on this subject is in Gillette's control; Gillette will be required to provide that information to PIC during discovery. PIC reserves the right to supplement these disclosures as the case progresses.

PIC's photograph of the Braun Multiquick Handblender, Copyright Registration No. VA 1-225-338, transmitted to Gillette in or about March 2001, was still posted on Gillette's <theessentials.com> web site (without a proper copyright notice) as of the filing of PIC's First Amended Complaint on June 30, 2004.

PIC's Photograph of the Braun Deluxe Juice Extractor, Copyright Registration No. VA 1-225-240, transmitted to Gillette in or about March 2001, was still posted on Gillette's <theessentials.com> web site as of the filing of PIC's First Amended Complaint on June 30, 2004.

PIC has identified additional infringing material on at least the following pages of Gillette's web site(s):

http://www.gillette.com/household/digital_library/iron.htm
http://www.gillette.com/household/digital_library/blenders.htm
http://www.gillette.com/men/digital_library/flexintegral.htm
http://www.gillette.com/products/appliances.asp

http://www.theessentials.com/store/prodinfo.asp?number=5064&variation=&aitem=5&mitem=9&bc=6_4_1
http://www.theessentials.com/store/prodinfo.asp?number=5033&variation=&aitem=6&mitem=9&bc=6_4_1
http://www.theessentials.com/store/prodinfo.asp?number=5057&variation=&aitem=7&mitem=11&bc=6_8_1
http://www.theessentials.com/store/prodinfo.asp?number=5020&variation=&aitem=10&mitem=11&bc=6_8_1

Gillette has also used at least one of PIC's copyrighted Photographs, Copyright Registration No. VA 1-225-339, in a Spanish-language catalog circulated in South America. The Photograph, which features a kitchen scene, was taken in the kitchen of PIC's President, Mr. Paul Picone. Mr. Picone's kitchen is clearly recognizable in the Photograph.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: October 4, 2004

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000

## CERTIFICATE OF SERVICE

I certify that on October 4, 2004 a copy of PIC's Rule 26 (a)(1) Disclosures was served upon the following counsel of record by hand:

Richard Gelb, Esq.
20 Custom House St.
Boston, MA 02110

A courtesy copy was also e-mailed to Gillette's attorney, Patrick Perkins of Fross Zelnick Lehrman and Zissu on October 4, 2004.

Michael N. Rader