IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 04-CV-10913-WGY |

### PLAINTIFF'S UPDATE TO ITS RULE 26(a)(1) DISCLOSURES

Plaintiff Photographic Illustrators Corporation ("PIC"), makes the following update to its initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and D. Mass. Local Rule 26.2. Given the early stage of the case and the fact that discovery has not yet begun, PIC reserves the right to supplement this disclosure as needed.

**C.     Computation of Damages**

PIC's copyright damages shall include, in addition to those set forth in its October 4, 2004 Initial Disclosures, an appropriate percentage of Gillette's profits from the sale of products that Gillette advertised or marketed with PIC's images beyond the scope of any license that Gillette had obtained from PIC.

As explained by the Ninth Circuit in Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700 (9th Cir. 2004), "[p]rofits indirectly gained from infringements used in promotional efforts, as is the case here, fall squarely within the rubric of wrongful profits" recoverable by the copyright owner under Section 504 of the Copyright Act. Id. at 708.

This includes, *inter alia*, profits attributable to copyright infringement in trade show booths, id. at 712, other promotional efforts, id. at 712-13, and any other infringements that bear a causal connection to the infringer's profits. Id. at 715 (concluding that indirect damages require only "a modicum of proof linking the infringement to the profits sought").

The exact amount of PIC's Timex damages cannot yet be determined. Discovery is necessary on Gillette's profits from relevant products and on the percentage of those profits properly attributable to Gillette's copyright infringements. Expert testimony may also be helpful in establishing PIC's Timex damages. Id. at 712 (expert's testimony "established the requisite causal connection between the category of profits sought ... and the infringement").

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: November 22, 2004

Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000

## CERTIFICATE OF SERVICE

I certify that on November 22, 2004 copies of Plaintiff's Updated Initial Disclosures, Plaintiff's Second Set of Interrogatories, and Plaintiff's Second Request for Production were served upon the following counsel of record by hand:

> Richard Gelb, Esq.
> 20 Custom House St.
> Boston, MA 02110

_____
Michael N. Rader